# EXHIBIT 3

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock St., Room 256<br>Denver, CO 80202<br><br>**Plaintiffs:** WESTERN CONVENIENCE STORES, INC., a Colorado corporation; WESTERN TRUCK ONE, LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendant:** SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation.<br><br>*Attorneys for Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC:*<br>Kenneth R. Bennington, No. 8004<br>Adam F. Aldrich, No. 40225<br>BENNINGTON JOHNSON BIERMANN & CRAIGMILE, LLC<br>370 17th Street, Suite 3500<br>Denver, CO 80202<br>Telephone: (303) 629-5200<br>Facsimile: (303) 629-5718<br>*krb@benningtonjohnson.com*<br>*afa@benningtonjohnson.com* | **EFILED Document**<br>**CO Denver County District Court 2nd JD**<br>**Filing Date: May 27 2011 10:43AM MDT**<br>**Filing ID: 37838038**<br>**Review Clerk: Matthew Palmer**<br><br><br>▲ COURT USE ONLY ▲<br>_____<br><br>Case No.:<br><br>Division: |
| **COMPLAINT** ||

Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC, by and through their attorneys, Bennington Johnson Biermann & Craigmile, LLC, state and allege as follows for their Complaint in this action:

### PARTIES

1. Plaintiff Western Convenience Stores, Inc. (hereinafter "WCS") is a Colorado corporation with its principal place of business at 9849 East Easter Avenue, Centennial, Colorado.

2. Plaintiff Western Truck One, LLC (hereinafter "WTO") is a Colorado limited liability company with its principal place of business at 9849 East Easter Avenue, Centennial, Colorado.

3. Defendant Suncor Energy (U.S.A.) Inc. (hereinafter "Suncor") is a Delaware

corporation with its principal place of business at 7800 East Orchard Road, Suite 300, Greenwood Village, Colorado.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the Defendant Suncor as: (a) its principal place of business is located in the State of Colorado; (b) it did business in the State of Colorado at times material to this action; (c) it purposefully availed itself of the rights and privileges of the State of Colorado at times material to this action; and (d) it committed the wrongful acts and omissions described below, with resulting injury, damages, loss or other consequences in the State of Colorado.

5. Venue is proper in Denver County as one of the contracts at issue in this lawsuit, the *Master Product Purchase and Sale Agreement* (hereinafter "Master Agreement"), provides that all suits arising out of the performance of the Master Agreement shall be brought in the City of Denver, State of Colorado.

## GENERAL ALLEGATIONS

6. Since 1990, Plaintiff WCS has been in the business of operating convenience stores and gasoline stations in Colorado and the Rocky Mountain Region. Pursuant to the Master Agreement dated January 17, 2007, Suncor has supplied WCS with petroleum products since 2007. The Master Agreement governs all transactions or agreements entered into or consummated between WCS and Suncor for the purchase and sale of petroleum products. General Terms and Conditions accompany and are incorporated into the Master Agreement. Under the parties' custom and practice, WCS was obligated to pay for petroleum products within 10 days of delivery.

7. Plaintiff WTO is a trucking company, i.e., a "Carrier" as defined in the Master Agreement), which transports petroleum products loaded onto WTO transport vehicles at terminals such as those operated by Suncor, to WCS retail locations. At the Suncor terminals, WTO loads not only Suncor petroleum products but also the products of third-parties. Suncor's terminals, therefore, act as a point of delivery for the products of a number of refiners and suppliers from whom WCS purchases petroleum products.

8. WTO's access to Suncor terminals is governed by a May 10, 2006 *Terminal Access Agreement* (hereinafter "Access Agreement") between WTO and Suncor. The Access Agreement provides WTO with access to Suncor terminals located in Commerce City and Grand Junction, Colorado.

9. On or about May 20, 2011, Steve Moss, Suncor's Manager of Unbranded Sales, contacted Plaintiff WCS via telephone and notified it that Suncor had revoked the previous practice of allowing WCS 10 days to pay for delivered product.

10. On or about May 23, 2011, Steven J. Ewing, Suncor's Director, Rack Forward & Sales, contacted WCS via telephone and notified it that Suncor had elected to suspend immediately all petroleum product sales to WCS.

11. On or about May 25, 2011, Mr. Ewing contacted Plaintiff WTO via telephone and notified it that Suncor was revoking immediately WTO's access to all of Suncor's terminals, thus precluding WTO from loading all petroleum products including the products of third party refiners and suppliers.

