IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant.

## DECLARATION OF KENNETH R. BENNINGTON

    I, Kenneth R. Bennington, pursuant to 28 U.S.C. § 1746, state as follows:

    1.    I am counsel of record for Plaintiffs Western Convenience Stores, Inc. ("WCS") and Western Truck One, LLC ("WTO") in this action. I am over the age of 18 and have personal knowledge of the following matters. I make this declaration in connection with *Plaintiffs' Response to Motion to Dismiss or Stay Second Through Fifth Claims for Relief* (hereinafter "Response").

    2.    On May 27, 2011, Plaintiffs filed an action in Denver County District Court ("State Action") alleging claims against Suncor Energy (U.S.A.), Inc. ("Suncor") for breach of contract and tortious interference. Plaintiffs did not serve that Complaint on Suncor.

    3.    Contemporaneously with filing the Complaint in the State Action, I and other counsel for Plaintiffs investigated facts and law relating to the price discrimination and antitrust claims under the Robinson-Patman Act, 15 U.S.C. § 13(a), federal subject matter jurisdiction

Exhibit A

over those claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a), and federal supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.  At the same time, I engaged in discussions with Suncor's counsel regarding the parties' dispute and the price discrimination asserted by my clients.

4. Upon determining that the factual elements were present to support a claim under the Robinson-Patman Act, and that the requirements were present for federal jurisdiction for those antitrust claims as well as the pendent state law claims, I commenced the present action on behalf of Plaintiffs on June 17, 2011, asserting the federal and state antitrust claims and the related claims for breach of contract and tortious interference previously pled in the State Action. The ECF system accepted the Complaint for filing on June 20, 2011.  As reflected in Exhibit C to the Response, I provided to Suncor's counsel a courtesy copy of the Complaint the next day, June 21, 2011.

5. On that same day at 10:31 p.m., Suncor filed in the State Action an *Answer and Counterclaims* (Response Exhibit D).  As reflected on the certificate of service, Suncor never served the Answer and Counterclaims on Plaintiffs.  *Id.* ¶ 10.  A true and correct copy of the Lexis-Nexis register of filings in the State Action is attached to the Response as Exhibit B.

6. On July 20, 2011, Suncor filed in the State Action an *Amended Answer, Counterclaims and Third-Party Complaint* which named as third-party defendants WCS's owner, Hossein Taraghi, and his wife, Debra Taraghi.  We requested that Suncor agree to stipulate to the dismissal of the State Action as all of the parties' claims are factually interrelated and this federal court action is the only action that can resolve the parties' dispute in one forum.

Suncor declined and served the *Amended Answer, Counterclaims and Third-Party Complaint* on WCS, WTO and the Taraghis.

7. Shortly after that, Plaintiffs filed in the State Action a *Motion to Dismiss or Stay,* copy included as Response Exhibit E. The *Motion to Dismiss or Stay* was fully briefed and ripe for ruling as of August 26, 2011. The State Court has not yet ruled on that motion.

8. On September 2, 2011, Suncor filed its *Motion to Dismiss or Stay Second Through Fifth Claims for Relief* in this action and at the same time filed in the State Action a motion for summary judgment on all claims asserted in the never-served complaint, in the counterclaims and in the third-party complaint. I have moved on behalf of Plaintiffs to stay proceedings on the summary judgment motion pending a determination by the state court of the *Motion to Dismiss or Stay* and pending this Court's determination over the supplemental state law claims.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of September, 2011.

*s/ Kenneth R. Bennington*

Kenneth R. Bennington