| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO**<br>1437 Bannock St., Room 256<br>Denver, CO 80202 | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Jun 21 2011 10:31PM MDT<br>Filing ID: 38274783<br>Review Clerk: Rebecca A Hendricks |
| **Plaintiff:**<br>WESTERN CONVENIENCE STORES, INC., a Colorado corporation; WESTERN TRUCK ONE, LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendant:**<br>SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation | ▲ **COURT USE ONLY** ▲<br>Case Number: 11CV3860<br>Div.:             Ctrm.: |
| Attorney or Party Without Attorney:<br>Name:          Anthony J. Shaheen<br>                     Keeya M. Jeffrey<br>Address:      HOLLAND & HART LLP<br>                     555 17th Street<br>                     Suite 3200<br>                     Denver, CO  80201-8749<br>Telephone:   303-295-8054; 303-295-8060<br>Facsimile:    303-291-9126; 303-291-9173<br>E-Mail:         AJShaheen@hollandhart.com<br>                     KMJeffrey@hollandhart.com<br>Atty.Reg.#:   14295, 39278 | |
| **ANSWER AND COUNTERCLAIMS** ||

Defendant Suncor Energy (U.S.A.) Inc. ("Suncor") responds to the Complaint of Plaintiffs Western Convenience Stores, Inc. ("WCS") and Western Truck One, LLC ("WTO") as follows:

## PARTIES

1. Suncor admits paragraph 1 of the Complaint.

2. Suncor admits paragraph 2 of the Complaint.

3. Suncor admits that it is a Delaware corporation, and affirmatively alleges that it has offices at 717 Seventeenth Street, Suite 2900, Denver, Colorado 80202.  Suncor denies the remaining allegations contained in paragraph 3 of the Complaint.

Exhibit D

## JURISDICTION AND VENUE

4.      Suncor admits this Court has personal jurisdiction over Suncor.  Suncor denies the remaining allegations contained in paragraph 4 of the Complaint.

5.      Suncor admits that venue is proper in this Court.  Suncor affirmatively alleges that the terms of the Master Agreement speak for themselves.  Suncor denies the remaining allegations contained in paragraph 5 of the Complaint.

## GENERAL ALLEGATIONS

6.      Suncor admits that: (a) WCS is currently in the business of operating convenience stores and gasoline stations in Colorado, (b) Suncor and WCS entered into the Master Agreement, dated January 17, 2007, and Suncor supplied WCS petroleum products subject to the General Terms and Conditions contained therein, (c) the terms of the Master Agreement speak for themselves, and (d) General Terms and Conditions accompany and are incorporated into the Master Agreement.  Except as expressly admitted above, Suncor denies the allegations contained in paragraph 6 of the Complaint.

7.      Suncor admits that: (a) WTO is a company that transports petroleum products loaded at terminals to WCS retail locations, and (b) in the past, WTO loaded petroleum products for third parties that purchased such products from Suncor, and (c) the terms of the Master Agreement speak for themselves.  Except as expressly admitted above, Suncor denies the allegations contained in paragraph 7 of the Complaint.

8.      Suncor admits that WTO's access to Suncor terminals is governed by a May 10, 2006 Terminal Access Agreement (hereinafter "Access Agreement") between WTO and Suncor.  Suncor affirmatively alleges that the terms of the Access Agreement speak for themselves.  Except as expressly admitted and affirmatively alleged above, Suncor denies the allegations contained in paragraph 8 of the Complaint.

9.      Suncor admits that on or about May 20, 2011, Steve Moss, Suncor's Manager of Unbranded Sales, had a telephone conversation with Mr. Hossein Taraghi of WCS, and informed him that (a) Suncor had decided, based on the recommendation of its credit department, that WCS no longer qualified for the extension of credit based on a recent review of WCS's financials and creditworthiness, and (b) as a result, Suncor would require performance assurance, in the form of pre-payment, before Suncor would sell any further petroleum products to WCS after Tuesday, May 24, 2011.  Except as expressly admitted above, Suncor denies the allegations contained in paragraph 9 of the Complaint.

