| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock St., Room 256<br>Denver, CO 80202 | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Aug 04 2011 01:21PM MDT<br>Filing ID: 39096165<br>Review Clerk: Rebecca A Hendricks |
| **Plaintiffs:** WESTERN CONVENIENCE STORES, INC., a Colorado corporation; WESTERN TRUCK ONE, LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendant:** SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation. | **▲ COURT USE ONLY ▲**<br><br>Case No.: 11CV3860<br><br>Division: 280 |
| *Attorneys for Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC:*<br>Kenneth R. Bennington, No. 8004<br>Kathleen E. Craigmile, No. 24525<br>Adam F. Aldrich, No. 40225<br>Bennington Johnson Biermann & Craigmile, LLC<br>370 17th Street, Suite 3500<br>Denver, CO 80202<br>Telephone: (303) 629-5200<br>Facsimile: (303) 629-5718<br>*krb@benningtonjohnson.com*<br>*kec@benningtonjohnson.com*<br>*afa@benningtonjohnson.com* | |
| **PLAINTIFFS' MOTION TO DISMISS OR STAY** | |

Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC, by and through their attorneys, Bennington Johnson Biermann & Craigmile, LLC, move that this action be dismissed without prejudice, or in the alternative, stayed pending resolution of a parallel and redundant action in the Federal District Court for the District of Colorado.

## CERTIFICATION OF COMPLIANCE WITH C.R.C.P. § 121 1-15 (8)

Pursuant to C.R.C.P. § 121 1-15(8), the undersigned certifies that counsel for Plaintiffs have conferred with counsel for Defendants regarding the issues raised in this motion and states that Defendants have not agreed to the relief requested herein.

**Exhibit E**

1.      This case centers on Defendant Suncor's price discrimination in violation of federal antitrust law and the fallout from Suncor's retaliation after Plaintiff Western Convenience Stores, Inc. ("WCS") discovered and complained of the pricing favoring its competitors.  As discussed below, a presently pending antitrust action in federal court is the only proceeding that can resolve all of the claims between the parties in one action.  Thus, this action should be either dismissed or stayed.

2.      The Complaint in this action (the "State action") was filed on May 27, 2011, shortly after Plaintiff WCS directed its bank not to honor further Suncor draw requests following discovery the price discrimination in the underlying transactions for the purchase of fuel from Suncor.

3.      Contemporaneously with filing the Complaint in the State action, counsel for WCS investigated facts and law relating to the price discrimination and antitrust claims under the Robinson-Patman Act, 15 U.S.C. § 13(a), federal subject matter jurisdiction over those antitrust claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a), and federal supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

4.      Upon determining that the factual elements were present to support a claim under the Robinson-Patman Act, and that the requirements were present for federal jurisdiction for those antitrust claims as well as the pendant state law claims, Plaintiff WCS filed an action in Federal District Court for the District of Colorado captioned *Western Convenience Stores, Inc. and Western Truck One, LLC v. Suncor Energy (U.S.A.) Inc.*, Case No. 11-cv-2011-MSK-CBS (the "Federal action") (Complaint attached hereto as Exhibit 1).  WCS also filed a Motion for a Preliminary Injunction in the Federal action seeking to enjoin Suncor from terminating the Plaintiffs' access to Suncor terminals for the purpose of taking delivery of fuel from third parties.

5.      At a telephonic Status Conference along with Suncor counsel before the

Magistrate Judge in the Federal action, Suncor's deadlines for responses to the WCS Complaint

and its Motion for Preliminary Injunction were set for September 6, 2011.  The Magistrate Judge

also set a hearing on the WCS preliminary injunction motion for September 28, 2011.

6.      As alleged in the Federal Complaint and preliminary injunction motion, the

dispute in both the Federal action and the State action arises from Suncor's termination of WCS

fuel sale and delivery and WCS's resulting decision to stop paying Suncor, all of which occurred

in the wake of WCS complaints of price discrimination that is illegal under federal antitrust law.

Thus, resolution of the WCS antitrust claims is the predicate for resolution of the remaining

Suncor claims for nonpayment.  In the present State action Suncor has pleaded its claims as

breach of contract claims against both WCS and its owners who guaranteed its obligations to

Suncor.  *See Amended Answer, Counterclaims and Third Party Complaint filed July 20, 2011 in*

*the State action*.  Suncor has also pleaded nonpayment as an affirmative defense in the State

action.  *Id.* at 4 (unclean hands).

7.      As the federal court has exclusive jurisdiction over price discrimination claims

under the Robinson-Patman Act, *e.g. Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304,

2309 n. 5 (1989), those claims cannot be pursued in the State action.  In addition, the federal

court has supplemental jurisdiction over the parties' state law claims pursuant to 28 U.S.C. §

1367.  Thus, the Federal action is the only proceeding that can resolve all of the claims between

the parties in one action.

8.      Suncor's contract claims are integrally tied to the WCS antitrust claims as the

Suncor contract claims flow directly from WCS's discovery and complaints about price

discrimination followed by Suncor's retaliatory termination.  In short, once WCS realized that

that Suncor had breached and repudiated the contract via unlawful price discrimination[1], WCS halted electronic funds transfers.  Thus, resolution of the federal antitrust claims will determine whether WCS owes Suncor anything at all, and thus, whether the guarantees by WCS's owners are even enforceable.

9.      The Colorado Supreme Court has made clear that a trial court generally has discretion to grant or deny a stay.  "This discretion derives from the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *In re Application for Water Rights of U.S.*, 101 P.3d 1072, 1080-81 (Colo. 2004) (citations and internal quotation marks omitted).  The Court has set out the applicable factors for testing the trial court's exercise of that discretion: 1) the order in which jurisdiction was obtained, 2) the adequacy of relief available in state court, 3) comity, and 4) the need for comprehensive adjudication and attendant desire to avoid piecemeal litigation." *Id.* at 1082-83.

10.      Here, although jurisdiction was first obtained in the State action, it could only attach to the parties' contract claims, not the Plaintiffs' intertwined antitrust claims arising under federal law.  The Federal action was the first and only action in which jurisdiction was obtained over both parties and all of their claims.  Thus, it is evident that relief in state court cannot be adequate and that two parallel actions will create piecemeal litigation.  In the interests of comity and the efficient and comprehensive adjudication of the entire dispute between Plaintiffs and Suncor, Plaintiffs respectfully request that this State action be dismissed or stayed.

---

[1]      WCS has not yet filed a reply to Suncor's counterclaims in the State action, and Suncor has not yet pleaded its contract counterclaims in the Federal action as the court has set the deadline for doing so as September 6, 2011.  As affirmative defenses, WCS will assert, among others, repudiation and breach of the covenant of good faith and fair dealing.

Dated: August 4, 2011

<div style="margin-left:50%">

BENNINGTON JOHNSON
BIERMANN & CRAIGMILE, LLC

*/s/ Kenneth R. Bennington*
*[E-Filing, August 4, 2011]*

_____
Kenneth R. Bennington, No. 8004
Kathleen E. Craigmile, No. 24525
Adam F. Aldrich, No. 40225

</div>

Pursuant to C.R.C.P. 121 § 1-26:9 a printed copy of this document with original signatures shall be maintained by counsel's office and made available for inspection by other parties or the court upon request.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO DISMISS OR STAY** was served electronically via LexisNexis File & Serve or U.S. Mail, postage prepaid on the following on August 4, 2011 to the following:

Anthony J. Shaheen
Keeya M. Jeffrey
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80201

<div style="margin-left:50%">

*/s/ Marie Newberger*
*[E-Filing, August 4, 2011]*

_____

</div>