# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant.

---

## SCHEDULING ORDER

---

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

A Scheduling Conference was held on November 10, 2011, at 1:30 p.m. The parties appeared by counsel:

| Attorneys for Plaintiffs: | Attorneys for Defendant: |
|---|---|
| Kenneth R. Bennington | William L. Monts III |
| Kathleen E. Craigmile | HOGAN LOVELLS US LLP |
| Adam F. Aldrich | 555 Thirteenth Street, NW |
| BENNINGTON JOHNSON | Washington, D.C. 20004 |
| BIERMANN & CRAIGMILE, LLC | |
| 370 17th Street, Suite 3500 | Anthony J. Shaheen |
| Denver, CO 80202 | HOLLAND & HART, LLP |
| | 555 17th Street, Suite 3200 |
| | Denver, CO 80202 |

**2. STATEMENT OF JURISDICTION**

Plaintiffs assert that this Court has subject matter jurisdiction over their Robinson-Patman Act claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a) and has supplemental jurisdiction over Plaintiffs' other claims pursuant to 28 U.S.C. § 1367. Defendant Suncor Energy (U.S.A.) Inc. ("Suncor") asserts that this Court lacks

Page 1

jurisdiction over the claims of Western Truck One, LLC ("Western Truck One") because it does not have a Robinson-Patman Act claim in that it has not alleged, and cannot allege, that it purchased petroleum products from Suncor and there is no other basis for federal jurisdiction over the claims of Western Truck One.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. *Plaintiffs:*

First Claim for Relief – price discrimination in violation of 15 U.S.C. § 13(a) (Robinson Patman Act);

Second Claim for Relief – breach of contract covenant of good faith and fair dealing (*Master Product Purchase and Sale Agreement*);

Third Claim for Relief - breach of contract covenant of good faith and fair dealing *(Terminal Access Agreement);*

Fourth Claim for Relief – tortious interference (*Master Product Purchase and Sale Agreement)*

Fifth Claim for Relief – tortious interference (*Terminal Access Agreement*);

Sixth Claim for Relief – price discrimination in violation of C.R.S. §6-2-108.

b. *Defendant:* Suncor filed a Motion to Dismiss or Stay the Second through Fifth Claims for Relief of Plaintiffs' Complaint ("Motion to Dismiss") and, therefore, has not yet answered the Complaint. Suncor's defenses will depend on when the Court rules on the Motion to Dismiss and its ruling. As for the First and Sixth Claims for Relief, Suncor will at least assert the general defenses of meeting competition and statute of limitations. Suncor will also assert lack of jurisdiction, failure to state a claim upon which relief may be granted and lack of standing against Western Truck One because it

has not purchased petroleum products from Suncor and, thus, has no price discrimination claims.

If the Motion to Dismiss or Stay is denied, Suncor will answer the Second through Fifth Claims for Relief in the Complaint and will assert a counterclaim for approximately $3.755 million, plus interest, against Western Convenience Stores, Inc. ("WCS") for petroleum products taken by WCS but not paid for and a third-party claim against Hossein Taraghi and Debra Taraghi on their personal guaranty of WCS's obligations for up to $3 million.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff Western Convenience Stores is a Colorado corporation that operates convenience stores and gasoline stations.

2. Plaintiff Western Truck One is a Colorado limited liability company that transports petroleum products.

3. Defendant Suncor is a Delaware corporation.

4. Suncor and WCS entered into a Master Product Purchase and Sales Agreement, dated January 17, 2007.

5. Suncor and Western Truck One entered into a Terminal Access Agreement, dated May 10, 2006.

### 5. COMPUTATION OF DAMAGES

a. *Plaintiffs:* Set forth below is Plaintiffs' initial statement of the categories of damages they claim in this action. Plaintiffs make this disclosure with the caveat that discovery in this action has just commenced and that they may amend or supplement this

disclosure as discovery progresses consistent with the requirements of Fed. R. Civ. P. 26(e), and that the calculation of damages will be the subject of expert opinion to be disclosed pursuant to the deadlines contemplated by Fed. R. Civ. P. 16 and 26(a)(2) and the Scheduling Order to be entered in this action.  At this time the Plaintiffs seek the following categories of damages:

1. Damages and injunctive relief for price discrimination under 15 U.S.C. § 13(a), together with treble damages and attorneys' fees as provided for in 15 U.S.C.A. § 15;

