**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant.

---

## PROTECTIVE ORDER

Pursuant to the stipulation of plaintiffs Western Convenience Stores, Inc. ("WCS") and Western Truck One, LLC ("WTO"), and defendant Suncor Energy (U.S.A.) Inc. ("Suncor" and, together with WCS and WTO, collectively the "Parties" and each individually a "Party"), the Court enters this Protective Order ("Protective Order").

It is hereby ORDERED as follows:

1. This Protective Order shall be applicable to and govern all depositions, documents, information or things produced or provided by a Party or third party in connection with this litigation, as well as testimony adduced at trial and trial exhibits, ("Discovery Material") that the Disclosing Party designates as "Confidential Information" or "Highly Confidential Information."

2. Any Party to this action or any non-party may designate any Discovery Material produced by it as "Confidential Information" or "Highly Confidential Information." Any non-party making such designations shall execute the Declaration of Compliance with this Protective Order attached as Exhibit A ("Declaration of Compliance"). Any person or entity designating

\\DC - 088139/000022 - 3315524 v1

**Exhibit B**

Discovery Material as "Confidential Information" or "Highly Confidential Information" shall be referred to the "Designating Party." Any person or entity receiving Discovery Material designated as "Confidential Information" or "Highly Confidential Information" shall be referred to as the "Receiving Party." Counsel for any Party may designate any Discovery Material as "Confidential Information" or "Highly Confidential Information" only if he/she has a good faith basis for doing so. For purposes of this Protective Order, "Confidential Information" may include the following: financial or business plans or projections; proprietary technical information and specifications; current or future business, pricing, sales and marketing information; customer information; confidential contracts or agreements; financial data or results; tax data; confidential information regarding assets and liabilities; valuation analyses; competitive analyses; confidential personnel information; and personal financial information. "Confidential Information" shall not mean information that is a matter of public record or publicly available.

3. For purposes of this Protective Order, "Highly Confidential Information" may include only the following *extremely sensitive information:* trade secrets; pricing, sales, and marketing information; confidential contracts or agreements; and business plans, protocols or strategies, the disclosure of which may cause substantial competitive or business injury to the Designating Party or which would give a competitor or a customer a competitive advantage over other competitors or customers of the Designating Party. "Highly Confidential Information" shall not mean information that is merely confidential or information that is a matter of public record or publicly available, and shall not include pricing information that is more than 10 days old on the date of production, and shall not include contracts or agreements expiring before the tenth day preceding the date of production.

- 2 -

\\DC - 088139/000022 - 3315524 v1

4. "Confidential Information" or "Highly Confidential Information" shall not be disclosed except as permitted by this Protective Order.

5. Discovery Material that a Designating Party contends constitutes "Confidential Information" or "Highly Confidential Information" shall be so designated Party as follows:

a. At the time of production, Discovery Material shall be designated "Confidential Information" or "Highly Confidential Information" by stamping or labeling the same on each page of the document containing such information. For information produced in electronic format, the compact disk, digital video disk, or other medium containing the information shall be stamped or labeled with the appropriate label. If not all of the information contained on the medium is "Confidential Information" or "Highly Confidential Information," the Designating Party shall provide notice to the Receiving Party with a sufficiently definite description of the information contained on the medium that is designated as "Confidential Information" or "Highly Confidential Information."

b. Discovery Material produced by a non-party may be designated "Confidential Information" or "Highly Confidential Information" as provided in subparagraph (a), above, or by providing written notice, at the time the Material is produced, of the Bates numbers or other sufficiently definite description of the pages or information to be designated.

c. Deposition testimony shall be designated "Confidential Information" or "Highly Confidential Information" at the deposition or by written notice within fifteen (15) business days after receiving a final copy of the deposition transcript from the Court reporter. In either case, counsel for the Designating Party shall direct that the legend "Confidential Information" or "Highly Confidential Information" be affixed to the specific pages of the deposition and that the front page of the transcript state that it contains "Confidential

Information" or "Highly Confidential Information" subject to this Protective Order, a copy of which shall be included with the transcript. Counsel shall treat the deposition transcripts as "Highly Confidential Information" until the fifteen-day period for the designation has expired. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition.

6. The inadvertent failure to designate Discovery Material as "Confidential Information" or "Highly Confidential Information" shall not constitute a waiver and may be corrected by giving written notice within five (5) business days after discovery of the omission. All costs incurred in connection with correcting the omission or retrieving Discovery Material shall be borne by the Designating Party.

