**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

      Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

      Defendant.

---

**PLAINTIFF WESTERN CONVENIENCE STORES, INC.'S REPLY TO DEFENDANT'S
COUNTERCLAIM**

---

      Plaintiff Western Convenience Stores, Inc., by and through their attorneys, Bennington

Johnson Biermann & Craigmile, LLC, replies to Defendant Suncor Energy (U.S.A.) Inc.'s

Counterclaim as follows:

      1.     Plaintiff Western Convenience Stores, Inc. (hereinafter "WCS") admits the

allegations of Paragraphs 1 and 2.

      2.     WCS admits the allegations of Paragraphs 3(a) through (c).  WCS denies the

remaining allegations of Paragraph 3.

      3.     WCS admits the allegations of Paragraphs 4, 5, and 6.

      4.     Answering Paragraph 7, WCS states that the Master Agreement, including the

General Terms and Conditions, are written instruments that speak for themselves and, therefore,

no response is required.  In the event a response is deemed required by the Court, WCS denies

any allegations that are inconsistent with the Master Agreement, including the General Terms and Conditions.

5.      Answering Paragraph 8, WCS states that Section 5 of the General Terms and Conditions is a written instrument that speaks for itself and, therefore, no response is required. In the event a response is deemed required by the Court, WCS denies any allegations that are inconsistent with Section 5 of the General Terms and Conditions.

6.      Answering Paragraphs 9 and 10, WCS states that the Electronic Funds Transfer Authorization Agreement, attached as Exhibit 1 to Suncor's Counterclaim, is a written instrument that speaks for itself and, therefore, no response is required.  In the event a response is deemed required by the Court, WCS denies any allegations that are inconsistent with the Electronic Funds Transfer Authorization Agreement.

7.      WCS denies the allegations of Paragraph 11.

8.      Answering Paragraphs 12 through 37, WCS admits that WCS received fuel from Defendant for which Defendant has not received payment.  WCS further states that WCS refused to pay the draw requests due to Defendant's repudiation of the Master Agreement by terminating the sale of fuel on terms that existed for several years, and by unlawfully terminating WTO's Terminal Access Agreement for loading fuel at Suncor's terminals.  WCS denies the remaining allegations of Paragraphs 12 through 37.

9.      Answering Paragraph 38, WCS admits that Defendant initiated draw requests for the invoices referenced in Paragraphs 12 through 37.  WCS denies the remaining allegations of Paragraph 38.

10.     Answering Paragraph 39, WCS states that WCS refused to pay the draw requests due to Defendant's repudiation of the Master Agreement by terminating the sale of fuel on terms that existed for several years, and by unlawfully terminating WTO's Terminal Access Agreement for loading fuel at Suncor's terminals.  WCS denies the remaining allegations of Paragraph 39.

11.      Answering Paragraph 40, WCS admits that WCS received copies of the notices of nonpayment from Wells Fargo, but the notices of nonpayment provided to WCS are unauthenticated and, therefore, WCS cannot verify the contents of the notices of nonpayment. WCS denies the remaining allegations of Paragraph 40.

12.     Answering Paragraph 41, WCS states that WCS refused to pay the draw requests due to Defendant's repudiation of the Master Agreement by terminating the sale of fuel on terms that existed for several years, and by unlawfully terminating Western Truck One, LLC's ("WTO") Terminal Access Agreement for loading fuel at Suncor's terminals.  WCS denies the remaining allegations of Paragraph 41.

13.     Answering Paragraph 42, WCS states that the General Terms and Conditions is a written instrument that speaks for itself and, therefore, no response is required.  In the event a response is deemed required by the Court, WCS denies any allegations that are inconsistent with the General Terms and Conditions.

14.     WCS denies the allegations of Paragraph 43.

## COUNTERCLAIM FOR RELIEF

### (BREACH OF CONTRACT)

15.     WCS incorporates herein all of the admissions, denials and averments set forth

above.

16.     The allegations of Paragraph 45 of the Counterclaim calls for a legal conclusion to which no response is required.  In the event a response is deemed required by the Court, WCS denies the allegations of Paragraph 45.

17.     WCS denies the allegations of Paragraph 46 of the Counterclaim.

18.     Answering Paragraph 47, WCS states that WCS did not pay the draw requests due to Defendant's repudiation of the Master Agreement by terminating the sale of fuel on terms that existed for several years, and by unlawfully terminating WTO's Terminal Access Agreement for loading fuel at Suncor's terminals.  WCS denies the remaining allegations of Paragraph 47.

19.     WCS denies the allegations of Paragraphs 48 and 49 of the Counterclaim.

## SEPARATE ANSWERS AND DEFENSES

1.     Defendant's Counterclaim fails to state claims upon which relief can be granted.

2.     To the extent Defendant's Counterclaim is premised on breach of contract, those claims are barred in whole or in part by the doctrines of estoppel and unclean hands.

3.     To the extent Defendant's Counterclaim is premised on breach of contract, those claims are barred or reduced by Defendant's prior breach of contract, its own repudiation and breach of contract, and breach of the covenant of good faith and fair dealing.

4.     To the extent Defendant's Counterclaim is premised on WCS's nonpayment on presentment, those claims are barred or reduced by Defendant's failure to comply with the statutory requirements of C.R.S. § 13-21-109.

5.     To the extent Defendant's Counterclaim is premised on WCS's nonpayment on presentment, those claims are barred or reduced by C.R.S. § 4-3-101 et seq.

6.      Defendant's Counterclaim is subject in whole or in part to setoff in the amount of damages suffered by Plaintiff by reason of Defendant's unlawful price discrimination and Defendant's repudiation and breach of the parties' contracts.

7.      WCS denies all of the allegations in the Counterclaim not expressly admitted.

8.      WCS reserves the right to assert other affirmative defenses that may be necessary after discovery and investigation of the Counterclaim asserted against it.

**WHEREFORE**, WCS prays that:

a)  Defendant take nothing by its Counterclaim;

b)  The Court enter judgment in WCS's favor and against Defendant on Defendant's Counterclaim or other requests for relief;

c)  The Court award WCS its attorneys' fees and costs incurred in defending the Counterclaim; and

d)  The Court award WCS such other and further relief as it deems just and proper.

Dated: December 23, 2011

s/ Kenneth R. Bennington
_____
Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON
BIERMANN & CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202
Phone: (303) 629-5200
Fax:  (303) 629-5718

*Attorneys for Western Convenience Stores, Inc. and Western Truck One, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 23, 2011, copies of the foregoing **PLAINTIFF WCS'S REPLY TO DEFENDANT'S COUNTERCLAIM** were served on the following parties via e-mail:

Anthony J. Shaheen
Keeya M. Jeffrey
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80201-8749
AJShaheen@hollandhart.com
KMJeffrey@hollandhart.com

J. Robert Robertson
William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

*s/ Marie Newberger*

_____