IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation; WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

vs.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant, Third-party plaintiff

vs.

HOSSEIN AND DEBRA LYNN TARAGHI

    Third-party defendants.

## THIRD-PARTY COMPLAINT AGAINST HOSSEIN AND DEBRA LYNN TARAGHI

Suncor Energy (U.S.A.) Inc. ("Suncor") for its Third Party Complaint against Hossein and Debra Lynn Taraghi (collectively, the "Taraghis"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Suncor is a Delaware corporation with its principal place of business located at 717 Seventeenth Street, Suite 2900, Denver, Colorado 80202.

2. Hossein Taraghi is a resident of Colorado, residing at 16 Foxtail Circle, Cherry Hills Village, Colorado 80113.

3. Debra Lynn Taraghi is a resident of Colorado, residing at 16 Foxtail Circle, Cherry Hills Village, Colorado 80113. Hossein Taraghi and Debra Lynn Taraghi are hereinafter referred to in this Third-Party Complaint as the Taraghis.

1

4.     This Court has personal jurisdiction over the Taraghis in that they reside in the state of Colorado and consented to the jurisdiction of this Court in paragraph 8 of the Personal Guaranty which forms the basis for this Third Party Complaint.

5.     This Court has supplemental jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367 as it forms part of the same case or controversy as Plaintiffs' Second and Third Claims for Relief and Suncor's Counterclaim. Plaintiffs' Second and Third Claims for Relief, Suncor's Counterclaim and this Third-Party Complaint derive from a common nucleus of operative facts in that they are related to a single debt incurred by Plaintiff Western Convenience Stores ("WCS").

6.     Venue is proper pursuant to 28 U.S.C. §1391(b) in that the Taraghis reside in this judicial district and they consented to the jurisdiction of this Court in paragraph 8 of the Personal Guaranty which forms the basis for this Third-Party Complaint.

## GENERAL ALLEGATIONS

7.     Suncor is engaged in the business of refining and selling petroleum products.

8.     On December 22, 2006, the Taraghis, as guarantors, made a Personal Guaranty (the "Guaranty") for the benefit of Suncor. A true and correct copy of the Guaranty is attached as **Exhibit 1**. Hossein and Debra Lynn Taraghi are jointly and severally liable under the Guaranty. (*See* Ex. 1 ¶ 1(d)).

9.     Under the Guaranty, the Taraghis agreed that if WCS failed to pay or perform a Guaranteed Obligation (as defined in Ex. 1), on or before such payment or performance was due, they were obligated, within fifteen (15) days after receipt of written notice from Suncor of such failure to:

    a. cause such Guaranteed Obligation to be promptly paid or performed, as the case may be; or

    b. promptly and fully pay or perform the Guaranteed Obligation, as the case may be; provided however that the obligation to pay under the guaranty was limited to

        i. all amounts owed by WCS up to Three Million and No/100 Dollars ($3,000,000.00) (the "Maximum Guaranteed Amount" as defined in Ex. 1); and

        ii. all reasonable out-of-pocket costs and expenses and reasonable attorneys' fees and disbursements recoverable under Section 15 of the Guaranty (Ex. 1).

10. WCS failed to pay Suncor for petroleum products supplied by Suncor to WCS in the amount of $3,755,141.95, plus all interest accrued thereon, between May 9, 2011 and May 25, 2011 in accordance with the Master Agreement.

11. The principal aggregate amount overdue is $3,755,141.95.

12. Pursuant to the Master Agreement, WCS is required to pay interest on all amounts overdue at a per annum rate of twelve percent (12%).

13. The aggregate principal amount overdue, $3,755,141.95, plus all interest accrued thereon, is a Guaranteed Obligation under the Guaranty. (*See* Ex. 1)

14. The Taraghis, jointly and severally as guarantors, are obligated to promptly and fully pay or perform the Guaranteed Obligation of $3,755,141.95, plus all interest accrued thereon, in full up to the Maximum Guaranteed Amount.

15. On June 9, 2011, and again on June 30, 2011, Suncor sent a letter by certified mail, return receipt requested, to the Taraghis providing notice and a demand for payment in full

of $3,755,141.95, plus all interest accrued thereon (if the principal was not paid within fifteen (15) days, up to the Maximum Guaranteed Amount as required under Sections 1(b) and 14 of the Guaranty. (*See* Ex. 1).

