IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

      Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

      Defendant, Third-party plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

      Third-party defendants.

## ANSWER OF THIRD PARTY DEFENDANTS TO THIRD PARTY COMPLAINT

      Third-Party Defendants Hossein Taraghi and Debra Lynn Taraghi, by and through their attorneys, Bennington Johnson Biermann & Craigmile, LLC, answer Defendant/Third-Party Plaintiff Suncor Energy (U.S.A.) Inc.'s Third Party Complaint as follows:

      1.    Third-Party Defendants Hossein Taraghi and Debra Lynn Taraghi (collectively "the Taraghis") admit the allegations of Paragraphs 1 through 7 of the Third Party Complaint.

      2.    Answering Paragraphs 8 and 9, the Taraghis state that the Guaranty is a written instrument that speaks for itself and, therefore, no response is required.  In the event a response is deemed required by the Court, the allegations of Paragraphs 8 and 9 are denied.

3.       Answering Paragraph 10, the Taraghis state that WCS refused to pay the draw requests due to Defendant's/Third-Party Plaintiff's repudiation of the Master Agreement by terminating the sale of fuel on terms that existed for several years, and by unlawfully terminating WTO's Terminal Access Agreement for loading fuel at Suncor's terminals.  The Taraghis deny the remaining allegations of Paragraph 10.

4.       The Taraghis deny the allegations of Paragraph 11.

5.       Answering Paragraph 12, the Taraghis state that the Master Agreement is a written instrument that speaks for itself and, therefore, no response is required.  In the event a response is deemed required by the Court, the allegations of Paragraph 12 are denied.

6.       Answering Paragraphs 13 and 14, the Taraghis state that the Guaranty is a written instrument that speaks for itself and, therefore, no response is required.  In the event a response is deemed required by the Court, the allegations of Paragraph 13 and 14 are denied.

7.       Answering Paragraphs 15 and 16, the Taraghis state that they received the letters from Suncor.  The Taraghis further state that the letters and the provisions of the Guaranty referenced therein, speak for themselves and, therefore, no response is required.  In the event a response is deemed required by the Court, the remaining allegations of Paragraphs 15 and 16 are denied.

8.       Answering Paragraph 17, the Taraghis admit that they received the letters on or about the dates referenced in Paragraph 17.  The remaining allegations of Paragraph 17 are denied.

9.       The Taraghis deny the allegations of Paragraph 18 of the Third Party Complaint.

## CLAIM FOR RELIEF
### (Breach of Contract – Personal Guaranty of Hossein Taraghi and Debra Lynn Taraghi)

10. The Taraghis incorporate herein all of the admissions, denials and averments set forth above.

11. The allegations of Paragraph 20 call for a legal conclusion to which no response is required. In the event a response is deemed required by the Court, the Taraghis deny the allegations of Paragraph 20.

12. Answering Paragraph 21, the Taraghis state that the Guaranty is a written instrument that speaks for itself and, therefore, no response is required. In the event a response is deemed required by the Court, the allegations of Paragraph 21 are denied.

13. Answering Paragraph 22, the Taraghis state that WCS refused to pay the draw requests due to Defendant's/Third-Party Plaintiff's repudiation of the Master Agreement by terminating the sale of fuel on terms that existed for several years, and by unlawfully terminating WTO's Terminal Access Agreement for loading fuel at Suncor's terminals. The Taraghis deny the remaining allegations of Paragraph 22.

14. Answering Paragraph 23, the Taraghis state that they received the letters from Suncor. The Taraghis further state that the letters and the provisions of the Guaranty referenced therein, speaks for themselves and, therefore, no response is required. In the event a response is deemed required by the Court, the allegations of Paragraph 23 are denied.

15. Answering Paragraph 24, the Taraghis admit that they received the letters on or about the dates referenced in Paragraph 24. The remaining allegations of Paragraph 24 are denied.

16. The Taraghis deny the allegations of Paragraphs 25 through 28 of the Third Party Complaint.

## SEPARATE ANSWERS AND DEFENSES

1. Defendant's/Third-Party Plaintiff's Complaint fails to state claims upon which relief can be granted.

2. Defendant's/Third-Party Plaintiff's claims are barred by the fact that any amount owing by the primary obligor has not been established, and therefore no amount of actual damages can be proven by the Defendant/Third-Party Plaintiff against the Third-Party Defendants.

3. To the extent Defendant's/Third-Party Plaintiff's claims are premised on breach of contract, those claims are barred in whole or in part by the doctrines of estoppel and unclean hands.

4. To the extent Defendant's/Third-Party Plaintiff's claims are premised on breach of contract, those claims are barred or reduced by Defendant's/Third-Party Plaintiff's own repudiation and breach of contract, and breach of the covenant of good faith and fair dealing.

5. To the extent Defendant's/Third-Party Plaintiff's claims are premised on Plaintiffs' nonpayment on presentment, those claims are barred or reduced by Defendant's/Third-Party Plaintiff's failure to comply with the statutory requirements of C.R.S. § 13-21-109.

6. To the extent Defendant's/Third-Party Plaintiff's claims are premised on Plaintiffs' nonpayment on presentment, those claims are barred or reduced by C.R.S. § 4-3-101 et seq.

7. Defendant's/Third-Party Plaintiff's claims are subject in whole or in part to setoff in the amount of damages suffered by Plaintiff by reason of Defendant's/Third-Party Plaintiff's unlawful price discrimination and Defendant's/Third-Party Plaintiff's repudiation and breach of the parties' contracts.

8. The Taraghis deny all of the allegations in the Third Party Complaint not expressly admitted.

9. The Taraghis reserve the right to assert other affirmative defenses that may be necessary after discovery and investigation of the claims asserted against them.

**WHEREFORE**, the Taraghis pray that:

a) Defendant/Third-Party Plaintiff take nothing by its claims or requests for relief;

b) The Court enter judgment in the Taraghis' favor and against Defendant/Third-Party Plaintiff on each and every one of Defendant's/Third-Party Plaintiff's claims or requests for relief;

c) The Court award the Taraghis their attorneys' fees and costs incurred in defending this Third Party Complaint; and

d) The Court award the Taraghis such other and further relief as it deems just and proper.

Dated: February 13, 2012

        *s/ Kenneth R. Bennington*

        Kenneth R. Bennington
        Kathleen E. Craigmile
        Adam F. Aldrich
        BENNINGTON JOHNSON
        BIERMANN & CRAIGMILE, LLC
        370 17th Street, Suite 3500
        Denver, CO 80202
        Phone: (303) 629-5200
        Fax:  (303) 629-5718

        *Attorneys for Western Convenience Stores, Inc. and Western Truck One, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 13, 2012, copies of the foregoing **ANSWER OF THIRD PARTY DEFENDANTS TO THIRD PARTY COMPLAINT** were served via the CM/ECF e-filing system to the following:

| | |
|---|---|
| Anthony J. Shaheen | J. Robert Robertson |
| Keeya M. Jeffrey | William L. Monts III |
| Holland & Hart LLP | Hogan Lovells US LLP |
| 555 17th Street, Suite 3200 | 555 Thirteenth Street, N.W. |
| Denver, CO 80201-8749 | Washington, D.C. 20004-1109 |
| AJShaheen@hollandhart.com | robby.robertson@hoganlovells.com |
| KMJeffrey@hollandhart.com | william.monts@hoganlovells.com |

        *s/ Marie Newberger*