IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation; WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

Plaintiffs and Counterclaim Defendants,

vs.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

Defendant and Counterclaimant.

## SUNCOR'S ANSWER TO AMENDED COMPLAINT

Suncor Energy (U.S.A.) Inc. ("Suncor") responds to the Amended Complaint of Plaintiffs Western Convenience Stores, Inc. ("WCS") and Western Truck One, LLC ("WTO") as follows: denying each and every allegation not specifically admitted:

### PARTIES

1.      Suncor admits the allegations in paragraph 1 of the Amended Complaint.

2.      Suncor admits the allegations in paragraph 2 of the Amended Complaint.

3.      Suncor admits that it is a Delaware corporation, and affirmatively states that its principal place of business is located at 717 Seventeenth Street, Suite 2900, Denver, Colorado 80202.  Suncor denies the remaining allegations in paragraph 3 of the Amended Complaint.

### JURISDICTION AND VENUE

4.      Suncor admits all allegations in paragraph 4 of the Amended Complaint, with the exception of subpart (d), which Suncor denies.

1

5.      The allegations of paragraph 5 state a legal conclusion to which no response is required.  To the extent that paragraph 5 contains any factual allegations, Suncor denies that this Court has jurisdiction over WTO's claims because WTO does not have a Robinson-Patman Act claim in that it has not alleged, and cannot allege, that it purchased petroleum products from Suncor and there is no other basis for federal jurisdiction.

6.      Suncor admits the allegations in paragraph 6 of the Amended Complaint except with respect to subpart (b), Suncor denies that there are any "omissions" by Suncor giving rise to Plaintiffs' claims.

**GENERAL ALLEGATIONS**

7.      Suncor admits that (a) WCS operates convenience stores in Colorado which sell gasoline and diesel fuel, (b) from time to time WCS purchased unbranded petroleum products from Suncor but no longer does so, and (c) based on information and belief, that WCS purchased unbranded petroleum products from suppliers other than Suncor.  Except as expressly admitted, Suncor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and, therefore, denies them.

8.      Suncor denies the allegations in paragraph 8 of the Amended Complaint and affirmatively states that the Master Product Purchase and Sale Agreement ("Master Agreement") governs the sale and delivery of petroleum products that Suncor sold to WCS and that there are no oral agreements between the parties with respect to such sales.

9.      Suncor admits that WTO is a company that, in the past but not now, transported unbranded petroleum products loaded at Suncor's terminals to WCS's retail locations.  Suncor affirmatively states that the terms of the Master Agreement speak for themselves.  Except as

expressly admitted and stated, Suncor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and, therefore, denies them.

10.     Suncor admits that WTO's access to Suncor terminals is governed by a May 10, 2006 Terminal Access Agreement ("Access Agreement") between WTO and Suncor.  Suncor affirmatively states that the terms of the Access Agreement speak for themselves.  Suncor expressly denies there are any predecessor agreements or oral agreements governing WTO's access to Suncor's terminals.  Except as expressly admitted and stated, Suncor denies the remaining allegations in paragraph 8 of the Amended Complaint.

11.     Suncor admits that, in the past but not now, WTO loaded unbranded petroleum products at Suncor's terminals that WCS purchased from Suncor and, on information and belief, from third-parties (defined in the Amended Complaint as "middlemen") that had purchased unbranded petroleum products from Suncor.  Except as expressly admitted, Suncor denies the allegations in paragraph 11 of the Amended Complaint.

12.     Suncor denies the allegations in paragraph 12 of the Amended Complaint.

13.     Suncor admits that it occasionally put WCS on allocation pursuant to the terms of the Master Agreement, and states that WCS could then and currently can purchase Suncor's unbranded petroleum products from middlemen at Suncor's terminals.  Except as expressly admitted, Suncor denies the allegations in paragraph 13 of the Amended Complaint.

14.     Suncor denies the allegations in paragraph 14 of the Amended Complaint.

15.     Suncor admits that, in the past but not now, WCS purchased unbranded petroleum products from Suncor and that WTO transported such products from Suncor's terminals.  Except as expressly admitted, Suncor denies the allegations in paragraph 15 of the Amended Complaint.

16.     Suncor admits that, subject to the terms of the Master Agreement and certain Confirmations thereunder, in the past but not now, Suncor extended credit to WCS.  Except as expressly admitted, Suncor denies the allegations in paragraph 16 of the Amended Complaint.

17.     Suncor denies the allegations in paragraph 17 of the Amended Complaint.

18.     Suncor admits that the persons named in paragraph 18 met on May 18, 2011 to discuss WCS's creditworthiness and certain other issues relating to the relationship between the parties but denies there was any "pattern of improper suspensions" as alleged.  Except as expressly admitted, Suncor denies the allegations in paragraph 18 of the Amended Complaint.

19.     Suncor denies the allegations in paragraph 19 of the Amended Complaint.

20.     Suncor admits that at the May 18, 2011 meeting Mr. Taraghi did mention price discounts, among other matters.  Except as expressly admitted, Suncor denies the allegations in paragraph 20 of the Amended Complaint.

21.     Suncor admits that at the May 18, 2011 meeting, WCS's credit situation was discussed and that Mr. Taraghi offered to provide some real estate as collateral.  Except as expressly admitted, Suncor denies the allegations in paragraph 21 of the Amended Complaint.

