# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

## PLAINTIFFS' MOTION TO COMPEL

    Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC, by and through their undersigned counsel, move as follows for an order: (a) compelling Defendant to produce financial statements and accounting data referring to or regarding its fuel sales in Colorado and Nebraska to Plaintiff Western Convenience Stores, Kroger, Phillips, Shell, among others; and (b) awarding sanctions contemplated by Fed. R. Civ. P. 37(c)(1).

### CERTIFICATION OF COMPLIANCE WITH D.C.COLO.L.CivR 7.1.A

Pursuant to Local Rule 7.1.A, the undersigned certifies that counsel for Western Convenience Stores ("WCS") has attempted to confer with counsel for Suncor regarding these issues, but counsel were unable to resolve the issues without the

Court's intervention.  In addition, the parties held a discovery conference with Magistrate Judge Shaffer on April 20, 2012.

Following the discovery conference, WCS's counsel and Suncor's counsel met to further discuss discovery-related issues and those addressed in this Motion. While an understanding was reached as to certain issues discussed at the April 20 discovery conference, others were not.  Specifically, Suncor has refused to produce its financial and accounting data relating to or regarding the sale of fuel to competitors of WCS.

---

## I.
## SUMMARY OF MOTION AND RELIEF SOUGHT

1. WCS seeks an order compelling Defendant Suncor to fully answer and produce accounting documents responsive to Plaintiffs' Request for Production Nos. 3, 4, 5, 6, 7, 8, 9, and 10 relating to its fuel sales in Colorado and Nebraska.

2. WCS is entitled to the accounting information sought by this Motion as discovery has shown that, contrary to its stated position that it only provided the cents per gallon discounts as set forth in contracts with fuel retailers, Suncor frequently has provided other forms of Discounts to its customers.[1]  For example, internal Suncor emails discuss *"rebates," "discounts," "price support"* and *"Off-Invoice"* benefits given to or proposed for Suncor customers. *Exhibit A, multiple emails from 2010 and 2011 referring to rebates, discounts, and credits offered to Favored Retailers*.  In effect, Suncor is asking that WCS simply take its word that all of the Discounts granted to favored purchasers have been set forth in the documents that Suncor has chosen to produce, yet those very documents disclose the possible existence of other Discounts that Suncor has not fully disclosed.

---

[1] Plaintiff WCS's discovery requests set forth this definition:  "Discount" shall mean any rebates, cents per gallon or other discounts, off-invoice consideration, kickbacks and other things of value granted to a Fuel Purchaser or any representative or affiliate thereof which have the effect of a material reduction in the price paid for Fuel.

**11-cv-01611-MSK-CBS:  PLAINTIFFS' MOTION TO COMPEL**　　　　　　　　　　　　　Page 2

3. The accounting information sought is easily within the scope of discovery. WCS is entitled to Suncor's accounting data that it maintains in the ordinary course of its business to test the existence of discounts and/or rebates that are referenced in emails to Suncor's customers. WCS's forensic accountant, Sheri Betzer, CPA, states in her declaration that the accounting data sought by WCS is essential in determining whether Suncor has granted other Discounts to WCS competitors. *Exhibit B, Declaration of Sheri L. Betzer*.

4. Accordingly, WCS is entitled to an order (a) requiring Suncor to disclose its accounting data as requested by WCS in its Request for Production Nos. 3, 4, 5, 6, 7, 8, 9, and 10, and (b) sanctioning Suncor for its refusal to produce such accounting data.

## II.
## MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION 3, 4, 5, 6, 7, 8, 9, and 10

5. This action is based in part on claims under the Robinson-Patman Act, 15 U.S.C. § 13(a). Through their Amended Complaint, Plaintiffs have alleged that Suncor engaged in price discrimination by charging WCS more for fuel than it charged WCS's competitors, including Dillon Companies, Inc. d/b/a King Soopers Fuel Center ("Dillon Companies"), as well as Shell, Phillips 66 branded retailers and others (hereinafter "Favored Retailers"). *See* Amended Complaint, Doc. 43, at ¶¶ 25-33. Specifically, WCS alleges that Suncor charged WCS as much as 10 cents per gallon more than it charged Favored Retailers for like grade and quality of fuel. *Id.*

6. WCS has confirmed through discovery that Suncor was discriminating against WCS by providing the Favored Retailers with discounts and rebates not offered to WCS. Specifically, Suncor provided cents per gallon discounts to Dillon Companies during the year

2011. The data that supports those discounts was made available to WCS through a pricing spreadsheet.

7.  In addition to the discounts referenced in the pricing spreadsheet, Suncor provided "Off-Invoice" discounts and/or rebates to other Favored Retailers during the year 2011. *Exhibit A*. The reason an "off-invoice" deduction is so named is because the deduction is not shown directly on the invoice.

