IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

## DECLARATION OF SHERI L. BETZER, CPA, CFE

Sheri L. Betzer, pursuant to 28 U.S.C. § 1746, states as follows:

1. I have personal knowledge of all of the matters set forth in this declaration.

2. I am over eighteen (18) years of age and competent to testify to the matters stated herein. I make this declaration on personal knowledge.

3. I am a principal in the accounting firm of Betzer Call Group, LLP located at 730 17th Street, Suite 750, Denver, Colorado 80202.

4. I am a Certified Public Accountant and a Certified Fraud Examiner, in good standing and licensed in the State of Colorado. I have been in private practice as an accountant and a forensic accountant for over twenty (20) years. Before entering private practice, I was a

**Exhibit B**

revenue agent for the Internal Revenue Service for fifteen (15) years. In the past, I have been qualified as an expert witness in my field in various United States District Courts located in Colorado, Wyoming, Georgia, Nevada and Arizona and Colorado District Courts located in the counties of Arapahoe, Denver, Jefferson and Larimer.

     5.     I have been retained by Bennington Johnson Biermann & Craigmile, LLC, to review and analyze the accounting information requested by the Plaintiffs to assist in responding to questions and/or concerns.

     6.     Generally, the accounting profession recognizes that customer discounts and rebates may be afforded in several different ways, including but not limited to:

    a. Immediate discounts off of the sales price at the time of sales transaction;

    b. Additional discounts afforded the customer at the time of payment (e.g., payment within a specified period of time) which may include credits on account, checks issued to the customer and/or increased discounts on future sales; and

    c. Rebate payments made to the customer after the purchase is completed. These transactions would be separate and distinct from any other transaction or invoice and remitted back to the customer by way of the seller's payment, a credit on account, or other items of value. These separate rebates may be based on the volume of sales and/or other incentive factors, over a certain period of time, resulting from the customer relationship, or to induce the purchase of the product.

     7.     Defendant Suncor has provided an electronic copy of a Dillon Companies pricing spreadsheet that appears to contain only the information related to discounts afforded Dillon Companies customers at the time of the sales transaction; however, it does not contain

information to allow review or computation of additional discounts afforded at the time of payment or any rebates given to the customer (as described in 6.b and c above). Additionally, the spreadsheet does not provide specific information, as follows:

    a. Purchase order number for the Fuel delivered; and

    b. Amount and date of each payment by the customer for such Fuel.

8. In Request for Production Nos. 3, 4, 5, 6, 7, 8, 9, Plaintiff WCS has requested the accounting books and records for which I have asked, and which in my opinion as a forensic accountant are necessary for me to determine if there were other Discounts (as defined in the Plaintiffs' request) granted to favored purchasers such as Kroger.

    a. Financial statements including balance sheet, income statement or statement of operations, statement of cash flows;
    b. Charts of account;
    c. Detailed trial balances;
    d. General ledgers,
    e. Cash receipt, disbursement and/or other journals;
    f. Aged accounts receivable;
    g. Aged accounts payable;
    h. Reports of independent auditors; and
    i. All communications and documents memorializing relating to discounts to fuel purchaser.

9. In my opinion, it all of this information is necessary for me to do a complete analysis of Discounts given by Suncor, and thus, the net effective price of Fuel sold to WCS competitors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2, 2012.

*/s Sheri L. Betzer*

_____

Sheri L. Betzer