IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

---

Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC hereby request that Defendant Suncor Energy (U.S.A), Inc. answer and respond fully to each of the interrogatories and requests for production of documents set forth below.

**DEFINITIONS**

The following defined terms shall have the meanings set forth below:

    1.    "Suncor," "you" and "your" shall mean and refer to Defendant Suncor Energy (U.S.A.) Inc., and includes any current or former agents, employees, representatives, attorneys, consultants or other persons acting or purporting to act on its behalf.

Exhibit C

2. "Plaintiffs" mean Western Convenience Stores, Inc. and Western Truck One, LLC, together with their agents, employees, representatives, attorneys, consultants or other persons acting or purporting to act on their behalf.

3. "WCS" means Western Convenience Stores, Inc., together with its agents, employees, representatives, attorneys, consultants or other persons acting or purporting to act on its behalf.

4. "WTO" means Western Truck One, LLC, together with its agents, employees, representatives, attorneys, consultants or other persons acting or purporting to act on its behalf.

5. "Third-Party Defendants" mean Hossein Taraghi and Debra Lynn Taraghi, together with their agents, representatives, attorneys or other persons acting or purporting to act on their behalf.

6. "Communication" or "Communications" shall mean and refer to all oral or written inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, telephone conversations, letters, correspondence, e-mails, notes, faxes, or other forms of communication.

7. "Contract Documents" shall mean and include all written agreements and understandings between Suncor and any identified Person, including, but not limited to, documents titled or in the nature of a Master Purchase/Sale Agreement; Confirmation of Purchase/Sale Agreement; Bill of Lading or Invoice.

8. "Discount" shall mean any rebates, cents per gallon or other discounts, off-invoice consideration, kickbacks and other things of value granted to a Fuel Purchaser or any representative or affiliate thereof which have the effect of a material reduction in the price paid for Fuel.

9. "Document" and "Documents" shall mean and include all manner of exemplification of information in the broadest sense provided for by the Federal Rules of Civil Procedure, including all means and media used for representation, exemplification, depiction or illustration of words, data or information. The term shall mean and include the originals, the best available copies when originals are not available, and all non-identical copies and drafts whether different because of notes made thereon or otherwise, and whether executed or unexecuted, of all printed, typewritten, or handwritten matter or reproduction thereof of whatever character or other graphic matter of any kind or nature. Documents shall also mean and include computer records, email records, mechanical and electronic sound recordings or transcripts thereof, in electronic or other form. It shall also mean all photographs, video recordings and audio recordings. It shall also mean all copies of Documents by whatever means made.

10. "Financial Statements" shall mean all monthly, quarterly or annual financial statements, audited and unaudited, including all balance sheets, profit & loss statements, and cash flow statements.

11. "Fuel" shall mean and include all formulations of gasoline and diesel fuel sold by Suncor, whether branded or unbranded.

12. "Fuel Purchaser" shall mean and include those customers of Suncor who purchase Fuel for eventual sale to the public at retail. "Fuel Purchaser" shall not include customers who purchase Fuel for fleet or for government use, nor shall it include transfers of fuel to retail sites that have been identified by Suncor as owned, leased or otherwise controlled by Suncor.

13. "Identify," with respect to a natural Person, shall mean to set forth his or her name, his or her employer, his or her last known home or business address and telephone

numbers. Once you have fully identified a person in your answers, such person may be identified thereafter by name alone. "Identify," with respect to a Person other than a natural Person, shall mean to set forth its name and principal business address, the nature of its business and the name and position of the individuals purporting to act or speak for it or on its behalf.

14. "Kroger" shall mean and include The Kroger Co. and all of its affiliates, subsidiaries and trade names, including, but not limited to, the Dillon Companies, King Soopers, City Market and Loaf N' Jug.

15. "Net Price" shall mean and include the final price paid by a Fuel Purchaser after all Discounts.

16. "Person" and "Persons" include natural persons, firms, associations, organizations, partnerships, businesses, trusts, corporations, companies, or public entities. Person shall further mean all business entities and governmental agencies or units, together with their agents, representatives, employees, officers, directors, shareholders, attorneys and persons acting on their behalf.

