IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

## PLAINTIFFS' MOTION TO RESTRICT ACCESS

Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC, by and through their undersigned counsel, move as follows pursuant D.C.COLO.L.CivR 7.2.B for an order of Level 1 restriction on access to Exhibits A and D to Plaintiffs' Motion to Compel, Doc. 52.

### CERTIFICATION OF COMPLIANCE WITH D.C.COLO.L.CivR 7.1.A

Pursuant to Local Rule 7.1.A, the undersigned certifies that counsel for Western Convenience Stores ("WCS") has conferred with counsel for Suncor regarding these issues and he does not object to the relief sought herein.

# I.
# MOTION AND RELIEF SOUGHT

1.  Local Rule 7.2.B permits motions to restrict public access to documents filed with the Court. The rule requires the movant to "[a]ddress the interest to be protected and why such interest outweighs the presumption of public access," and "identify a clearly defined and serious injury that would result if access is not restricted." D.C.COLO.LCivR 7.2.B.2–3. The rule further requires the movant to "explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits). *Id.* at 7.2.B.4.

2.  Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness. *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that where records contain "sources of business information that might harm a litigant's competitive standing," the court may limit public access); *see also Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010) (preservation of trade secrets is a circumstance that overcomes the presumption of openness of judicial proceedings).

3.  On May 2, 2012, Plaintiffs filed a Motion to Compel ("Motion") Defendant Suncor to fully answer and produce accounting documents responsive to Plaintiffs' Request for Production Nos. 3, 4, 5, 6, 7, 8, 9, and 10 relating to its fuel sales in Colorado and Nebraska. *See* Plaintiff's Motion to Compel, Doc. 52. Attached to the Motion are Exhibits A through D. *Id*. Suncor has designated the information contained in Exhibits A and D as Confidential Information or Highly Confidential Information, pursuant to the Protective Order. *See* Protective Order, Doc. 49, at ¶¶ 3-4.

4. Suncor asserts that Exhibit A contains sensitive internal emails and emails to customers about the pricing of fuel sold by Suncor and its business practices related to pricing, discounts, and rebates. Suncor asserts that this information includes internal pricing strategy, price adjustments, identifying information about customers, information about specific customer relationships, and price negotiations directly with customers. Suncor asserts that if this information is disclosed, it will allow competitors insight into Suncor's strategies and customer relationships, and thus, serious injury may result to Suncor's business interest.

5. Exhibit D contains what Suncor asserts to be sensitive business information, including the names of its customers; its business practices related to pricing, discounts and rebates; and its actual pricing information for customers. Suncor asserts that its business practices related to pricing, discounts, and rebates on fuel are not generally known to the public, nor is the name of its customers generally known to the public. Suncor asserts that disclosing this information to the public would harm Suncor's competitive standing in the markets for fuel sales in Colorado and Nebraska because it would allow competitors to tailor their pricing strategies and discounts to compete against Suncor more effectively, and thus, serious injury may result to Suncor's business interest.

6. Suncor asserts that only restricted access will adequately protect the sensitive information because Exhibits A and D cannot be summarized without identifying the information sought to be protected by this Motion. Redacting portions of Exhibits A and D is not a reasonable solution because the vast majority of the Exhibits will need to be redacted. Thus, restricting access is the only practicable solution to protecting Suncor's sensitive business information.

WHEREFORE, Plaintiffs request an order of Level 1 restriction on access to Exhibits A and D attached to their Motion to Compel.

Dated:  May 7, 2012

                                      *s/ Kenneth R. Bennington*

                                      Kenneth R. Bennington
                                      Kathleen E. Craigmile
                                      Adam F. Aldrich
                                      BENNINGTON JOHNSON BIERMANN
                                      & CRAIGMILE, LLC 370 17th Street,
                                      Suite 3500 Denver, CO 80202
                                      Telephone: (303) 629-5200
                                      Facsimile: (303) 629-5718
                                      kec@benningtonjohnson.com
                                      krb@benningtonjonson.com
                                      afa@benningtonjohnson.com
                                      *Attorneys for Plaintiffs and Third-Party Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 7, 2012, copies of the foregoing **PLAINTIFFS' MOTION TO RESTRICT ACCESS** were served on the following parties via the CM/ECF e-filing system:

| | |
|---|---|
| Anthony J. Shaheen | J. Robert Robertson |
| Keeya M. Jeffrey | William L. Monts III |
| Holland & Hart LLP | Hogan Lovells US LLP |
| 555 17th Street, Suite 3200 | 555 Thirteenth Street, N.W. |
| Denver, CO 80201-8749 | Washington, D.C.  20004-1109 |
| AJShaheen@hollandhart.com | robby.robertson@hoganlovells.com |
| KMJeffrey@hollandhart.com | william.monts@hoganlovells.com |

                                      *s/ Marie Newberger*