**EXHIBIT B**

**<u>AFFIDAVIT</u>**

STATE OF OHIO            )
                         )  ss.
HAMILTON COUNTY          )

Nathan H. Brown, swears or affirms and states under penalty of perjury:

1. I am corporate counsel for The Kroger Co. and its subsidiaries and affiliates, including Dillon Companies, Inc. ("Dillon").  In that capacity, I have reviewed the Subpoena served on Dillon by counsel for Western Convenience Stores, Inc. and Western Truck One, LLC.

2. To comply with the Subpoena, Dillon would be forced to undertake a search of millions of documents in thousands of different locations. Dillon operates approximately 155 retail fuel locations in the region that the Subpoena defines as the "Pertinent Geographic Area" and maintains records and employees in thousands of other locations.

3. Dillon could not possibly comply with the Subpoena by the given date of May 18, 2012. Because of the enormous quantity of information requested, Dillon is unable to calculate the amount of time that compliance would require. For example, Category 7 of the Subpoena seeks information on every sale of fuel that Dillon has made since January 1, 2007. This represents data from millions of transactions, for which the burden of aggregating that data cannot be easily calculated.

4. Western Convenience Stores, Inc. and Western Truck One, LLC are competitors of Dillon in the sale of fuel to consumers in the region defined by the Subpoena as the "Pertinent Geographic Area." The Subpoena requests documents related to Dillon's fuel pricing calculations, agreements and negotiations with suppliers, and market research, among other things. These documents encompass Dillon's confidential business information and trade secrets.

5. Dillon has invested substantial and immeasurable resources in developing its confidential information and trade secrets. For example, Category 10 of the Subpoena seeks all "reports and research, studies, examinations, investigations, surveys or analysis" that Dillon has performed or commissioned on an extensive list of market characteristics. Even if compiling this information was not completely impracticable, its disclosure to a competitor would represent an incalculable loss of outlay to Dillon.

6. The Protective Order that Plaintiffs' counsel supplied along with the Subpoena does not sufficiently protect Dillon's interests. The disclosure of Dillon's

confidential business information and trade secrets to Plaintiffs, even in the limited context of this litigation, deprives Dillon of the competitive advantage that it enjoys by virtue of the significant time and expense it has devoted to developing and protecting the information sought by the Subpoena. Under no circumstances would Dillon consider releasing the information sought by the Subpoena to a competitor.

(Signature)

Nathan Brown
(Print Name)

1014 Vine St. Cincinnati, OH 45245
(Address)