## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

### DECLARATION OF KENNETH R. BENNINGTON IN SUPPORT OF PLAINTIFFS' MOTION CHALLENGING DEFENDANTS' DESIGNATION OF CERTAIN DOCUMENTS AND DATA AS HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

---

I, Kenneth R. Bennington, pursuant to 28 U.S.C. § 1746, state as follows:

1.     I am over eighteen (18) years of age and competent to testify to the matters stated herein. I make this declaration on personal knowledge.

2.     I am an attorney licensed to practice law in the State of Colorado, and the managing member of Bennington, Johnson, Biermann & Craigmile, LLC. I am counsel of record for the Plaintiffs in this action.

3.     Of the approximately 3,500 documents it has produced in this action, Suncor has identified more than 800 as "Highly Confidential Information," meaning that neither I nor the

**Exhibit D**

other attorneys in my firm may disclose them, or any information derived from them, to the officers, directors, owners, shareholders, principals, or employees of the Plaintiffs, with the exception of in-house counsel.  Neither Western Convenience Stores ("WCS") nor Western Truck One has in-house counsel.   I may share documents designated as "Confidential Information" with Mr. Taraghi as he has executed the Declaration of Compliance attached as Exhibit A to the Protective Order.

    4.    The Protective Order prohibition against disclosure to Plaintiffs of any documents or data designated by Suncor as Highly Confidential Information (or any information derived from such documents or data) has significantly hampered my ability to properly represent my client.  For example, while my client correctly believed that the fuel prices granted by Suncor to Kroger were lower than those granted to WCS, I cannot share with my client either the amount of the difference or how it was calculated as Suncor had designated all pricing data, contracts with other customers and communications discussing discounts as "Highly Confidential Information."  The net price to Kroger is a cents per gallon ("cpg") discount off a rack price that is itself different from the rack price that was used to compute the net price charged to WCS.  Given the "Highly Confidential" designation, I cannot disclose these differences in price and calculation method, and thus cannot discuss with my client how that may affect our strategy and evaluation of this action.

    5.    In addition, Mr. Taraghi, the owner of WCS, has been in the convenience store business for 23 years, having grown WCS from 1 store to 42.  He thus has a wealth of experience and knowledge of which his own counsel is deprived in prosecuting this case on behalf of his

**11-cv-01611-MSK-CBS:  DECLARATION OF KENNETH R. BENNINGTON IN SUPPORT OF PLAINTIFFS' MOTION CHALLENGING DEFENDANTS' DESIGNATION OF CERTAIN DOCUMENTS AND DATA AS HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Page 2

company. While in theory, expert witnesses might provide a substitute resource, I have found that not to be the case, particularly where knowledge of the actual nature of competition in Colorado front range will be critical. Moreover, the use of expert witnesses to analyze data and provide input is substantially more expensive to WCS, which must bear the experts' hourly rates for all analysis and review performed.

6.  WCS is also at a distinct disadvantage in having no in-house counsel, i.e., someone experienced with the company, its business and the industry, to whom the pricing information designated *Highly Confidential* information can be disclosed. In effect, I do not have a client with whom I can consult in understanding and evaluating the actual pricing that is the subject of this price discrimination case. I suggest that could put me in the unethical position of becoming the client instead of the attorney, making critical decisions without the client's full and informed input.

7.  The "Highly Confidential" information that WCS seeks to re-designate as "Confidential" is historical information only, relating to pricing between January 2007 and May 2011, when WCS was terminated by Suncor as a customer. My review of Suncor discovery production to date indicates that pricing changes so often that WCS's knowledge of pricing information which is one to five years old will have little, if any, value to WCS going forward. Suncor has made it clear that it does not want WCS as a customer, so knowledge of Kroger's past pricing, for example, will be of no real consequence. Moreover, documents produced by Suncor show that its contract with Kroger was renegotiated and a new contract signed in July of 2011 (which is after Suncor

11-cv-01611-MSK-CBS:  DECLARATION OF KENNETH R. BENNINGTON IN SUPPORT OF PLAINTIFFS' MOTION CHALLENGING DEFENDANTS' DESIGNATION OF CERTAIN DOCUMENTS AND DATA AS HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Page 3

terminated WCS's ability to purchase fuel from Suncor), and that the Kroger pricing changed. Therefore, WCS's knowledge of past Kroger pricing has even less significance as it tells WCS nothing of Kroger's current pricing or structure.

8. Finally, it is a fact in this case that WCS and Suncor do not compete with respect to unbranded fuel. While the companies do compete in the retail sale of branded fuel, as Suncor owns or controls a number of Shell and Phillips 66 stations, I have no need share any information produced with respect to Suncor's Shell and Phillips 66 pricing as they cannot be the subject of Robinson-Patman price discrimination claims.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 21, 2012.

*s/ Kenneth R. Bennington*

Kenneth R. Bennington

**11-cv-01611-MSK-CBS: DECLARATION OF KENNETH R. BENNINGTON IN SUPPORT OF PLAINTIFFS' MOTION CHALLENGING DEFENDANTS' DESIGNATION OF CERTAIN DOCUMENTS AND DATA AS HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Page 4