**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

Plaintiffs and Counterclaim Defendants,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

Defendant, Counterclaimant and Third-Party Plaintiff,

v.

HOSSEIN TARAGHI AND DEBRA LYNN TARAGHI,

Third-Party Defendants.

---

**DEFENDANT SUNCOR ENERGY (U.S.A.) INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

---

Defendant Suncor Energy (U.S.A) Inc. ("Suncor") submits this Memorandum in Opposition to Plaintiffs' Motion to Compel (Dkt. No. 52).

## INTRODUCTION AND BACKGROUND

Plaintiffs' Motion to Compel ("Pls. Mot.") seeks production of massive accounting and other Suncor financial data concerning millions of gasoline and diesel sales to approximately 65 different customer accounts for more than five years. Plaintiffs seek to put Suncor to the burden of producing this material because they speculate that Suncor is giving hidden discounts on gasoline and diesel fuel. From that surmise, they leap to the conclusion that the accounting and

financial data will permit a forensic analysis that allows Plaintiffs to calculate net prices Suncor charged for gasoline and diesel to other purchasers in Colorado and Nebraska.

The parties addressed this issue with the Court on April 20. After that hearing, Suncor produced spreadsheets with pricing and other transactional information going back to 2008 for Dillon Companies, Inc. (d/b/a King Soopers) and Mini-Mart, Inc., two customers specifically identified in Plaintiffs' complaint. In addition, as the Court suggested, Suncor offered to produce similar spreadsheets containing the same categories of information for three other purchasers of Plaintiffs' choosing, thus allowing Plaintiffs to have a sample of the available data. At Plaintiffs' request, Suncor also identified its 10 largest unbranded customers by volumes for the period 2008-11, with the expectation that Plaintiffs would choose the Suncor customers for which it wanted information from that list and would narrow the search terms to be used to a very small number, as the Court had also suggested. Plaintiffs, however, did not select the additional Suncor customers for whom they wished to receive transactional and pricing information or offer any alternative solution to resolve this dispute before filing this motion. They now seek to compel production of all of the financial information demanded in their document requests for numerous purchasers. Their motion should be denied for three reasons.

***First***, Plaintiffs' motion rests entirely on speculation that Suncor has other evidence about discounts given to customers that it is not producing. Rather than citing evidence supporting their position, they ask the Court simply to assume the existence of hidden discount and, on the basis of that assumption, order Suncor to produce a mass of information. The Federal Rules of Civil Procedure, however, do not countenance such guesswork. "[A] motion to compel should be based on more than mere speculation." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 631 (D. Colo. 2007) (Shaffer, M.J.).

***Second,*** Plaintiffs' requests are extraordinarily burdensome and responding to them would be exceedingly expensive and time-consuming. To respond to Requests 3-10, Suncor estimates that it would take contractors working full time approximately 82 working days to compile the information at a total cost of more than $165,000. Yet information responsive to a number of the Requests (Nos. 3, 6, 7, or 10) would not allow Plaintiffs to calculate net prices paid by any Suncor customer, which is the ostensible reason for the discovery in the first instance. Moreover, there are far less burdensome alternatives – notably the pricing information for a sample of five customers that the Court suggested on April 20. Suncor has produced to Plaintiffs spreadsheets containing such information for the Dillon Companies and Mini Mart, Inc. Plaintiffs, however, did not identify the other customers for whom they want sample information prior to the filing of their motion, even though Suncor has identified its customers back to 2008 and at Plaintiffs' request provided purchase volumes for its 10 largest customers during that period.

***Finally***, the material sought is irrelevant to the claims in this case. As noted, some of the information sought contains no information on pricing and discounts. Moreover, the entirety of Plaintiffs' evidence on the motion to compel relates to alleged discounts that Suncor gave on *branded* gasoline, not the unbranded gasoline or unfinished pipeline gasoline that Plaintiff WCS purchased. In short, Plaintiffs seek to foist production burdens on Suncor for information that will not materially advance resolution of this litigation. That demand should be rejected.

## ARGUMENT

### A. Plaintiffs' Motion Rests on Speculation That Suncor is Providing Hidden Discounts to Customers or Withholding Information About Discounts

Plaintiffs' motion begins with a flawed premise. Rather than citing evidence of any allegedly hidden discounts, Plaintiffs claim that documents Suncor has produced "disclose the

*possible* existence of other Discounts that Suncor has not fully disclosed." Pls. Mot. at 2, ¶ 2 (emphasis added). Based on this mere possibility, Plaintiffs would have Suncor produce substantial financial and accounting data relating to all of its operations in the vague hope that combing through this mass of data will reveal discounts or rebates that Suncor may not have disclosed. The Federal Rules simply do not authorize discovery resting on such guesswork.

