**EXHIBIT 4**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

### DECLARATION OF MARK A. GLICK

I, Mark A. Glick, pursuant to 28 U.S.C. § 1746, state as follows:

1.     I am a resident of Salt Lake County, State of Utah.

2.     I am over eighteen years of age.

3.     I have personal knowledge of the statements in this declaration.

4.     If called as a witness, I could and would competently testify to the facts set forth in this declaration.

5.     I have been engaged, among other things, to evaluate whether Western Convenience Stores, Inc. can establish the "injury to competition" element of its Robinson Patman 2(a) claim. I have been asked to explain the reasons why I seek responsive documents

for Plaintiffs' subpoena to Dillon Companies, Inc., in order to conduct my independent evaluation.

6. I am a professor of economics at the University of Utah. I have taught undergraduate and graduate courses in industrial organization at the University of Utah since 1985, and I am responsible for the graduate industrial organization field. Industrial organization is the specialty field that covers antitrust economics. I have also taught antitrust law and regulation as well as law and economics at the University of Utah College of Law. Since 2009, I have taught the Antitrust Law course for the College of Law. I am presently the president of the Utah State Bar antitrust section, and a member of the economics committee of the ABA Antitrust Section. I received my Ph.D. in economics from the New School for Social Research in 1985, and my law degree from Columbia University in 1990, where I received a scholarship in law and economics. This summer, I am a visiting scholar at Harvard Business School. I am currently Of Counsel at Parsons Behle & Latimer, in addition to my economic consulting practice. I have served as an antitrust expert for the Utah Attorney General, an arbiter in an antitrust case brought by the Utah Attorney General, and advisor on the subject matter of antitrust economics for the Utah Legislature. I have also published an article in the Antitrust Bulletin specifically dealing with the issues I discuss below. (Glick et al., 2003).[1]  I have been an economics expert in several antitrust cases.

---

[1] Glick, Mark A., Campbell, Donald A., Mangum, David G.  Measuring Damages in a Private Plaintiff Robinson-Patman Case: Applying Economics to Relieve the Pain of J. Truett Payne. Antitrust Bulletin.  Spring 2003, 77-107.

**11-cv-01611-MSK-CBS:  DECLARATION OF MARK A. GLICK**                                      Page 2

7. As I understand it, an essential element of plaintiff's Robinson-Patman claim is a reasonable possibility of competitive injury. For example, instruction 2 of the ABA Antitrust Section Model Jury Instructions (2005 ed.) states:

> To prevail on its Robinson-Patman Act claim, plaintiff must prove, with respect to a set of compared sales each of the following elements by a preponderance of the evidence.
>
> * * *
>
> Seventh, that there is a reasonable possibility that the discriminatory pricing may harm competition, and
>
> Eighth, that plaintiff was injured in its business or property because of the discriminatory pricing.

Model Jury Instructions, Seller Liability – § 2(a), at E-4.

8. I further understand that "to establish a reasonable possibility of harm to competition, plaintiff must either offer direct evidence of lost sales or profits caused by discrimination or show a substantial difference in price between sales by the defendant to plaintiff and sales by defendant to other competing purchasers over a significant period of time. This proof of a reasonable possibility of harm to competition can be overcome or rebutted if you find that defendant proved that any lost sales or profits were not caused by the price differential but were caused by some other factor or factors." Model Jury Instruction 10, Seller Liability - § 2(a), at E-22. Accordingly, both plaintiffs and defendants in a Robinson-Patman Act case are interested in determining whether any lost sales by the plaintiffs were caused by price discrimination.

9. The first step in such an analysis is to determine which firms compete with the plaintiff. Because this case involves the sale of gasoline, an important issue will be the size of

the geographic markets in which Plaintiffs' gas stations compete.  The purpose of Question 9 is to obtain information on this topic.  Question 9 seeks information concerning who competes with Plaintiffs' gas stations by inquiring what gas stations Dillon takes into consideration when it sets its prices.  Similar information is sought in questions 10 e, f, g, h, i, n, o, p and q.

10. Once the geographic market is defined, it is necessary to determine whether plaintiffs lost sales due to the price discrimination.  Question 8 seeks information concerning Dillon's prices to consumers which are impacted by Suncor's prices to Dillon.  The information requested in Question 7 is necessary to determine whether customer switching can be traced to the price discrimination.  More generally, questions 10 a, b, c, d, i, k, and m seek information about the relationship of sales to price differentials caused by the alleged price discrimination.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 11, 2012.

*s/ Mark A. Glick*

_____
Mark A. Glick