IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

**PLAINTIFFS' MOTION TO RESTRICT ACCESS TO EXHIBIT 1 TO PLAINTIFFS' RESPONSE TO MOTION TO QUASH OR MODIFY SUBPOENA FILED BY DILLON COMPANIES, INC.**

---

Plaintiffs Western Convenience Stores, Inc. ("WCS") and Western Truck One, LLC ("WTO"), by and through their undersigned counsel, move as follows pursuant D.C.COLO.L.CivR 7.2.B for an order of Level 1 restriction on access to Exhibit 1 to Plaintiffs' Response to Motion to Quash or Modify Subpoena Filed by Dillon Companies, Inc. (Doc. 71).

---

**CERTIFICATION OF COMPLIANCE WITH D.C.COLO.L.CivR 7.1.A**

Pursuant to Local Rule 7.1.A, the undersigned certifies that counsel for Plaintiffs has conferred with counsel for Suncor regarding the filing of this motion and he does not object to the relief sought herein.

## MOTION AND RELIEF SOUGHT

1. Local Rule 7.2.B permits motions to restrict public access to documents filed with the Court. The rule requires the movant to "[a]ddress the interest to be protected and why such interest outweighs the presumption of public access," and "identify a clearly defined and serious injury that would result if access is not restricted." D.C.COLO.LCivR 7.2.B.2–3. The rule further requires the movant to "explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits). *Id.* at 7.2.B.4.

2. Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness. *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that where records contain "sources of business information that might harm a litigant's competitive standing," the court may limit public access); *see also Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010) (preservation of trade secrets is a circumstance that overcomes the presumption of openness of judicial proceedings).

3. On June 11, 2012, Plaintiffs filed their Response to Motion to Quash or Modify Subpoena Filed by Dillon Companies, Inc. ("Response"). *See* Doc. 71. Attached to the Motion are Exhibits 1 through 4. *Id.* Suncor has designated the information contained in Exhibit 1 as "Confidential" information, pursuant to the Protective Order. *See* Protective Order, Doc. 49, at ¶¶ 3-4.

4. Exhibit 1 contains a listing of Suncor's top ten unbranded fuel purchasers by volume in U.S. gallons for the years 2008 through 2010, which Suncor asserts is confidential

information in that it is sensitive business information relating to Suncor's customers. Suncor asserts that disclosing this information to the public may result in serious injury to Suncor's business interest.

5.  Suncor asserts that only restricted access will adequately protect the sensitive information because Exhibit 1 cannot be summarized without identifying the information sought to be protected by this Motion. Suncor asserts that redacting portions of Exhibit 1 is not a reasonable solution because the vast majority of the Exhibit will need to be redacted. Thus, according to Suncor, restricting access is the only practicable solution to protecting Suncor's sensitive business information.

WHEREFORE, Plaintiffs request an order of Level 1 restriction on access to Exhibit 1 to Plaintiffs' Response to Motion to Quash or Modify Subpoena Filed by Dillon Companies, Inc.

June 15, 2012                                            *s/ Kathleen E. Craigmile*

　　　　　　　　　　　　　　　　　　　　　　　　　　Kenneth R. Bennington
　　　　　　　　　　　　　　　　　　　　　　　　　　Kathleen E. Craigmile
　　　　　　　　　　　　　　　　　　　　　　　　　　Adam F. Aldrich
　　　　　　　　　　　　　　　　　　　　　　　　　　BENNINGTON JOHNSON BIERMANN
　　　　　　　　　　　　　　　　　　　　　　　　　　& CRAIGMILE, LLC
　　　　　　　　　　　　　　　　　　　　　　　　　　370 17th Street, Suite 3500
　　　　　　　　　　　　　　　　　　　　　　　　　　Denver, CO 80202
　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (303) 629-5200
　　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (303) 629-5718
　　　　　　　　　　　　　　　　　　　　　　　　　　*kec@benningtonjohnson.com*
　　　　　　　　　　　　　　　　　　　　　　　　　　*krb@benningtonjonson.com*
　　　　　　　　　　　　　　　　　　　　　　　　　　*afa@benningtonjohnson.com*
　　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs and Third-Party Defendants*

**11-cv-01611-MSK-CBS:  PLAINTIFFS' MOTION TO RESTRICT ACCESS TO EXHIBIT 1 TO PLAINTIFFS' RESPONSE TO MOTION TO QUASH OR MODIFY SUBPOENA FILED BY DILLON COMPANIES, INC.**

Page 3

## CERTIFICATE OF SERVICE

I hereby certify that, on June 15, 2012, copies of the foregoing **PLAINTIFFS' MOTION TO RESTRICT ACCESS TO EXHIBIT 1 TO PLAINTIFFS' RESPONSE TO MOTION TO QUASH OR MODIFY SUBPOENA FILED BY DILLON COMPANIES, INC.** was served on the following parties via e-mail:

| | |
|---|---|
| Anthony J. Shaheen | J. Robert Robertson |
| Keeya M. Jeffrey | William L. Monts III |
| Holland & Hart LLP | Hogan Lovells US LLP |
| 555 17th Street, Suite 3200 | 555 Thirteenth Street, N.W. |
| Denver, CO 80201-8749 | Washington, D.C. 20004-1109 |
| AJShaheen@hollandhart.com | robby.robertson@hoganlovells.com |
| KMJeffrey@hollandhart.com | william.monts@hoganlovells.com |

*s/ Marie Newberger*

**11-cv-01611-MSK-CBS:  PLAINTIFFS' MOTION TO RESTRICT ACCESS TO EXHIBIT 1 TO PLAINTIFFS' RESPONSE TO MOTION TO QUASH OR MODIFY SUBPOENA FILED BY DILLON COMPANIES, INC.**

Page 4