| | |
|---|---|
| **From:** | Kenneth Bennington |
| **Sent:** | Thursday, May 31, 2012 5:17 PM |
| **To:** | Anthony Shaheen |
| **Cc:** | Kate Craigmile; Adam Aldrich |
| **Subject:** | Suncor Customers |

Tony,

WCS asks that Suncor respond to discovery relating to these Suncor customers from the lists you previously provided:

1. Truman Arnold Companies (including TAC Energy, FMI Contract and FMI Rack);
2. DATS Trucking;
3. Carter Energy, Inc.;
4. Sapp Bros. Inc. (including Sapp Bros. Travel Centers, Inc. and SB Fuels of Wyoming, Inc.);
5. Western Petroleum Co. (including Western Petroleum Company and Western Petroleum, Inc.);
6. Southern Counties Oil Co.
7. Dooley Oil, Inc.
8. Pilot Travel Centers, LLC (including Flying J Travel Centers).

In addition, WCS asks that Suncor supplement its discovery responses relating to the Kroger Companies. Our understanding is that the original production was limited to 2011. We now expect Suncor to enlarge the scope of production back to the inception of Suncor's relationship with Kroger. Mr. Moss testified that Suncor responded to a Kroger solicitation for a bid sometime before Kroger became a Suncor customer in 2009. However, we are not aware of any documents yet produced relating to that bid process or the Kroger contract negotiations with Suncor. In other words, Suncor is requested to produce all documents within the scope of the WCS discovery requests beginning with earliest documents that relate in any way to the Kroger solicitation leading to its contract with Suncor.

I received your message about the challenge to highly confidential document designations. Let's talk as soon as convenient after 9:30a tomorrow.

*KRB*



**BENNINGTON JOHNSON** ATTORNEYS AT LAW | BENNINGTON JOHNSON BIERMANN & CRAIGMILE LLC

3500 Republic Plaza | 370 17th Street | Denver | Colorado | 80202 | 303.629.5200 | www.benningtonjohnson.com

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, may contain information that is confidential and/or legally privileged and is intended solely for the use of the named recipient.

> **Reply in Support of Motion to Compel Exhibit 4**