**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

      Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

      Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

      Third-Party Defendants.

---

**PLAINTIFFS' <u>UNOPPOSED</u> MOTION TO RESTRICT ACCESS TO CERTAIN EXHIBITS ATTACHED TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL**

---

Plaintiffs Western Convenience Stores, Inc. ("WCS") and Western Truck One, LLC ("WTO"), by and through their undersigned counsel, move as follows pursuant D.C.COLO.L.CivR 7.2.B for an order of Level 1 restriction on access to certain exhibits attached to Plaintiffs' Reply in Support of Motion to Compel (Doc. 81).

---

**CERTIFICATION OF COMPLIANCE WITH D.C.COLO.L.CivR 7.1.A**

Pursuant to Local Rule 7.1.A, the undersigned certifies that counsel for Plaintiffs has conferred with counsel for Suncor regarding the filing of this motion and he does not object to the relief sought herein.

---

## MOTION AND RELIEF SOUGHT

1.      Local Rule 7.2.B permits motions to restrict public access to documents filed with the Court.  The rule requires the movant to "[a]ddress the interest to be protected and why such interest outweighs the presumption of public access," and "identify a clearly defined and serious injury that would result if access is not restricted." D.C.COLO.LCivR 7.2.B.2–3.  The rule further requires the movant to "explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits).  *Id.* at 7.2.B.4.

2.      Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness.  *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that where records contain "sources of business information that might harm a litigant's competitive standing," the court may limit public access); *see also Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010) (preservation of trade secrets is a circumstance that overcomes the presumption of openness of judicial proceedings).

3.      On June 20, 2012, Plaintiffs filed their Reply in support of their Motion to Compel. ("Reply").  *See* Doc. 71.  Attached to the Reply are Exhibits 1 through 15.  *Id*.  Exhibits 2-3, 5-9 and 11-14 contain information designated as either "Confidential" or "Highly Confidential" information, pursuant to the Protective Order.  *See* Protective Order, Doc. 49, at ¶¶ 3-4.

4.      Exhibit 2 contains a listing of Suncor's top ten unbranded fuel purchasers by volume in U.S. gallons for the years 2008 through 2010, which Suncor asserts is confidential

information in that it is sensitive business information relating to Suncor's customers.  Suncor asserts that disclosing this information to the public may result in serious injury to Suncor's business interest.

5.      Exhibit 3 contains excerpts of a transcript setting forth deposition testimony from the deposition of Steve Moss on May 25, 2012.  Mr. Moss' testimony reveals information relating to Suncor's customers and business practices which Suncor asserts is confidential information.  Suncor asserts that disclosing this information to the public may result in serious injury to Suncor's business interest.

6.      Exhibit 5 is an email string among Suncor employees which contains information relating to discounts to certain of Suncor's customers, which Suncor asserts is highly confidential information in that it is sensitive business information relating to Suncor's customers.

7.      Exhibit 6 is an email string among Suncor employees which contains information relating to discounts to certain of Suncor's customers, which Suncor asserts is highly confidential information in that it is sensitive business information relating to Suncor's customers.

8.      Exhibit 7 is an email string among Offen Petroleum and Suncor employees, which Suncor asserts is highly confidential information in that it is sensitive business information relating to Suncor's customers.

9.      Exhibit 8 is a request for cash transfer for one of Suncor's customers, Carter Energy, Inc., which Suncor asserts is confidential information in that it is sensitive business information relating to its customer.

10.     Exhibit 9 is an email with an attached document entitled "2010 Unbranded Discounts, Demand & Noms," which Suncor asserts contains highly confidential information in that it is sensitive business information relating to Suncor's customers.

11.     Exhibit 11 is an email among Suncor employees with an attached document entitled "Daily Fuel Report," which Plaintiffs filed as restricted in anticipation that Suncor would assert that it contains confidential information pertaining to its customers.

12.     Exhibits 12 through 14 are Confirmations of Purchase/Sale Agreements between Suncor and Western Convenience Stores, Inc., which Suncor asserts contain confidential information in that it is sensitive business information.

13.     Suncor asserts that only restricted access will adequately protect the sensitive information because Exhibits 2-3, 5-9 and 11-14 cannot be summarized without identifying the information sought to be protected by this Motion.  Suncor asserts that redacting portions of Exhibits 2-3, 5-9 and 11-14 is not a reasonable solution because the vast majority of the Exhibits will need to be redacted.  Thus, according to Suncor, restricting access is the only practicable solution to protecting Suncor's sensitive business information.

WHEREFORE, Plaintiffs request an order of Level 1 restriction on access to exhibits 2-3, 5-9 and 11-14 attached to Plaintiffs' Reply in Support of Motion to Compel.

Dated: July 5, 2012                          s/ Kathleen E. Craigmile

_____
Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON
BIERMANN & CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart PC
1225 Seventeenth Street, 29th Floor
Denver, CO  80202-5529
Telephone:  (303) 572-9300

*Attorneys for Plaintiffs and Third-Party Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 5, 2012, copies of the foregoing **PLAINTIFFS' MOTION TO RESTRICT ACCESS TO CERTAIN EXHIBITS ATTACHED TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL** was served on the following parties via the CM/ECF filing system:

Anthony J. Shaheen
Keeya M. Jeffrey
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80201-8749
AJShaheen@hollandhart.com
KMJeffrey@hollandhart.com

J. Robert Robertson
William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart PC
1225 Seventeenth Street, 29th Floor
Denver, CO  80202-5529
pbledsoe@polsinelli.com
jvanlandingham@polsinelli.com

*s/ Marie Newberger*

_____