IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

## JOINT MOTION TO ENLARGE THE REMAINING DEADLINES IN THE SCHEDULING ORDER

Plaintiffs Western Convenience Stores, Inc. ("WCS") and Western Truck One, LLC ("WTO"), by and through their undersigned counsel, and Defendant Suncor Energy (U.S.A.) Inc., by and through its undersigned counsel, hereby move to Enlarge the Remaining Deadlines in the Scheduling Order.

### SUMMARY OF MOTION

Plaintiffs and Suncor request the following amendments to the remaining deadlines in the Scheduling Order:

- Affirmative Expert Disclosures – **December 10, 2012** (currently August 1, 2012);
- Discovery Cut-off – **December 31, 2012** (currently October 30, 2012);

- Dispositive Motions Deadline – **January 7, 2013** (currently December 1, 2012); and

- Rebuttal Expert Disclosures – **January 24, 2013** (September 15, 2012).

Good cause exists for extending the aforementioned deadlines as key documents necessary for the prosecution of this lawsuit have not been produced. Those documents are due to be produced by Suncor in various stages on or before August 9, 2012, which is after the deadline for the parties to designate affirmative experts. Moreover, Plaintiffs have not yet received documents subpoenaed from various customers of Suncor, e.g. Kroger.

Plaintiffs' experts and Suncor's experts will rely on the documents to form their opinions about injury to competition, antitrust injury, damages and other issues in this case. As a result, the remaining deadlines on the Scheduling Order, including the date for affirmative expert reports, rebuttal expert reports, the discovery cut-off, and the deadline for dispositive motions must be amended.

## BACKGROUND

A scheduling conference in this matter was held on November 10, 2011. On November 17, 2011 the Court entered a Scheduling Order (Doc. 28) establishing the following deadlines, among others: an affirmative expert designation deadline of August 1, 2012; rebuttal expert disclosures on September 15, 2012; a discovery cut-off date of October 30, 2012; and a dispositive motions deadline of December 1, 2012. A trial date has not been set.

On February 29, 2012, Plaintiffs submitted their First Set of Interrogatories and Requests for Production of Documents to Suncor. Suncor responded to Plaintiffs' discovery requests on April 4, 2012. Thereafter, Plaintiffs' filed a Motion to Compel (Doc. 52). On June 25, 2012 that the Court ordered Suncor to produce financial documents responsive to Plaintiffs' discovery and

defined and limited the scope of discovery, resolving the disagreement between the parties.. *See* Doc. 84, Courtroom Minutes. Portions of the requested financial documents have been produced by Suncor. The remaining financial documents, which are voluminous, are due from Suncor on or before August 9, 2012.

In addition to written discovery now to be produced by Suncor after the affirmative expert deadline, Plaintiffs issued subpoenas to Suncor customers, including Dillon Companies (April 27, 2012), Sapp Brothers (June 6, 2012), Truman Arnold Companies (June 19, 2012), and Pilot Travel Centers, LLC (June 19, 2012). Plaintiffs have not yet received all of those documents.

The information sought from the subpoenaed Suncor customers is necessary for the experts to determine how many customers switched from WCS to the Suncor customers based on Suncor's pricing to its customers. Moreover, the information is necessary for Plaintiffs' experts and Suncor's experts to determine whether any lost sales alleged by WCS were caused by the alleged price discrimination directed at the favored customers-- specifically, whether WCS can establish lost sales or profits caused by Suncor's alleged price discrimination or show a substantial difference in price between sales by Suncor to WCS and sales by Suncor to favored retailers over a significant period of time.

The remaining information sought from the Suncor customers is necessary and relevant for the experts to determine the size of the markets in which WCS's gas stations compete and whether WCS lost sales due to the alleged price discrimination within those markets; whether customer switching can be traced to the alleged price discrimination; and the relationship of sales to price differentials caused by the alleged price discrimination.

