#### IN THE UNITED STATES DISTRICT COURT
#### DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

### DILLON'S STATUS REPORT RE: PLAINTIFFS' SUBPOENA

---

    Dillon Companies, Inc. ("Dillon") submits the following status report to apprise the Court of the Parties' efforts to resolve the issues raised by Dillon's Motion to Quash or Modify the Subpoena that Plaintiffs served on it:

    On August 16, 2012, counsel for Dillon and counsel for Plaintiffs met again in person to further discuss Dillon's ability to provide the documents requested in Plaintiffs' Subpoena. Dillon's counsel explained to Plaintiffs' counsel the information contained in the responses attached hereto as **Exhibit A** in an effort to further explain the time and expense involved in complying with several of Plaintiffs' requests, as well as further describe the bases for Dillon's refusal to produce several categories of documents. Dillon's counsel also explained to Plaintiffs'

counsel Dillon's Subpoena Fee Schedule, attached hereto as **Exhibit B**, and Dillon's E-mail Retention Archiving and Quota Policy, attached hereto as **Exhibit C**.

Dillon maintains its position that Categories 7, 8, 9 and 10 of the Subpoena seek its trade secret information. Factors considered by courts in determining whether a trade secret exists include: (1) the extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business, i.e., by the employees; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information. *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003). When each of those factors are evaluated relative to Categories 7, 8, 9 and 10, those Categories seeks Dillon's trade secret information for the reasons previously articulated in Dillon's Motion to Quash or Modify the Subpoena, Reply in support of that Motion, and at hearing.

Plaintiffs are direct competitors of Dillon in the retail fuel industry and have not demonstrated that Dillon's trade secret information is relevant or necessary to their prosecution of this case. Once a subpoenaed party establishes that the information sought is trade secret information, or otherwise confidential, the burden shifts to the issuing party to establish "that disclosure of the trade secrets is relevant and necessary to the action." *Premier Election Solutions, Inc. v. Systest Labs Incorporated*, 2009 WL 3075597, *8 (D. Colo. 2009); *see also R & D Business Systems v. Xerox Corp.*, 152 F.R.D. 195, 197 (D. Colo. 1993). Such information is afforded extra protection when it may be used against a company by a direct competitor. *Covelo Clothing, Inc. v. Atlandia Imports, Inc.,* 2007 WL 4287731, *1 (D. Colo. 2007).

Notwithstanding the above, Dillon is willing to produce information responsive to Category 8, which seeks the daily pump price at 135 of Dillon's retail fuel sites. As Dillon's counsel has explained to Plaintiffs' counsel, the cost and time involved in compiling such information is massive. Dillon is not willing to produce this information unless Plaintiffs are willing to pay for the cost of compiling it.

Even if Plaintiffs could demonstrate that Dillon's remaining trade secret information is relevant and necessary, Dillon's trade secret information should only be produced under a protective order providing "attorneys' eyes only" protection. Both Plaintiffs and Dillon have cited applicable law on this point, which provides that such protection is appropriate. As such, Dillon would request the entry of a separate protective to cover any of its trade secret information.

Dated this 17th Day of August, 2012

Respectfully submitted,

**MESSNER & REEVES, LLC**

*s/ Scott L. Evans*
Scott L. Evans (#25475)
Andrew A. Smith (#43249)
1430 Wynkoop St., Suite 300
Denver, CO  80202
(303) 623-1800

Attorneys for Dillon Companies, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and copy of the foregoing **DILLON'S STATUS REPORT RE:**

**PLAINTIFFS' SUBPOENA** was served electronically upon the following:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam Aldrich
Benington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver CO  80202

Philip Wayne Bledsoe
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver CO  80202

William Monts, III
John Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-Denver
555 17th Street, Suite 3200
Denver CO  80201

                                        s/ *Jeanine A Montoya*
                                        Jeanine A. Montoya