THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

**STATUS REPORT BY INTERESTED PARTY DILLON COMPANIES, INC. IN COMPLIANCE WITH AUGUST 17, 2012 ORDER OF MAGISTRATE JUDGE**
_____

    Comes now interested party Dillon Companies, Inc. ("Dillon"), by and through its attorneys, Montgomery Little & Soran, P.C., and responds to the August 17, 2012 Order of the Magistrate Judge ("the Order").

Conferral Pursuant to D.C. Colo. L. Civ. R. 7.1(A)

    Because this is a status report and not a motion, Dillon respectfully submits that no conferral is required pursuant to D.C. Colo. L. Civ. R. 7.1(A).  Nevertheless, counsel for Dillon attempted to confer with counsel for Plaintiffs regarding this status report,

1

albeit admittedly after 5:30 p.m., on the date that this status report is filed.  Dillon's counsel views conferral as an ongoing undertaking and will promptly notify the Court should any resolution be achieved concerning the issues addressed in this status report.

While the Order was not reduced to writing[1], Dillon understands that the Order requires that within thirty days of the Order Dillon produce documents responsive to that certain Western Convenience Stores, Inc. and Western Truck One, LLC Subpoena to Produce Documents, Information Or Objects or to Permit Inspection of Premises in this action ("the Subpoena") or, in the alternative, if Dillon cannot produce said documents within the thirty day time period, then Dillon within ten days of the Order must prove the reason(s) for its inability to comply with said production of documents.[2]

**Dillon's Compliance with the Subpoena and the Order**

The numbered paragraphs below correspond with the numbered paragraphs in the Subpoena, Exhibit A appended hereto.

---

[1] Dillon has requested a copy of the August 17, 2012 hearing transcript.  In the interim and while awaiting its receipt, Dillon is relying upon counsel's understanding of the Order as related by its counsel attending the hearing.

[2] This status report is subject to an impending: (A) objection to the Magistrate Judge's Order; (B) request for the Magistrate Judge to reconsider same; and (C) a motion to stay the Magistrate's Judge's Order. Dillon does not hereby admit or waive any matter to be noted therein, including without limitation privilege, work product, and trade secrets.

1. Dillon has produced responsive documents, as noted in the Order.

2. The Court's Order narrowed this request with respect to "four fuel custodians," from January 1, 2009 through May 31, 2011. Dillon requires a list of all potential authors or recipients at Suncor in order to identify Suncor employees to conduct this search. *See* Exhibit B, Declaration of John Phillips Pugh Pursuant to 28 U.S.C. § 1746 ("Pugh Declaration"), Paragraph 8. Assuming that Dillon receives same on or before August 31, 2012, then Dillon would make its best efforts to complete the search as discussed in Paragraph 8 of the Pugh Declaration, and produce the results to Plaintiffs' counsel on or before September 17, 2012.

3. The Court's Order narrowed this request with respect to "four fuel custodians," from January 1, 2009 through May 31, 2011. Again, Dillon requires a list of all potential authors or recipients at Suncor in order to identify Suncor employees to conduct this search. *See* Exhibit A, Declaration of John Phillips Pugh Pursuant to 28 U.S.C. § 1746 ("Pugh Declaration"), Paragraph 9. Assuming that Dillon receives same on or before August 31, 2012, then Dillon would make its best efforts to complete this search and produce the results to Plaintiffs' counsel on or before September 17, 2012.

4. Dillon has produced responsive documents, as noted in the Order.

5. The Order narrowed the time frame in issue to January 1, 2009 through May 31, 2011. Dillon cannot comply by September 17, 2012 for the reasons stated in Paragraphs 5-12 of the Declaration of Jennifer McClenahan 28 U.S.C. § 1746 ("McClenahan Declaration") (Exhibit C) and Paragraph 11 of the Pugh Declaration.

6. Per the Order this request is subsumed in Item No. 5 above.

7. The Order narrowed the time frame in issue to November 18, 2011 through May 18, 2012. Upon information and belief, Dillon does not have any information or documents that will identify customers by both zip code and the last four digits of the customer's credit or debit card number for fuel purchases. Paragraph 12 of Pugh Affidavit. However, Dillon is continuing to investigate whether this information may be available. *Id.*

8. The Order narrowed the time frame in issue to January 1, 2009 through May 31, 2011 with respect to "four fuel custodians." Upon information and belief, Dillon does not have daily pump price information for convenience stores owned by Dillon, including without limitation, Loaf N' Jug. Pugh Affidavit Paragraph 13. Dillon has limited information regarding the daily pump price for Dillon owned supermarkets and grocery fuel centers. *Id.* Dillon will attempt to produce such information on or before September 17, 2012 to the extent it is able to do so, subject to the Court's Order, applicable privileges, attorney work product, and trade secrets.

9. The Order narrowed the time frame in issue to January 1, 2009 through May 31, 2011 with respect to "four fuel custodians." Upon information and belief, Dillon does not have fuel price survey information for convenience stores owned by Dillon, including without limitation Loaf N' Jug. Pugh Affidavit, Paragraph 14. Any available information would be very limited and unreliable. *Id.* Dillon has fuel price survey information for Dillon owned supermarket fuel centers. *Id.* at Paragraph 15. Dillon will

4

attempt to produce such information on or before September 17, 2012 to the extent it is able to do so, subject to the Court's Order, applicable privileges, attorney work product, and trade secrets.

    10.    Upon information and belief, Dillon is in compliance with the Subpoena as modified.

The information requested by the Subpoena may contain trade secret, privileged or work product information.

Dillon diligently continues to attempt to comply with the Court's Order if and when possible. Counsel for Dillon will continue to update the Court regarding these issues as this matter progresses.

    Dated:  August 27, 2012.

    s/ Michael R. McCormick
*Christopher A. Taravella*, #7790
*Michael R. McCormick*, #33682
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Phone Number: (303) 773-8100
Fax Number: (303) 220-0412
E-mail:  ctaravella@montgomerylittle.com
          mmccormick@montgomerylittle.com
Attorneys for Dillon Companies, Inc.
Interested Party

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO  80202

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-D enver
555 17th Street, Suite 3200
Denver, CO  80201

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO  80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

s/ Michael R. McCormick
*Christopher A. Taravella*, #7790
*Michael R. McCormick*, #33682
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Phone Number: (303) 773-8100
Fax Number: (303) 220-0412
E-mail:  ctaravella@montgomerylittle.com
          mmccormick@montgomerylittle.com
Attorneys for Dillon Companies, Inc.
Interested Party