SCOTT L. EVANS
sevans@messner.com

DIRECT DIAL:
(303) 405-4192

August 17, 2012

**Via E-Mail to KRB@benningtonjohnson.com**

Kenneth Bennington
Bennington, Johnson, Bierman & Cragmile, LLC
3500 Republic Plaza, 370 17th St.
Denver, CO 80202

   Re: *Western Convenience Stores, Inc. et al. v. Suncor Energy (U.S.A.) Inc.*, 11-cv-01611-MSK-CBS; Subpoena to the Dillon Companies

Mr. Bennington:

  Please find enclosed copies of documents that Dillon Companies, Inc. ("Dillon") has agreed to produce in response to the subpoena served on it by the plaintiffs in the above-referenced action.

  With regard to Category 1 of the Subpoena, which requests various contract documents between Dillon and Suncor, Dillon reviewed the list of contract documents that Plaintiffs received from Suncor and located three contract documents that did not appear on that list. The additional contracts are produced as follows:

1. October 1, 2010 Product Purchase/Sale Agreement (Dillon – 000001 – 000007).

2. July 12, 2011 Product Purchase/Sale Agreement (Dillon – 000008 – 000014).

3. April 2, 2012 Confirmation of Purchase/Sale Agreement (Dillon – 000015 – 000016).

  With regard to Subpoena Category 4, Dillon maintains separate lists of grocery store fuel locations and convenient store fuel locations. Dillon is producing the following two lists in response to Category 4:

4. List of Colorado and Nebraska Kroger/King Soopers Fuel Sites (Dillon – 000017 – 000018).

5. List of Colorado and Nebraska Loaf 'N Jug Fuel Sites (Dillon – 000019 – 000025).

**Exhibit 2**

{00937747 / 1}

Kenneth Bennington
August 17, 2012
Page 2

     Kroger will not produce additional documents until you agree to pay its reasonable expenses, including copying costs, and compensation-related expenses of employees and retained contractors of Kroger who must devote time to search for documents responsive to the Subpoena. A copy of this fee schedule is enclosed and any agreement we may reach is contingent upon your agreement to comply with this fee schedule. The Federal Rules of Civil Procedure specifically protect non-party subjects of subpoenas from undue burden and expense, and courts interpreting the rules mandate that non-parties be reimbursed for their expenses. See Standard Chlorine of Delaware, Inc. v. Sinibaldi (D. Del. 1992), 821 F. Supp. 232, 262-265 (allowing a non-party reasonable reimbursement for production and copying costs, including reimbursement for the services of employees making the copies); and United States v. American Broadcasting Co. (C.D. Calif. 1984), 103 F.R.D. 365, 370-375 (allowing reimbursement for employees of the non-party witness, including in-house attorneys, that worked on document production rather than their regular duties and for office equipment, supplies and transportation used in the document production).

     Categories 2 and 3 seek various correspondences from January 1, 2008, to present. Kroger, as the parent company of Dillon, has an e-mail retention policy under which most or all of these may no longer available. In addition, Dillon currently has limited capability to search the e-mails that may still exist. Provided Plaintiffs are willing to pay for the searches then Dillon is willing to undertake those searches.

     With respect to the remainder of the requests, Dillon continues to believe that the requests are overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and an unfair and inappropriate fishing expedition.

     The acquisition of documents requested in Category 5 involve significant time and expense. This time and expense is due to the fact that most of the responsive documents are available only in paper form and are not organized in a way that Dillon will be able to easily locate the requested documents. It will likely take months if not a year or more to locate the requested documents because the search will need to be done by employees who have other full time jobs. If Plaintiffs are willing to pay for the location of these documents and are willing to wait for the time that it will take to search for these documents then Dillon is willing to undertake the search.

     Dillon maintains that there are no responsive documents in request Category 6 beyond those that may be found in Categories 2 and 5.

     Dillon maintains its position of withholding documents responsive to Categories 7 and 9 on the grounds that these documents constitute Dillon's trade secrets. Plaintiffs have not demonstrated how these documents are relevant or necessary to their case. While Dillon maintains that documents responsive to Category 8 are also trade secrets, Dillon is willing to

Kenneth Bennington
August 17, 2012
Page 3

produce those documents if Plaintiffs are willing to pay for the significant cost of production. With regard to Category 10, Dillon has no responsive documents.

Nothing herein is intended or should be construed as any type of express or implied waiver or limitation of any of Kroger's rights, claims, objections, or defenses in connection with the Subpoena, all of which are hereby expressly reserved by Kroger.

MESSNER & REEVES, LLC

*[signature]*

Scott L. Evans

{00937747 / 1}