AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

1

# UNITED STATES DISTRICT COURT
for the
District of Colorado ▼

| Western Convenience Stores, Inc., et al | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 11-cv-01611-MSK-CBS |
| Suncor Energy (U.S.A.) Inc. | ) | |
| | ) | (If the action is pending in another district, state where: ▼ ) |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: DILLON COMPANIES, INC. c/o Registered Agent, Corporation Service Company

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: *See Exhibit 1 attached hereto.*

| Place: Bennington Johnson Biermann & Craigmile, LLC<br>370 17th Street, Suite 3500, Denver, CO 80202 | Date and Time:<br>05/18/2012 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___04/26/2012___

CLERK OF COURT

OR  [signature]

_____   _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Western Convenience Stores, Inc. and Western Truck One, LLC__, who issues or requests this subpoena, are:
Kenneth R. Bennington; Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500, Denver, CO 80202

# EXHIBIT A

# EXHIBIT 1

The documents and information requested by Plaintiffs are set forth below, subject to the following definitions:

"You," "Your," or "Company" shall mean and refer to The Kroger Company, Dillon Companies, Inc. and their subsidiaries, affiliates, and related entities, including but not limited to *King Soopers, City Market*, and *Loaf 'N Jug*.

"Suncor" shall mean and refer to Suncor Energy (U.S.A), Inc. and all of its subsidiaries, affiliates, and related entities.

"Contract Documents" shall mean and include all written agreements and understandings between You and Suncor for the purchase of Fuel for sale at retail.

"Discount" shall mean and include all rebates, discounts, off-invoice consideration, kickbacks, credits, allowances and other things of value granted to You by Suncor regardless of whether reflected on an invoice and regardless of when received in relation to a purchase of Fuel.

"Document" and "Documents" shall mean and include all manner of exemplification of information in the broadest sense provided for by the Federal Rules of Civil Procedure, including all means and media used for representation, exemplification, depiction or illustration of words, data or information. The term shall mean and include the originals, the best available copies when originals are not available, and all non-identical copies and drafts whether different because of notes made thereon or otherwise, and whether executed or unexecuted, of all printed, typewritten, or handwritten matter or reproduction thereof of whatever character or other graphic matter of any kind or nature. Documents shall also mean and include computer records, email records, mechanical and electronic sound recordings or transcripts thereof, in electronic or other form. It shall also mean all photographs, video recordings and audio recordings. It shall also mean all copies of Documents by whatever means made.

"ESI" shall mean and refer to electronically stored information as referred to in F.R.C.P 26, including information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software. ESI includes, but is not limited to, data contained in electronic spreadsheets and databases.

"Communication" means all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, telephone conversations, letters, correspondence, e-mails, notes, telegrams, telexes, faxes, or other forms of communication including, but not limited to, both oral and written communication.

"Fuel" shall mean and include all formulations of gasoline and diesel fuel sold by Suncor, whether branded or unbranded, to You.

"Pertinent Geographic Area" shall mean and include Colorado and the area of Nebraska within a 25 mile radius of the towns of Sidney, Ogallala and Hershey.

"Pertinent Time Frame" shall mean and include January 1, 2007 to the present.

"Net Price" shall mean and include the price paid by You to Suncor net of all Discounts.

Pursuant to F.R.C.P. 45(a)(1)(D), You shall produce the following categories of documents and information at the time, date, and place set forth in the attached subpoena:

1. For the Pertinent Time-frame and Geographic Area, all Contract Documents between you and Suncor.

2. For the Pertinent Timeframe and Geographic Area, all Communications between You and Suncor referring or relating to any Discount.

3. For the Pertinent Timeframe, all Communications between You and Suncor relating to Western Convenience Stores.

4. For the Pertinent Timeframe and Geographic Area, such ESI or other Documents as will identify all retail sites, locations and outlets (collectively, "Retail Sites") where You sold Fuel at retail.

5. For the Pertinent Timeframe and Geographic Area, such ESI or other Documents as will identify the Net Price for each delivery of Fuel purchased by You from Suncor. In responding to this request, include such ESI or other Documents as will identify the:

    a. Contract Documents associated with the delivery;
    b. the bill of lading number;
    c. the date of the delivery;
    d. the net price paid per gallon;
    e. all Discounts received;
    f. the Fuel type (regular or premium gasoline, E85 or diesel);
    g. the Retail Site(s) to which the Fuel was delivered; and
    h. the net and gross quantity of Fuel delivered.

6. For the Pertinent Timeframe and Geographic Area, such ESI or other Documents as will identify all Discounts received by You from Suncor relating in any way to Fuel purchased by You for sale at retail.

7. For the Pertinent Timeframe and Geographic Area, such ESI as will identify by zip code and the last 4 digits of the credit or debit card number, each customer on each credit or debit card purchase of Fuel from You at retail.

8. For the Pertinent Timeframe and Geographic Area, such ESI and other Documents as will disclose the daily pump price at each of Your Retail Sites for each Fuel type (regular or premium gasoline, E85 or diesel).

9. For the Pertinent Timeframe and Geographic Area, such ESI and other Documents as will disclose the results of all retail Fuel Price surveys done by You or on Your behalf, or on which You rely.

10. All reports and research, studies, examinations, investigations, surveys or analysis ("Research") done by You or on Your behalf relating to the characteristics of consumer demand for Fuel, or competition at the retail level, such as:
    a. price elasticity;
    b. demand elasticity;
    c. factors affecting demand elasticity for Fuel;
    d. the impact of Fuel prices on sales;
    e. consumer response to price differences between Retail Sites;
    f. effects of brand loyalty and brand recognition on consumer demand and substitution;
    g. definition of the competitive market for retail Fuel outlets
    h. definition of the relevant market around Retail Sites for Fuel sales;
    i. optimal location of retail Fuel outlets in relation to competitors' outlets;
    j. relationship of ancillary merchandise sales to Fuel purchases;
    k. effect of price on consumers' selection of Fuel grade;
    l. determination of local market saturation for retail Fuel outlets;
    m. supply/demand curves for Suncor's gasoline sales by grade;
    n. retail sales lost to competitors;
    o. competitive evaluations;
    p. price checking procedures; and
    q. geographic markets for retail Fuel sales.