THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants,

_____

**DECLARATION OF JENNIFER MCCLENAHAN PURSUANT TO 28 U.S.C. § 1746 ("DECLARATION")**
_____

1.     I am Jennifer McClenahan. I am employed as a Senior Accounting Manager for supermarket fuel and regulatory reporting for Kroger Co. ("Kroger") Accounting Services. Dillon Companies Inc., a/k/a King Soopers ("Dillon"), is a subsidiary of Kroger. Loaf 'N Jug Inc. is a DBA of Mini Mart Inc. which is a Subsidiary of Dillon Companies Inc. I have been in my current position since 2011. From 2007 until 2011, I served as Kroger's Accounts Receivable Department Manager. Before 2007, I served in the Kroger Accounts Receivable Department for over ten years.

**EXHIBIT C**

2. My duties as Senior Accounting Manager presently include overseeing the use of the FuelSmart Accounting System ("FuelSmart") on behalf of Kroger. Fuelsmart is an accounting system for large petroleum retailers that automates petroleum management. Kroger sells fuel to retail customers through grocery fuel centers in super markets and through its convenience stores. FuelSmart is used only for fuel operations at grocery fuel centers Kroger-owned supermarkets.

3. My duties also include overseeing fuel deliveries in Professional Datasolutions Inc./Resource Management Series ("PDI/RMS"). The PDI/RMS system is used to manage fuel operations at Kroger owned convenience stores, including without limitation, Loaf N' Jug.

4. I have reviewed the Subpoena to Produce Documents, Information Or Objects Or to Permit Inspection of Premises in Civil Action 11-cv-01611-MSK-CBS, United States District Court for the District of Colorado, issued by Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC, dated April 26, 2012 ("Subpoena") (Exhibit A).

5. This Declaration addresses requests numbered 5 and 6 of the Subpoena. Dillon is unable to produce this information to Plaintiffs on or before September 17, 2012 for the reasons stated below.

6. Plaintiffs' requests no. 5 & 6 seek information from January 1, 2009 through May 31, 2011. I interpret "Contract Documents" to mean the applicable invoice. Any "Discounts" likewise should appear on the applicable invoice.

7. For the PDI/RMS System, Kroger's system has information electronically available from about May, 2011 until present.  Even at that, to provide such information Kroger would have to prepare reports of this information using a database query tool. Kroger estimates that it would take two weeks to compile this information, prepare a printout of same in .pdf format, and forward it to Kroger's in-house legal department. I estimate that the report would be several thousand pages long.

8. For the PDI/RMS System, information from January 1, 2009 through May, 2011, such information is stored as archived data.  This archived data is so voluminous that it cannot be retrieved, transferred to, and stored on any extant Kroger computer servers.  In order to retrieve and store this information, Kroger would have to purchase three computer servers to store and prepare the archived data in searchable format. Kroger estimates that it would take about nine months to purchase these servers and to build the computer servers to the point at which they could store and search for the requested information.  Kroger must then forward the search results .pdf format and forward it to Kroger's legal department for screening.  The estimated cost for this process is $105,000 for the purchase of the servers and necessary equipment, not including staff time, maintenance, and software licensing costs.  Kroger does not currently have adequate staff to conduct this process, and would have to hire one or more outside consultants to perform same.  In sum, Kroger estimates that it would take approximately ten months to compile this information, prepare a printout of same in .pdf format, and forward it to Kroger's legal department.  Kroger estimates that this report may be several thousand pages in length.

3

9. For FuelSmart, Kroger estimates that it would take two weeks to compile the requested information and forward it to Kroger's legal department for screening. Kroger estimates that this report may be several thousand pages long.

10. Kroger respectfully requests that the Court require the plaintiffs to reimburse Kroger for all costs, fees, and expenses incurred in responding to the Subpoena.

11. My Declaration does not address whether the information requested by the Subpoena is privileged, attorney work product, or constitutes a trade secret. It is my understanding that several items requested in Plaintiffs' requests no. 5 & 6 may very well be Kroger trade secrets and will be separately addressed by declaration or affidavit.

12. When our Department receives a request for confidential information from a third party, we first provide the requested information to Kroger's in-house legal department to screen for privilege, attorney work product, and trade secret.

13. Capitalized terms not defined herein have the same meaning as set forth in the Subpoena.

14. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 27th day of August, 2012.

s/ Jennifer McClenahan

_____

JENNIFER MCCLENAHAN

4