## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

### DECLARATION OF JOHN PHILLIPS PUGH PURSUANT TO 28 U.S.C. § 1746 ("DECLARATION")
_____

1.    My name is John Phillips Pugh.  I am employed as an Investigator in the Law Department of The Kroger Co. ("Kroger").  Dillon Companies Inc., a/k/a King Soopers ("Dillon"), is a subsidiary of Kroger.  Loaf 'N Jug Inc. is a DBA of Mini Mart Inc. which is a subsidiary of Dillon Companies Inc.  I have been in my current position for approximately thirty-three years.

2.    My duties as an Investigator include responding to subpoenas, assisting with document production, and privilege review on behalf of the Kroger Law



**EXHIBIT B**

Department.  I consulted with the Kroger departments responsible for fuel operations, systems and accounting in preparation for this Declaration.

3. I have reviewed the Subpoena to Produce Documents, Information Or Objects Or to Permit Inspection of Premises in a Civil Action issued by Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC in this matter dated April 26, 2012 ("Subpoena") (Exhibit A).

4. My Declaration addresses request numbers 2, 3, 5, 6, 7, 8, and 9 of the Subpoena.  Dillon is unable to produce some of this information to Plaintiffs on or before September 17, 2012 for the reasons stated below.

<u>Request No. 2 (E-mails Related to Discounts)</u>

5. Kroger's Policy for E-mail Retention Archiving and Quota Management is attached as Exhibit B-1.  Each Kroger employee has a "Keep-It" folder. Placing an e-mail in the "Keep-It" folder allows an employee to avoid losing that e-mail through the automatic purging process. When Kroger issues a litigation hold, employees are instructed to review their electronic mailboxes for correspondence that may be implicated by the pending litigation. Employees preserve that correspondence by placing it in their "Keep-It" folders.

6. Kroger does not have advanced eDiscovery tools. This means that e-mails are searchable only through the Microsoft Outlook tool and today can only be searched one personal storage table ("PST") file at a time. Because (A) only one search term can be employed at a time and the resulting selected e-mails must be manually reviewed (B) the Microsoft Outlook search tool is not fully reliable and (C) the Microsoft Outlook

2

search tool does not conduct a forensic search and will not search, preserve, or produce metadata.

7. In order to conduct more advanced searches a third party contractor would have to be engaged. Kroger would have to obtain a specific estimate from a third party contractor to conduct the search. Before a search can be performed by a third party contractor, Kroger would need to locate the contractor, have them vetted, and approved by Kroger's Corporate Information Security department.

8. Kroger would conduct a search using the Microsoft Outlook search tool of the PST files of four custodians of documents at Kroger for e-mails between Dillon and Suncor between 1/1/2009 and 5/31/2011 which contain any of following search terms: "rebate(s), discount(s), off-invoice, kickback(s), credit(s) or allowance(s)." Kroger would require a complete list of all potential authors or recipients at Suncor from Plaintiffs to conduct this search. Assuming Kroger receives same on or before August 31, 2012, then Kroger would make its best efforts to complete this search and produce the results of same to Plaintiffs' counsel on or before September 17, 2012. However, if Kroger does not receive this information, then it may require additional time to produce these documents.

Request No. 3 (E-mails Related to WCS)

9. Request No. 3 is subject to the same limitations as set forth in my response to Request No. 2 above. Kroger would conduct a search using the Microsoft Outlook search tool of the PST files of four custodians of documents at Kroger for e-mails between Dillon and Suncor between 1/1/2009 and 5/31/2011 which contain any of

3

following search terms: "Western Convenience Stores, Western Convenience, Western, WCS, Hossein, Taraghi, Wehrle."

10.     Using the search term "Western" may result in a large number of documents which may delay the search.

<u>Request Nos. 5 & 6 (Invoices Showing Net Price; Invoices Showing Discounts)</u>

11.     After Kroger receives any such documents from its systems or accounting departments in pdf format, the documents would need to be reviewed for privilege and trade secrets and redact any privileged or trade secret information.  Kroger anticipates that any such document production would be several thousand pages.  Depending on the format and the volume of these documents, review and redaction of the documents will take an extended period of time that is impossible to estimate.  The Kroger Law Department does not have adequate resources or staff to conduct this procedure and it would mostly likely need to hire third party services for same.

<u>Request No. 7 (Credit Card Nos. and Zip Codes)</u>

12.     Upon information and belief, Kroger does not have any information or documents that will identify customers by both zip code and the last four digits of the customer's credit or debit card number for fuel purchases.  However, Kroger is continuing to investigate whether this information may be available.

<u>Request No. 8 (Daily Pump Prices)</u>

13.     Upon information and belief, Dillon does not have daily pump price for convenience stores owned by Kroger, including without limitation, Loaf N' Jug.

Kroger has limited information regarding the daily pump price for Kroger operated supermarkets fuel centers.

Request No. 9 (Fuel Price Surveys)

14. Upon information and belief, Dillon does not have fuel price survey information for convenience stores owned by Kroger, including without limitation, Loaf N' Jug.  Any available information would be very limited and unreliable.

15. Kroger has fuel price survey information for Kroger operated supermarket fuel centers. Kroger would attempt to produce such information on or before September 17, 2012 to the extent it is able to do so, subject to the Court's Orders, applicable privileges, and trade secrets.

16. Kroger respectfully requests that the Court require the Plaintiffs to reimburse Kroger for all costs, fees, and expenses incurred in responding to the Subpoena pursuant to Kroger's document production policies and procedures.  See Exhibit B-2, Kroger Law Department Third Party Subpoena Fee Schedule.

17. My Declaration does not address whether the information requested by the Subpoena is privileged, work product, or trade secrets.

18. Capitalized terms not defined herein have the same meaning as set forth in the Subpoena.

19. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 27th day of August, 2012.

        s/ John Phillips Pugh

        _____

        JOHN PHILLIPS PUGH