THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

**SUPPPLEMENT REGARDING STATUS REPORT
BY INTERESTED PARTY DILLON COMPANIES, INC.**
_____

Comes now interested party Dillon Companies, Inc. ("Dillon"), by and through its attorneys, Montgomery Little & Soran, P.C., and submits this supplement regarding its Status Report in Compliance With August 17, 2012 Order of Magistrate Judge (Doc. # 99) and its Reply regarding same (Doc. #108).

## Conferral Pursuant to D.C. Colo. L. Civ. R. 7.1(A)

On Wednesday September 5, 2012, the undersigned counsel met in person with counsel for Plaintiffs to discuss that certain Western Convenience Stores, Inc. and Western Truck One, LLC Subpoena to Produce Documents, Information Or Objects or to Permit Inspection of Premises in this action ("the Subpoena"). The conversation was productive and helped to clarify many issues.

On September 12, 2012, Dillon sent a letter (Exhibit F) to counsel for Plaintiffs to respond in part to the Subpoena.[1]

Counsel for Dillon further conferred with Plaintiffs' counsel via telephone today regarding this matter.

Dillon's counsel views conferral as an ongoing undertaking and will keep the Court apprised of our progress.

---

[1] Dillon is submitting Exhibit F to the Court as a restricted document subject to the Protective Order dated March 12, 2012 (Doc. #49) ("Protective Order"). Dillon will file a motion with the Court seeking leave to file the document as restricted as required by the rules if necessary. Accordingly, the documents produced therein are designated "Highly Confidential Information" pursuant to Paragraph 5(a) of the Protective Order. Dillon does not hereby waive its right to object to the Protective Order. In particular, Dillon believes that certain information requested by the Subpoena is trade secret information that cannot be protected by any protective order.

**Supplement Regarding Dillon's Compliance with the Subpoena and the Order**

Request Nos. 2 & 3[2]

On or about August 31, 2012, Dillon incurred the expense of retaining an outside contractor to search the e-mail PST files of Janette Chambers, Gerald DeHague, Susan Giannola, Laura Green, Rick Krafels, Leana Redden, Ed Sharpe, Arthur Stawski, Chad Thiessen and David Wilson.

After receiving the documents back from the outside contractor, Dillon has begun the process of designating confidential documents responsive to this request in accordance with Paragraph (a) of the Court's Protective Order dated March 12, 2012 (Doc. #49) ("Protective Order").  Dillon is also conducting an ongoing attorney-client privilege and work product doctrine review of same. Dillon's initial review of the documents resulting from the search indicates that the documents may be several thousand pages in length.

Dillon initially believed that "Jessica Stuckey" [as provided by Plaintiffs in Doc # 100, p. 4, footnote 2] was no longer employed by Dillon.  Dillon recently learned that one "Jessica Stucky" is currently employed by Dillon and may have information responsive to this request.  Dillon obtained Ms. Stucky's PST file and recently sent it to the outside contractor to conduct the search.

---

[2] "Request Nos." track the paragraph number of the Subpoena, commencing at p. 3.

Accordingly, Dillon does not believe that it will be able to produce the documents requested on or before September 17, 2012. Dillon will require additional time to comply with the August 17, 2012 Order of the Magistrate Judge ("the Order") regarding this request. The amount of money expended by Dillon in retaining the outside contractor is not yet determined.

Request No. 5

Request No. 5(a)

The requested documents may fall within the ambit of Request Nos. 2 and 3.

Request Nos. 5(b), 5(c), 5(d), 5(f), and 5(g)

On September 13, 2012, Dillon produced a report to Plaintiffs from Dillon's PDI/RMS system for Kroger owned convenience stores (identified in response to Request No. 4, Dillon 000019 - 25) from March 24, 2011 until May 31, 2011 limited to Request Nos. 5(b), 5(c), 5(d), 5(f), and 5(g). Dillon 000026 - 000156. *See* Exhibit F (An excerpt of the report (Dillon 00026 - 000030 and Dillon 000152-156) is attached as Exhibit A thereto).

For the PDI/RMS System (Kroger owned convenience stores), information from January 1, 2009 through March 23, 2011, such information is stored as archived data and would require purchasing three computer servers to store and prepare the archived data in searchable format. *See* Declaration of Jennifer McClenahan Pursuant to 28 U.S.C. § 1746 dated August 27, 2012 ("McClenahan Declaration") (Doc. #108-5), Paragraph 8.

4

Also September 12, 2012, Dillon produced a report from Dillon's FuelSmart system for Dillon operated supermarket fuel centers (identified in response to Request No. 4, Dillon 000017 – 18) from January 1, 2009 until May 31, 2011 limited to Request Nos. 5(b), 5(c), 5(d), 5(f), and 5(g).  Dillon 000157 – Dillon 001468.  See Exhibit F (An excerpt of the report (Dillon 000157 – 000161 and Dillon 001464-1468) is attached as Exhibit B thereto).

<u>Request No. 5(e)</u>

Notwithstanding any caption "discount" on Suncor invoices, Dillon has no information responsive to Request No. 5(e).[3]

<u>Request No. 5(h)</u>

The requested information is a trade secret for the reasons stated in the Declaration of Susan Giannola Pursuant to 28 U.S.C. § 1746 ("Giannola Declaration") (Doc. # 108-6), Paragraphs 6-8.

<u>Request No. 7</u>

Dillon's investigation thus far indicates that it does not have any ESI or Documents with zip code information linked to credit card numbers.  This information is not available and zip codes are not stored after a credit card transaction is authorized and completed.

---

[3] Notwithstanding any caption "discount" on Suncor invoices, the term "discount" merely reflects the contract price, i.e. the difference in the OPIS quoted price and the amount that Suncor charged Dillon.

Paragraph 7(e) of Dillon's Reply Regarding Status Report (Doc. #108) states that Dillon does not have credit card numbers for Dillon owned convenience stores, including without limitation, Loaf N' Jug.  Dillon is continuing to investigate whether this information may be available.

On September 12, 2012, Dillon produced a report including the last four digits of credit card numbers reflecting purchases (fuel and other than fuel) at grocery store fuel centers from April 1, 2012 through May 18, 2012.  Dillon 001469 - Dillon 023779.  See Exhibit F (An excerpt of the report (bates numbered Dillon 001469 – 001473 and Dillon 023775 - 23779) is attached as Exhibit C thereto).

As of the date of this filing, Dillon has produced 23,779 pages of documents responsive to the Subpoena.

Dillon is prepared to provide testimony from Dillon's witnesses regarding these issues as may be required by the Court.

Dillon diligently continues to attempt to comply with the Court's Order.    Counsel for Dillon will continue to update the Court regarding these issues as this matter progresses.

Dated:  September 13, 2012.

                                                                    s/ Michael R. McCormick
*Christopher A. Taravella*, #7790
*Michael R. McCormick*, #33682
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Phone Number: (303) 773-8100
Fax Number: (303) 220-0412
E-mail:  ctaravella@montgomerylittle.com
        mmccormick@montgomerylittle.com
Attorneys for Dillon Companies, Inc.
Interested Party

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO 80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-D enver
555 17th Street, Suite 3200
Denver, CO 80201

s/ *Deborah Harant*
Montgomery Little & Soran, P.C.