**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

**DILLON COMPANIES, INC.'S UNOPPOSED EXPEDITED MOTION
TO RESTRICT ACCESS**
_____

Comes now interested party Dillon Companies, Inc. ("Dillon"), by and through its attorneys, Montgomery Little & Soran, P.C., and submits this Motion to Restrict Access ("Motion"). Dillon respectfully requests that the Court order Level 1 restricted access to the information contained in Exhibit F, attached to Dillon's Supplement Regarding Status Report By Interested Party Dillon Companies, Inc. Doc. #116, in accordance with D.C. Colo. L. Civ. R. 7.2(B).

1

**Conferral Pursuant to D.C. Colo. L. Civ. R. 7.1(A)**

Pursuant to D.C. Colo. L. Civ. R. 7.1(A), counsel for Dillon certifies that he discussed the relief requested in this Motion with counsel for Plaintiffs and counsel for Defendants. Neither Plaintiffs nor Defendant oppose this Motion.

**MOTION AND RELIEF SOUGHT**

1. D.C. Colo. L. Civ. R. 7.2(B)(2) allows for restriction of public access to documents filed with the Court. Under the Rule, the movant must set forth why "such interest outweighs the presumption of public access. D.C. Colo. L. Civ. R. 7.2(B)(2). The movant must also "identify a clearly defined and serious injury that would result if access is not restricted" and "explain why only restricted access will adequately protect the interest in question." D.C. Colo. L. Civ. R. 7.2(B)(3)and(4).

2. When the presumption that judicial files are to be available to the public is outweighed by interests which favor nondisclosure, a court may restrict access to such material. *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). The interests of protection and preservation of confidential proprietary information have justified restricting public access to such information. *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010); *See also Nixon v. Warner Communications*, 435 U.S. 589, 598 (U.S. 1978) (reiterating that "courts have refused to permit their files to serve as sources of business information that might harm a litigant's competitive standing").

3. On September 13, 2012, Dillon filed its Supplement Regarding Status Report By Interested Party Dillon Companies, Inc. Doc. #116 ("Supplement"). Exhibit F is attached to Dillon's Supplement. Dillon has designated the information contained in Exhibit F as

Highly Confidential pursuant to the March 12, 2012 Protective Order entered in this matter. *See* Protective Order, Doc. #49 at ¶ 5(a).

4. The information contained in Exhibit F details some of Dillon's petroleum product purchases from Defendant Suncor Energy (U.S.A.), Inc. ("Suncor") for its grocery store fuel centers and convenience stores. The detail includes the fuel type, the fuel price, the delivery date and the site location to which the fuel was delivered.

5. Details regarding Dillon's fuel purchase history for its specific fuel sites constitute sensitive proprietary information because Dillon's purchase history is a direct reflection of Dillon's internal business strategies. If this information is disclosed to the public, it will allow any and all of Dillon's competitors to access this private information. Dillon's competitors could and may use this information to aggressively compete against Dillon which would result in substantial harm to Dillon's ability to remain competitive in the fuel market.

6. Details regarding Dillon's fuel purchase history are not generally known to the public and Dillon takes great precaution to assure the privacy of such information.

7. Only restricted access will adequately protect the information contained in Exhibit F because short of non-disclosure, there is no way to disclose this information in a summary or with redaction that would protect the sensitive nature of the information. Restricting access to the information contained in Exhibit F is the only way to provide the information while preserving its confidentiality.

WHEREFORE, Dillon respectfully requests that the Court grant an order of Level 1 restriction concerning access to the information contained in Exhibit F.

Dated:  September 13, 2012.

        s/*Christopher A. Taravella*
Christopher A. Taravella, #7790
Michael R. McCormick, #33682
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Phone Number: (303) 773-8100
Fax Number: (303) 220-0412
E-mail:  ctaravella@montgomerylittle.com
        mmccormick@montgomerylittle.com
*Attorney for Dillon Companies, Inc.*
*Interested Party*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 13, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO 80202

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-Denver
555 17th Street, Suite 3200
Denver, CO 80201

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO 80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

                              s/ *Christopher A. Taravella*
                              Montgomery Little & Soran, P.C.