IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

**PLAINTIFFS' RESPONSE TO INTERESTED PARTY DILLON
COMPANIES, INC.'S MOTION FOR PATRIAL STAY OF THE AUGUST 17, 2012
MAGISTRATE JUDGE'S ORDER**

---

Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC (collectively "Western"), by and through their undersigned counsel, respond as follows to Interested Party Dillon Companies, Inc.'s Motion for Partial Stay of August 17, 2012 Magistrate Judge's Order (Doc. 109).

**SUMMARY OF RESPONSE**

As further outlined in Western's Response (Doc. 123) to Dillon's Objection (Doc. 107) and untimely Brief (Doc. 115), there is no basis to stay the discovery propounded on Dillon. Specifically, Dillon's alleged trade secrets are adequately protected by the existing Protective

Order and, despite the Court's and Western's invitation, Dillon has never proposed a different form of Protective Order that addresses its concerns; Dillon has not shown undue burden under Fed. R. Civ. P. 45(c)(3)(A) and 26 (b)(2)(B); Dillon has not shown that the discovery is irrelevant or unnecessary to the prosecution of Western's Robinson-Patman Act claim; and Dillon has not shown that the Order is clearly erroneous or contrary to law.

The likelihood of harm to Dillon if the stay is denied is low as Dillon production is covered by the Protective Order. Moreover, there is a clear public interest in rooting out anti-competitive activity. That public interest in prejudiced by a stay in this instance. Accordingly, the Motion for Partial Stay should be denied.

## RESPONSE TO MOTION

**A. Standard of Review**.

A stay of a magistrate judge's discovery order should be granted sparingly. *See Granato v. City and Cnty. of Denver,* No. 11–cv–0–304, 2011 WL 1335854, at *2 (D. Colo. Apr. 7, 2011). *F.T.C. v. Mainstream Marketing Services,* 345 F.3d 850 (10th Cir. 2003) establishes the appropriate standard for review of this motion. The Court must consider (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. *Id*. at 852. A judge of the court may reconsider any pretrial matter where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A).

### B. None of the *Mainstream Marketing* factors favor a stay in this case.

#### 1. Dillon is not likely to succeed on its appeal.

*First*, Dillon argues that information sought by Western constitutes trade secrets and, thus, is not subject to discovery. As set forth in Western's Response to Dillon's Objection, Dillon's position ignores the plain language of the Protective Order and the law. *See* Protective Order, Doc. 49, at ¶¶ 2, 8, and 9; Response to Objection, Doc. 123, at pp. 8-11. Moreover, as the Court has made clear, documents sought by Western are discoverable even if they are trade secrets. July 16, 2012 Hearing Transcript, Doc. 121, at 48:24-50:4.

To the extent the Court finds Dillon's complaints about confidentiality to be meritorious and not already addressed by the Protective Order, Fed. R. Civ. P. 45(c)(3)(C) allows the Court, instead of quashing a subpoena, to modify the Protective Order or impose additional conditions on the production to protect the affected party. *See HEI*, 2009 WL 2601368 at *3 (footnote omitted). Accordingly, there is no basis for the Court to stay discovery over concerns regarding protection of trade secrets.

*Second*, Dillon has not made a compelling showing of undue burden to obviate the overwhelming preference for requiring that relevant discovery materials be exchanged. *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01–cv–01644–REB–CBS, 2010 WL 502721, *15 (D. Colo. Feb. 8, 2010) (citing cases). In filing its motion to quash, Dillon relied on a declaration (Doc. 57-2) that the Court described as "wholly deficient." Doc. 121 at 77:17-77:21. Dillon has presented no new evidence in its Objection (Doc. 107) or untimely Brief in Support of Objection (Doc. 115) to show an undue burden in producing materials requested by the Subpoena. In its Objection, Dillon's only statement of undue burden is that production under the Court's Order

will cause it to "incur a substantial expenditure or time, effort and financial resources." That vague statement does not show undue burden. Moreover, the Court has already ordered that Dillon may file a motion for cost shifting at the conclusion of its production. Accordingly, Dillon has failed to meet the requirements of Rule 26(b)(2)(B) and Rule 45(c)(3)(A)(iv) to show undue burden.

*Third*, if the Court determines that the discovery materials are trade secrets, the burden then shifts to Western to show the relevancy and need for the information. *See R & D Business Systems v. Xerox Corp.*, 152 F.R.D. 195, 197 (D. Colo. 1993). In responding to Dillon's original motion to quash and the Objection, Western established through the Glick declaration (Doc. 71-4) both the relevance and need for the data sought. Dillon has never addressed the points raised by Mr. Glick. Finally, as detailed in their Response to Dillon's Objection, Western has shown that Dillon's reliance on *Echostar Communications Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998), is misplaced. *See* Response to Objection, Doc. 123, at pp. 13-15.

