# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

**REPLY IN SUPPORT OF OBJECTION OF INTERESTED PARTY DILLON COMPANIES, INC. TO MAGISTRATE JUDGE'S ORDER DATED AUGUST 17, 2012**
_____

    Comes now interested party Dillon Companies, Inc. ("Dillon"), by and through its attorneys, Montgomery Little & Soran, P.C., and respectfully submits this reply ("Reply") in support of its objection ("Objection") (Doc. #107) to the August 17, 2012 Order of the Magistrate Judge (Court Minutes/Minute Order, Doc. # 95) ("the Order") regarding that certain Western Convenience Stores, Inc. and Western Truck One, LLC Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in this action ("the Subpoena") (Doc. #57-1).

1

### A. Dillon has made significant progress in responding to the Subpoena.

Plaintiffs' Response (Doc. #123) ("Response") to Dillon's Objection cites evidence or events that occurred before the August 17, 2012 and September 14, 2012 hearings with the Magistrate Judge.  For example, on page 11 of Plaintiffs' Response, Plaintiffs criticize Doc. # 57-2, Affidavit of Nathan H. Brown, filed on May 18, 2012.  But Dillon has moved on and dwelling on past history is not productive.

At the September 14, 2012 hearing, Dillon noted that: (1) It must increase the intensity and frequency of conferrals with Plaintiffs' counsel regarding the Subpoena; (2) It had to produce documents in response to the Subpoena; (3) if it was unable to timely respond to the Subpoena, then Dillon needed to present testimony to the Court from persons with direct knowledge of Dillon's systems and accounting departments concerning same; and (4) because Dillon is a large, complex company with multiple information and accounting departments, Dillon must continually update the Court and Plaintiffs' counsel with information as it became available.

Since the August 17, 2012 hearing, counsel for Dillon has conferred with Plaintiffs' counsel on September 5, 2012, September 13, 2012, September 19, 2012 and today, October 1, 2012.  Moreover, as suggested by the Magistrate Judge at the September 14, 2012 hearing, during the September 19, 2012 phone conference Dillon's information technology representative conferred with Plaintiffs' information technology representative.

Dillon has also filed: (A) Status Report by Dillon in Compliance with August 17, 2012 Order of Magistrate Judge (Doc. # 99); (B) Reply Regarding Status Report (Doc. # 108); (C) Supplement Regarding Status Report (Doc. # 116); (D) Second Supplement Regarding Status Report (Doc. #117); (E) Motion for Partial Stay (Doc. # 109) and (F) Motion for Reconsideration (Doc. #100), all of which are hereby incorporated as if fully restated herein.

**B.  Plaintiffs already have much of the information requested from Dillon.**

Notwithstanding Plaintiffs' protestations to the contrary, Dillon has presented nearly all of the information that Plaintiffs have requested at great cost in time and money to Dillon; fees and costs to date are approaching if not exceeding six figures. Plaintiffs assert that they cannot obtain the requested information from anyone other than Dillon and attempt to distinguish *Echostar Communications Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998) by arguing that they have demonstrated their need for the information requested by the Subpoena because they have already conducted exhaustive discovery with Suncor, implying that Plaintiffs did not get what they wanted from Suncor. Response, p. 13.  But alas, Dillon has recently learned that in March of 2012,  Suncor produced to Plaintiffs all of the information requested in numbers 5 and 6 of the Subpoena, including Dillon's own trade secret information, without Dillon's authority or consent, subject to the Court's Protective Order (Doc. #49).

F.R.C.P. 26(b)(2)(C) states that "the court must limit the frequency or extent of discovery . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Here, Plaintiffs actually have this information, which they obtained from a party, Suncor. Plaintiffs should not be permitted to burden Dillon, a non-party, with producing documents that they already have.

**C. Notwithstanding the assertions in the Response, the evidence submitted by Dillon does in fact demonstrate undue burden and costs.**

On page 12 of their Response, Plaintiffs' argue that "Dillon's only statement of undue burden is that it will cause it to 'incur a substantial expenditure or time effort and financial resources.' That vague statement does not show undue burden." Response, page 12. But this is not true. In fact, Dillon presented extensive and specific evidence to the Court of undue burden and cost. For example and without limitation, Ms. McClenahan, Dillon's Senior Accounting Manager, states that for Dillon to produce the requested information for its convenience stores from January 1, 2009 through May 2011, Dillon would have to purchase three computer servers to store and prepare the archived data in searchable format. McClenahan Declaration (Doc. #108-5), Paragraph 8. During the September 14, 2012 hearing, when Dillon's counsel asked whether Dillon should purchase the three servers, Plaintiffs counsel deferred the question until after the proposed conferral with IT personnel.

