**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

       Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

       Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

       Third-Party Defendants.

---

**PLAINTIFFS' <u>UNOPPOSED</u> MOTION TO RESTRICT ACCESS TO
CERTAIN EXHIBITS ATTACHED TO PLAINTIFFS' STATUS REPORT
FOR OCTOBER 3, 2012 HEARING**

---

Plaintiffs Western Convenience Stores, Inc. ("WCS") and Western Truck One, LLC

("WTO"), by and through their undersigned counsel, move as follows pursuant

D.C.COLO.L.CivR 7.2.B for an order of Level 1 restriction on access to certain exhibits attached

to Plaintiffs' Status Report for October 3, 2012 Hearing (Doc. 128).

---

**CERTIFICATION OF COMPLIANCE WITH D.C.COLO.L.CivR 7.1.A**

Pursuant to Local Rule 7.1.A, the undersigned certifies that counsel for Plaintiffs has
conferred with counsel for Defendant Suncor and Interested Party Dillon Companies regarding
the filing of this Motion and they do not object to the relief sought herein.

---

**MOTION AND RELIEF SOUGHT**

1.      Local Rule 7.2.B permits motions to restrict public access to documents filed with the Court.  The rule requires the movant to "[a]ddress the interest to be protected and why such interest outweighs the presumption of public access," and "identify a clearly defined and serious injury that would result if access is not restricted."  D.C.COLO.LCivR 7.2.B.2–3.  The rule further requires the movant to "explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question" (*e.g.*, redaction, summarization, restricted access to exhibits or portions of exhibits).  *Id.* at 7.2.B.4.

2.      Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness.  *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that where records contain "sources of business information that might harm a litigant's competitive standing," the court may limit public access); *see also Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010) (preservation of trade secrets is a circumstance that overcomes the presumption of openness of judicial proceedings).

3.      On October 2, 2012, Plaintiffs filed their Status Report for the October 3, 2012 Hearing ("Status Report").  *See* Doc. 128.  Attached to the Reply are Exhibits 1 through 6.  *Id.* Exhibits 1-4 contain information which Dillon Companies ("Dillon") designated "Confidential Information" or "Highly Confidential Information" pursuant to the Protective Order.

4.      Exhibit 1 is an email from Ron Suppes at Suncor to David Wilson at Kroger entitled "Suncor Denver liftings." Dillon designated Exhibit 1 "Highly Confidential Information"

and redacted certain portions it asserts is trade secrets.  Dillon asserts that disclosing this information to the public may result in serious injury to Dillon's business interest.

5.      Exhibit 2 is spreadsheets Dillon designated "Confidential Information."  Dillon redacted certain information it asserts is trade secrets.  Dillon asserts that disclosing this information to the public may result in serious injury to Dillon's business interest.

6.      Exhibit 3 is an email from Janette Chambers of Kroger to various recipients at both Kroger and Suncor relating to outstanding issues between Kroger and Suncor.  Dillon designated Exhibit 3 "Confidential Information" and redacted portions it asserts is trade secrets.  Dillon asserts that disclosing this information to the public may result in serious injury to Dillon's business interest.

7.      Exhibit 4 contains invoices between Suncor and Dillon.  Dillon designated Exhibit 4 "Highly Confidential Information" and redacted portions it asserts is trade secrets.  Dillon asserts that disclosing this information to the public may result in serious injury to Dillon's business interest.

8.      Dillon asserts that only restricted access will adequately protect the sensitive information because Exhibits 1-4 cannot be summarized without identifying the information sought to be protected by this Motion.  Thus, according to Dillon, restricting access is the only practicable solution to protecting Dillon's sensitive business information.

WHEREFORE, Plaintiffs request an order of Level 1 restriction on access to Exhibits 1-4 attached to Plaintiffs' Status Report for October 3, 2012 Hearing.

Dated: October 5, 2012

*s/ Kathleen E. Craigmile*

_____

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON
BIERMANN & CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart PC
1225 Seventeenth Street, 29th Floor
Denver, CO  80202-5529
Telephone:  (303) 572-9300

*Attorneys for Plaintiffs and Third-Party Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 5, 2012, copies of the foregoing **PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT ACCESS TO CERTAIN EXHIBITS ATTACHED TO PLAINTIFFS' STATUS REPORT FOR OCTOBER 3, 2012 HEARING** was served on the following parties via the CM/ECF filing system:

Anthony J. Shaheen
Keeya M. Jeffrey
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80201-8749
AJShaheen@hollandhart.com
KMJeffrey@hollandhart.com

J. Robert Robertson
William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart PC
1225 Seventeenth Street, 29th Floor
Denver, CO  80202-5529
pbledsoe@polsinelli.com
jvanlandingham@polsinelli.com

Christopher A. Taravella
Michael R. McCormick
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80111
ctaravella@montgomerylittle.com
mmccormick@montgomerylittle.com

*s/ Marie Newberger*

_____