**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant.

---

## SUPPLEMENTAL PROTECTIVE ORDER

Pursuant to the stipulation of plaintiffs Western Convenience Stores, Inc. ("WCS") and Western Truck One, LLC ("WTO"), and defendant Suncor Energy (U.S.A.) Inc. ("Suncor" and, together with WCS and WTO, collectively the "Parties" and each individually a "Party") and Interested Party Dillon, Inc. ("Dillon") , the Court enters this Supplemental Protective Order ("Order"). This Order supplements the Protective Order entered by this Court on March 12, 2012 (Document #49) with respect to the designation of Discovery Material by third parties, including without limitation Interested Party Dillon Companies, Inc. ("Dillon"). The March 12, 2012 Protective Order [#49] ("Original Protective Order") is not being modified or amended and remains in full force and effect as between and among the Parties.

It is hereby ORDERED as follows:

1. This Order shall be applicable only to and govern all depositions, documents, information or things produced or provided by a third party in connection with this litigation

("Discovery Material") that the third party designates as "Confidential," or "Highly Confidential," or "Secret" and "Subject to Supplemental Protective Order." This Order shall also apply to Discovery Material previously produced or provided by Dillon that was designated "Confidential," "Highly Confidential," or "Secret" pursuant to the Original Protective Order or agreement of the parties.

2.  Any third party to this action in producing or providing Discovery Material may designate such Discovery Material produced or provided by it as "Confidential," "Highly Confidential," or "Secret." Any third party designating such Discovery Material as "Confidential," "Highly Confidential," or "Secret" shall be referred to as the "Designating Party." Any person or entity, including without limitation, a Party or Parties, receiving Discovery Material designated as "Confidential," "Highly Confidential," or "Secret" shall be referred to as the "Receiving Party." Counsel for any third party who is a Designating Party may designate any Discovery Material as "Confidential," or "Highly Confidential," or "Secret" only if counsel has a basis for doing so consistent with Fed.R.Civ.P. 26(g).

3.  For purposes of this Order, "Confidential" Discovery Material is Discovery Material that is confidential or proprietary information of the third party Designating Party, including without limitation information the disclosure of which would cause competitive or business injury to the Designating Party or which would give a competitor or a customer a competitive advantage over other competitors or customers of the Designating Party. "Confidential" Discovery Material shall not mean information that is a matter of public record or publicly available.

4. For purposes of this Order, a "Highly Confidential" designation of Discovery Material affords a higher level of protection for said Discovery Material and is to be used only for *extremely sensitive information,* the disclosure of which may cause *substantial* competitive or business injury to the Designating Party or which would give a competitor or a customer a competitive advantage over other competitors or customers of the Designating Party. "Highly Confidential" Discovery Material shall not mean information that is merely "Confidential" or information that is a matter of public record or publicly available.

5. For purposes of this Protective Order, a "Secret" designation of Discovery Material affords the highest level of protection for said Discovery Material and is to be used only for *trade secret information*, the disclosure of which may cause *irreparable* competitive or business injury to the Designating Party. "Secret" Discovery Material shall not mean Discovery Material that is merely "Confidential," "Highly Confidential," or information that is a matter of public record or publicly available.

6. "Confidential," or "Highly Confidential," or "Secret" Discovery Material shall not be disclosed except as permitted by this Order.

7. Discovery Material that is to be protected by this Order shall be designated by the Designating Party as "Confidential," "Highly Confidential," or "Secret" :

   a. At the time of production or provision by a third party, Discovery Material shall be designated "Confidential," "Highly Confidential," or "Secret" by stamping, labeling or otherwise affixing said designation on each page of the document or record containing said Discovery Material. For Discovery Material produced or provided in electronic format, the compact disk, digital video disk, or other medium containing the information shall be stamped or

labeled with the appropriate label. If not all of the information contained on the medium is "Confidential," "Highly Confidential," or "Secret," then the Designating Party shall provide notice to the Receiving Party with a sufficiently definite description of the information contained on the medium that is "Confidential," "Highly Confidential," or "Secret."

      b.    Discovery Material produced or provided by a third party also may be designated "Confidential," "Highly Confidential," or "Secret" by providing written notice, at the time the Discovery Material is produced or provided, of the Bates numbers or other sufficiently definite description of the pages or information to be designated.

