IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

**PLAINTIFFS' RENEWED MOTION CHALLENGING DEFENDANT SUNCOR'S AND INTERESTED PARTY DILLON'S DESIGNATION OF CERTAIN DOCUMENTS AND DATA AS "HIGHLY CONFIDENTIAL" AND "SECRET" PURSUANT TO THE SUPPLEMENTAL PROTECTIVE ORDER**

---

    Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC, by and through their undersigned counsel, move as follows for an order re-designating certain discovery material produced by Defendant Suncor and Interested Party Dillon Companies, Inc. and its affiliates ("Dillon") as "Confidential Information" rather than "Highly Confidential" or "Secret" under the Supplemental Protective Order (Doc. 140) entered October 17, 2012.

### CERTIFICATION OF COMPLIANCE WITH D.C.COLO.L.CivR 7.1.A

Pursuant to Local Rule 7.1.A, the undersigned certifies that counsel for Plaintiffs have conferred at length with counsel for Defendant Suncor and Interested Party Dillon regarding the issues raised herein, but have been unable to resolve them without the Court's intervention. This issue was addressed during the telephonic conference with Magistrate Judge Shaffer on December 12, 2012.

### I.
### SUMMARY OF MOTION AND RELIEF SOUGHT

1.  The Supplemental Protective Order permits a party to designate produced documents or data as "Highly Confidential" or "Secret" such that they can be reviewed only by opposing counsel and outside experts approved by the disclosing party. Suncor and Dillon have identified numerous documents as "Highly Confidential" or "Secret." Thus, Plaintiffs' counsel are precluded from sharing any of the data in those documents -- or derivatives of data in the documents, such as expert analysis -- with its principal, Hossein Taraghi, whose input is critical in assisting counsel to assess the existence and extent of Suncor's price discrimination and the resulting antitrust injury and damages to Plaintiff WCS. Moreover, Mr. Taraghi cannot make meaningful decisions regarding this action without having an understanding of the data and its effect on Plaintiffs' claims. By this Motion, Plaintiffs do not challenge all of Suncor's or Dillon's "Highly Confidential" or "Secret" designations. Rather, Plaintiffs challenge only such designations as to pricing materials (i.e., pricing spreadsheets, contracts and related

communications) during the period relevant to the parties' claims, January 2007 through May 31, 2011, when Suncor terminated its relationship with Plaintiffs.

2. The information that is the subject of this Motion is key to the Robinson-Patman Act violations that are the subject of this case. All of the information is historical and is now at least one and one half years old. Thus, it is not the type of "highly sensitive" or "trade secret" material contemplated by the Supplemental Protective Order's provisions (or applicable law) for a "Highly Confidential" or "Secret" designation. As set forth herein and in the accompanying declaration, Plaintiffs are substantially prejudiced in prosecuting this action unless their counsel can share and discuss this information with Mr. Taraghi.

## II.
## SPECIFIC RELIEF SOUGHT

3. Pursuant to §§ 11.e. and 17.a. of the Supplemental Protective Order, Plaintiffs seek an order that the following documents/data produced by Suncor and Dillon are no longer designated as "Highly Confidential" or "Secret" pursuant to the Supplemental Protective Order's terms:

a. Pricing spreadsheets reflecting Suncor prices and discounts to Suncor customers, including Dillon, for fuel sold before May 30, 2011 (an excerpt from one of these spreadsheets is attached as Exhibit A (Restricted));

b. Purchase and Sale Confirmations and other contract documents between Suncor and other customers, including Dillon, which expired or otherwise terminated

       before May 30, 2011 (an example of the purchase and sale confirmations is attached as Exhibit B (Restricted)); and

   c.  Email communications discussing contractual pricing credits, rebates or discounts to other customers, including Dillon, for fuel purchases before June 1, 2011.

4.    Plaintiffs seek to permit review of the documents set forth above by only one person, Hossein Taraghi, WCS' President and founder. Mr. Taraghi has read the Supplemental Protective Order and executed its attached Declaration of Compliance. Exhibit C, Bennington Declaration at ¶ 3.

