# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

**DECLARATION OF KENNETH R. BENNINGTON IN SUPPORT OF PLAINTIFFS' RENEWED MOTION CHALLENGING DEFENDANT SUNCOR'S AND INTERESTED PARTY DILLON'S DESIGNATION OF CERTAIN DOCUMENTS AND DATA AS "HIGHLY CONFIDENTIAL" AND "SECRET" PURSUANT TO THE SUPPLEMENTAL PROTECTIVE ORDER**

---

I, Kenneth R. Bennington, pursuant to 28 U.S.C. § 1746, state as follows:

1. I am over eighteen (18) years of age and competent to testify to the matters stated herein. I make this declaration on personal knowledge.

2. I am an attorney licensed to practice law in the State of Colorado and the managing member of Bennington, Johnson, Biermann & Craigmile, LLC. I am counsel of record for the Plaintiffs in this action.

**Exhibit C**

3. Of the several thousand documents produced in this action, Suncor and Interested Party Dillon, Inc. ("Dillon") have identified many as "Highly Confidential Information" or "Secret," meaning that neither I nor the other attorneys in my firm may disclose them, or any information derived from them, to the officers, directors, owners, shareholders, principals, or employees of the Plaintiffs, with the exception of in-house counsel. Neither Western Convenience Stores ("WCS") nor Western Truck One has in-house counsel. I may share documents designated as "Confidential Information" with Mr. Taraghi as he has executed the Declaration of Compliance attached as Exhibit A to original Protective Order and the Supplemental Protective Order.

4. The Supplemental Protective Order prohibition against disclosure to Plaintiffs of any documents or data designated by Suncor and Dillon as Highly Confidential Information or Secret (or any information derived from such documents or data) has significantly hampered my ability to properly represent my client. For example, while my client correctly believed that the fuel prices granted by Suncor to Dillon were lower than those granted to WCS, I cannot share with my client either the amount of the difference or how it was calculated as Suncor and Dillon have designated all pricing data, contracts and communications discussing contractual discounts as "Highly Confidential Information" or "Secret." The net price to Dillon is a cents per gallon ("cpg") discount off a rack price that is itself different from the rack price that was used to compute the net price charged to WCS. Given the "Highly Confidential" and "Secret"

**11-cv-01611-MSK-CBS:  DECLARATION OF KENNETH R. BENNINGTON**         Page 2
**IN SUPPORT OF PLAINTIFFS' RENEWED MOTION CHALLENGING
DEFENDANT SUNCOR'S AND INTERESTED PARTY DILLON, INC.'S
DESIGNATION OF CERTAIN DOCUMENTS AND DATA AS "HIGHLY
CONFIDENTIAL" AND "SECRET" PURSUANT TO THE SUPPLEMENTAL
PROTECTIVE ORDER**

designation, I cannot disclose these differences in price and calculation method, and thus cannot discuss with my client how that may affect our strategy and evaluation of this action.

5. In addition, Mr. Taraghi, the owner of WCS, has been in the convenience store business for 23 years, having grown WCS from one store to 42. Thus, he has a wealth of experience and knowledge of which his own counsel is deprived in prosecuting this case on behalf of his company. While in theory, expert witnesses might provide a substitute resource, I have found that not to be the case, particularly where knowledge of the actual nature of competition in Colorado front range will be critical. Moreover, the use of expert witnesses to analyze data and provide input is substantially more expensive to WCS, which must bear the experts' hourly rates for all analysis and review performed.

6. WCS is also at a distinct disadvantage in having no in-house counsel, i.e., someone experienced with the company, its business and the industry, to whom the pricing information designated *Highly Confidential* or *Secret* information can be disclosed. In effect, I do not have a client with whom I can consult in understanding and evaluating the actual pricing that is the subject of this price discrimination case. I suggest that could put me in the unethical position of becoming the client instead of the attorney, making critical decisions without the client's full and informed input.

7. The "Highly Confidential" and "Secret" information that WCS seeks to re-designate as "Confidential" is historical information only, relating to pricing between January 2007 and May 2011 when Suncor terminated Western as a customer. My review

of Suncor discovery production to date indicates that pricing changes so often that WCS's knowledge of pricing information which is more than 18 months old will have little, if any, value to WCS going forward. Documents produced by Suncor show that its contract with Dillon was renegotiated a new contract signed in July of 2011 which was after the WCS/Suncor relationship ended. Therefore, WCS's knowledge of past Dillon pricing has even less significance, as it tells WCS nothing of Dillon's current pricing from Suncor.

      I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 17, 2012.

                                    *s/ Kenneth R. Bennington*

                                    Kenneth R. Bennington

**11-cv-01611-MSK-CBS:  DECLARATION OF KENNETH R. BENNINGTON**    Page 4
**IN SUPPORT OF PLAINTIFFS' RENEWED MOTION CHALLENGING
DEFENDANT SUNCOR'S AND INTERESTED PARTY DILLON, INC.'S
DESIGNATION OF CERTAIN DOCUMENTS AND DATA AS "HIGHLY
CONFIDENTIAL" AND "SECRET" PURSUANT TO THE SUPPLEMENTAL
PROTECTIVE ORDER**