**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

**PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT ACCESS TO CERTAIN
EXHIBITS ATTACHED TO PLAINTIFFS' RENEWED MOTION CHALLENGING
DEFENDANT SUNCOR'S AND INTERESTED PARTY DILLON'S DESIGNATION OF
CERTAIN DOCUMENTS AND DATA AS "HIGHLY CONFIDENTIAL" AND
"SECRET" PURSUANT TO THE SUPPLEMENTAL PROTECTIVE ORDER**

---

Plaintiffs Western Convenience Stores, Inc. ("WCS") and Western Truck One, LLC ("WTO"), by and through their undersigned counsel, move as follows pursuant D.C.COLO.L.CivR 7.2.B for an order of Level 1 restriction on access to certain exhibits attached to Plaintiffs' Renewed Motion Challenging Defendant Suncor's and Interested Party Dillon's Designation of Certain Documents and Data as "Highly Confidential" and "Secret" Pursuant to the Supplemental Protective Order (Doc. 153).

---

### CERTIFICATION OF COMPLIANCE WITH D.C.COLO.L.CivR 7.1.A

Pursuant to Local Rule 7.1.A, the undersigned certifies that counsel for Plaintiffs has conferred with counsel for Defendant Suncor and Interested Party Dillon Companies regarding the filing of this Motion and they do not object to the relief sought herein.

---

### MOTION AND RELIEF SOUGHT

1. Local Rule 7.2.B permits motions to restrict public access to documents filed with the Court. The rule requires the movant to "[a]ddress the interest to be protected and why such interest outweighs the presumption of public access," and "identify a clearly defined and serious injury that would result if access is not restricted." D.C.COLO.LCivR 7.2.B.2–3. The rule further requires the movant to "explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question" (*e.g.*, redaction, summarization, restricted access to exhibits or portions of exhibits). *Id.* at 7.2.B.4.

2. Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness. *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that where records contain "sources of business information that might harm a litigant's competitive standing," the court may limit public access); *see also Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010) (preservation of trade secrets is a circumstance that overcomes the presumption of openness of judicial proceedings).

3. On December 18, 2012, Plaintiffs filed their Renewed Motion Challenging Defendant Suncor's and Interested Party Dillon's Designation of Certain Documents and Data as "Highly Confidential" and "Secret" Pursuant to the Supplemental Protective Order ("Renewed Motion"). *See* Doc. 153. Attached to the Renewed Motion are Exhibits A through C. *Id*. Exhibits A and B contain information which Defendant Suncor Energy (U.S.A.) Inc. ("Suncor") designated "Highly Confidential Information" pursuant to the Protective Order and Supplemental Protective Order.

4. Exhibit A is a spreadsheet reflecting Suncor prices and discounts to Suncor customers, including Dillon, for fuel sold before May 30, 2011. Suncor designated Exhibit A "Highly Confidential Information" and asserts that it contains trade secrets. Suncor asserts that disclosing this information to the public may result in serious injury to Suncor's business interest.

5. Exhibit B is a sample of a "Confirmation of Purchase/Sale Agreement" between Defendant and Mini Mart aka Loaf N Jug, which Suncor designated "Highly Confidential Information" and asserts that it contains trade secrets. Suncor asserts that disclosing this information to the public may result in serious injury to Suncor's business interest.

6. Suncor asserts that only restricted access will adequately protect the sensitive information because Exhibits A and B cannot be summarized without identifying the information sought to be protected by this Motion. Thus, according to Suncor, restricting access is the only practicable solution to protecting Suncor's sensitive business information.

**11-cv-01611-MSK-CBS: PLAINTIFFS' <u>UNOPPOSED</u> MOTION TO RESTRICT ACCESS TO CERTAIN EXHIBITS ATTACHED TO PLAINTIFFS' RENEWED MOTION CHALLENGING DEFENDANT SUNCOR'S AND INTERESTED PARTY DILLON'S DESIGNATION OF CERTAIN DOCUMENTS AND DATA AS "HIGHLY CONFIDENTIAL" AND "SECRET" PURSUANT TO THE SUPPLEMENTAL PROTECTIVE ORDER**                                                                                                                Page 3

WHEREFORE, Plaintiffs request an order of Level 1 restriction on access to Exhibits A and B attached to Plaintiffs' Renewed Motion Challenging Defendant Suncor's and Interested Party Dillon's Designation of Certain Documents and Data as "Highly Confidential" and "Secret" Pursuant to the Supplemental Protective Order.

Dated: January 2, 2013

                *s/ Kenneth R. Bennington*

                Kenneth R. Bennington
                Kathleen E. Craigmile
                Adam F. Aldrich
                BENNINGTON JOHNSON
                BIERMANN & CRAIGMILE, LLC
                370 17th Street, Suite 3500
                Denver, CO 80202

                Philip W. Bledsoe
                Joseph T. VanLandingham
                Polsinelli Shughart PC
                1225 Seventeenth Street, 29th Floor
                Denver, CO 80202-5529
                Telephone: (303) 572-9300

                *Attorneys for Plaintiffs and Third-Party Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 2, 2013, copies of the foregoing **PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT ACCESS TO CERTAIN EXHIBITS ATTACHED TO PLAINTIFFS' RENEWED MOTION CHALLENGING DEFENDANT SUNCOR'S AND INTERESTED PARTY DILLON'S DESIGNATION OF CERTAIN DOCUMENTS AND DATA AS "HIGHLY CONFIDENTIAL" AND "SECRET" PURSUANT TO THE SUPPLEMENTAL PROTECTIVE ORDER** was served on the following parties via the CM/ECF filing system:

Anthony J. Shaheen
Keeya M. Jeffrey
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80201-8749
AJShaheen@hollandhart.com
KMJeffrey@hollandhart.com

J. Robert Robertson
William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart PC
1225 Seventeenth Street, 29th Floor
Denver, CO 80202-5529
pbledsoe@polsinelli.com
jvanlandingham@polsinelli.com

Christopher A. Taravella
Michael R. McCormick
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80111
ctaravella@montgomerylittle.com
mmccormick@montgomerylittle.com

*s/ Marie Newberger*