## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

      Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

      Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

      Third-Party Defendants.

_____

## MOTION BY INTERESTED PARTY DILLON COMPANIES, INC. TO QUASH OR MODIFY KROGER AND WILSON SUBPOENAS
_____

      Comes now interested party Dillon Companies, Inc. ("Dillon"), by and through its

attorneys, Montgomery Little & Soran, P.C., and respectfully submits this Motion

("Motion") to Quash or Modify the Subpoena to Testify at a Deposition in a Civil Action

issued to Kroger dated December 17, 2012 ("Kroger Subpoena") (Exhibit A) and the

Subpoena to Testify at a Deposition in a Civil Action issued to David Wilson dated

December 17, 2012 ("Wilson Subpoena") (Exhibit B) as follows:

## CERTIFICATE OF CONFERRAL

Pursuant to D.C. Colo. L. Civ. R. 7.1(A), counsel for Dillon certifies that he conferred with counsel for Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC ("Plaintiffs") to attempt to resolve the disputed issues in this Motion via e-mail, letter, and telephone.  *See* Exhibit C, pp. 1-4 (letter of conferral to Plaintiffs' counsel dated December 31, 2012).  Counsel for Dillon also conferred via telephone with Plaintiffs' counsel on January 2, 2013.  Plaintiffs will object to the relief requested in this Motion.

## BACKGROUND

On December 18, 2012, Plaintiffs served The Kroger Co. ("Kroger") with the Kroger Subpoena (Exhibit A).  The Date and Time listed on the Kroger Subpoena is January 3, 2013 at 9:00 a.m.  The Place listed on the Kroger Subpoena is Bennington Johnson Biermann & Craigmile, LLC, 370 17th Street, Suite 3500, Denver, CO 80202. Also on December 18, 2012, Plaintiffs served Kroger with Plaintiffs' Rule 30(b)(6) Notice of Deposition of the Kroger Company and Affiliates (Exhibit A, p. 3) ("Kroger Notice of Deposition").  The Kroger Notice of Deposition states that the date and time of the deposition of Kroger will be "January 3 and/or 4, 2013, beginning at 9:00 a.m." The Kroger Notice of Deposition directs Kroger to designate a person or persons to testify regarding a list of eighteen topics ("Topics").  Exhibit A, p. 4.  There was no attempt to coordinate times, dates, or locations for any of the depositions before service.

2

On Wednesday December 19, 2012, Plaintiffs served David Wilson with the Wilson Subpoena (Exhibit B).  On Friday December 27, 2012, Plaintiffs served Kroger with a Notice of Deposition of David Wilson.  Exhibit B, p. 3.

On December 27, 2012, counsel for Plaintiffs agreed to reschedule the return date for the depositions to be held pursuant to the Kroger Subpoena until at least after January 16, 2013.  *See* Exhibit D, E-mail from Plaintiffs' counsel.

On January 2, 2013, Dillon served Plaintiffs with an objection (Exhibit E, exhibits thereto omitted) to the Kroger and Wilson Subpoenas out of an abundance of caution to comply with F.R.C.P. 45(c)(2)(B), to the extent that it may apply to subpoenas *ad testificandum*.

Although the Plaintiffs agreed to extend the return date in the Kroger Subpoena (*See* Exhibit D, e-mail from Plaintiffs' counsel) and the parties continue to have ongoing productive negotiations concerning same, Dillon nevertheless is filing this motion with the Court before the return time listed on the Kroger Subpoena (i.e. January 3, 2013 at 9:00 a.m.)[1]  *See United States v International Business Machines Corp.* (1976, DC NY) 70 FRD 700, 1976-1 CCH Trade Cases P 60794 (absent circumstances which would justify delay, motion under Rule 45(b) to quash or modify subpoena must be served before time set for compliance in subpoena).

---

[1] As noted above, the return times and dates were set without conferral.

Counsel for Dillon views conferral as an ongoing undertaking and will promptly notify the Court should any resolution be achieved concerning the issues addressed in this Motion.

**LEGAL AUTHORITIES**

*Fed. R. Civ. P. 26*

F.R.C.P. 26(b)(1): "Discovery Scope and Limits. (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b) (2) (C)."

F.R.C.P. 26(b)(2)(C): "When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or

4

expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Federal Rule of Civil Procedure 26(b)(1) allows broad discovery of any matter, not privileged, which is relevant to the claim or defense of any party. *Premier Election Solutions, Inc. v. SysTest Labs Inc.*, 2009 U.S. Dist. LEXIS 94193 (D. Colo. Sept. 22, 2009). However, Rule 26(c) limits discovery by allowing the court, for good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c). Further, a court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G). Courts also consider the burden imposed on the producing party, the relevance of the request, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request.  *Echostar Communications Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 396 (D. Colo. 1998).

