Checkmate On
12/18 11:42

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | | |
|---|---|---|
| Western Convenience Stores, Inc., et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 11-cv-01611-MSK-CBS |
| Suncor Energy (U.S.A.) Inc. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: The Kroger Company c/o Registered Agent, Corporation Service Company
1560 Broadway, Suite 2090, Denver, CO 80202

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Bennington Johnson Biermann & Craigmile, LLC<br>370 17th Street, Suite 3500<br>Denver, CO 80202 | Date and Time:<br>01/03/2013 9:00 am |
|---|---|

The deposition will be recorded by this method: __Certified Court Reporter__

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __12/17/2012__

_CLERK OF COURT_

OR

s/ Kenneth R. Bennington

_____   _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**EXHIBIT A**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

**PLAINTIFFS' RULE 30(b)(6) NOTICE OF DEPOSITION
OF THE KROGER COMPANY AND AFFILIATES**

---

TO:    Third-Party, The Kroger Company
        c/o Registered Agent, Corporation Service Company
        1560 Broadway, Suite 2090, Denver, CO 80202

    PLEASE TAKE NOTICE that on January 3 and/or 4, 2013, beginning at 9:00 a.m. at the offices of Bennington Johnson Biermann & Craigmile, LLC, 370 17th Street, Suite 3500, Denver, CO 80202, the undersigned counsel for Plaintiffs will, pursuant to C.R.C.P. 30(b)(6), take the oral deposition of Third-Party, The Kroger Company, before a certified court reporter. The matters for examination are set forth below, subject to the following definitions:

    "Dillon" shall mean and refer to Dillon Companies or Dillon Companies, Inc., including any of its subsidiaries or tradenames, including, but not limited to *King Soopers* and *City Market*.

    "Discount" shall mean and include all rebates, discounts, off-invoice consideration, kickbacks, credits, allowances and other things of value granted to You by Suncor, regardless of whether reflected on an invoice and regardless of when received in relation to a purchase of Fuel, which have the effect of a material reduction in the price paid for Fuel by such purchaser.

"Fuel" shall mean and include all formulations of gasoline and diesel fuel sold by Suncor, whether branded or unbranded, to You.

"Kroger" shall mean and include The Kroger Company and all of its affiliates, subsidiaries and trade names including Dillon Companies, Dillon Companies, Inc., Mini Mart, Inc. *King Soopers, City Market* and *Loaf 'N Jug.*

"Mini Mart" shall mean and refer to Mini Mart, Inc., including any of its subsidiaries or tradenames, including, but not limited to *Loaf 'N Jug.*

"Suncor" shall mean and refer to Suncor Energy (U.S.A), Inc. and all of its subsidiaries, affiliates, and related entities.

"You," "Your," or "Company" shall mean and refer to Kroger, as defined above.

**PURSUANT TO RULE 30(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, THIRD-PARTY KROGER SHALL DESIGNATE A PERSON OR PERSONS TO TESTIFY REGARDING THE FOLLOWING SUBJECT MATTERS:**

1. Description of the process used by Kroger or Dillon for the setting of daily pump prices (street prices and discounts from street prices) for all grades of fuel at King Soopers/City Market locations in Colorado for the years 2009-2012.

2. Description of the process used by Kroger or Mini Mart for the setting of daily pump prices (street prices and discounts from street prices) for all grades of fuel at Loaf 'N Jug locations in Colorado for the years 2009-2012.

3. Description of how and when changes in the price paid by Kroger or Dillon to Suncor affect the daily pump price for all grades of fuel at King Soopers, City Market or Loaf 'N Jug locations in Colorado.

4. Description of how Kroger, Dillon or Mini Mart determines and identifies the competitors for each of the King Soopers, City Market and Loaf 'N Jug retail sites in Colorado.

