# Montgomery Little & Soran, PC

Attorneys at Law

MICHAEL R. MCCORMICK
303.779.2721
mmccormick@montgomerylittle.com

December 31, 2012

Kenneth R. Bennington, Esq.
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

**SENT VIA ELECTRONIC MAIL:** krb@benningtonjohnson.com

RE: *Western Convenience Stores, Inc., et al.* v. *Suncor Energy, Inc.*
Civil Action No. 11-cv-01611-MSK-CBS
United States District Court for the District of Colorado
Our File No.: 1509-147

Dear Mr. Bennington:

This letter is to confer with you regarding the Subpoena to Testify at a Deposition in a Civil Action issued to The Kroger Co. dated December 17, 2012 ("Kroger Subpoena") (Exhibit A) and the Subpoena to Testify at a Deposition in a Civil Action issued to David Wilson dated December 17, 2012 ("Wilson Subpoena") (Exhibit B).

## BACKGROUND AND CONFERRAL

On December 18, 2012, Plaintiff Western Convenience Stores, Inc. and Western Truck One, LLC ("Plaintiffs") served The Kroger Co. ("Kroger") with the Kroger Subpoena (Exhibit A). The Date and Time listed on the Kroger Subpoena is January 3, 2013 at 9:00 a.m. The Place listed on the Kroger Subpoena is Bennington Johnson Biermann & Craigmile, LLC, 370 17th Street, Suite 3500, Denver, CO 80202.

Also on December 18, 2012 at 1:41 p.m., your office sent us an e-mail (Exhibit C) attaching a Plaintiffs' Rule 30(b)(6) Notice of Deposition of the Kroger Company and Affiliates (Exhibit A, p. 5) ("Kroger Notice of Deposition"). The Kroger Notice of Deposition states that the dates of the deposition of Kroger will

**EXHIBIT C**

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 31, 2012
Page 2
Kenneth Bennington, Esq.

be "January 3 and/or 4, 2013, beginning at 9:00 a.m." The Kroger Notice of Deposition directs Kroger to designate a person or persons to testify regarding a list of eighteen topics ("Topics"). There was no attempt to coordinate times, dates, or locations for any of the depositions.

On Tuesday December 18, 2012 at 8:07 p.m., Christopher A. Taravella, Esq. sent you an e-mail (Exhibit D, pp. 3-4) asking, among other things, whether: (A) anyone from your office had coordinated the dates of the deposition of Kroger under F.R.C.P. 30(b)(6) ("Kroger Deposition") with our office before issuing the Kroger Subpoena; and (B) whether the location of the Kroger Deposition would depend on which witness or witnesses Kroger designated to testify concerning the topics listed in the Kroger Notice of Deposition.

On Wednesday December 19, 2012, Plaintiffs served David Wilson with the Wilson Subpoena.

On Wednesday December 19, 2012 at 8:26 a.m, you sent us an e-mail stating: "Chris I am not in the office today. You should have gotten a letter explaining that we fully expect to have to coordinate a date with you. If you need to talk today try calling Kate our office." Exhibit D, p. 3. We did not receive the letter referred to in your e-mail.

On Wednesday December 19, 2012 at 9:26 a.m, we received an e-mail from Ms. Craigmile stating: "Good morning Chris, I am in today working on a brief. Do you want to set a time to talk about a date and location? My schedule is relatively flexible, so name a time or two and we can set a call." Exhibit D, p. 3.

On Thursday December 20, 2012 at 2:51 p.m., Mr. Taravella sent an e-mail to you and Ms. Craigmile which stated in part: "Thanks, Ken. I am out of town now with sketchy cell phone reception at best. . . . I did not receive a letter re: working with us on the 30(b)(6) dep schedule but do appreciate your assurances

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 31, 2012
Page 3
Kenneth Bennington, Esq.

that your are willing to do so. We are consulting with our client and will confer with you shortly. Thank you. Chris" Exhibit E, p. 1.