12. Defendant Suncor memorialized its verbal notices to WCS and WTO with a letter dated May 25, 2011.

### FIRST CLAIM FOR RELIEF
### Breach of Contract (Master Agreement)

13. Plaintiffs incorporate each of the allegations set forth above in this Claim for Relief.

14. Among other obligations imposed by the Master Agreement, Colorado law imposes on Suncor an obligation of good faith and fair dealing when carrying out its obligations under the Agreements.

15. Suncor's actions in suspending WCS purchases of petroleum products from Suncor were without just cause or excuse, contravened the reasonable expectations of the parties, and were a breach of its implied covenant of good faith and fair dealing.

16. As a result of Suncor's breach of its covenant of good faith and fair dealing, Plaintiff WCS has suffered, and continues to suffer, damages and losses in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
### Breach of Contract (Access Agreement)

17. Plaintiffs incorporate each of the allegations set forth above in this Claim for Relief.

18. Among other obligations imposed by the Access Agreement, Colorado law imposes on Suncor an obligation of good faith and fair dealing when carrying out its obligations under the Agreements.

19. Suncor's actions in suspending WTO from loading petroleum products at Suncor terminals were without just cause or excuse, contravened the reasonable expectations of the parties, and were a breach of the implied covenant of good faith and fair dealing.

20. As a result of Suncor's breach of the covenant of good faith and fair dealing,

Plaintiff WTO has suffered, and continues to suffer, damages and losses in an amount to be determined at trial**.**

### THIRD CLAIM FOR RELIEF
### Tortious Interference (WCS Contracts and Relationships with Third Parties)

21.     Plaintiffs incorporate each of the allegations set forth above in this Claim for Relief.

22.     Suncor knew of, or had knowledge of, other facts which reasonably should have caused it to know that Plaintiff WCS was purchasing petroleum products from third-party suppliers at the Suncor terminals.

23.     With such knowledge, Suncor, by its words and conduct, intentionally interfered with Plaintiffs' performance of their agreements and relationships with third-party suppliers, thereby causing a substantial adverse impact on Plaintiff WCS's ability to perform its obligations to the third-party suppliers.

24.     Defendant's actions were willful and wanton.

25.     As a result of Defendant's tortious interference, WCS has suffered, and continues to suffer, damages and losses in an amount to be determined at trial**.**

### FOURTH CLAIM FOR RELIEF
### Tortious Interference (WCS Contract with WTO)

26.     Plaintiffs incorporate each of the allegations set forth above in this Claim for Relief.

27.     Suncor knew of or had knowledge of other facts which reasonably should have caused it to know that WCS was purchasing petroleum products from third-party suppliers at the Suncor terminals through transport contracts with WTO.

28.     With such knowledge, Suncor, by its words and conduct, intentionally interfered with performance of the transport agreements between WTO and WCS, thereby causing a substantial adverse impact on their businesses.

29.     Defendant's actions were willful and wanton.

30.     As a result of Defendant's tortious interference, Plaintiffs WTO and WCS have suffered and continue to suffer, damages and losses in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs seek judgment in their favor and against Defendant Suncor awarding:

a) a preliminary and permanent injunction restraining and enjoining Defendant and any persons acting with it or on its behalf from:

   i. suspending Suncor petroleum product sales to WCS on the terms existing before the suspension that is the subject of this action; and

   ii. terminating Plaintiffs' access to the Suncor terminals to obtain petroleum products from Suncor and third-party refiners and suppliers.

b) their direct damages as shall be proven at trial;

c) indirect, general and consequential damages as shall be proven at trial;

d) costs and attorneys' fees as allowable by law;

e) pre-judgment and post-judgment interest; and

f) such further relief as the Court may find proper.

Dated: May 27, 2011

>BENNINGTON JOHNSON BIERMANN & CRAIGMILE, LLC
>
> */s/ Kenneth R. Bennington*
> *[E-Filing, May 27, 2011]*
>
> _____
> Kenneth R. Bennington, No. 8004
> Adam F. Aldrich, No. 40225

Pursuant to C.R.C.P. 121 § 1-26:9 a printed copy of this document with original signatures shall be maintained by counsel's office and made available for inspection by other parties or the court upon request.

Plaintiffs' Address:
9849 East Easter Avenue
Centennial, CO 80112

**COMPLAINT**                                                                 Page 5