10.     Suncor admits that on or about May 23, 2011, Steven Ewing, Suncor's Director, Rack Forward Sales & Service, had a conversation with Mr. Taraghi of WCS after learning that a

draw request for payment of petroleum products was dishonored by WCS's bank for insufficient funds, and informed Mr. Taraghi that due to WCS's lack of creditworthiness, WCS's failure to pay invoices for petroleum product received, and its actions resulting in the dishonorment of electronic payments to Suncor by WCS' bank, Suncor elected to suspend all product sales to WCS pursuant to the Master Agreement.  Except as so admitted above, Suncor denies the allegations contained in paragraph 10 of the Complaint.

11.     Suncor admits that on or about May 25, 2011, Steven Ewing had a telephone conversation with Mr. Taraghi on behalf of WTO informing him that Suncor was revoking WTO's access to all of Suncor's terminals immediately. Except as expressly admitted above, Suncor denies the allegations contained in paragraph 11 of the Complaint.

12.     Suncor admits the allegations contained in paragraph 12 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**Breach of Contract (Master Agreement)**

13.     Suncor incorporates its responses to the allegations contained in paragraphs 1-12 of the Complaint as if fully set forth herein.

14.     The allegations contained in paragraph 14 of the Complaint state a legal conclusion, and thus no response is required to the same.

15.     Suncor denies the allegations contained in paragraph 15 of the Complaint.

16.     Suncor denies the allegations contained in paragraph 16 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**Breach of Contract (Access Agreement)**

17.     Suncor incorporates its responses to the allegations contained in paragraphs 1-16 of the Complaint as if fully set forth herein.

18.     The allegations contained in paragraph 18 of the Complaint state a legal conclusion, and thus no response is required to the same.

19.     Suncor denies the allegations contained in paragraph 19 of the Complaint.

20.     Suncor denies the allegations contained in paragraph 20 of the Complaint.

## THIRD CLAIM FOR RELIEF
### Tortious Interference (WCS Contracts and Relationships with Third Parties)

21.   Suncor incorporates its responses to the allegations contained in paragraphs 1-20 of the Complaint as if fully set forth herein.

22.   Suncor denies the allegations contained in paragraph 22 of the Complaint.

23.   Suncor denies the allegations contained in paragraph 23 of the Complaint.

24.   Suncor denies the allegations contained in paragraph 24 of the Complaint.

25.   Suncor denies the allegations contained in paragraph 25 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### Tortious Interference (WCS Contract with WTO)

26.   Suncor incorporates its responses to the allegations contained in paragraphs 1-26 of the Complaint as if fully set forth herein.

27.   Suncor denies the allegations contained in paragraph 27 of the Complaint.

28.   Suncor denies the allegations contained in paragraph 28 of the Complaint.

29.   Suncor denies the allegations contained in paragraph 29 of the Complaint.

30.   Suncor denies the allegations contained in paragraph 30 of the Complaint.

## GENERAL DENIAL

Suncor denies all the allegations in the Complaint not expressly admitted.

## AFFIRMATIVE DEFENSES

1.   The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Suncor requests that judgment be entered against Plaintiffs and in favor of Suncor and that Suncor be awarded such further relief as the Court deems proper.

## DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF WCS

Defendant/Counterclaimant Suncor Energy (U.S.A.) Inc. ("Suncor") for its counterclaims against Plaintiff WCS (the "Counterclaim") alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Suncor is a Delaware corporation with its principal place of business located at 717 17th Street, Suite 2900, Denver, Colorado 80202.

2. WCS is a Colorado corporation with its principal place of business at 9849 East Easter Avenue, Centennial, Colorado.

3. Venue is proper in this Court under Colo. R. Civ. P. 98(c).

### GENERAL ALLEGATIONS

4. Suncor is engaged in the business of refining and selling petroleum products.

5. On January 17, 2007, Suncor and WCS entered into a Master Product Purchase and Sale Agreement ("Master Agreement"), pursuant to which Suncor sold petroleum products to WCS.

6. Between May 9, 2011 and May 16, 2011, WCS purchased and took delivery of petroleum products from Suncor, and Suncor promptly provided invoices for those sales. (*See* Exhibit B, C, D, E, and F to May 27, 2011 Letter; Letter attached as **Exhibit 1**).

7. On May 16, 2011, Suncor and WCS entered into an Electronic Funds Transfer Authorization Agreement ("EFT Agreement"), pursuant to which WCS authorized Suncor to draw funds from WCS's bank account at Vectra Bank as payment for all petroleum products sold and delivered to WCS by Suncor. (*See* Exhibit A to **Exhibit 1**).