2. Damages and injunctive relief for price discrimination under C.R.S. §6-2-108, together with treble damages and attorneys' fees as provided for in C.R.S. § 6-2-111;

3. Damages for breach of the Master Product Purchase and Sales Agreement;

4. Damages for breach of the Terminal Access Agreement;

5. Damages for tortious interference with the Master Product Purchase and Sales Agreement;

6. Damages for tortious interference with the Terminal Access Agreement.

7. With respect to all of the above, *Damages* includes amounts incurred investigating Defendant's actions in terminating the Master Product Purchase Agreement, Terminal Access Agreement, and Defendant's violation of 15 U.S.C. § 13(a) and C.R.S. §6-2-10.

b. It is Suncor's position that, pursuant to Rule 26(a)(1)(C), Plaintiffs are required to be more specific with respect to their alleged damages and must include a computation for the damages claimed under 1 through 7.  That is particularly true for

subparagraphs a-3 through a-7 where the information is solely within the Plaintiffs' custody and control, and should be known by this time.

      6.      **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

      a.      <u>Date of rule 26(f) meeting</u>:    October 20, 2011 at 3:00 pm.

      b.      <u>Names of each participant and party represented</u>:  Kenneth R. Bennington, Kathleen E. Craigmile and Adam Aldrich represented Plaintiffs;  Plaintiffs' lead information technology employee, Robert L. Lawson, participated in the meeting with respect to matters relating to E-Discovery;  Anthony J. Shaheen, William Monts and Michael Korenblat represented Defendant.

      c.      <u>Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)</u>:  The parties will serve disclosures on the date designated by the Court, i.e., November 4, 2011.  The parties have agreed to produce electronic copies of the documents to be identified pursuant to Fed. R. Civ. P. 26(a)(1)(B) on or before December 16, 2011.

      d.      <u>Statement as to when rule 26(a)(1) disclosures were made or will be made</u>: The parties will serve disclosures on the date designated by the Court, i.e., November 4, 2011.  The parties have agreed to produce electronic copies of the documents identified pursuant to Fed. R. Civ. P. 26(a)(1)(B) on or before December 16, 2011.

      e.      <u>Statement concerning any agreements to conduct informal discovery</u>:  At this time, the parties have not reached any agreements to conduct informal discovery but will consider reaching such agreements as the case progresses.

      f.      <u>Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibiting numbering</u>

system: The parties have jointly worked on a draft E-Discovery Protocol as directed by the Court (attached as Exhibit A). However, there remain several substantive issues with respect to production of ESI, which are highlighted in the draft. The parties are continuing work on the proposed protocol, and are optimistic, but not certain, that the issues will be narrowed if not entirely resolved. The parties anticipate filing a revised protocol before the Scheduling Conference.

The Parties have agreed on most of the terms of a proposed Protective Order (attached as Exhibit B) which Suncor prepared, but cannot agree on the treatment of "Highly Confidential Information" in paragraphs 3, 9 and 15. Plaintiffs' proposed changes to those paragraphs 9 and 15 are set forth below:

> 9.     Except as provided in subparagraphs (d) and (e), below, Counsel for a Receiving Party **may *NOT disclose* "Highly Confidential Information" and/or any information derived from such Information to the officers, directors, owners, shareholders, principals** ~~or employees (except and not including in house counsel)~~ **of a competitor** of the Receiving Party **or of a competitor of the Designating Party** ("Excluded Persons") but may make disclosure only to the following persons under the following conditions:

> 15.    A Receiving Party that wants to challenge a "Confidential Information" or "Highly Confidential Information" designation must ~~do so no later than thirty (30) calendar days after receipt of the material and must (a)~~ first meet and confer with the Designating Party and explain the basis for the challenge and (b) give the Designating Party an opportunity to explain the basis for the designation and a reasonable opportunity (not to exceed three (3) business days) to change the designation.

g.     <u>Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form</u>: The parties anticipate that disclosure or discovery documents and data will involve information or records maintained in electronic form. The parties' present draft of an E-

Discovery Protocol is set forth at Exhibit A.

      h.    <u>Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case</u>: The parties certify that, as required by Fed.R.Civ.P. 26(f), they have discussed in person the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution.  The parties agree that prompt settlement of this case is not possible and that alternative dispute resolution would not be productive at this time.  Given the business realities, it is parties' position that settlement will be very difficult, if not impossible.  As required, the parties will report the result of any future meetings to the magistrate judge within ten days of the meeting.