7. "Confidential Information" or "Highly Confidential Information" shall be (a) disclosed only as permitted in this Protective Order and (b) be used solely for purposes of preparation for trial, trial of and/or appeal from this action and for no other purpose, including, without limitation, any business or commercial purpose or for any litigation or proceeding other than this action. These prohibitions on the use or disclosure of "Confidential Information" and "Highly Confidential Information" shall survive the termination of this action.

8. Counsel for a Receiving Party may disclose "Confidential Information" and/or any information derived from such "Confidential Information" only to the following persons:

    a. Counsel's partners, associates, contract attorneys, paralegals, in-house jury consultants or other litigation support, in-house graphics personnel, secretarial staff, clerical, and other regular or temporary employees working on this case, and outside consultants and vendors (including trial consultants, jury consultants, and service vendors such as outside copy services, outside litigation support services, translations services or graphics, design, or document

- 4 -

handling services/consultants retained in connection with this action), provided that no "Confidential Information" shall be disclosed to any outside consultants and vendors or temporary employees of Counsel, except for copy services, until such person has executed the Declaration of Compliance;

  b. The Parties and officers, directors, owners, shareholders, principals or employees of the Parties assisting counsel for the purposes of this action but only after they have executed the Declaration of Compliance;

  c. Persons preparing to or testifying at deposition or trial but only if they have a genuine need to know the "Confidential Information" or there is a genuine need to question them about the "Confidential Information" and, in both cases, after they have executed the Declaration of Compliance;

  d. Retained experts and consultants, subject to the provisions of Paragraph 11, below, but only to the extent necessary for them to prepare a written opinion, to prepare to testify, or to assist Counsel in the prosecution or defense of this action, and after they have signed a Declaration of Compliance;

  e. Court personnel and other persons by order of the Court or written agreement of the Designating Party.

9. Except as provided in subparagraphs (d) and (e), below, Counsel for a Receiving Party **may *NOT disclose* "Highly Confidential Information"** and/or any information derived **from such Information to the officers, directors, owners, shareholders, principals or <u>of a competitor</u>** of the Receiving Party <u>or a competitor of the Designating Party</u> ("Excluded Persons") but may make disclosure only to the following persons under the following conditions:

**Deleted:** employees (except and not including in-house counsel)

**Formatted:** Font: Times New Roman, 12 pt, Bold

a. *Except for the Excluded Persons*, the same people identified in paragraph 8(a), (d) and (e), above, and under the same conditions;

b. For each Party, no more than three in-house counsel working on this action, as well as their staff, provided the staff person is not involved in, or does not work for persons involved in, marketing or pricing decisions;

c. Persons who have already seen the "Highly Confidential Information;"

d. Excluded Persons preparing to testify or testifying at deposition or trial but only if Counsel for the Receiving Party has been advised in writing by Counsel for the Designating Party at least 48 hours in advance that the Excluded Person may be questioned about certain "Highly Confidential Information," which is identified by Bates number and to which disclosure is limited and only after the Excluded Person has executed the Declaration of Compliance;

e. Excluded Persons if Counsel for the Receiving Party has a good faith belief that disclosure of certain "Highly Confidential Information," specifically identified by Bates number and by providing copies thereof to the Designating Party, is necessary for the defense or prosecution of this case and only if the Designating Party agrees in writing that disclosure may be made or, if there is no agreement, then by order of the Court, with the Party seeking disclosure bearing the burden of proof that disclosure is necessary. Disclosure is limited to the "Highly Confidential Information" so identified.

10. Any person to whom disclosure of "Confidential Information" or "Highly Confidential Information" may not be made shall be excluded from a deposition while such information is being disclosed.

\\DC - 088139/000022 - 3315524 v1

a.   Any Receiving Party wishing to use "Confidential Information" or "Highly Confidential Information" at the deposition of a third-party witness must give the Designating Party at least 48 hours written notice, providing a list of the documents to be used by Bates number and copies thereof.  The third-party deponent must execute the Declaration of Compliance before being shown "Confidential Information" or "Highly Confidential Information."  If the third-party deponent refuses to sign the Declaration of Compliance, counsel for the Party seeking to depose the witness may not disclose the "Confidential Information" or "Highly Confidential Information," but may seek the intervention of the Court, either at the time or subsequently.