16. Both the June 9, 2011 notice and the June 30, 2011 notice provided that the Taraghis had fifteen (15) days upon receipt of each notice, respectively, to pay the entire Maximum Guaranteed Amount or Suncor would seek the entire Maximum Guaranteed Amount as well as reasonable out-of-pocket costs, expenses and attorneys' fees and disbursements, pursuant to Section 15 of the Guaranty. (*See* Ex. 1).

17. The Taraghis received the June 9, 2011 notice letter on June 10, 2011 and the June 30, 2011 notice letter on July 1, 2011.

18. The Taraghis failed to pay the Maximum Guaranteed Amount within fifteen (15) days after receipt of the June 9, 2011 notice and the June 30, 2011 notice.

**CLAIM FOR RELIEF**
**(Breach of Contract – Personal Guaranty of Hossein Taraghi and Debra Lynn Taraghi)**

19. Suncor incorporates by reference its allegations in paragraphs 1-18 of its Third-Party Complaint.

20. Hossein Taraghi and Debra Lynn Taraghi entered into the Guaranty for the benefit of Suncor on December 22, 2006, which was supported by consideration and is binding on the Taraghis.

21. Hossein Taraghi and Debra Lynn Taraghi agreed that if WCS failed to pay or perform a Guaranteed Obligation on or before such payment or performance was due, he and she were each obligated, within fifteen (15) days after receipt of written notice from Suncor of such failure, to:

  a. cause such Guaranteed Obligation to be promptly paid or performed, as the case may be; or

  b. promptly and fully pay or perform the Guaranteed Obligation, as the case may be;

   i. all amounts owed by WCS up to the Maximum Guaranteed Amount - Three Million and No/100 Dollars ($3,000,000.00); and

   ii. all reasonable out-of-pocket costs and expenses and reasonable attorneys' fees and disbursements recoverable under Section 15 of the Guaranty.

22. WCS failed to pay Suncor for petroleum products supplied by Suncor to WCS between May 9, 2011 and May 25, 2011 in the amount of $3,755,141.95, plus all interest accrued thereon, in accordance with the Master Agreement.

23. On June 9, 2011, and again on June 30, 2011, Suncor sent a letter by certified mail, return receipt requested, to Hossein Taraghi and Debra Lynn Taraghi providing them notice and a demand for payment in full of $3,755,141.95, plus all interest accrued thereon (if the principal was not paid within fifteen (15) days), up to the Maximum Guaranteed Amount as required under Sections 1(b) and 14 of the Guaranty.

24. Hossein Taraghi and Debra Lynn Taraghi received the June 9, 2011 notice letter on June 10, 2011 and the June 30, 2011 notice letter on July 1, 2011.

25. Hossein Taraghi and Debra Lynn Taraghi failed to pay the Maximum Guaranteed Amount within fifteen (15) days after receipt of the June 9, 2011 notice letter and the June 30, 2011 notice letter.

26. Suncor has been damaged by the failure of Hossein Taraghi and Debra Lynn Taraghi to pay the Maximum Guaranteed Amount due under the Guaranty, together with Suncor's reasonable out-of-pocket costs and expenses and attorneys' fees and disbursements.

Case 1:11-cv-01611-MSK-CBS  Document 37  Filed 01/20/12  USDC Colorado  Page 6 of 7

27. Hossein Taraghi is jointly and severally liable for the damages sustained by Suncor.

28. Debra Lynn Taraghi is jointly and severally liable for the damages sustained by Suncor.

WHEREFORE, Suncor requests that judgment be entered in its favor and against Defendants Hossein Taraghi and Debra Lynn Taraghi on Suncor's claim for relief in an amount to be proven at trial, plus interest, and that Suncor be awarded its attorneys' fees, costs, and expenses, and such other and further relief as the Court deems appropriate.

Dated: January 19, 2012

Respectfully submitted,

*s/ Anthony J. Shaheen*
HOLLAND & HART LLP
Post Office Box 8749
Denver, CO  80201-8749
Telephone: 303-295-8054
Fax: 303-291-9126
E-Mail:  ajshaheen@hollandhart.com

*s/ William L. Monts III*
J. Robert Robertson
William L. Monts III
HOGAN LOVELLS LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
Telephone:  202-637-5600
Fax:  202-637-5910
E-Mail:  robby.robertson@hoganlovells.com
    william.monts@hoganlovells.com

**ATTORNEYS FOR DEFENDANT**

6

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2012, I have also caused the foregoing to be presented to the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following email addresses:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
krb@benningtonjohnson.com
afa@benningtonjohnson.com

s/ Susanne Johnson

5325744_1.DOCX