22.     Suncor admits that (a) on May 20, 2011, Suncor informed WCS that, at the recommendation of Suncor's credit department, based on a recent review of WCS's financials and creditworthiness, WCS no longer qualified for an extension of credit and that Suncor would require performance assurance in the form of prepayment before Suncor would sell any petroleum products to WCS after May 24, 2011 and (b) on May 23, Steven Ewing, Suncor's Director, Rack Forward Sales & Service, had a conversation with Mr. Taraghi of WCS after learning that a draft for payment of petroleum products was dishonored by WCS's bank for insufficient funds, and informed Mr. Taraghi that due to WCS's lack of creditworthiness, WCS's

4

failure to pay invoices for petroleum product received, and its actions resulting in the dishonorment of electronic payments to Suncor by WCS' bank, Suncor elected to suspend all product sales to WCS pursuant to the Master Agreement.  Except as expressly admitted, Suncor denies the allegations in paragraph 22 of the Amended Complaint.

23.     Suncor admits that on May 25, 2011, pursuant to the terms of the Access Agreement, Mr. Ewing advised WTO that it was revoking WTO's access to Suncor's terminals. Except as expressly admitted, Suncor denies the allegations in paragraph 23 of the Amended Complaint.

24.     Suncor admits  the allegations in paragraph 24 of the Amended Complaint.

## PRICE DISCRIMINATION ALLEGATIONS

25-26.  Suncor denies the allegations in paragraphs 25-26 of the Amended Complaint.

27.     Suncor denies the allegations in the first and last sentences of paragraph 27. Suncor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and, therefore, denies them.

28-33.  Suncor denies the allegations in paragraphs 28-33 of the Amended Complaint.

## FIRST CLAIM FOR RELIEF
## Violation of 15 U.S.C. § 13(a)

34.   Suncor incorporates its responses to the allegations in paragraphs 1-33 of the Amended Complaint as if fully set forth herein.

35-39.  Suncor denies the allegations in paragraphs 35-39 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF
## Breach of Contract (Master Agreement)

40.     Suncor incorporates its responses to the allegations contained in paragraphs 1-39 of the Amended Complaint as if fully set forth herein.

41.      The allegations contained in paragraph 41 of the Amended Complaint state a legal conclusion, and thus no response is required.  To the extent that paragraph 41 of the Amended Complaint requires any response, Suncor denies the allegations.

42-46.  Suncor denies the allegations in paragraphs 42-46 of the Amended Complaint.

**THIRD CLAIM FOR RELIEF**
**Breach of Contract (Access Agreement)**

47.      Suncor incorporates its responses to the allegations contained in paragraphs 1-46 of the Amended Complaint as if fully set forth herein.

48.      The allegations contained in paragraph 48 of the Amended Complaint state a legal conclusion, and thus no response is required.  To the extent that paragraph 48 of the Amended Complaint requires any response, Suncor denies the allegations.

49-50.  Suncor denies the allegations in paragraphs 49-50 of the Amended Complaint.

**FOURTH CLAIM FOR RELIEF**
**Tortious Interference (WCS Contracts and Relationships with Third Parties)**

51.      Suncor incorporates its responses to the allegations contained in paragraphs 1-50 of the Amended Complaint as if fully set forth herein.

52-55.  Suncor denies the allegations in paragraphs 52-55 of the Amended Complaint.

**FIFTH CLAIM FOR RELIEF**
**Tortious Interference (WCS Contract with WTO)**

56.      Suncor incorporates its responses to the allegations contained in paragraphs 1-55 of the Amended Complaint as if fully set forth herein.

57-60.  Suncor denies the allegations in paragraphs 57-60 of the Amended Complaint.

**SIXTH CLAIM FOR RELIEF**
**Violation of C.R.S. § 6-2-108**

61.     Suncor incorporates its responses to the allegations contained in paragraphs 1-60 of the Amended Complaint as if fully set forth herein.

62-64.  Suncor denies the allegations in paragraphs 62-64 of the Amended Complaint.

**GENERAL DENIAL**

Suncor denies all the allegations in the Amended Complaint not expressly admitted.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of persuasion or production of evidence that it would not otherwise bear, Suncor asserts the following defenses.

1.     The Amended Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiffs claim for injunctive relief is barred by the doctrine of unclean hands.

3.     Any differences in price at which Suncor sold to WCS and to any allegedly Favored Buyers were made in good faith to meet an equally low price of a competitor of Suncor.

4.     Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

5.     This Court lacks jurisdiction over WTO's claims.

6.     Suncor was at all times legally privileged to act as it did.

7.     Plaintiff WTO lacks antitrust standing to bring any price discrimination claim under federal or state law.

8.     Any injury allegedly suffered by Plaintiffs is not an antitrust injury.

WHEREFORE, Suncor requests that judgment be entered against Plaintiffs and in favor of Suncor and that Suncor be awarded such further relief as the Court deems proper.

Dated February 21, 2012

Respectfully submitted

s/ Anthony J. Shaheen
HOLLAND & HART LLP
Post Office Box 8749
Denver, CO  80201-8749
Phone: 303-295-8054
Fax: 303-291-9126
AJShaheen@hollandhart.com


s/ William L. Monts III
J. Robert Robertson
William L. Monts III
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
Tel.:  (202) 637-5600
Fax:  (202) 637-5910
E-Mail:  robby.robertson@hoganlovells.com
          william.monts@hoganlovells.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2012, I have caused the foregoing to be presented to the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON
BIERMANN & CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202
(303) 629-5200
krb@benningtonjohnson.com
kec@benningtonjohnson.com

s/ Anthony J. Shaheen_____

5417431_2.DOCX