8.  Suncor has refused to provide its accounting data to reflect the Off-Invoice discounts and rebates for the years 2007 through 2011. It appears that Suncor has made hundreds of sales of fuel to Favored Retailers based upon Off-Invoice discounts and rebates. *Id*. WCS competes directly with the Favored Retailers who received the Off-Invoice discounts and rebates in various markets throughout Colorado and Nebraska.

9.  In order to determine what Off-Invoice discounts and/or rebates were provided by Suncor to the Favored Retailers, WCS must review Suncor financial and accounting data for the years 2007 through 2011, specifically, financial statements; charts of accounts; adjusting, reversing and closing journal entries; trial balances; general ledgers; cash receipts, disbursements or other journal entries; monthly aged accounts receivable and payable data; and independent audits referring to or containing data regarding WCS and the Favored Retailers.

10. This Motion to Compel relates to the following requests for production and responses, set forth verbatim below (complete copies of the requests and responses are attached hereto as *Exhibits C* and *D*, respectively):

**WCS's Request for Production No. 3:**
Produce all Suncor Financial Statements for the Pertinent Time Frame, including, but not limited to Financial Statements referring to or containing data regarding Suncor's Fuel sales in Colorado and Nebraska to WCS, Kroger, Phillips, Shell and other Fuel Purchasers identified in response to Interrogatory No. 1.

Suncor's Response:
Suncor objects that this Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that Suncor's financial condition as reflected in "monthly, quarterly or annual financial statements, audited and unaudited" and "balance sheets, profit & loss statements, and cash flow statements" are not even remotely relevant to Plaintiffs' state-law claims or price discrimination claims, or to Suncor's Counterclaim, Third Party Complaint or its defenses. Accordingly, Suncor will not produce any documents in response to this Request.

**WCS's Request for Production No. 4:**
Produce all charts of accounts used by Suncor during the Pertinent Time Frame, including but not limited to charts of accounts referring to WCS, Kroger, Phillips, Shell or other Fuel Purchasers identified in response to Interrogatory No. 1.

Suncor's Response:
Suncor objects that this Request is overly broad, unduly burdensome, vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence in that Plaintiffs have not defined "charts of account." To the extent Plaintiffs are seeking information on Suncor's assets, liabilities, equities, revenues and expenditures, Suncor objects that such information is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that such information is not even remotely relevant to Plaintiffs' state-law claims or price discrimination claims, or to Suncor's Counterclaim, Third Party Complaint or its defenses. Accordingly, Suncor will not produce any documents in response to this Request.

**WCS's Request for Production No. 5:**
Produce all adjusting, reversing and closing journal entries during the Pertinent Time Frame referring to or containing data regarding WCS, Kroger, Phillips, Shell or other Fuel Purchaser identified in response to Interrogatory No. 1.

Suncor's Response:
Suncor objects that this Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that Suncor's financial condition as reflected in "all adjusting, reversing and closing journal entries" I not even remotely relevant to Plaintiffs' state-law claims or price discrimination claims, o to Suncor's Counterclaim, Third Party Complaint or its defenses.  Accordingly, Suncor will not produce any documents in response to this Request.

**WCS's Request for Production No. 6:**

Produce all trial balances for the Pertinent Time Frame referring to or containing data regarding WCS, Kroger, Phillips, Shell or other Fuel Purchasers identified in response to Interrogatory No. 1.

Suncor's Response:
Suncor objects that this Request is vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence in that, among other reasons, Plaintiffs have not defined "trial balances" and, as a result, Suncor does not understand what information Plaintiffs are seeking. Suncor may have additional objections depending on what information Plaintiffs are seeking. For these reasons, Suncor will not produce any documents in response to this Request.

**WCS's Request for Production No. 7:**
Produce all general ledgers for the Pertinent Time Frame referring to or containing data regarding WCS, Kroger, Phillips, Shell or other Fuel Purchasers identified in response to Interrogatory No. 1.

Suncor's Response:
Suncor objects that this Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that Suncor's financial condition as reflected in general1edgers is not even remotely relevant to Plaintiffs' state-law claims or price discrimination claims, or to Suncor's Counterclaim, Third Party Complaint or its defenses. Accordingly, Suncor will not produce any documents in response to this Request.

**WCS's Request for Production No. 8:**
Produce all cash receipt, disbursement or other journals for the Pertinent Time Frame referring to or containing data regarding WCS, Kroger, Phillips, Shell or other Fuel Purchasers identified in response to Interrogatory No. 1.