17. "Pertinent Geographic Area" shall mean and include Colorado and the area of Nebraska within a 25 mile radius of the towns of Sidney, Ogallala and Hershey.

18. "Pertinent Time Frame" shall mean and include January 1, 2007 to the present.

19. "Phillips" shall mean and include ConocoPhillips Company, and all of its affiliates, subsidiaries and trade names, including, but not limited to, Phillips 66, and specifically includes all Persons, including Suncor or any affiliate of Suncor, which sell Fuel under the brand names Phillips or Phillips 66.

20. "Posted Rack Price" shall mean and include the posted price, before any Discounts, for the sale of Fuel at the rack.

21. "Shell" shall mean and include Shell Oil Company, and all of its affiliates, subsidiaries and trade names, including, but not limited to, Shell, and specifically includes all Persons, including Suncor or any affiliate of Suncor, which sell Fuel under the brand name *Shell*.

## INSTRUCTIONS

1. In answering these interrogatories and requests for the production of documents, you are to divulge all information and produce all documents in your possession or control or available to you, including information and documents in the possession or control of your attorneys, investigators, employees, agents or other representatives, or any other person or persons acting on your behalf.

2. Each interrogatory and request for documents is to be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer as fully as possible.

3. If you cannot supply precise information, you are required to state your best estimate or approximation of such information. You shall specify your inability to answer all or any portion of any interrogatory or request for documents and shall state whatever information or knowledge is available to you concerning the answered interrogatory or request.

4. To the extent you contend in your response to an interrogatory or request for documents that any portion of the information or documents sought is privileged, irrelevant, not required to be produced in discovery and/or otherwise not the proper subject of a response by you, you must fully answer such part or aspect of the interrogatory or respond to such portion of

the request to which no objection is made and shall consider the various parts and aspects of such interrogatory or request as being severable for that purpose.

5. For each document produced in response to an interrogatory or document request, indicate the number of the interrogatory or document request, and any appropriate subpart thereof, to which it responds.

6. If anything is deleted or redacted from a document produced in response to any request, indicate the reason for the deletion or redaction and the subject matter of the deleted or redacted material.

7. If any objection is made to any interrogatory or request for documents, state the basis for the objection and the legal authority supporting such objection. If you do not answer an interrogatory or produce a document because of a claim of privilege, set forth the privilege claimed, the facts upon which they rely to support the claim of privilege and identify each document (by date, title, subject matter, author, and the name and address of every person to whom the document was distributed) for which each such privilege is claimed.

8. These interrogatories and requests for documents are continuing. Pursuant to Fed. R. Civ. P. 26(e), responses to these interrogatories set forth below shall be supplemented through the date of trial.

9. When these discovery requests call for information or documents which, while known to you, are not in your possession, you shall identify the present location and custodian, if known, or otherwise the last known location and custodian, of such information or documents.

10. Material that you are to produce for inspection and copying shall be produced at the offices of the attorneys of Plaintiffs, Bennington Johnson Biermann & Craigmile, LLC, 370

17th Street, Suite 3500, Denver, CO 80202, in the format agreed upon by the parties and as set forth in the e-discovery protocol.

11.   In responding to these discovery requests, please set forth the individual discovery request together with the individual response to that request.

## INTERROGATORIES TO SUNCOR

1.   Identify all Fuel Purchasers to whom Suncor sold Fuel in the Pertinent Geographic Area in the Pertinent Time Frame.

2.   Identify all Fuel Purchasers to whom Suncor offered or provided a Discount on Fuel in the Pertinent Geographic Area in the Pertinent Time Frame, including the date each Discount was provided, the nature of the discount, the duration of the Discount, and the amount of the Discount whether per gallon or calculated by other means.

3.   State whether Suncor regards the historical data regarding Suncor's Posted Rack Prices as published by OPIS (www.opisnet.com) and by Platt's (www.platts.com) as generally reliable and authoritative, and if not, state the why.