While permitting broad discovery, Rule 26 "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010). Indeed, "[a] party may not move to compel discovery on the basis of a mere suspicion that the producing party has additional information that it has failed to disclose." *Conley v. United States*, 2011 WL 5326133 at *2 (S.D. Ohio Nov. 4, 2011). Hunches and unadorned speculation are no substitute for evidence. *See Harris v. Koenig*, 271 F.R.D. 356, 369 (D.D.C. 2010) ("[P]laintiffs want a large amount of information based on the theoretical foundation that there is a possibility that they might find a conflict of interest. That hope cannot possibly justify forcing [defendant] to undertake the burden of answering these overly broad and far-reaching requests."). Yet that is all that Plaintiffs have offered here.

Plaintiffs' motion does not identify any basis for believing that Suncor has given undisclosed discounts to other purchasers of gasoline and diesel. Instead, Plaintiffs attach a string of unrelated e-mails and an expert declaration to their motion that attempt to give some evidentiary veneer to their demands. Neither does anything to bolster the speculative assertions in the motion.

The e-mail evidence consists entirely of unrelated messages using the words "discount" and "rebate" and phrases such as "price support" and "off invoice." Plaintiffs then claim that

"[t]he reason an 'off-invoice' deduction is so named is because the deduction is not shown directly on the invoice". Pls. Mot. at 4, ¶ 7. That assertion is contradicted by unrebutted record evidence.

Steven Ewing, Suncor's Director of Rack Forward Sales, testified as a corporate representative during a 30(b)(6) deposition on precisely this issue. His testimony was clear that an "off-invoice" discount means that the discount is taken off the invoice price that the customer otherwise would have paid under its contract with Suncor and is reflected in the net price shown on the invoice:

> Q: What is the meaning of the term in parenthesis, off invoice?
>
> A: That means that when they pick it up it will be off – the discount will be off the invoice.
>
> Q. So it doesn't mean it won't appear in the invoice. It means it will be deducted from the invoiced amount?
>
> A: That's – yes.

*See* 30(b)(6) Deposition of Suncor Energy (U.S.A.) Inc. (Steven Ewing, corporate representative), dated March 8, 2012, at 55:22-56:4 (attached hereto as Exhibit B). In other words, the very premise underlying Plaintiffs' reliance on the e-mails attached to their motion is demonstrably false. Invoice pricing reflects the net price paid by a Suncor customer for fuel products.

Similarly, the expert declaration fails to support the speculation that Suncor has offered hidden discounts to customers. Plaintiffs have retained a forensic accountant who opines that all of the evidence that Plaintiffs seek on the motion to compel "is necessary for me to do a complete analysis of Discounts given by Suncor, and thus, the net effective price of Fuel sold to WCS competitors." Pls. Mot. Exhibit B ¶ 9. Yet the declaration never explains how the accountant reached this conclusion. Accordingly, it adds nothing relevant to the inquiry on the

motion. *See Mid-State Fertilizer Co. v. Exchange Nat'l Bank of Chicago*, 877 F.2d 1333, 1339 (7th Cir. 1989) ("An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process."). Instead, the declaration makes the same assumption that underlies Plaintiffs' reliance on the e-mail evidence – namely, that hidden discounts exist that can only be ascertained by review of Suncor's financial data for every single customer over a five-year period. That suspicion provides no basis for a grant of the motion.

**B. Compliance with Plaintiffs' Request Would Take Eighty-Two Working Days and Cost Suncor Approximately $165,000**

The fishing expedition that Plaintiffs would have this Court order would not be a minor inconvenience for Suncor. Compliance with Plaintiffs request would be enormously expensive and time-consuming. Plaintiffs' document requests have been reviewed by Mark Conner, Suncor's Manager, Refining and Marketing Accounting – U.S. *See* Affidavit of Mark Conner dated June 1, 2012, ¶ 3 (attached hereto as Exhibit A). Mr. Conner is familiar with Suncor's SAP enterprise software and its capabilities concerning financial data and knowledgeable about the time and resources needed to generate, sort and review financial and customer data compiled from that system. *Id.* ¶ 2.

Suncor does not have an in-house staff that could be taken from regular duties to gather and assemble the information that Plaintiffs seek. *Id.* ¶ 4. Therefore, to comply with the discovery, the company would have to would have to retain two full-time contractors for 75 working days (8 hours per day for 5 days per week) just to respond to Document Requests 5, 8 and 9. *Id.* ¶ 4-7. The market rate for an appropriate information technology contractor is approximately $200 per hour. *Id*. ¶ 4. The rate for an appropriate accounting analyst is approximately $70 per hour. *Id.* Thus, the cost to Suncor for just the contractors' work in responding to just three document requests would be approximately $162,000. *Id.* ¶ 7.