## LAW AND ANALYSIS

### A. Standard of review

For good cause shown, the court may grant a motion modifying or enlarging the deadlines in the scheduling order. *See* Fed. R. Civ. P. 16(b)(4); *see also* D.COLO.LCivR. 16.1 ("The schedule established by a scheduling order shall not be modified except upon a showing of good cause and by leave of court"). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice of the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000); *Am. Canine Found. v. City of Aurora*, No. 06-cv-01510-WYD-BNB, 2008 WL 3285257, *1-2 (D. Colo. Aug. 7, 2008). A party's failure to respond to discovery requests or assert timely objections to those requests constitutes good cause for modifying a scheduling order. *See, e.g.*, *Heil v. Belle Starr Saloon & Casino,* No. CIV. 09–5074–JLV, 2011 WL 1256859, at *11 (D.S.D. Mar. 30, 2011).

### B. Good cause exists to extend the deadline for designating expert witnesses

Since the outset of this case, the parties have diligently conducted discovery. Within days of the Scheduling Conference, Plaintiffs' ESI expert, Michael Horwith, began meeting with Suncor's representative in an effort to prepare queries and to search electronic databases for relevant documents. The time expended to prepare the initial query of Plaintiffs' and Suncor's ESI databases and their legacy systems was greater than expected. Nonetheless, the parties have been producing relevant documents since the early stages of this lawsuit.

The primary delay can be attributed to the disagreement over Plaintiffs' First Set of Interrogatories and Requests for Documents, which has since been resolved.

Contemporaneously with the attempt to obtain discovery from Suncor, Plaintiffs sought information from other sources, namely Suncor's customers. While some of the Suncor customers have been working with Plaintiffs to produce the requested information, Dillon Companies, the primary customer at issue in this lawsuit, has not. Dillon Companies filed a Motion to Quash (Doc. 57) which has been heard by the Court.

The discovery dispute between Plaintiffs and Dillon Companies has yet to be resolved despite the best efforts of Plaintiffs to revise and refine their requests of Dillon Companies. Thus, Plaintiffs and Suncor have been diligent in their efforts throughout discovery. As the parties have shown good cause for enlarging the deadlines in the Scheduling Order, the Court should grant the Joint Motion to Enlarge the Remaining Deadlines in the Scheduling Order.

WHEREFORE, the parties respectfully request that the Court amend the Scheduling Order as follows:

1. Affirmative Expert Disclosures – **December 10, 2012**;

2. Discovery Cut-off – **December 31, 2012**;

3. Dispositive Motions Deadline – **January 7, 2013**; and

4. Rebuttal Expert Disclosures – **January 24, 2013**.

Dated: July 27, 2012.

| | |
|---|---|
| */s/ Kathleen E. Craigmile* | */s/ Anthony J. Shaheen* |
| _____ | _____ |
| Kenneth R. Bennington | Anthony J. Shaheen |
| Kathleen E. Craigmile | Keeya M. Jeffrey |
| Adam F. Aldrich | Holland & Hart LLP |
| BENNINGTON JOHNSON | 555 17th Street, Suite 3200 |
| BIERMANN & CRAIGMILE, LLC | Denver, CO 80201-8749 |
| 370 17th Street, Suite 3500 | AJShaheen@hollandhart.com |
| Denver, CO 80202 | KMJeffrey@hollandhart.com |
| Telephone: (303)629-5200 | |
| krb@benningtonjohnson.com | |
| afa@benningtonjohnson.com | |
| | |
| Philip W. Bledsoe | J. Robert Robertson |
| Joseph T. VanLandingham | William L. Monts III |
| Polsinelli Shughart PC | Hogan Lovells US LLP |
| 1225 Seventeenth Street, 29th Floor | 555 Thirteenth Street, N.W. |
| Denver, CO 80202-5529 | Washington, D.C. 20004-1109 |
| pbledsoe@polsinelli.com | robby.robertson@hoganlovells.com |
| jvanlandingham@polsinelli.com | william.monts@hoganlovells.com |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that, on July 27, 2012, copies of the foregoing **JOINT MOTION TO ENLARGE THE REMAINING DEADLINES IN THE SCHEDULING ORDER** was served on the following parties via the CM/ECF filing system:

Anthony J. Shaheen
Keeya M. Jeffrey
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80201-8749
AJShaheen@hollandhart.com
KMJeffrey@hollandhart.com

J. Robert Robertson
William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart PC
1225 Seventeenth Street, 29th Floor
Denver, CO  80202-5529
pbledsoe@polsinelli.com
jvanlandingham@polsinelli.com

*s/ Marie Newberger*

5698891_1.DOCX