Dillon is not likely to prevail on its Objection; therefore, the Motion for Partial Stay should be denied.

### 2. If the stay is denied, the threat of irreparable harm to Dillon is low.

Dillon resists production of several categories of documents or ESI on the basis that the materials constitute confidential, competitive trade secrets. As outlined above and in Western's Response to Dillon's Objection, those trade secrets are protected by the Protective Order (Doc. 49). Moreover, Dillon's alleged trade secrets are protected from disclosure to Western's company representatives and cannot be used outside of this litigation. Thus, it is unclear how Dillon will suffer a substantial competitive disadvantage when Western will never see the

information. Accordingly, Dillon has not demonstrated a threat of irreparable harm if the information is disclosed pursuant to the terms of the Protective Order.

**3. The injury to Western outweighs the harm to Dillon if the stay is granted**.

Dillon has already caused a four month delay in this case because of its refusal to produce documents, to meaningfully confer regarding the subpoena or to heed the Court's directions at the hearing on July 16, 2012. That delay has forced the parties to extend the remaining deadlines in the Scheduling Order. *See* Doc. 90, Motion to Extend Scheduling Order Deadlines and Doc. 95, Order. Western will be further prejudiced by any additional delays in Dillon's production. In view of the history of these proceedings and, in particular, Dillon's refusal to produce – as well as the fact that Dillon's alleged trade secrets are protected by the Protective Order – no stay is warranted.

**4. The public interest is best served by enforcing the August 17, 2012 Order**.

Public interest considerations weigh against granting a stay of the discovery propounded by Western on Dillon. The public's interest in vigorously enforcing anti-trust laws through the expeditious resolution of a private antitrust litigation is particularly great. *See In re Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 58 (E.D. Pa. 1980) (public interest prejudiced by delay in discovery proceedings in antitrust litigation). The public has a significant interest in ensuring the flow of this Court's judicial docket so that justice may be administered to the instant litigants, as well as all other litigants before this Court, in a timely fashion. Accordingly, the public interest favors a continuation of discovery under the Court's order.

WHEREFORE, the Plaintiffs respectively request that the Court deny Dillon's Motion for Partial Stay of the August 17, 2012 Magistrate Judge's Order.

Dated: September 21, 2012             *s/ Kathleen E. Craigmile*

　　　　　　　　　　　　　　　　　　　　Kenneth R. Bennington
　　　　　　　　　　　　　　　　　　　　Kathleen E. Craigmile
　　　　　　　　　　　　　　　　　　　　Adam F. Aldrich
　　　　　　　　　　　　　　　　　　　　BENNINGTON JOHNSON BIERMANN
　　　　　　　　　　　　　　　　　　　　& CRAIGMILE, LLC
　　　　　　　　　　　　　　　　　　　　370 17th Street, Suite 3500
　　　　　　　　　　　　　　　　　　　　Denver, CO 80202
　　　　　　　　　　　　　　　　　　　　Telephone: (303) 629-5200
　　　　　　　　　　　　　　　　　　　　Facsimile: (303) 629-5718
　　　　　　　　　　　　　　　　　　　　*kec@benningtonjohnson.com*
　　　　　　　　　　　　　　　　　　　　*krb@benningtonjonson.com*
　　　　　　　　　　　　　　　　　　　　*afa@benningtonjohnson.com*
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs and Third-*
　　　　　　　　　　　　　　　　　　　　*Party Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 21, 2012, the foregoing **PLAINTIFFS' RESPONSE TO INTERESTED PARTY DILLON COMPANIES, INC.'S MOTION FOR PATRIAL STAY OF THE AUGUST 17, 2012 MAGISTRATE JUDGE'S ORDER** was served on the following parties via CM/ECF:

Anthony J. Shaheen
Keeya M. Jeffrey
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80201-8749
AJShaheen@hollandhart.com
KMJeffrey@hollandhart.com

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart PC
1225 Seventeenth Street, 29th Floor
Denver, CO 80202-5529
pbledsoe@polsinelli.com
jvanlandingham@polsinelli.com

J. Robert Robertson
William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

Christopher A. Taravella
Michael R. McCormick
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80111
ctaravella@montgomerylittle.com
mmccormick@montgomerylittle.com

*s/ Marie Newberger*