F.R.C.P. 26(c)(1)(G) states in part that the Court may require that as a condition of a protective order, "a trade secret . . . not be revealed. . . . " Plaintiffs cite *Covelo Clothing, Inc. v. Atlandia Imports, Inc.*, No. 07-cv-02403-MSK-MEH, 2007 WL 4287731, *2 (D. Colo. Dec. 5, 2007) to support their contention that trade secrets may nonetheless be produced to a competitor under a protective order. In that case, Covelo Clothing did not file a motion to quash in the original action, but instead filed a separate case as a Plaintiff. See 2007 U.S. LEXIS 92098 at p. 2. Further Covelo Clothing conceded that the protective order could be amended to permit the disclosure of its trade secrets. *Id.* Here, in contrast, Dillon did file a motion to quash the Subpoena in this action (Doc. #57). Dillon further argued to the Court during the September 14, 2012 hearing that production of its trade secrets under an amended protective order affords inadequate if any protection and is a slippery slope. Instead, the Court should apply the line of authority in *Echostar Communs. Corp. v. News Corp. Ltd.*, 180 F.R.D. 391 (D. Colo. 1988) (holding that where a party seeks the discovery of trade secret information from a non-party and the requesting party is a direct competitor of the non-party, even a fairly restrictive protective order provides insufficient protection for the non-party's trade secret information).

Furthermore, the price that Dillon charges to its customers is irrelevant to Plaintiffs' case against Suncor. The only authority Plaintiffs cite to attempt to refute this contention is a Declaration of Mark A. Glick (Doc. #71-4), Response p. 3. Plaintiffs fail

to cite any actual legal authority that the price Dillon charges to its customers has any bearing on Plaintiffs' case.

### D. Plaintiffs seek information to build an antitrust case against Dillon.

Plaintiffs state that, "Western [only] argued in one pleading that Dillon's failure and refusal to respond to the Subpoena raises the inference that it has something to hide." Plaintiffs attempt to evade the "healthy suspicion" that a competitor is attempting to use discovery to build an antitrust lawsuit against a competitor which was present in *Echostar Communications Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 396 (D. Colo. 1998). Dillon is not seeing ghosts. Plaintiffs ignore the Magistrate Judge's own suspicions raised during the July 16, 2012 hearing while questioning Plaintiffs' counsel concerning same. Plaintiffs subsequently confirmed the Magistrate Judge's suspicions by explicitly stating to the Court that "Dillon's implacable delay and obfuscation raises the inference that it has something to hide and that, rather than being an innocent bystander, it may have played an actionable role in anticompetitive conduct aimed at its competitor, Plaintiff Western Convenience Stores (which was Suncor's largest purchaser by volume before Kroger came on the scene in 2009)." Plaintiffs' Response to Dillon Status Report, Doc. #100.

### E.  Dillon continues to update the Court with the best available information.

Plaintiffs argue on page 7, paragraph 10 of their Response that the declarations originally submitted with the Objection are inconsistent with each other and with later documents filed by Dillon with the Court.  In a conferral on September 17, 2012, counsel for Dillon pointed out inconsistencies with the declaration of John Phillips Pugh (Doc. # 99-2) with information learned after his declaration.  In that conferral, counsel for Dillon offered to amend and restate Mr. Pugh's declaration, pointing out that the target in responding to Plaintiffs' elephantine Subpoena was constantly moving and that as Dillon learned more about its ESI it would keep all apprised.  Dillon expressed its desire to focus on providing as much information responsive to the Subpoena as soon as possible rather than amending and restating declarations that were true when made.  Plaintiffs' counsel graciously declined the offer to amend Mr. Pugh's Declaration.  But Plaintiffs now complain of inconsistencies presented by Dillon which Dillon offered to fix.  Dillon would prefer to avoid a battle of declarations and instead focus on the matter at hand: complying with the Court's Order and providing as much information responsive to the Subpoena as soon as possible.  Dillon's response to the Subpoena remains a work in progress.  Counsel for Dillon will continue to update the Court regarding these issues as this matter progresses.

**F. Conclusion.**

Dillon remains hopeful that the Magistrate Judge will resolve the pending issues raised by the Objection without the need for the District Court Judge to rule regarding same. In order to aid in conserving judicial resources, Dillon respectfully requests that the District Court Judge stay any ruling concerning the Objection until after the Magistrate Judge issues an order regarding Dillon's Motion for Partial Stay (Doc. # 109) and Motion for Reconsideration (Doc. #100) which are pending before the Magistrate Judge.

WHEREFORE, Dillon respectfully requests that the Court grant the relief requested in the Objection.

Dated: October 1, 2012.

> s/*Michael R. McCormick*
> Christopher A. Taravella, #7790
> Michael R. McCormick, #33682
> Montgomery Little & Soran, P.C.
> 5445 DTC Parkway, Suite 800
> Greenwood Village, Colorado 80111
> Phone Number: (303) 773-8100
> Fax Number: (303) 220-0412
> E-mail:  ctaravella@montgomerylittle.com
>             mmccormick@montgomerylittle.com
> *Attorneys for Dillon Companies, Inc.*
> *Interested Party*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 1, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO 80202

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-Denver
555 17th Street, Suite 3200
Denver, CO 80201

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO 80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

                s/ *Michael R. McCormick*
                Montgomery Little & Soran, P.C.