      c.    Deposition testimony and, if not previously affixed with a designation, deposition exhibits, shall be designated by a third party as "Confidential," "Highly Confidential," or "Secret" at the deposition or by written notice within fifteen (15) business days after receiving a final copy of the deposition transcript, with or without exhibits, from the court reporter. Before using "Confidential," "Highly Confidential," or "Secret" Discovery Material designated and provided or produced by a third party at a deposition other than of the Designating Party, any of its current employees or of any person who has lawfully seen the "Confidential," "Highly Confidential," or "Secret" Discovery Material, the Party intending to use such Discovery Material must first provide said third party seven (7) days' written notice of such intention. When said designated Discovery Material is used at deposition, counsel using said Discovery Material shall direct that the legend "Confidential," "Highly Confidential," or "Secret" be stamped, labeled, or otherwise affixed to the appropriate pages of the deposition transcript and applicable exhibits and that the front page of the transcript state that it contains "Confidential," "Highly Confidential," or "Secret" subject to this Order, a copy of which shall

be included with the deposition transcript. Counsel shall treat the deposition transcript as "Secret" Discovery Material until the fifteen-day period for the designation has expired.

8.  The inadvertent failure by a third party to designate Discovery Material as "Confidential," "Highly Confidential," or "Secret" shall not constitute a waiver and may be corrected by giving written notice within five (5) business days after discovery of the omission. All costs incurred in connection with correcting the omission or retrieving Discovery Material shall be borne by the Designating Party.

9.  "Confidential," "Highly Confidential," or "Secret" Discovery Material shall be (a) disclosed only as permitted in this Order and (b) be used solely for purposes of preparation for trial, trial of and/or appeal from this action and for no other purpose, including, without limitation, any business or commercial purpose, in aid or furtherance of discovery or disclosure in any related or unrelated case or matter, or for any present or future litigation or proceeding other than this action. These prohibitions on the use or disclosure of "Confidential," "Highly Confidential," or "Secret" Discovery Material shall survive the termination of this action.

10. Counsel for a Receiving Party or counsel for a Designating Party may disclose "Confidential" Discovery Material and/or any information derived from such "Confidential Information" only to the following persons:

   a.  Counsel's partners, associates, contract attorneys, paralegals, in-house jury consultants or other litigation support, in-house graphics personnel, secretarial staff, clerical, and other regular or temporary employees working on this case, and outside consultants and vendors (including trial consultants, jury consultants, and service vendors such as outside copy services, outside litigation support services, translations services or graphics, design, or document

handling services/consultants retained in connection with this action), provided that no "Confidential" Discovery Material shall be disclosed to any outside consultants and vendors or temporary employees of counsel, except for copy services, until such person has executed the Supplemental Protective Order Declaration of Compliance;

      b.    The Parties and officers, directors, owners, shareholders, principals or employees of the Parties, including without limitation any in-house counsel, assisting counsel for the purposes of this action but only after they have executed the Supplemental Protective Order Declaration of Compliance;

      c.    Persons preparing to or testifying at deposition or trial but only if they have a genuine need to know the "Confidential" Discovery Material or there is a genuine need to question them about the "Confidential" Discovery Material and, in either case, after they have executed the Supplemental Protective Order Declaration of Compliance;

      d.    Retained experts and consultants, subject to the provisions of Paragraph 14, below, but only to the extent necessary for them to prepare a written opinion, to prepare to testify, or to assist Counsel in the prosecution or defense of this action, and after they have signed the Supplemental Protective Order Declaration of Compliance; and

      e.    Court personnel and other persons by order of the Court or written agreement of the Designating Party.

11.    Except as provided in subparagraphs (d) and (e), below, Counsel for a Receiving Party or counsel for a Designating Party **may *NOT disclose* "Highly Confidential" Discovery Material and/or any information derived from such "Highly Confidential" Discovery Material to the officers, directors, owners, shareholders, principals or employees (except**

**and not including in-house counsel) of the Receiving Party** ("Excluded Persons") but may make disclosure only to the following persons and under the following conditions:

    a.    *Except for the Excluded Persons*, the same people identified in paragraph 10(a), (d) and (e), above, and under the same conditions;

    b.    No more than three in-house counsel working on this action, as well as their staff, provided the staff person is not involved in, or does not work for persons involved in, marketing or pricing decisions, and only to the extent that the in-house counsel are employed by the Receiving Party as of the date of the Original Protective Order;

    c.    Persons who have already lawfully seen the "Highly Confidential" Discovery Material;

    d.    Excluded Persons preparing to testify or testifying at deposition or trial but only if counsel for the Designating Party has been advised in writing by counsel at least seven (7) days in advance that the Excluded Person may be questioned about certain "Highly Confidential" Discovery Material which is identified by Bates number and to which disclosure is limited and only after the Excluded Person has executed the Supplemental Protective Order Declaration of Compliance;

    e.    Excluded Persons if counsel for the Receiving Party has a good faith belief that disclosure of certain "Highly Confidential" specifically identified by Bates number and by providing copies thereof to the Designating Party, is necessary for the defense or prosecution of this case and only if the Designating Party agrees in writing that disclosure may be made or, if there is no agreement, then by order of the Court, with the Party seeking disclosure bearing the

burden of proof that disclosure is necessary. Disclosure is limited to the "Highly Confidential" Discovery Material so identified.