### III.
### MOTION

5.    Pursuant to the Supplemental Protective Order, a party or non-party may designate discovery material of any kind as "Confidential Information," or "Highly Confidential Information," or "Secret." Supplemental Protective Order at ¶¶ 1, 2. The designation of information as "Highly Confidential" is permitted "only for *extremely sensitive information,* the disclosure of which may cause *substantial* competitive or business injury to the Designating Party, or which would give a competitor or a customer a competitive advantage over other competitors or customers of the Designating Party." *Id.* at ¶ 4 (emphasis in original). A designation of "Secret" is permitted "only for *trade secret information*, the disclosure of which may cause *irreparable* competitive or business injury to the Designating Party." *Id*. at ¶ 5.

6.    Under the Supplemental Protective Order, "Confidential Information," or "Highly Confidential Information," or "Secret" information may be disclosed only as permitted by the

Supplemental Protective Order and may "be used solely for purposes of preparation for trial, trial of and/or appeal from this action and for no other purpose, including, without limitation, any business or commercial purpose, in aid or furtherance of discovery or disclosure in any related or unrelated case or matter, or for any present or future litigation or proceeding other than this action." *Id.* at ¶ 9. Persons other than counsel and their in-house employees may not review or be provided "Confidential Information" (or "Highly Confidential Information" or "Secret" information), nor any information derived therefrom, without first having executed a Declaration of Compliance with the Protective Order.

7. Many of the documents identified as *Highly Confidential* or *Secret* are the most critical documents in this Robinson-Patman Act case, because they bear directly on whether Suncor engaged in price discrimination by charging Plaintiff WCS more for fuel than it charged WCS's competitors for like grade and quality of fuel up until May 31, 2011, when Plaintiffs confronted Suncor about the practice and Suncor terminated the parties' relationship. Exhibit C, at ¶¶ 4-7; *see also* Amended Complaint, Doc. 40-1, at ¶¶ 25, 31, 20-24. Plaintiffs' counsel cannot properly prosecute this case without being able to share the documents identified in Paragraphs 3.a-c above (or at least a summary of the information derived from them) with Mr. Taraghi. Exhibit C ¶¶ 4-7.

8. While a court has discretion to enter a protective order restricting disclosure of certain materials only to a party's counsel and outside experts, courts in this jurisdiction and others have recognized that "highly confidential" or "attorneys' eyes only" designations are

appropriate only in very limited situations for the simple reason, among others, that such restrictions can prevent a party from preparing its case. *See, e.g.*, *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2008 WL 4889867, *2 (D. Colo. Aug. 23, 2008) (rejecting proposed attorneys' eyes only protective order as both unfair and impractical); *Motorola, Inc. v. Lemko Corp.*, No. 08 C 5427, 2010 WL 2179170 (N.D. Ill. June 1, 2010) (rejecting attorneys' eyes only designations where parties did not currently compete and defendants failed to show that disclosure of the materials at issue to a small number of plaintiff's personnel presented a risk of disclosure); *Arvco Container Corp. v. Weyerhaeuser Co.,* No. 1:08-cv-548, 2009 WL 311125, *6 (W.D. Mich. Feb. 9, 2009) (rejecting attorneys and experts' eyes only designation and recognizing that indiscriminate use of such designations "pose[s] a significant handicap on the restricted litigant").

9. As Magistrate Judge Mix explained in *Innovatier*, the Court must apply a test in which the need to protect trade secrets is balanced against the need to elicit facts required for full and fair presentation of a case. Under the facts of that case, Magistrate Judge Mix found that:

> building an impermeable wall around this information by means of a Protective Order is not only impractical, but would be crippling to Defendant's efforts to adequately present its case. In order to absolutely prevent Defendant's representatives from having access to the information at issue, they would necessarily be excluded from every discussion of the information essential for presentation of Defendant's legal arguments and evidence to the Court or trier of fact. The implications of Plaintiff's proposal are far reaching and would serve to prohibit Defendant's representative from participating in preparation for key depositions, strategizing about important motions, and attending the trial. The wall around the information would also operate as a wall between Defendant and its counsel. Moreover, the task of policing the wall would, of course, fall

>eventually to the Court, which would increase the cost of the litigation for both parties and unduly burden the Court.