*Fed. R. Civ. P. 30*

F.R.C.P. 30(b)(6) states in part: "In its notice or subpoena, a party may name as the deponent a . . . private corporation . . . and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person

5

designated will testify. . . . The persons designated must testify about the information known or reasonably available to the organization."

D.C.COLO.LCivR 30.1(A) states in part: "Before sending a notice to take a deposition, counsel or the pro se party seeking the deposition shall make a good faith effort to schedule it by agreement at a time reasonably convenient and economically efficient to the proposed deponent, all counsel of record, and pro se parties."

*Fed. R. Civ. P. 45*

F.R.C.P. 45: "(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

. . .    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. . . .

(3) Quashing or Modifying a Subpoena.

6

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

   (i) fails to allow a reasonable time to comply;

   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   (iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

   (i) disclosing a trade secret or other confidential research, development, or commercial information;

. . .

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    (ii) ensures that the subpoenaed person will be reasonably compensated."

7

While F.R.C.P. 45(3)(A) does not define the phrase "timely motion", some authorities indicate that a "timely motion" must be filed on or before the time specified in the subpoena for compliance therewith.  *See e.g. Ross v Cities Service Gas Co.* (1957, DC Mo) 21 FRD 34 (motion made to the court to quash or modify a subpoena duces tecum is only seasonable when made promptly and in any event at or before the time specified in the subpoena for compliance therewith).

*Elements of Claim Under Robinson-Patman Act*

"To make out a claim under Robinson-Patman, the plaintiff must allege: (1) two or more contemporaneous sales by the same seller; (2) at different prices; (3) of commodities of like grade and quality; (4) the discrimination had the requisite anticompetitive effect; and (5) the discrimination caused injury to the plaintiff." Recommendation of United States Magistrate Judge Craig B. Shaffer dated October 21, 2011 (Doc. No. 22), p. 11 (*citing New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. June 21, 2011).

## ARGUMENT

*Date of Designation(s) for Kroger Deposition(s)*

Due to the holiday season, Dillon requires additional time to interview Dillon employees whom Dillon may designate to determine whom can testify regarding information known or reasonably available to Dillon concerning the Topics listed in the Kroger Notice of Deposition.  Accordingly, Dillon respectfully requests until and

including Monday January 14, 2013 for Dillon to designate a witness or witnesses for each Topic under F.R.C.P. 30(b)(6).[2]

*Date of Kroger Deposition(s)*

The Kroger Notice of Deposition states that the Kroger Deposition will be on "January 3 and/or 4, 2013, beginning at 9:00 a.m." at Bennington Johnson Biermann & Craigmile, LLC, 370 17th Street, Suite 3500, Denver, CO 80202.  Plaintiffs' counsel did not attempt to coordinate this date with office for Dillon's counsel before issuing the Kroger Subpoena.  *See* D.C. COLO.LCivR 30.1 (reasonable notice, scheduling).

Counsel for Dillon is unavailable on January 4, 2013 for the Kroger Deposition due to a federal court hearing in another matter scheduled for the entire day.  . Nevertheless, counsel for Dillon has calendared and will attend the deposition of David Wilson in Salt Lake City, Utah on January 9, 2013 at 9:00 a.m. pursuant to the Wilson Subpoena.

As stated above, Dillon will need until at least Monday January 14, 2013 to designate witnesses for the Kroger Deposition(s) under F.R.C.P. 30(b)(6).  Counsel for the parties have agreed to reschedule the Kroger Deposition(s) until at least after January 14, 2013.  *See* Exhibits C & D.

---

[2] However, if possible, Dillon will designate witnesses before that date on a rolling basis. One potential witness recently had a death in the family and is temporarily unavailable.

*Location of the Kroger Deposition(s)*

Kroger's Supermarket Petroleum Operations department is located in Denver, Colorado.  Accordingly, Dillon anticipates that one or more of the employees that Dillon designates under F.R.C.P. 30(b)(6) will be employees who regularly transact business in Denver, Colorado and that their deposition(s) will occur at the office of counsel for Plaintiffs.  *See* F.R.C.P. 45(c)(3)(A)(ii).

Kroger Accounting Services and Kroger Petroleum Procurement departments are located in Hutchinson, Kansas.  Accordingly, Dillon anticipates that one or more of the employees whom Dillon designates under F.R.C.P. 30(b)(6) will be employees who regularly transact business in Hutchinson, Kansas and that their deposition(s) will occur in Hutchinson, Kansas.  *See* F.R.C.P. 45(c)(3)(A)(ii) "court must quash or modify a subpoena that . . . (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ."

Counsel for the parties have conferred and will continue to confer regarding the locations of the Kroger Deposition(s).