5. Description of the competition between King Soopers/City Market or Loaf 'N Jug stores and Western Convenience Stores.

6. Identification of which gas stations compete with each of the sample retail sites identified below:

| CITY MARKET #203 | 128 S TOWNSEND AVE | Montrose | CO |
| --- | --- | --- | --- |
| CITY MARKET #218 | 2826 NORTH AVE | Grand Junction | CO |
| CITY MARKET #225 | 569 32 RD | Grand Junction | CO |
| CITY MARKET #240 | 1530 ODELLE RD | Montrose | CO |

| KING SOOPERS STORE | 1750 W UINTAH ST | Colorado Springs | CO |
|---|---|---|---|
| KING SOOPERS STORE | 2255 N MAIN ST | Longmont | CO |
| LOAF 'N JUG #9 | 610 US HIGHWAY 24 S | Buena Vista | CO |
| LOAF 'N JUG #14 | 1201 PUEBLO BLVD WAY | Pueblo | CO |
| LOAF 'N JUG #52 | 2405 W NORTHERN AVE | Pueblo | CO |
| LOAF 'N JUG #54 | 912 ROYAL GORGE BLVD | Canon City | CO |
| LOAF 'N JUG #59 | 415 AMB THOMPSON BLVD | Las Animas | CO |
| LOAF 'N JUG #802 | 198 S UNION BLVD | Denver | CO |

7.  Identification of the effective dates and cents per gallon amount of discounts offered to consumers relating to the purchase of fuel at King Soopers/City Market or Loaf 'N Jug locations in Colorado for the time period of 2009 to 2012

8.  Description of the Dillon and Mini Mart Request for Proposal procedures for the purchase of fuel for King Soopers/City Market and Loaf 'N Jug sites within Colorado from 2008 to 2012, including the suppliers involved and bid responses received.

9.  Identification of all data and information provided by Dillon or Mini Mart to Suncor in connection with Suncor's response to Dillon's or Mini-Mart's request for proposals in 2009, 2010, and 2011.

10. Identification of all data and information provided by Suncor to Dillon or Mini Mart in connection with Suncor's response to Dillon's or Mini-Mart's request for proposals in 2009, 2010 and 2011.

11. Identification of all offers and counteroffers, including all instances in which Suncor changed the offered price or terms on response to Dillon's or Mini Mart's request for proposals in 2009, 2010, and 2011.

12. Description of the purposes and use of daily fuel survey data collected by Kroger entities for King Soopers/City Market or Loaf 'N Jug locations in Colorado.

13. Description of whether, since October 2009, Dillon has purchased fuel from suppliers other than Suncor for sale at King Soopers/City Market retail sites in Colorado and, if so, identification of the other suppliers from which Dillon purchased, identification of the King Soopers/City Market retail sites to which such the fuel was delivered, and description of whether fuel was regularly purchased from suppliers other than Suncor for particular retail sites.

14. Description of whether, since October 2009, Mini Mart has purchased fuel from suppliers other than Suncor for sale at Loaf 'N Jug retail sites in Colorado; and if so, identification of the other suppliers from which Mini Mart purchased, identification of the Loaf 'N Jug retail sites to which such the fuel was delivered, and description of whether fuel was regularly purchased from suppliers other than Suncor for particular retail sites.

15. Description of the processes for setting of daily pump prices for all grades of fuel for the King Soopers store on Northern Avenue and Loaf 'N Jug Store No. 52 (both in Pueblo, Colorado) for the time period 2010-2012.

16. Description of purchases of Fuel by Dillon or Mini Mart from Suncor for delivery to and retail sale by Kroger retail sites outside of Colorado, including, in general: the dates of the sales; the Kroger retail sites outside of Colorado to which the Fuel was delivered and from which such Fuel was sold to consumers; and the extent to and means by which Suncor was aware the Fuel was delivered to and sold by Kroger retail sites outside of Colorado.

17. Description of consideration, efforts and negotiations by Kroger to acquire WCS or any WCS stores, including the steps taken and persons involved therein.

18. The studies produced or to be produced by Kroger pursuant to Plaintiffs' Subpoena request Number 10.

Dated: December 17, 2012.

s/ Kenneth R. Bennington

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON
BIERMANN & CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202
(303) 629-5200
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 17, 2012, copies of the foregoing **PLAINTIFFS' RULE 30(b)(6) NOTICE OF DEPOSITION OF THE KROGER COMPANY** were served on the following parties via email:

Anthony J. Shaheen
Keeya M. Jeffrey
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80201-8749
AJShaheen@hollandhart.com
KMJeffrey@hollandhart.com

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart PC
1225 Seventeenth Street, 29th Floor
Denver, CO 80202-5529
pbledsoe@polsinelli.com
jvanlandingham@polsinelli.com

J. Robert Robertson
William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

Christopher A. Taravella
Michael R. McCormick
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80111
ctaravella@montgomerylittle.com
mmccormick@montgomerylittle.com

*s/ Marie Newberger*