On Friday, December 21, 2012, at 3:36 p.m., I sent Ms. Craigmile an e-mail stating: "Kate: Thank you for your e-mail. Chris Taravella is out of the office this week but should be in next week at least some of the time. We will be in touch next week to confer either via a letter, phone call, or both. How does your schedule look next week for a phone call?" Exhibit D, p. 2.

On Friday December 21, 2012 at 3:43 p.m., Mr. Bledsoe sent us an e-mail stating: "Guys, what we need are dates for the deposition. When can we get one? We don't need to keep conferring, we need Dillon to give us some dates for the 30b6" Exhibit D, p. 2.

On Friday, December 21, 2012 at 3:57 p.m., Mr. Taravella sent Mr. Bledsoe an e-mail stating, among other things, that "Unfortunately an attempt was made to set dates for depositions without first clearing those dates with Dillon's counsel." Exhibit D, p. 1.

On Friday, December 21, 2012 at 4:50 p.m., Mr. Bledsoe sent us an e-mail response, stating, among other things: "I am in a hurry to get that date set, given experience in how long it can take to get things done. So to be clear, we are looking at getting dates from you at the earliest opportunity." Exhibit D, p. 1.

On December 27, 2012, we had a conversation with Ms. Craigmile via telephone regarding the Kroger Subpoena and the Wilson Subpoena. Ms. Craigmile sent us an e-mail later that day stating in part: "You . . . indicated that the Kroger 30(b)(6) deposition will likely involve designated witnesses in Colorado and in Kansas, and therefore we will need to do part of the deposition in Denver and part of it in Hutchinson. That is fine for us. We agreed to try to get these scheduled and completed in a total of two days, if possible – one day in

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 31, 2012
Page 4
Kenneth Bennington, Esq.


Denver and one day in Hutchinson. Given the holidays, you indicated that you haven't been able to confirm all of the Kroger witnesses or their schedules, but are working on that and expect to have designations no later than January 14. You suggested the following dates which would work for your schedule as possibilities for the 30(b)(6) deposition: January 16, 17, 21, 24, 30, 31, February 1. This confirms that we can make any of those dates work on our side." Exhibit F.

On Friday December 27, 2012 at 3:29 p.m., your office served us with a Notice of Deposition of David Wilson. Exhibit G.

## LEGAL AUTHORITIES

*Fed. R. Civ. P. 26*

F.R.C.P. 26(b)(1): "Discovery Scope and Limits. (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b) (2)(C)."

F.R.C.P. 26(b)(2)(C): "When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 31, 2012
Page 5
Kenneth Bennington, Esq.

had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Federal Rule of Civil Procedure 26(b)(1) allows broad discovery of any matter, not privileged, which is relevant to the claim or defense of any party. *Premier Election Solutions, Inc. v. SysTest Labs Inc.*, 2009 U.S. Dist. LEXIS 94193 (D. Colo. Sept. 22, 2009). However, Rule 26(c) limits discovery by allowing the court, for good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, a court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Courts also consider the burden imposed on the producing party, the relevance of the request, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request. *Echostar Communications Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 396 (D. Colo. 1998).

*Fed. R. Civ. P. 30*

F.R.C.P. 30(b)(6) states in part: "In its notice or subpoena, a party may name as the deponent a . . . private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about the information known or reasonably available to the organization."

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 31, 2012
Page 6
Kenneth Bennington, Esq.

  D.C.COLO.LCivR 30.1(A) states in part: "Before sending a notice to take a deposition, counsel or the pro se party seeking the deposition shall make a good faith effort to schedule it by agreement at a time reasonably convenient and economically efficient to the proposed deponent, all counsel of record, and pro se parties."

  *Fed. R. Civ. P. 45*

 F.R.C.P. 45: "(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.
. . .
 (3) *Quashing or Modifying a Subpoena.*
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 31, 2012
Page 7
Kenneth Bennington, Esq.