8. Pursuant to the EFT Agreement, Suncor initiated five draw requests for petroleum products purchased by WCS between May 9, 2011 and May 16, 2011 on Vectra Bank, each of which were not paid upon presentment:

    a. Clearing Document #2000113164, in the amount of $436,710.80 was denied by Vectra Bank on May 19, 2011. Suncor was informed it was dishonored on May 23, 2011. (*See* Invoices attached as Exhibit B to Ex. 1).

    b. Clearing Document #2000113584, in the amount of $785,694.85 was denied by Vectra Bank on May 23, 2011. Suncor was informed it was dishonored on May 24, 2011. (*See* Invoices attached as Exhibit C to Ex. 1).

   c. Clearing Document #2000113640, in the amount of $268,625.86 was denied by Vectra Bank on May 24, 2011.  Suncor was informed it was dishonored on May 25, 2011.  (*See* Invoices attached as Exhibit D to Ex. 1).

   d. Clearing Document #2000113815, in the amount of $243,063.33 was denied by Vectra Bank on May 25, 2011. Suncor was informed it was dishonored on May 26, 2011.  (*See* Invoices attached as Exhibit E to Ex. 1).

   e. Clearing Document #2000113902, in the amount of $218,428.61 was denied by Vectra Bank on May 26, 2011. Suncor was informed it was dishonored on May 27, 2011.  (*See* Invoices attached as Exhibit F to Ex. 1).

  9. The total amount due for the five draw requests referenced in paragraph 8 of the Counterclaim was $1,952,523.45.

  10. Suncor received notices of nonpayment for each of the five draw requests referenced in paragraph 8 of the Complaint.  (*See* Notices, attached as Exhibit G to Ex. 1).

  11. Pursuant to C.R.S. § 13-21-109(2)(a), Suncor provided WCS with notice of nonpayment on presentment of the draw requests on May 27, 2011, and demanded payment of the entire amount within fifteen days, as provided by the statute.  (*See* Ex. 1).

  12. WCS failed to pay any of the $1,952,523.45 by its fifteen-day deadline of June 13, 2011.  (*See* June 14, 2011 Letter, attached as **Exhibit 2**).

  13. Between May 17, 2011 and May 22, 2011, WCS purchased and took delivery of petroleum products from Suncor, and Suncor promptly provided invoices for those sales.  (*See* Exhibits B, C, and D to June 2, 2011 Letter, attached as **Exhibit 3**).

  14. Pursuant to the EFT Agreement, Suncor initiated three draw requests for petroleum products purchased by WCS between May 17, 2011 and May 22, 2011 on Vectra Bank, each of which were not paid upon presentment:

   a. Clearing Document #2000114056, in the amount of $97,251.54 was denied by Vectra Bank on May 27, 2011.  Suncor was informed it was dishonored on May 31, 2011.  (*See* Invoices attached as Exhibit B to Ex. 3).

   b. Clearing Document #2000114306, in the amount of $1,217,595.05 was denied by Vectra Bank on May 31, 2011.  Suncor was informed it was dishonored on June 1, 2011.  (*See* Invoices attached as Exhibit C to Ex. 3).

   c. Clearing Document #2000114486, in the amount of $146,296.53 was denied by Vectra Bank on June 1, 2011.  Suncor was informed it was dishonored on June 2, 2011.  (*See* Invoices attached as Exhibit D to Ex. 3).

15. The total amount due for the three draw requests referenced in paragraph 14 of the Counterclaim was $1,461,143.12.

16. Suncor received notices of nonpayment for each of the three draw requests referenced in paragraph 14 of the Counterclaim. (*See* Notices, attached as Exhibit E to Ex. 3).

17. Pursuant to C.R.S. § 13-21-109(2)(a), Suncor provided WCS with notice of nonpayment on presentment of the draw requests on June 2, 2011, and demanded payment of the entire amount within fifteen days, as provided by the statute. (*See* Ex. 3).

18. WCS failed to pay any of the $1,461,143.12 by its fifteen-day deadline of June 17, 2011.

19. Despite Suncor's repeated demands, WCS has failed and refused to pay the amount owed for its purchase of petroleum products.