### 7.   CONSENT

All parties have <u>not</u> consented to the exercise of jurisdiction of a magistrate judge. However, pursuant to D.C. Colo.LCivR 72.1(C)(3), one or more of the parties may request that certain motions be referred to the magistrate judge for a recommendation.

### 8.   DISCOVERY LIMITATIONS

      a.    <u>Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules</u>:  The parties propose that each side may take ten depositions of fact witnesses plus the deposition of each specially retained expert disclosed pursuant to Fed. R. Civ. P. 26(a)(2).  Each party may serve no more than 25 interrogatories, including discrete subparts, absent agreement or order of the Court.

      b.    <u>Limitations which any party proposes on the length of depositions</u>: 7 hours, absent stipulation of order of the Court.

      c.    <u>Limitations which any party proposes on the numbers of requests for</u>

production and/or requests for admission: Each side may serve no more than 25 requests for production of documents and 25 requests for admission, including discrete subparts, absent agreement or order of the Court.

      d.      Other Planning or Discovery Orders:  As noted above, a stipulated proposed Protective Order or separately proposed Protective Orders will be filed with the Court on or before November 4, 2011.

### 9. CASE PLAN AND SCHEDULE

      a.      Deadline for Joinder of Parties and Amendment of Pleadings:

Thirty days after a ruling on Suncor's Motion to Dismiss or January 31, 2012, whichever occurs later.

      b.      Discovery Cut-off:   The cutoff for fact discovery shall be July 31, 2012. The parties propose that the deadline for deposing experts be 60 days following the Court's ruling on motions for summary judgment.

      c.      Dispositive Motion Deadline:  April 15, 2013.

      d.      Expert Witness Disclosure:

          (1)      The parties shall identify anticipated fields of expert testimony, if any:

      **Plaintiffs**: an economist and an accountant to testify regarding injury to competition and on damages; an industry expert to testify regarding industry custom and practice as well as injury to competition; a chemical engineering expert to testify regarding fuel chemistry and differentiation as well as related industry custom and practice; a computer forensic expert to testify regarding electronic discovery.

      **Defendant**: anticipates an economist, an expert in the field of chemistry

and/or fuels, and any expert necessary to rebut the opinions of Plaintiffs' experts.

(2) Limitations which the parties propose on the use or number of expert witnesses: five specially retained (non-employee) experts per side.

(3) Plaintiffs shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 1, 2012. Defendant shall designate all expert and rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 31, 2013.

(4) The Plaintiffs shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 15, 2013.

e. <u>Identification of Persons to Be Deposed</u>:

Plaintiffs:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| 1. Steve Ewing | TBD | 9:00 a.m. | 7 hours |
| 2. Steve Moss | TBD | 9:00 a.m. | 7 hours |
| 3. Diane Kriskovich | TBD | 9:00 a.m. | 7 hours |
| 4. Rule 30(b)(6) Deposition of Suncor | TBD | 9:00 a.m. | 7 hours |

Plaintiffs anticipate deposing other individuals or entities depending on how discovery progresses. Such persons may include, but are not limited to employees of Defendant, any experts identified by Defendant, Suncor branded and unbranded retailers, and other retailers of Suncor's petroleum products.

Defendant:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 1. Hossein Taraghi | TBD | 9:00 a.m. | 7 hours |
| 2. Chris Wehrle | TBD | 9:00 a.m. | 7 hours |
| 3. Charlie Dowden | TBD | 9:00 a.m. | 7 hours |
| 4. Rule 30(b)(6) Deposition of WCS | TBD | 9:00 a.m. | 7 hours |

Suncor anticipates deposing other persons (including financial institutions) depending on discovery, the ruling on the Motion to Dismiss and whether Suncor files a counterclaim and third party complaint in this case.

f. <u>Deadline for Interrogatories</u>: all written discovery must be served such that responses are due on or before the discovery cut-off.

g. <u>Deadline for Requests for Production of Documents and/or Admissions</u>: all written discovery must be served so that responses are due on or before the discovery cut-off.

**10. DATES FOR FURTHER CONFERENCES**

a. A settlement conference will be held on_____ at _____ o'clock ___.m. It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( ) *Pro se* parties and attorneys only need be present.