11.   "Confidential Information" or "Highly Confidential Information" shall be provided to retained experts and/or consultants as set forth in paragraphs 8(d) and 9(a), provided that such expert or consultant is not currently, or has not been for two years from the date of this Protective Order, a competitor of the Designating Party, or an owner, partner, director, officer, employee or other affiliate of such competitor.  However, no disclosure shall be made until the following procedure has been fulfilled.  At least five (5) business days before a Receiving Party discloses "Confidential Information" or "Highly Confidential Information" to an expert or consultant, counsel must first identify the expert in writing to counsel for the Designating Party and provide a copy of the expert or consultant's resume, which shall contain information sufficient for determining whether the expert or consultant is or has been a competitor of the Designating Party or is or has been affiliated with such.  Should the Designating Party object to the disclosure, it shall provide written notice within five (5) business days setting forth the reasons for its objection.  If no objection is made, then disclosure may occur.  If there is an objection and the Parties cannot resolve the issue, the Party objecting to disclosure of the

"Confidential Information" or "Highly Confidential Information" shall file a motion with the court, not to exceed seven (7) double-spaced pages, and the Party identifying the expert shall file a response, not to exceed seven (7) double-spaced pages, with a reply, not to exceed five (5) double-spaced pages permitted.

12. This Protective Order does not apply to or limit the Parties' use of their own "Confidential Information" or "Highly Confidential Information."

13. "Confidential Information" or "Highly Confidential Information," and documents containing the same, shall not be filed with the Court, except under seal consistent with Court procedures.

14. The inadvertent production of any Discovery Material shall be without prejudice to any claim that such Discovery Material is privileged or protected from discovery under the attorney-client privilege, the work product immunity or other applicable privilege or immunity. If a claim of inadvertent production is made with respect to information then in the custody of another Party or non-party, such Party or non-party shall promptly return the subject materials and all copies and notes thereof, and the receiving Party or non-party shall not use such information for any purpose, expect as provided by Fed. R. Civ. P. 26(b)(5)(B). Nothing in this paragraph precludes the Receiving Party from filing a motion to compel challenging the claim of privilege or immunity.

15. A Receiving Party that wants to challenge a "Confidential Information" or "Highly Confidential Information" designation must first meet and confer with the Designating Party and explain the basis for the challenge and (b) give the Designating Party an opportunity to explain

**Deleted:** do so no later than thirty (30) calendar days after receipt of the material and must (a)

the basis for the designation and a reasonable opportunity (not to exceed three (3) business days) to change the designation.

      a.    Thereafter, the Receiving Party may file a motion with the Court in which it identifies the challenged material and sets forth the basis for the challenge. The burden of proof on any such challenge shall be on the Designating Party. Until the Court rules on the challenge, all Parties and non-parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

16.    Except as expressly addressed by this Protective Order, the rights of the Parties are not affected or modified. The terms of this Protective Order may be modified or changed only upon a showing of good cause and/or agreement of the Parties.

17.    This Protective Order shall be binding on any new parties to this action.

18.    Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including the exhaustion of all permissible appeals, all persons and entities having received "Confidential Information" or "Highly Confidential Information" shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party or destroy all such "Confidential Information" or "Highly Confidential Information" and copies thereof (including summaries and excerpts) and certify that fact to counsel for the Designating Party. Outside counsel for the Parties shall be entitled to retain all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product *except that* all "Confidential Information" or "Highly Confidential Information" contained therein shall be removed and

destroyed.  This Court shall have continuing jurisdiction to enforce the terms of this Protective Order.

19.  If before this action is concluded as provided in paragraph 18, above, a Receiving Party is subpoenaed in or served with any other legal process seeking disclosure of "Confidential" or "Highly Confidential Information" by someone other than a Party, the Party receiving the process shall (a) advise the person seeking disclosure that the material is subject to this Protective Order and may not be disclosed, (b) provide such person with a copy of the Protective Order, and (c) promptly notify the Designating Party and the Court.  No disclosure of the "Confidential" or "Highly Confidential Information" may be made without order of this Court or agreement of the Designating Party.

IT IS SO ORDERED.

November ___, 2011

_____
CRAIG B. SHAFFER
UNITED STATES MAGISTRATE JUDGE

\\DC - 088139/000022 - 3315524 v1

*DRAFT 10/16/11*
*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY-CLIENT COMMUNICATION*

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Colorado on November \_\_\_, 2011 in the case of *Western Convenience Stores, Inc., et al. v. Suncor Energy (U.S.A) Inc.* I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Colorado agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

\\DC - 088139/000022 - 3315524 v1

*DRAFT 10/16/11*
*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY-CLIENT COMMUNICATION*

5272231_1.DOCX

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Colorado on November \_\_\_, 2011 in the case of *Western Convenience Stores, Inc., et al. v. Suncor Energy (U.S.A) Inc.*  I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Colorado agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

\\DC - 088139/000022 - 3315524 v1

*DRAFT 10/16/11*
*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY-CLIENT COMMUNICATION*

Signature: _____

5272231_1.DOCX

- 13 -

\\DC - 088139/000022 - 3315524 v1