Suncor's Response:
Suncor objects that this Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that "cash receipt[s], disbursement or other journals are not even remotely relevant to Plaintiffs' state-law claims or price discrimination claims, or to Suncor's Counterclaim, Third Party Complaint or its defenses. Accordingly, Suncor will not produce any documents in response to this Request.

**WCS's Request for Production No. 9:**
Produce monthly aged accounts receivable and payable data during the Pertinent Time Frame which reference or relate to WCS, Kroger, Phillips, Shell or any other Fuel Purchasers identified in response to Interrogatory No. 1.

Suncor's Response:
Suncor objects that this Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that Suncor's financial condition as reflected in "monthly aged accounts receivable and payable data" is not even remotely relevant to Plaintiffs' state-law claims or price discrimination claims, or to Suncor's Counterclaim, Third Party Complaint or its defenses. Accordingly, Suncor will not produce any documents in response to this Request.

**WCS's Request for Production No. 10:**
Produce all reports of Suncor's independent auditors referring to or containing data regarding WCS, Kroger, Phillips, Shell or other Fuel Purchasers identified in response to Interrogatory No. 1.

Suncor's Response:
Suncor objects that this Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that Suncor's financial condition as reflected in "reports of Suncor's independent auditors" is not even remotely relevant to Plaintiffs' state-law claims or price discrimination claims, or to Suncor's Counterclaim, Third Party Complaint or its defenses. Accordingly, Suncor will not produce any documents in response to this Request.

*See Exhibits C and D*.

11. As the record shows that Discounts (in the form of cents per gallon for the year 2011) were provided to Dillon Companies, WCS is entitled to sufficient accounting documents to determine the amount, nature, and frequency of all other discounts and/or rebates provided to Dillon Companies and other Favored Retailers. WCS is entitled to those records from January 1, 2007 through 2011.

12. Courts liberally apply discovery rules in antitrust cases because large corporations (e.g., Suncor) know which of its activities are being challenged. *Leonia Amusement Corp. v. Loew's, Inc.*, 16 F.R.D. 583, 584 (S.D.N.Y. 1954). Courts have taken this view as most of the facts of the discrimination are largely in the possession and within the knowledge of the defendant, and the defendant has the ability to conceal these facts from the plaintiff. *Id*.

13. Moreover, discovery is allowed "for a reasonable period of time antedating the earliest possible date of the actionable wrong." *Quonset Real Estate Corp. v. Paramount Film Distrib. Corp.*, 50 F.R.D. 240, 241 (S.D.N.Y. 1970). Courts also allow for discovery of antitrust violations before and after the date the action was initiated. *Goldinger v. Baron Oil Co.*, 60 F.R.D. 562, 564 (W.D. Penn. 1973). Thus, not only is the accounting discovery proper in its substantive scope, it is also proper in the scope of its timeframe, namely, the time during which WCS was a Suncor customer. The law and the facts justify discovery of accounting data at least back to January 1, 2007, continuing through the present.

14. As set forth in the Declaration of Sheri L. Betzer, WCS's requests for production are reasonably calculated to lead to the discovery of other evidence of discounts and/or rebates which evidence would be plainly relevant at trial on WCS's price discrimination claim. *Exhibit B*. The subject accounting books and records have been requested by her and are necessary, in her opinion as a forensic accountant, for her to able to determine if there were other Discounts granted to WCS competitors.

## III.
## REQUEST FOR SANCTIONS

15. Under Rule 37, if a party fails to provide information as required by Rule 26(a) or (e), the court may impose an appropriate sanction, including requiring the payment of the reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(c)(1)(A)-(C). All of the documents sought by Section II of this Motion were required to have been made available to WCS pursuant to Rule 34, but Suncor has refused to provide them, even in response to explicit requests for production and multiple follow-up requests. Accordingly, WCS respectfully requests that the Court impose such sanctions upon Suncor as it deems

appropriate, including an award to WCS's attorneys' fees incurred in the preparation of this Motion.

Dated: May 2, 2012

*s/ Kenneth R. Bennington*

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON BIERMANN & CRAIGMILE, LLC 370 17th Street, Suite 3500 Denver, CO 80202
Telephone: (303) 629-5200
Facsimile: (303) 629-5718
kec@benningtonjohnson.com
krb@benningtonjonson.com
afa@benningtonjohnson.com
*Attorneys for Plaintiffs and Third-Party Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 2, 2012, copies of the foregoing **PLAINTIFFS' MOTION TO COMPEL** were served on the following parties via the CM/ECF e-filing system:

Anthony J. Shaheen
Keeya M. Jeffrey
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80201-8749
AJShaheen@hollandhart.com
KMJeffrey@hollandhart.com

J. Robert Robertson
William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

*s/ Marie Newberger*