4.   State the Posted Rack Price and the Net Price relating to each load of Fuel purchased by a Fuel Purchaser in the Pertinent Geographic Area in the Pertinent Time Frame.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1.   To the extent Suncor has in its possession or control any such data, produce in electronic format (in the format agreed to by the parties' experts) the following data regarding each load of Fuel sold in the Pertinent Geographic Area and Pertinent Time Frame to WCS, Kroger, Phillips, Shell and other Fuel Purchasers identified in response to Interrogatory No. 1: including (i) customer name and identifications number(s); (ii) date and time of delivery; (iii)

type of Fuel delivered; (iv) quantity of Fuel delivered; (v) Posted Rack Price for the Fuel delivered; (vi) the amount of any related Discount; (vii) the Net Price for the Fuel delivered; (viii) the invoice date and number for the Fuel delivered; (ix) the purchase order number for the Fuel delivered; (x) other identification numbers specific to the delivery or Purchaser of such Fuel; and (xi) the amount and date of each payment for such Fuel.

2. Produce all Contract Documents between Suncor and WCS, Kroger, Phillips, Shell and all other Fuel Purchasers identified in response to Interrogatory No. 1 in effect at any time during the Pertinent Time Frame and relating to the sale of Fuel in the Pertinent Geographic Area.

3. Produce all Suncor Financial Statements for the Pertinent Time Frame, including, but not limited to Financial Statements referring to or containing data regarding Suncor's Fuel sales in Colorado and Nebraska to WCS, Kroger, Phillips, Shell and other Fuel Purchasers identified in response to Interrogatory No. 1.

4. Produce all charts of accounts used by Suncor during the Pertinent Time Frame, including but not limited to charts of accounts referring to WCS, Kroger, Phillips, Shell or other Fuel Purchasers identified in response to Interrogatory No. 1.

5. Produce all adjusting, reversing and closing journal entries during the Pertinent Time Frame referring to or containing data regarding WCS, Kroger, Phillips, Shell or other Fuel Purchaser identified in response to Interrogatory No. 1.

6. Produce all trial balances for the Pertinent Time Frame referring to or containing data regarding WCS, Kroger, Phillips, Shell or other Fuel Purchasers identified in response to Interrogatory No. 1.

7. Produce all general ledgers for the Pertinent Time Frame referring to or containing data regarding WCS, Kroger, Phillips, Shell or other Fuel Purchasers identified in response to Interrogatory No. 1.

8. Produce all cash receipt, disbursement or other journals for the Pertinent Time Frame referring to or containing data regarding WCS, Kroger, Phillips, Shell or other Fuel Purchasers identified in response to Interrogatory No. 1.

9. Produce monthly aged accounts receivable and payable data during the Pertinent Time Frame which reference or relate to WCS, Kroger, Phillips, Shell or any other Fuel Purchasers identified in response to Interrogatory No. 1.

10. Produce all reports of Suncor's independent auditors referring to or containing data regarding WCS, Kroger, Phillips, Shell or other Fuel Purchasers identified in response to Interrogatory No. 1.

11. Produce all Communications and Documents which memorialize, relate to or reflect Discounts to Fuel Purchasers during the Pertinent Time Frame and in the Pertinent Geographic Area.

12. Produce all Communications and Documents referring or relating to the Plaintiffs or Third-Party Defendants during the Pertinent Timeframe.

13. Produce all Communications and Documents relating to disputed facts alleged with particularity in the pleadings.

Dated: February 28, 2012

s/ Kenneth R. Bennington

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON BIERMANN
& CRAIGMILE, LLC 370 17th Street,
Suite 3500 Denver, CO 80202
Telephone: (303) 629-5200
Facsimile: (303) 629-5718
kec@benningtonjohnson.com
krb@benningtonjonson.com
afa@benningtonjohnson.com
*Attorneys for Plaintiffs and Third-Party Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 28, 2012, copies of the foregoing **PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** were served on the following parties via e-mail:

Anthony J. Shaheen
Keeya M. Jeffrey
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80201-8749
AJShaheen@hollandhart.com
KMJeffrey@hollandhart.com

J. Robert Robertson
William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

s/ Marie Newberger