Suncor would need the same accounting analyst working full time for another 7 business days to compile the information sought in Requests 3, 4, 6, and 7, adding another $3,920 to the cost of responding to the requests. That expense would be wasted because the data sought on Requests 3, 6, and 7 (as well as Request No. 10) would not provide Plaintiffs with information relating to pricing of gasoline and diesel to Suncor's customers. *Id.* ¶¶ 8-9, 11-12, 14. Request 4 seeks "all" charts of accounts used by Suncor for a five-year period. Suncor has thousands of such charts, only a handful of which apply to the approximately 65 Suncor customer accounts that are conceivably relevant to Plaintiffs' case. *Id*. ¶ 10. Discovery is properly limited when its burdens are disproportionate to the gains that might reasonably be expected to result from it. Fed. R. Civ. P. 26(b)(2)(c)(iii); *Koch v. Koch Indus.*, 203 F.3d 1202, 1238 (10th Cir. 2000). Given the lack of relevance of these requests to Plaintiffs' ostensible reason for seeking the information, an order granting the motion is not warranted. *See Simpson v. University of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004) (Shaffer, M.J.) (discovery "may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.").

Moreover, there is a less burdensome and equally efficacious alternative available – the customer information from five sample customers, with limited search terms, that the Court suggested on April 20. Suncor has already provided that information for Dillon Companies and Mini Mart. Thus, there is no need for Suncor to produce that information yet again. Before filing their motion, Plaintiffs had not responded to Suncor's offer to provide information for a sample of customers. As the Court noted on April 20, the purpose of a small sampling of customers is to reduce the burden on Suncor and yet provide Plaintiffs with information that

could reveal whether net prices to WCS differed from those charged to other customers on select purchases. Suncor remains willing to follow the Court's suggestion and supply information on a small sampling of customers.

**C. The Evidence Supporting the Motion Has No Bearing on Plaintiffs' Claims**

Finally, the evidence Plaintiffs' cite has no bearing on the claims at issue in the case. Plaintiffs' e-mail evidence relates only to branded gasoline. Each of the alleged discounts concerns Suncor's sales of branded Shell or Phillips 66 gasoline, a product that Plaintiff WCS did not buy. The Robinson-Patman Act prohibits price differences that harm competition only if the products sold are of "like grade and quality." 15 U.S.C. § 13(a). In this case, however, Plaintiffs have no evidence that branded gasoline is of like grade and quality as the unbranded gasoline that Plaintiffs purchased from Suncor. In fact, the only evidence in the record is to the contrary. Vance Kopp, a former Fuels Quality Specialist at Suncor, testified as a corporate representative during Suncor's 30(b)(6) deposition to the significant chemical differences between branded and unbranded gasoline and also noted substantial performance differences between the two. *See* 30(b)(6) Deposition of Suncor Energy (U.S.A.) Inc. (Vance Kopp, corporate representative), dated March 8, 2012, at 7:16-8:21; 15:22-19:24; 20:19-25 (attached hereto as Exhibit C). Plaintiffs have not rebutted that evidence.

In addition, before 2009, the bulk of WCS's gasoline purchases from Suncor were pipeline gasoline at Rocky Mountain Pipeline terminal. Pipeline gasoline contains no additives and is not in a form saleable to the public. *See* Exhibit C at 8:22-9:7. Thus, finished gasoline is an entirely different product from sales of unfinished pipeline gasoline and provides no basis for price comparisons under the Robinson-Patman Act. There is no point in putting Suncor to the burden of producing information on fuel sales that are not comparable to those made to WCS.

**D. Consistent with the Sedona Principles, Plaintiffs Should Bear the Cost of Any Discovery of Financial Information Ordered on This Motion**

Suncor believes that the burdens of the discovery sought on Plaintiffs' motion vastly outweigh any conceivable benefits and therefore do not justify a grant of the motion. If, however, the motion were granted, then Plaintiffs should bear the cost of the discovery. The burden of responding is substantial, and Plaintiffs have no evidence that hidden discounts exist or that the financial and accounting information sought will actually result in any information that is likely to be useful in resolving the litigation. In such cases, the Sedona Principles allow for cost-shifting so that the burdens of the discovery are properly placed on the party demanding them.[1]

## CONCLUSION

For the foregoing reasons, Defendant Suncor respectfully requests that Plaintiffs' Motion to Compel be denied or, in the alternative, Plaintiffs be ordered to bear the cost of any discovery ordered by the Court.

Respectfully submitted,

*s/ Anthony J. Shaheen*

Anthony J. Shaheen
Keeya M. Jeffrey
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202-3979
Tel.: (303) 295-8000
Fax: (303) 295-9126
E-Mail: ajshaheen@hollandhart.com
kmjeffrey@hollandhart.com

[1] Plaintiffs' motion also seeks fees and costs under Rule 37. Given the lack of merit on the motion, such an award is unwarranted.

*s/ William L. Monts III*
J. Robert Robertson
William L. Monts III
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Tel.: (202) 637-5600
Fax: (202) 637-5910
E-Mail: robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

*Attorneys for Defendant*
*Suncor Energy (U.S.A.) Inc.*