12. Except as provided in subparagraphs (d) and (e), below, Counsel for a Receiving Party may NOT disclose "Secret" Discovery Material and/or any information derived from such "Secret" Discovery Material to the officers, directors, owners, shareholders, principals or employees of the Receiving Party ("Excluded Persons -- Secret") but may make disclosure of "Secret" Discovery Material only to the following persons and under the following conditions:

   a. Except for the Excluded Persons -- Secret, the same people identified in subparagraph 10(a), (d) and (e), above, and under the same conditions;

   b. Persons who have already lawfully seen the "Secret" Discovery Material;

   c. Current employees or representatives of the Designating Party who testify on the Designating Party's behalf or current employees of the Designating Party who testify at a deposition for which the Designating Party has been provided notice subject to the conditions of Paragraph 13(a).

   d. Excluded Persons -- Secret preparing to testify or testifying at deposition or trial but only if counsel for the Designating Party has been advised in writing by counsel at least seven (7) days in advance that the Excluded Person -- Secret may be questioned about certain "Secret" Discovery Material, which is identified by Bates number and to which disclosure is limited and only after the Excluded Person -- Secret has executed the Supplemental Protective Order Declaration of Compliance;

   e. Excluded Persons – Secret, if counsel for the Receiving Party has a good faith belief that disclosure of certain "Secret" Discovery Material specifically identified by

Bates number and by providing copies thereof to the Designating Party, is necessary for the defense or prosecution of this case and only if the Designating Party agrees in writing that disclosure may be made or, if there is no agreement, then by order of the Court, with the Party seeking disclosure bearing the burden of proof that disclosure is necessary. Disclosure is limited to the "Secret" Discovery Material so identified.

13. Any person to whom disclosure of "Confidential," "Highly Confidential," or "Secret" Discovery Material may not be made shall be excluded from a deposition while such Discovery Material is being disclosed.

    a. Any Receiving Party wishing to use "Confidential," "Highly Confidential," or "Secret" Discovery Material at the deposition of a witness, including without limitation at the deposition of an employee or representative of the Designating Party, must give the Designating Party at least 48 hours written notice, providing a list of the documents to be used by Bates number and copies thereof. The deponent, unless a current employee of a third party Designating Party of said documents, must execute the Supplemental Protective Order Declaration of Compliance before being shown "Confidential." "Highly Confidential," or "Secret" Discovery Material. If the third party deponent refuses to sign the Supplemental Protective Order Declaration of Compliance, then counsel for the Party seeking to depose the witness may not disclose the "Confidential," or "Highly Confidential," or "Secret" Discovery Material but may seek the intervention of the Court.

14. "Confidential." "Highly Confidential," or "Secret" Discovery Material shall be provided to retained experts and/or consultants as set forth in paragraphs 10(d) and 11(a), and 12(a) provided that such expert or consultant is not currently, or has not been for two years from

the date of this Order, a competitor of the Designating Party, or an owner, partner, director, officer, employee or other affiliate of such competitor ("Competitor"). However, no disclosure shall be made until the following procedure has been fulfilled. At least five (5) business days before a Receiving Party discloses "Confidential." "Highly Confidential," or "Secret" Discovery Material to an expert or consultant, counsel must first identify the expert in writing to counsel for the Designating Party and provide a copy of the expert or consultant's resume, which shall contain information sufficient for determining whether the expert or consultant is or has been a Competitor of the Designating Party. Should the Designating Party object to the disclosure, then it shall provide written notice within five (5) business days of receipt of said written identification setting forth the reasons for its objection. If no objection is made, then disclosure may occur. If there is an objection and the Parties and Designating Party cannot resolve the issue, then the Party objecting to disclosure of the "Confidential." "Highly Confidential," or "Secret" Discovery Material shall file with the court and serve upon the Parties and Designating Party a motion, not to exceed seven (7) double-spaced pages, and the Party identifying the expert shall file with the court and serve upon the Parties and Designating Party a response, not to exceed seven (7) double-spaced pages, and any reply is not to exceed five (5) double-spaced pages. This Order does not apply to or limit a Designating Party's use of its own "Confidential." "Highly Confidential," or "Secret" Discovery Material.

15. "Confidential," "Highly Confidential," or "Secret" Discovery Material and documents containing same (regardless of who made the designation), shall not be filed with the Court, except by filing the Discovery Material as a "restricted document" and filing a Motion to Restrict Access pursuant to D.C. Colo.Civ. R 7.2.