*Innovatier,* 2008 WL 4889867 at *2.

10. In this case, the discounts provided to WCS competitors such as Dillon cannot even be discussed with Mr. Taraghi. As it stands now, counsel cannot even tell Mr. Taraghi if he was correct in his belief that WCS was materially handicapped in its competition with retailers favored by Suncor. Exhibit C ¶ 4. Therefore, it is impossible for Mr. Taraghi, as WCS' owner, to plan strategy, evaluate this case and, ultimately, discuss settlement, as he is entirely in the dark as to the scope, timing and extent of the price discrimination practiced by Defendant Suncor. *Id.* ¶¶ 4-5.

11. WCS is also at a distinct disadvantage in having no in-house counsel, i.e., someone experienced with the company, its business and the industry, to whom the pricing information designated *Highly Confidential* or *Secret* information can be disclosed. In effect, counsel for WCS does not have a client with whom to consult in understanding and evaluating the actual pricing that is the subject of this price discrimination case. *Id.* ¶ 6. Counsel is thus in the potentially unethical position of making critical decisions without the client's full and informed input.

12. This crippling of WCS' ability to prosecute its case must be balanced against the fact that WCS seeks disclosure of pricing information which is stale, as it relates at the latest to May 2011 and goes back to January of 2007, nearly six years ago. Pricing information for the last 18 months, which has some legitimacy as a trade secret, is not even at issue. *Id.* ¶ 7. In

addition, documents produced by Suncor show that its contract with Dillon was renegotiated and a new contract was signed in July of 2011, after Suncor terminated WCS as a fuel purchaser. *Id*. Therefore, Dillon and Suncor are deprived of any argument that knowledge of past pricing amounts to knowledge of current pricing.

13. Thus far, Suncor and Dillon have offered nothing to justify their designation of past pricing as "Highly Confidential" or "Secret" beyond some inherent dislike or distrust of Mr. Taraghi and his company. WCS is no longer a Suncor customer, and the subject data is stale. They simply cannot show how past pricing will cause them substantial harm, particularly in light of the protections contained in the Supplemental Protective Order for all confidential information. In particular, Dillon cannot credibly argue that WCS can achieve some kind of competitive advantage from historical data that is 18 months or more old, and in some cases several years old.

14. Accordingly, Plaintiff WCS challenges the *Highly Confidential* and *Secret* designation of pricing materials (i.e., pricing spreadsheets, contracts and related communications) during the period relevant to the parties' claims, January 2007 through May 2011, when Suncor terminated its relationship with Plaintiffs. Plaintiffs request an Order re-designating such materials as *Confidential* under the terms of the Supplemental Protective Order entered in this action.

Dated: December 17, 2012

*s/ Kenneth R. Bennington*

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON BIERMANN
& CRAIGMILE, LLC 370 17th Street,
Suite 3500 Denver, CO 80202
Telephone: (303) 629-5200
Facsimile: (303) 629-5718
*krb@benningtonjonson.com*
*kec@benningtonjohnson.com*
*afa@benningtonjohnson.com*
*Attorneys for Plaintiffs and Third-
Party Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that, on December 18, 2012, copies of the foregoing **PLAINTIFFS' RENEWED MOTION CHALLENGING DEFENDANT SUNCOR'S AND INTERESTED PARTY DILLON, INC.'S DESIGNATION OF CERTAIN DOCUMENTS AND DATA AS "HIGHLY CONFIDENTIAL" AND "SECRET" PURSUANT TO THE SUPPLEMENTAL PROTECTIVE ORDER** were served on the following parties via the CM/ECF e-filing system:

| | |
|---|---|
| Anthony J. Shaheen | J. Robert Robertson |
| Keeya M. Jeffrey | William L. Monts III |
| Holland & Hart LLP | Hogan Lovells US LLP |
| 555 17th Street, Suite 3200 | 555 Thirteenth Street, N.W. |
| Denver, CO 80201-8749 | Washington, D.C. 20004-1109 |
| AJShaheen@hollandhart.com | robby.robertson@hoganlovells.com |
| KMJeffrey@hollandhart.com | william.monts@hoganlovells.com |

         *s/ Marie Newberger*