*Topic No. 5*

Dillon has no objection to Topic No. 5 (competition between Dillon and Plaintiffs).

10

*Supplemental Protective Order*

Several of the Topics in the Kroger Notice of Deposition refer to information that Dillon produced subject to the Supplemental Protective Order (Doc. #140) ("Supplemental Protective Order")).  Dillon's Objection to the Magistrate Judge's Order Dated August 17, 2012 ("August 17, 2012 Objection") (Doc. #107) remains pending before the Court.  Dillon hereby incorporates and restates the Objection as if fully restated herein.  Certain information requested by the Kroger Subpoena and Wilson Subpoena is trade secret information.  Dillon respectfully requests that the Court quash or modify the Kroger and Wilson Subpoenas to the extent that they seek Dillon's trade secrets for the reasons stated in the Objection.  The Supplemental Protective Order does not afford Dillon adequate protection of its trade secrets.

*Kroger Subpoena - Objection to Timeframe*

The timeframe for the Subpoena to Produce Documents Information or Object or to Permit Inspection of Premises in a Civil Action dated April 26, 2012 ("April 26, 2012 Subpoena") was modified to include information from only January 1, 2009 to May 31, 2011.  Topics 1 - 18 in the Kroger Subpoena either do not include a specific timeframe or include timeframes outside of January 1, 2009 to May 31, 2011.  For these reasons, Dillon respectfully requests that the Court modify the Kroger Subpoena regarding Topic Nos. 1-18 to permit Plaintiffs to seek information from only January 1, 2009 to May 31, 2011.

*Kroger Subpoena - Prices Charged by Dillon (Topics 1, 2, 3, 7, and 15)*

Topics 1, 2, 3, 7, and 15 of the Kroger Subpoena request information that is related or may be related to the prices that Dillon and Loaf N' Jug charged to its customers for gasoline (Loaf 'N Jug, Inc is a dba of Mini Mart Inc. which is a subsidiary of Dillon).  These requests are not reasonably calculated to lead to the discovery of admissible evidence because the prices that Dillon and Loaf N' Jug charged to its customers are not related to Plaintiffs' allegations that Suncor sold fuel to Plaintiffs' competitors at lower prices than the prices Suncor charged Plaintiffs for the same fuel. *See Texaco, Inc. v. Hasbrouck*, 496 U.S. 543, 559-560 (U.S. 1990) (reiterating the longstanding principal that suppliers are not liable for the independent pricing decisions of their buyers). Thus, Plaintiffs cannot seek to hold Suncor liable for Dillon and Loaf N' Jug's retail pricing decisions.  The information requested is also overbroad, unduly burdensome, and expensive for Dillon to produce.  For these reasons, Dillon respectfully requests that the Court quash or modify the Kroger Subpoena to omit Topic Nos. 1, 2, 3, 7, and 15.

An aggregate of Dillon's pump prices over time and throughout different locations constitutes a trade secret for the reasons stated in Dillon's Objection (Doc. #107) and the Declaration of Susan Giannola (Doc. #107-6) (see page 4 thereof, addressing request No. 8 of the April 26, 2012 Subpoena).  Dillon respectfully requests that the Court quash or modify the Kroger Subpoena with regards to these Topics to the extent

that they seek Dillon's trade secrets for the reasons stated in the August 17, 2012 Objection.

*Kroger Subpoena - Other Competitors (Topic Nos. 4, 6, and 12)*

Topics 4, 6, and 12 request, or may request, information related to other alleged competitors besides Plaintiffs.  These Topics are overbroad, unduly burdensome, and expensive for to Dillon to produce.  For these reasons, Dillon respectfully requests that the Court modify the Kroger Subpoena to modify or omit Topics 4, 6, and 12 so that the Kroger Subpoena does not seek any information related to any alleged competitors besides Plaintiffs.

Dillon's fuel price surveys and analysis of market data constitutes or may constitute trade secrets.  *See* Declaration of Susan Giannola (Doc. #107-6) pp.5-6 (addressing request No. 9 of the April 26, 2012 Subpoena).  Dillon respectfully requests that the Court quash or modify the Kroger Subpoena with regards to these Topics to the extent that they may seek Dillon's trade secrets for the reasons stated in the August 17, 2012 Objection.

*Kroger Subpoena - Other Suppliers (Topic Nos. 8, 9, 10, 11, 13, 14)*

Topics 8, 9, 10, 11, 13 and 14 request, or may request, information related to other suppliers to Dillon and Loaf N' Jug besides Suncor.