. . .

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated."

*Elements of Claim Under Robinson-Patman Act*

"To make out a claim under Robinson–Patman, the plaintiff must allege: (1) two or more contemporaneous sales by the same seller; (2) at different prices; (3) of commodities of like grade and quality; (4) the discrimination had the requisite anticompetitive effect; and (5) the discrimination caused injury to the plaintiff." Recommendation of United States Magistrate Judge Craig B. Shaffer dated October 21, 2011 (Doc. No. 22), p. 11 (citing *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. June 21, 2011).

### FURTHER CONSULTATION REGARDING SUBPOENAS

*Date of Designation(s) for Kroger Deposition(s)*

Due to the holiday season, Kroger requires additional time to interview Kroger employees that Kroger may designate to determine whether they can testify regarding information known or reasonably available to Kroger concerning the Topics listed in the Kroger Notice of Deposition. Accordingly, we respectfully request until at least Monday January 14, 2013 for Kroger to designate a witness or witnesses for each Topic under F.R.C.P. 30(b)(6).

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 31, 2012
Page 8
Kenneth Bennington, Esq.

*Date of Kroger Deposition(s)*

The Kroger Notice of Deposition states that the Kroger Deposition will be on "January 3 and/or 4, 2013, beginning at 9:00 a.m." at Bennington Johnson Biermann & Craigmile, LLC, 370 17th Street, Suite 3500, Denver, CO 80202. Your office did not attempt to coordinate this date with our office before issuing the Kroger Subpoena. See D.C. COLO.LCivR 30.1 (reasonable notice, scheduling). We anticipate that one or more witnesses whom Kroger will designate will be located at addresses more than 100 miles from Denver, Colorado.

Christopher A. Taravella, Esq. will represent Kroger regarding this matter during the Kroger Deposition(s). Mr. Taravella has a class certification hearing scheduled in the United States District Court for the District of Colorado on January 4, 2013 and is therefore unable to attend on the date you unilaterally scheduled for the Kroger Deposition. Nevertheless, Mr. Taravella has calendared attending the deposition of David Wilson in Salt Lake City, Utah on January 9, 2013 at 9:00 a.m. pursuant to the Wilson Subpoena.

As stated above, Kroger will need until at least Monday January 14, 2013 to designate witnesses for the Kroger Deposition(s) under F.R.C.P. 30(b)(6). Accordingly, we respectfully request that you reschedule the Kroger Deposition(s) for one of the following dates and times:

- Wednesday January 16, 2013 at 9:00 a.m.
- Thursday January 17, 2013 at 9:00 a.m.
- Monday January 21, 2013 at 9:00 a.m.
- Thursday January 24, 2013 at 9:00 a.m.
- Wednesday January 30, 2013 at 9:00 a.m.
- Thursday January 31, 2013 at 9:00 a.m.
- Friday February 1, 2013 at 9:00 a.m.

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 31, 2012
Page 9
Kenneth Bennington, Esq.

Please note that the dates and times listed above show only Mr. Taravella's availability. If one or more of the witnesses that Kroger designates on January 14, 2013 are unavailable during the above dates and times, then we may need to amend the proposed schedule accordingly.

*Location of the Kroger Deposition(s)*

Kroger's Supermarket Petroleum Operations department is located in Denver, Colorado. Accordingly, we anticipate that one or more of the employees that Kroger designates under F.R.C.P. 30(b)(6) will be employees who regularly transact business in Denver, Colorado and that their deposition(s) will occur at your office. *See* F.R.C.P. 45(c)(3)(A)(ii).

Kroger Accounting Services and Kroger Petroleum Procurement departments are located in Hutchinson, Kansas. Accordingly, we anticipate that one or more of the employees Kroger designates under F.R.C.P. 30(b)(6) will be employees who regularly transact business in Hutchinson, Kansas and that their deposition(s) will occur in Hutchinson, Kansas. *See* F.R.C.P. 45(c)(3)(A)(ii) "court must quash or modify a subpoena that . . . (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ." Please let us know if you disagree regarding the location of the deposition of these employees.