20. Under the Master Agreement dated January 17, 2007, WCS is required to pay interest on all amounts overdue at a per annum rate of twelve (12) percent.

**FIRST COUNTERCLAIM FOR RELIEF**
**(Breach of Contract)**

21. Suncor incorporates by reference its allegations in paragraphs 1-20 above.

22. The Master Agreement is an enforceable contract, supported by consideration.

23. Suncor fully performed under the Master Agreement

24. WCS breached the Master Agreement by failing to pay for the amounts due and owing for petroleum products that it received from Suncor under the contract.

25. Suncor has been damaged by WCS's breach in an amount to be proven at trial.

**SECOND COUNTERCLAIM FOR RELIEF**
**(Violation of C.R.S. § 13-21-109 for Purchases from May 9, 2011 to May 16, 2011)**

26. Suncor incorporates by reference its allegations in paragraphs 1-25 above.

27. WCS purchased and took delivery of $1,952,523.45 worth of petroleum products from Suncor, from May 9, 2011 to May 16, 2011.

28. Suncor initiated five separate draw requests for the amount due for those purchases from May 9, 2011 to May 16, 2011:

    a. Clearing Document #2000113164 issued on May 18, 2011 for $436,710.80;

       b.  Clearing Document #2000113584 issued on May 20, 2011 for $785,694.85;

       c.  Clearing Document #2000113640 issued on May 23, 2011 for $268,625.86;

       d.  Clearing Document #2000113815 issued on May 24, 2011 for $243,063.33; and

       e.  Clearing Document #2000113902 issued on May 25, 2011 for $218,428.61.

29.     On May 27, 2011, Suncor provided notice of nonpayment on presentment of these draw requests to WCS, pursuant to C.R.S. § 13-21-109.

30.     More than fifteen days has passed since Suncor provided notice, and WCS has not paid the amounts due as set forth in the notice. Therefore, pursuant to the statute, Suncor is entitled to treble damages.

31.     Suncor has been damaged by WCS's failure to pay these amounts due and seeks damages for three times the face amounts of these draw requests, and court costs and attorney's fees pursuant to C.R.S. § 13-21-109(2) and (6) and the Master Agreement.

**THIRD COUNTERCLAIM FOR RELIEF**
**(Violation of C.R.S. § 13-21-109 for Purchases from May 17, 2011 to May 22, 2011)**

32.     Suncor incorporates by reference its allegations in paragraphs 1-31 above.

33.     WCS purchased and took delivery of $1,461,143.12 worth of petroleum products from Suncor from May 17, 2011 to May 22, 2011.

34.     Suncor initiated three separate draw requests for the amount due for those purchases from May 17, 2011 to May 22, 2011.

       a.  Clearing Document #2000114056 issued on May 26, 2011 for $97,251.54;

       b.  Clearing Document #2000114306 issued on May 27, 2011 for $1,217,595.05; and

       c.  Clearing Document #2000114486 issued on May 31, 2011 for $146,296.53.

35.     On June 2, 2011, Suncor provided notice of nonpayment on presentment of these draw requests to WCS, pursuant to C.R.S. § 13-21-109.

36.     More than fifteen days has passed since Suncor provided notice, and WCS has not paid the amounts due as set forth in the notice. Therefore, pursuant to the statute, Suncor is entitled to treble damages.

37.     Suncor has been damaged by WCS's failure to pay these amounts due and seeks damages for three times the face amounts of these draw requests, and court costs and attorney's fees pursuant to C.R.S. § 13-21-109(2) and (6) and the Master Agreement.

WHEREFORE, Suncor requests that judgment be entered in its favor and against Defendant on all of Suncor's claims for relief in an amount to be proven at trial, three times the amount of unpaid checks pursuant to C.R.S. § 13-21-109(2), plus interest, and that it be awarded its attorneys fees, expenses, and such other and further relief as the Court deems appropriate.

Dated June 21, 2011

                                                      Respectfully submitted,

                                                     /s *Anthony J. Shaheen*
                                                     Anthony J. Shaheen, #14295
                                                     Keeya M. Jeffrey, #39278
                                                     HOLLAND & HART LLP
                                                     **ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

I certify that on June 21, 2011, I efiled a copy of the foregoing document to the following via LexisNexis.

s/ Anthony J. Shaheen

5143932_1.DOCX