( ) *Pro se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( ) Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues in the case and the party's settlement position.

b. Status conferences will be held in this case at the following dates and

times:_____

    c.    A final pretrial conference will be held in this case on _____ at _____ o'clock __.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11.    OTHER SCHEDULING MATTERS

    a.    <u>Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement</u>:

    1.    In addition to the issues stated above with respect to the e-Discovery Protocol and the Protective Order, at this time, counsel have been unable to reach agreement on the time period for the scope of discovery in terms of its time period and the Suncor customers involved.

    2.    The Plaintiffs' position is that the scope must be, insofar as the relevant time period is concerned, from January 1, 2007 through the present.  This is based on the four-year statute of limitations set forth in 15 USC §15b.  Although that date is more than four years before the Complaint was filed, the Plaintiffs contend that it is nonetheless within the scope of discovery as to the events and communications surrounding the negotiation and execution of the January 17, 2007 Master Product Purchase and Sale Agreement.

    3.    Suncor's position is that consistent with Rule 11 and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), discovery should be limited to 2011, the time period alleged in the Complaint.  Plaintiffs have not pled and, based on the testimony of Mr. Taraghi at the preliminary injunction hearing, do not have any facts that would support a

claim of price discrimination for the years 2007-10.

4.      Plaintiffs' response is that the allegations of the Complaint relating to Suncor's price discrimination are not artificially limited to a period of a few months (January –May 2011) as Suncor asserts. Although Plaintiffs discovered the price discrimination in 2011 (as confirmed by Suncor's Ewing on May 18, 2011), Plaintiffs are entitled to discovery establishing how long the discriminatory discounts to favored retailors existed, when such discounts first occurred, and the damages, if any, flowing from the discriminatory discounts.

5.      At this time, counsel have been unable to reach agreement as to which of Suncor's customers it is required to produce pricing and other information. The Plaintiffs' position is that Kroger (including Loaf'n Jug) and Phillips 66 and Shell are within the scope of discovery, and the discovery will reveal additional favored customers.

6.      Suncor's position is as follows. In its Complaint, WCS alleged that (1) Kroger (King Soopers) and Loaf 'n Jug, which purchase unbranded fuel from Suncor ("unbranded customers"), and (2) Phillips 66 and Shell were "Favored Customers" of Suncor. Suncor does not sell fuel to Phillips 66 and Shell at retail. Instead, Suncor has contracts with several different customers ("branded customers") to which Suncor sells Phillips 66 and Shell branded fuel. These branded customers then deliver the branded fuel to the Phillips 66 and Shell stores that they supply. In its Complaint, WCS did not identify any specific Phillips 66 or Shell stores that it claimed competed with it. Suncor should only be required to produce pricing and other relevant information with respect to King Soopers and Loaf 'n Jug and those specific Phillips 66 and Shell stores that actually compete with one of WCS's 42 retail stores. Suncor requests that WCS identify which of its retail stores competes with a Phillips 66

or Shell branded retail store so that Suncor can identify its relevant branded customers for which pricing information will be provided.

b.      <u>Anticipated length of trial and whether trial is to the court or jury</u>: the trial in this matter will be to the Court. It is anticipated that the trial length in this matter will be 14 trial days.

c.      <u>Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado</u>: None.

## 12.     NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6. 1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7. 1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge

assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of November, 2011.

BY THE COURT:

_____
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| Kenneth R. Bennington<br>Kathleen E. Craigmile<br>Adam F. Aldrich<br>BENNINGTON JOHNSON BIERMANN<br>& CRAIGMILE, LLC<br>370 17th Street, Suite 3500<br>Denver, CO 80202<br>Telephone: (303) 629-5200<br>krb@benningtonjohnson.com<br>kec@benningtonjohnson.com<br>afa@benningtonjohnson.com<br>*Attorneys for Plaintiffs Western*<br>*Convenience Stores, Inc. and Western*<br>*Truck One, LLC* | J. Robert Robertson<br>William L. Monts III<br>HOGAN LOVELLS US LLP<br>555 Thirteenth Street, NW<br>Washington, D.C. 20004<br>Telephone: (202) 637-5600<br>robby.robertson@hoganlovells.com<br>william.monts@hoganlovells.com<br><br>Anthony J. Shaheen<br>HOLLAND & HART, LLP<br>555 17th Street, Suite 3200<br>Denver, CO 80202<br>Telephone: (303) 295-8000<br>ajshaheen@hollanhart.com<br>*Attorneys for Defendant*<br>*Suncor Energy (U.S.A.) Inc.* |

5276029_1.DOCX