16. Pursuant to F.R.E. 502(d), the inadvertent production of any Discovery Material shall be without prejudice to any claim that such Discovery Material is privileged or protected from discovery under the attorney-client privilege, the attorney work product doctrine, or other applicable like privilege, doctrine, or immunity. If a claim of inadvertent production is made with respect to Discovery Material then in the custody of another Party or third party, such Party or third party shall promptly return the Discovery Material and all copies and notes thereof, and the Receiving Party or third party shall not use such Discovery Material for any purpose, expect as provided by Fed. R. Civ. P. 26(b)(5)(B). Nothing in this paragraph precludes the Receiving Party from filing a motion to compel challenging the claim of privilege, doctrine, or immunity. Production or provision of Discovery Material by a third party Designating Party under Court order shall not be deemed to be a waiver of any objection by the Designating Party that such Discovery Material should not be produced or provided.

17. A Party that is a Receiving Party who wants to challenge a "Confidential." "Highly Confidential," or "Secret" Discovery Material designation must do so no later than 50 days before the discovery cut-off (or if the disclosure is made within 50 days of the discovery cut-off, then thirty days after the disclosure) and must (a) first meet and confer with the Designating Party and explain the basis for the challenge and (b) give the Designating Party an opportunity to explain the basis for the designation and a reasonable opportunity (not to exceed three (3) business days) to change the designation.

   a. Thereafter, the Receiving Party may file a motion with the Court in which it identifies the challenged material and sets forth the basis for the challenge. The burden of proof on any such challenge shall be on the Designating Party. Until the Court rules on the challenge,

all Parties and third parties shall continue to afford the Discovery Material in question the level of protection to which it is entitled under the Designating Party's designation.

18.     Except as otherwise expressly addressed by this Order, the rights of the Parties and third parties are not affected or modified.  The terms of this Order may be modified or changed only upon a showing of good cause and/or agreement of the Parties and affected third parties.

19.     This Order shall be binding on any new parties to this action.

20.     Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including the exhaustion of all permissible appeals, all persons and entities having received "Confidential." "Highly Confidential," or "Secret" Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party or destroy all such "Confidential." "Highly Confidential," or "Secret" Discovery Material and copies thereof (including summaries and excerpts) and certify that fact to counsel for the Designating Party. Outside counsel for the Parties shall be entitled to retain all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product *except that* all "Confidential." "Highly Confidential," or "Secret" Discovery Material  contained therein shall be removed and destroyed.  This Court shall have continuing jurisdiction to enforce the terms of this Order.

21.     If before this action is concluded as provided in paragraph 20, above, a Receiving Party is subpoenaed in or served with any other legal process seeking disclosure of "Confidential." "Highly Confidential," or "Secret" Discovery by someone other than a Party, then the Party subpoenaed or served with the process shall (a) advise the person seeking

disclosure that the material is subject to this Order and may not be disclosed, (b) provide such person with a copy of the Order, and (c) promptly notify the Designating Party and the Court. No disclosure of the "Confidential." "Highly Confidential," or "Secret" Discovery Material may be made without order of this Court or written agreement of the Designating Party.

Approved:

| | |
|---|---|
| *s/ Kathleen E. Craigmile* | *s/ Christopher A. Taravella* |
| Kenneth R. Bennington<br>Kathleen E. Craigmile<br>Adam F. Aldrich<br>BENNINGTON JOHNSON<br>BIERMANN & CRAIGMILE, LLC<br>370 17th Street, Suite 3500<br>Denver, CO 80202 | Christopher A. Taravella<br>Michael R. McCormick<br>Montgomery Little & Soran, P.C.<br>5445 DTC Parkway, Suite 800<br>Greenwood Village, CO 80111<br><br>*Attorneys for Dillon Companies, Inc.* |
| *Attorneys for Plaintiffs and Third-Party Defendants* | *s/ Anthony J. Shaheen*<br><br>Anthony J. Shaheen<br>Holland & Hart, LLP<br>Post Office Box 8749<br>Denver, CO 80201-8749<br><br>*Attorneys for Suncor Energy (U.S.A.) Inc.* |

DATED at Denver, Colorado, on October 17, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge

## **EXHIBIT A**

## **SUPPLEMENTAL PROTECTIVE ORDER DECLARATION OF COMPLIANCE**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Supplemental Protective Order that was issued by the United States District Court for the District of Colorado on October \_\_\_, 2012 in the case of *Western Convenience Stores, Inc., et al. v. Suncor Energy (U.S.A) Inc.*  I agree to comply with and to be bound by all the terms of the Supplemental Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Supplemental Protective Order to any person or entity except in strict compliance with the provisions of the Supplemental Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Supplemental Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my Colorado agent for service of process in connection with this action or any proceedings related to enforcement of this Supplemental Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____