Dillon's and Loaf N' Jug's agreements with their supplier(s) besides Suncor state that Dillon and Loaf N' Jug cannot disclose their other supplier(s) to any other persons. The identity of Dillon's other supplier(s) is extremely sensitive to Dillon.  Further,

13

Plaintiffs' requests regarding other suppliers are not reasonably calculated to lead to the discovery of admissible evidence under the Robinson-Patman Act.  These requests are also overbroad, unduly burdensome, and expensive for Dillon to produce and would require Dillon to breach confidentiality agreements with other suppliers.  For these reasons, Dillon respectfully objects and requests that the Court quash or modify the Kroger Subpoena so that Dillon does not have to disclose the identity of its other supplier(s), or any information related thereto, to Plaintiffs.

Topics 8, 9, 10, 11, 13 and 14 may also seek trade secret information.  Dillon respectfully requests that the Court quash or modify the Kroger Subpoena with regards to these Topics to the extent that they may seek Dillon's trade secrets for the reasons stated in the August 17, 2012 Objection.

*Kroger Subpoena - Topic No. 16*

The April 26, 2012 Subpoena defines the "Pertinent Geographic Area" to mean and include "Colorado and the area of Nebraska within a 25 mile radius of the towns of Sidney, Ogallala and Hershey."  Accordingly, Topic No. 16 appears to request information that is outside the Pertinent Geographical Area.  Upon information and belief, Plaintiffs have agreed to modify Request No. 16 to be limited to the Pertinent Geographical Area.

*Kroger Subpoena - Topic No. 17*

Topic No. 17 in the Kroger Notice of Deposition states: "Description of consideration, efforts and negotiations by Kroger to acquire WCS or any WCS stores,

14

including the steps taken and persons involved therein."  This Topic is unrelated to

Plaintiffs' claims against Suncor under the Robinson-Patman Act and will cause Dillon

to undergo significant expense to locate and designate witnesses who may be

knowledgeable concerning same.  Topic No. 17 is also vague, overbroad, unduly

burdensome, and unduly expensive for Dillon to produce.  Topic 17 may also seek

Dillon's trade secret information.  For these reasons, Dillon respectfully requests that

the Court quash or modify the Kroger Subpoena to omit Topic No. 17.

*Kroger Subpoena - Topic No. 18*

Topic No. 18 requests information regarding the studies produced or to be

produced by Dillon pursuant to Request No. 10 of the April 26, 2012 Subpoena.  During

the hearing on October 3, 2012, the Court stated: "number 10 beats the band in terms

of overbroad . . . number 10 doesn't honestly even pass the straight face test."

Transcript of October 3, 2012 hearing, p. 94, lines 5-11.  Topic No. 18 is not reasonably

calculated to lead to the discovery of admissible evidence, vague, overbroad, unduly

burdensome, and unduly expensive to Dillon.  Accordingly, Dillon respectfully requests

that the Court quash or modify the Kroger Subpoena to omit Topic No. 18.

Information requested by Topic No. 18 constitutes or may constitute trade

secrets.  *See* Declaration of Susan Giannola (Doc. #107-6) pp.6-8 (addressing request

No. 10 of the April 26, 2012 Subpoena).  Dillon respectfully requests that the Court

quash or modify the Kroger Subpoena with regards to Topic No. 18 to the extent that it

seeks Dillon's trade secrets for the reasons stated in the August 17, 2012 Objection.

15

*Wilson Subpoena*

As noted above, Dillon's Objection to the Magistrate Judge's Order dated August 17, 2012 ("Objection") (Doc. #107) remains pending before the Court. Dillon anticipates that Plaintiffs may request information from Mr. Wilson during his deposition that constitutes Dillon's trade secrets.  Dillon respectfully requests that the Court quash or modify the Wilson Subpoena to the extent that Plaintiffs may seek Dillon's trade secret information for the reasons stated in the August 17, 2012 Objection.

*Fees and Costs*

For the reasons stated herein, Dillon respectfully requests that the Court order that Plaintiffs reasonably compensate Dillon for its fees and costs for responding to the Kroger and Wilson Subpoenas under F.R.C.P. 45(c)(3)(C)(ii).


Capitalized terms not defined herein have the same meaning as set forth in the Supplemental Protective Order, April 26, 2012 Subpoena, Kroger Subpoena and Wilson Subpoena, as applicable.

WHEREFORE, Dillon respectfully requests that the Court quash or modify the Kroger and Wilson Subpoenas as described herein in this Motion.

Dated:  January 3, 2013.

s/*Michael R. McCormick*
Christopher A. Taravella, #7790
Michael R. McCormick, #33682
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Phone Number: (303) 773-8100
Fax Number: (303) 220-0412
E-mail:  ctaravella@montgomerylittle.com
           mmccormick@montgomerylittle.com
*Attorney for Dillon Companies, Inc.*
*Interested Party*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2013 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann &
Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO  80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO  80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-Denver
555 17th Street, Suite 3200
Denver, CO  80201

s/ Michael R. McCormick
Montgomery Little & Soran, P.C.