*Supplemental Protective Order*

Several of the Topics in the Kroger Notice of Deposition appear to refer to information that Dillon Companies, Inc. ("Dillon") produced subject to the Supplemental Protective Order (Doc. #140) ("Supplemental Protective Order")). Accordingly, Dillon respectfully requests that Plaintiffs comply with all of the provisions in the Supplemental Protective Order that may be applicable to the

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 31, 2012
Page 10
Kenneth Bennington, Esq.


Kroger Deposition(s), including, without limitation, Paragraph 13(a) of the Supplemental Protective Order (providing written list of designated documents to be used by bates number and copies thereof at least 48 hours in advance of deposition).

Dillon's Objection to the Magistrate Judge's Order Dated August 17, 2012 ("Objection") (Doc. #107) remains pending before the Court. Dillon hereby incorporates and restates the Objection as if fully restated herein. Certain information requested by the Kroger Subpoena and Wilson Subpoena is trade secret information. Dillon objects to the Kroger and Wilson Subpoenas to the extent that they seek Dillon's trade secrets for the reasons stated in the Objection. The Supplemental Protective Order does not afford Dillon adequate protection of its trade secrets.

*Kroger Subpoena - Objection to Timeframe*

The timeframe for the Subpoena to Produce Documents Information or Object or to Permit Inspection of Premises in a Civil Action dated April 26, 2012 ("April 26, 2012 Subpoena") was modified to include information from only January 1, 2009 to May 31, 2011. Topics 1 – 18 in the Kroger Subpoena either do not include a specific timeframe or include timeframes outside of January 1, 2009 to May 31, 2011. For these reasons, we respectfully request that Plaintiffs modify the Kroger Subpoena regarding Topic Nos. 1-18 to seek information from only January 1, 2009 to May 31, 2011.

*Kroger Subpoena - Prices Charged by Dillon (Topics 1, 2, 3, 7, and 15)*

Topics 1, 2, 3, 7, and 15 of the Kroger Subpoena request information that is related or may be related to the prices that Dillon and Loaf N' Jug charged to its customers for gasoline (Loaf 'N Jug, Inc is a dba of Mini Mart Inc. which is a subsidiary of Dillon).

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 31, 2012
Page 11
Kenneth Bennington, Esq.

The prices that Dillon and Loaf N' Jug charged to its customers are not relevant to Plaintiffs' allegations that Suncor sold fuel to Plaintiffs' competitors at lower prices than the prices Suncor charged Plaintiffs for the same fuel. *See Texaco, Inc. v. Hasbrouck*, 496 U.S. 543, 559-560 (U.S. 1990) (reiterating the longstanding principal that suppliers are not liable for the independent pricing decisions of their buyers). Thus, Plaintiffs cannot seek to hold Suncor liable for Dillon and Loaf N' Jug's retail pricing decisions. Accordingly, this request appears to be not reasonably calculated to lead to the discovery of admissible evidence. Please provide any factual basis and legal authorities demonstrating otherwise. The information requested is also overbroad, unduly burdensome, and expensive to Dillon. For these reasons, we respectfully request that Plaintiffs modify the Kroger Subpoena to omit Topic Nos. 1, 2, 3, 7, and 15.

*Kroger Subpoena - Other Competitors (Topic Nos. 4, 6, and 12)*

Topics 4, 6, and 12 request, or may request, information related to other alleged competitors besides Plaintiffs.

Plaintiffs' claims against Suncor in this matter are made under the Robinson-Patman Act. Accordingly, the information requested by these Topics appears to be not reasonably calculated to lead to the discovery of admissible evidence. Please provide any factual basis and legal authorities demonstrating otherwise. The information requested regarding other suppliers is also overbroad, unduly burdensome, and expensive to Dillon. For these reasons, we respectfully request that Plaintiffs modify the Kroger Subpoena to modify or omit Topics 4, 6, and 12 so that the Kroger Subpoena does not seek any information related to any alleged competitors besides Plaintiffs.

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 31, 2012
Page 12
Kenneth Bennington, Esq.

*Kroger Subpoena - Other Suppliers (Topic Nos. 8, 9, 10, 11, 13, 14)*

Topics 8, 9, 10, 11, 13 and 14 request, or may request, information related to other suppliers to Dillon and Loaf N' Jug besides Suncor.

Plaintiffs' claims against Suncor in this matter are made under the Robinson-Patman Act. Accordingly, the information requested by these Topics appears to be not reasonably calculated to lead to the discovery of admissible evidence. Please provide any factual basis and legal authorities demonstrating otherwise. These requests are also overbroad, unduly burdensome, and expensive to Dillon.

Dillon's and Loaf N' Jug's agreements with their supplier(s) besides Suncor state that Dillon and Loaf N' Jug cannot disclose their other supplier(s) to any other persons. Dillon and Loaf N' Jug cannot provide this information to Plaintiffs.

For these reasons, we respectfully request that Plaintiffs modify the Kroger Subpoena to modify or omit Topics 8, 9, 10, 11, 13 and 14 so that the Kroger Subpoena does not seek any information related to any suppliers besides Suncor.

*Kroger Subpoena - Topic No. 16*

The April 26, 2012 Subpoena defines the "Pertinent Geographic Area" to mean and include "Colorado and the area of Nebraska within a 25 mile radius of the towns of Sidney, Ogallala and Hershey." Accordingly, Topic No. 16 appears to request information that is outside the Pertinent Geographical Area. Topic No. 16 also appears to be not reasonably calculated to lead to the discovery of admissible evidence. Topic No. 16 is also overbroad, unduly burdensome, and unduly expensive to Kroger. For these reasons, we respectfully request that Plaintiffs modify the Kroger Subpoena to omit Topic No. 16.

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 31, 2012
Page 13
Kenneth Bennington, Esq.


*Kroger Subpoena - Topic No. 17*

Topic No. 17 in the Kroger Notice of Deposition states: "Description of consideration, efforts and negotiations by Kroger to acquire WCS or any WCS stores, including the steps taken and persons involved therein." Plaintiffs' claims against Suncor in the matter are made under the Robinson-Patman Act. Accordingly, Topic No. 17 appears not reasonably calculated to lead to the discovery of admissible evidence. Please provide any factual basis and legal authorities that demonstrate otherwise. Topic No. 17 is also vague, overbroad, unduly burdensome, and unduly expensive to Kroger. For these reasons, we respectfully request that Plaintiffs modify the Kroger Subpoena to omit Topic No. 17.

*Kroger Subpoena - Topic No. 18*

Topic No. 18 requests information regarding the studies produced or to be produced by Kroger pursuant to Request No. 10 of the April 26, 2012 Subpoena.

During the hearing on October 3, 2012, the Court stated: "number 10 beats the band in terms of overbroad . . . number 10 doesn't honestly even pass the straight face test." Transcript of October 3, 2012 hearing, p. 94, lines 5-11.

Topic No. 18 is not reasonably calculated to lead to the discovery of admissible evidence, vague, overbroad, unduly burdensome, and unduly expensive to Kroger. Accordingly, we respectfully request that you modify the Kroger Subpoena to omit Topic No. 18.

*Wilson Subpoena*

Your cover letter to Mr. Wilson indicates that Plaintiffs wish to question Mr. Wilson regarding Discovery Materials that were designated by Dillon under the

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 31, 2012
Page 14
Kenneth Bennington, Esq.


Supplemental Protective Order. Exhibit B, page 1. We are concerned that the Supplemental Protective Order does not appear to permit disclosure of Discovery Materials designated "Highly Confidential" or "Secret" to former employees of the Designating Party, such as Mr. Wilson.

If, *arguendo*, the Supplemental Protective Order permits Plaintiffs to question Mr. Wilson regarding Discovery Materials designated as "Highly Confidential" or "Secret" under the Supplemental Protective Order, which is denied, then Dillon respectfully requests that Plaintiffs comply with all of the provisions in the Supplemental Protective Order that may be applicable to the Kroger Deposition, including, without limitation, Paragraph 7(b) of the Supplemental Protective Order (providing seven days written notice of intention to use Discovery Material designated as "Confidential", "Highly Confidential" or Secret" at least seven (7) days in advance of deposition).

As noted above, Dillon's Objection to the Magistrate Judge's Order dated August 17, 2012 ("Objection") (Doc. #107) remains pending before the Court. We anticipate that Plaintiffs may request information from Mr. Wilson during his deposition that constitutes Kroger's trade secrets. Dillon will object to any such requests for, without limitation, the reasons stated in the Objection. The Supplemental Protective Order does not afford Dillon adequate protection of its trade secrets.

We understand that Mr. Wilson currently works for Tesoro Corporation ("Tesoro"). Tesoro's counsel would like to know whether Plaintiffs wish to question Mr. Wilson regarding anything related to Tesoro, including without limitation Mr. Wilson's employment with Tesoro. Tesoro's counsel would like this information so that he can evaluate his participation, if any, during Mr. Wilson's deposition. Please let us know this information as soon as possible.

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 31, 2012
Page 15
Kenneth Bennington, Esq.

*Upcoming Deadlines*

The deadline for Kroger to serve Plaintiffs with an objection under F.R.C.P. 45(c)(2)(B) regarding the Kroger and Wilson Subpoenas is Wednesday January 2, 2013.

The deadline for Kroger to file a motion to quash or modify the Kroger Subpoena with the Court is January 3, 2013.

The deadline for Kroger to file a motion to quash or modify the Wilson Subpoena with the Court is January 9, 2013.

Accordingly, we respectfully request that Plaintiffs modify the Kroger and Wilson Subpoenas as described in this letter as soon as possible so that Kroger does not have to serve you with objections or file motions with the Court seeking to quash or modify the Kroger and Wilson Subpoenas.

Dillon will file a motion with the Court seeking, *inter alia*, Dillon's fees and costs for responding to the April 26, 2012 Subpoena, including without limitation attorneys' fees.

Dillon may also file a motion with the Court seeking, *inter alia*, Dillon's fees and costs for responding to the Kroger Subpoena and the Wilson Subpoena, including without limitation attorneys' fees. As previously noted, the attorneys' fees and costs are significant and they are mounting.

Capitalized terms not defined herein have the same meaning as set forth in the Supplemental Protective Order, April 26, 2012 Subpoena, Kroger Subpoena and Wilson Subpoena, as applicable.

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 31, 2012
Page 16
Kenneth Bennington, Esq.


    Are you or Ms. Craigmile available on Wednesday January 2, 2013 at 10:30 a.m. to discuss these matters further via telephone?

    We look forward to hearing from you. We appreciate your assistance with this matter. Thank you.

Very truly yours,

Montgomery Little & Soran, P.C.

Michael R. McCormick

cc: Sara Sudkamp, Esq. (via e-mail)

    Christopher A. Taravella, Esq. (via e-mail)

    Kathleen E. Craigmile, Esq. (via e-mail: kec@benningtonjohnson.com)

    Adam Aldrich, Esq. (via e-mail: afa@benningtonjohnson.com)

    Philip Wayne Bledsoe, Esq. (via e-mail: pbledsoe@polsinelli.com)

    Anthony Shaheen, Esq. (via e-mail: AJShaheen@hollandhart.com)

    Keeya M. Jeffrey (via e-mail: KMJeffrey@hollandhart.com)