THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

**OBJECTION OF INTERESTED PARTY KROGER CO. UNDER F.R.C.P. 45(c)(2)(B) TO: (A) SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION ISSUED TO THE KROGER CO. DATED DECEMBER 17, 2012 2012; AND (B) SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION ISSUED TO DAVID WILSON DATED DECEMBER 17, 2012 (EXHIBIT B)**
_____

The Kroger Co. ("Kroger") respectfully submits this objection to the Subpoena to Testify at a Deposition in a Civil Action issued to Kroger dated December 17, 2012 ("Kroger Subpoena") (Exhibit A) and the Subpoena to Testify at a Deposition in a Civil Action issued to David Wilson dated December 17, 2012 ("Wilson Subpoena") (Exhibit B).

**EXHIBIT E**

## BACKGROUND AND CONFERRAL

On December 18, 2012, Plaintiff Western Convenience Stores, Inc. and Western Truck One, LLC ("Plaintiffs") served The Kroger Co. ("Kroger") with the Kroger Subpoena (Exhibit A). The Date and Time listed on the Kroger Subpoena is January 3, 2013 at 9:00 a.m. The Place listed on the Kroger Subpoena is Bennington Johnson Biermann & Craigmile, LLC, 370 17th Street, Suite 3500, Denver, CO 80202.

Also on December 18, 2012 at 1:41 p.m., counsel for Plaintiffs sent an e-mail (Exhibit C) attaching a Plaintiffs' Rule 30(b)(6) Notice of Deposition of the Kroger Company and Affiliates (Exhibit A, p. 5) ("Kroger Notice of Deposition"). The Kroger Notice of Deposition states that the dates of the deposition of Kroger will be "January 3 and/or 4, 2013, beginning at 9:00 a.m." The Kroger Notice of Deposition directs Kroger to designate a person or persons to testify regarding a list of eighteen topics ("Topics"). There was no attempt to coordinate times, dates, or locations for any of the depositions.

On Friday December 27, 2012 at 3:29 p.m., Plaintiffs served Kroger with a Notice of Deposition of David Wilson. Exhibit G.

From Tuesday December 18, 2012 through today, January 2, 2013, counsel for Kroger and counsel for Plaintiffs conferred regarding the Kroger and Wilson Subpoenas via e-mail and telephone. (*See* Exhibits D-F). While the parties have made significant process in their conferrals, and said conferrals are ongoing and productive, Kroger is

serving Plaintiffs this Objection today, January 2, 2013 out of an abundance of caution to comply with F.R.C.P. 45(c)(2)(B).[1]

## LEGAL AUTHORITIES

*Fed. R. Civ. P. 26*

F.R.C.P. 26(b)(1): "Discovery Scope and Limits. (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b) (2) (C)."

F.R.C.P. 26(b)(2)(C): "When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less

---

[1] F.R.C.P. 45(c)(2)(B) may only apply to subpoenas *duces tecum*, not subpoenas *ad testificandum*. The Kroger and Wilson Subpoenas are subpoenas *ad testificandum*, not subpoenas *duces tecum*. Kroger is nevertheless serving this Objection on Plaintiffs' counsel today out of an abundance of caution.

burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Federal Rule of Civil Procedure 26(b)(1) allows broad discovery of any matter, not privileged, which is relevant to the claim or defense of any party. Premier Election Solutions, Inc. v. SysTest Labs Inc., 2009 U.S. Dist. LEXIS 94193 (D. Colo. Sept. 22, 2009). However, Rule 26(c) limits discovery by allowing the court, for good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, a court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Courts also consider the burden imposed on the producing party, the relevance of the request, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request. *Echostar Communications Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 396 (D. Colo. 1998).

*Fed. R. Civ. P. 30*

F.R.C.P. 30(b)(6) states in part: "In its notice or subpoena, a party may name as the deponent a . . . private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate

one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about the information known or reasonably available to the organization."

D.C.COLO.LCivR 30.1(A) states in part: "Before sending a notice to take a deposition, counsel or the pro se party seeking the deposition shall make a good faith effort to schedule it by agreement at a time reasonably convenient and economically efficient to the proposed deponent, all counsel of record, and pro se parties."

*Fed. R. Civ. P. 45*

F.R.C.P. 45: "(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

. . . (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form

or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. . . .

  (3) Quashing or Modifying a Subpoena.

    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

      (i) fails to allow a reasonable time to comply;

      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      (iv) subjects a person to undue burden.

    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

      (i) disclosing a trade secret or other confidential research, development, or commercial information;

. . .

    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated."

*Elements of Claim Under Robinson-Patman Act*

"To make out a claim under Robinson-Patman, the plaintiff must allege: (1) two or more contemporaneous sales by the same seller; (2) at different prices; (3) of commodities of like grade and quality; (4) the discrimination had the requisite anticompetitive effect; and (5) the discrimination caused injury to the plaintiff." Recommendation of United States Magistrate Judge Craig B. Shaffer dated October 21, 2011 (Doc. No. 22), p. 11 (*citing New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. June 21, 2011).

## OBJECTIONS

*Date of Designation(s) for Kroger Deposition(s)*

Due to the holiday season, Kroger requires additional time to interview Kroger employees that Kroger may designate to determine whether they can testify regarding information known or reasonably available to Kroger concerning the Topics listed in the Kroger Notice of Deposition. Accordingly, Kroger respectfully objects and will require until and including Monday January 14, 2013 for Kroger to designate a witness or witnesses for each Topic under F.R.C.P. 30(b)(6). However, if possible, then Kroger will make good faith attempts to designate witnesses before that date.

*Date of Kroger Deposition(s)*

The Kroger Notice of Deposition states that the Kroger Deposition will be on "January 3 and/or 4, 2013, beginning at 9:00 a.m." at Bennington Johnson Biermann & Craigmile, LLC, 370 17th Street, Suite 3500, Denver, CO 80202. Plaintiffs' counsel did not attempt to coordinate this date with office for Kroger's counsel before issuing the Kroger Subpoena. *See* D.C. COLO.LCivR 30.1 (reasonable notice, scheduling). Kroger anticipates that one or more witnesses whom Kroger will designate will be located at addresses more than 100 miles from Denver, Colorado.

Counsel for Kroger is unavailable on the date scheduled for the Kroger Deposition. Nevertheless, counsel for Kroger has calendared attending the deposition of David Wilson in Salt Lake City, Utah on January 9, 2013 at 9:00 a.m. pursuant to the Wilson Subpoena.

As stated above, Kroger will need until at least Monday January 14, 2013 to designate witnesses for the Kroger Deposition(s) under F.R.C.P. 30(b)(6). Counsel for the parties have conferred and will continue to confer regarding rescheduling the Kroger Deposition(s) after January 14, 2013.

*Location of the Kroger Deposition(s)*

Kroger's Supermarket Petroleum Operations department is located in Denver, Colorado. Accordingly, Kroger anticipates that one or more of the employees that Kroger designates under F.R.C.P. 30(b)(6) will be employees who regularly transact

8

business in Denver, Colorado and that their deposition(s) will occur at the office of counsel for Plaintiffs. See F.R.C.P. 45(c)(3)(A)(ii).

Kroger Accounting Services and Kroger Petroleum Procurement departments are located in Hutchinson, Kansas. Accordingly, Kroger anticipates that one or more of the employees Kroger designates under F.R.C.P. 30(b)(6) will be employees who regularly transact business in Hutchinson, Kansas and that their deposition(s) will occur in Hutchinson, Kansas. See F.R.C.P. 45(c)(3)(A)(ii) "court must quash or modify a subpoena that . . . (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ."

Counsel for the parties have conferred and will continue to confer regarding the locations of the Kroger Deposition(s).

*Supplemental Protective Order*

Several of the Topics in the Kroger Notice of Deposition appear to refer to information that Dillon Companies, Inc. ("Dillon") produced subject to the Supplemental Protective Order (Doc. #140) ("Supplemental Protective Order")). Accordingly, Dillon respectfully requests that Plaintiffs comply with all of the provisions in the Supplemental Protective Order that may be applicable to the Kroger Deposition(s), including, without limitation, Paragraph 13(a) of the Supplemental Protective Order (providing written list of designated documents to be used by bates number and copies thereof at least 48 hours in advance of deposition).

Dillon's Objection to the Magistrate Judge's Order Dated August 17, 2012 ("Objection") (Doc. #107) remains pending before the Court. Dillon hereby incorporates and restates the Objection as if fully restated herein. Certain information requested by the Kroger Subpoena and Wilson Subpoena is trade secret information. Dillon objects to the Kroger and Wilson Subpoenas to the extent that they seek Dillon's trade secrets for the reasons stated in the Objection. The Supplemental Protective Order does not afford Dillon adequate protection of its trade secrets.

*Kroger Subpoena - Objection to Timeframe*

The timeframe for the Subpoena to Produce Documents Information or Object or to Permit Inspection of Premises in a Civil Action dated April 26, 2012 ("April 26, 2012 Subpoena") was modified to include information from only January 1, 2009 to May 31, 2011. Topics 1 - 18 in the Kroger Subpoena either do not include a specific timeframe or include timeframes outside of January 1, 2009 to May 31, 2011. For these reasons, Kroger respectfully objects and requests that Plaintiffs modify the Kroger Subpoena regarding Topic Nos. 1-18 to seek information from only January 1, 2009 to May 31, 2011.

*Kroger Subpoena - Prices Charged by Dillon (Topics 1, 2, 3, 7, and 15)*

Topics 1, 2, 3, 7, and 15 of the Kroger Subpoena request information that is related or may be related to the prices that Dillon and Loaf N' Jug charged to its customers for gasoline (Loaf 'N Jug, Inc is a dba of Mini Mart Inc. which is a subsidiary of Dillon).

The prices that Dillon and Loaf N' Jug charged to its customers are not relevant to Plaintiffs' allegations that Suncor sold fuel to Plaintiffs' competitors at lower prices than the prices Suncor charged Plaintiffs for the same fuel. *See Texaco, Inc. v. Hasbrouck*, 496 U.S. 543, 559-560 (U.S. 1990) (reiterating the longstanding principal that suppliers are not liable for the independent pricing decisions of their buyers). Thus, Plaintiffs cannot seek to hold Suncor liable for Dillon and Loaf N' Jug's retail pricing decisions. Accordingly, this request appears to be not reasonably calculated to lead to the discovery of admissible evidence. The information requested is also overbroad, unduly burdensome, and expensive to Dillon. For these reasons, Kroger respectfully objects and requests that Plaintiffs modify the Kroger Subpoena to omit Topic Nos. 1, 2, 3, 7, and 15.

An aggregate of Kroger's pump prices over time and throughout different locations constitutes a trade secret for the reasons stated in Dillon's Objection (Doc. #107) and the Declaration of Susan Giannola (Doc. #107-6) (see page 4, addressing request No. 8 of the April 26, 2012 Subpoena). Dillon objects to these Topics to the extent that they may seek Dillon's trade secrets for the reasons stated in the Objection.

*Kroger Subpoena - Other Competitors (Topic Nos. 4, 6, and 12)*

Topics 4, 6, and 12 request, or may request, information related to other alleged competitors besides Plaintiffs.

Plaintiffs' claims against Suncor in this matter are made under the Robinson-Patman Act. Accordingly, the information requested by these Topics appears to be not

11

reasonably calculated to lead to the discovery of admissible evidence. The information requested regarding other suppliers is also overbroad, unduly burdensome, and expensive to Dillon. For these reasons, Kroger respectfully objects and requests that Plaintiffs modify the Kroger Subpoena to modify or omit Topics 4, 6, and 12 so that the Kroger Subpoena does not seek any information related to any alleged competitors besides Plaintiffs.

Kroger's fuel price surveys and analysis of market data constitutes or may constitute trade secrets. *See* Declaration of Susan Giannola (Doc. #107-6) pp.5-6 (addressing request No. 9 of the April 26, 2012 Subpoena). Dillon objects to these Topics to the extent that they may seek Dillon's trade secrets for the reasons stated in the Objection.

*Kroger Subpoena - Other Suppliers (Topic Nos. 8, 9, 10, 11, 13, 14)*

Topics 8, 9, 10, 11, 13 and 14 request, or may request, information related to other suppliers to Dillon and Loaf N' Jug besides Suncor.

Plaintiffs' claims against Suncor in this matter are made under the Robinson-Patman Act. Accordingly, the information requested by these Topics appears to be not reasonably calculated to lead to the discovery of admissible evidence. These requests are also overbroad, unduly burdensome, and expensive to Dillon.

Dillon's and Loaf N' Jug's agreements with their supplier(s) besides Suncor state that Dillon and Loaf N' Jug cannot disclose their other supplier(s) to any other persons. Dillon and Loaf N' Jug cannot provide this information to Plaintiffs.

For these reasons, Kroger respectfully objects and requests that Plaintiffs modify the Kroger Subpoena to modify or omit Topics 8, 9, 10, 11, 13 and 14 so that the Kroger Subpoena does not seek any information related to any suppliers besides Suncor.

Topics 8, 9, 10, 11, 13 and 14 may seek trade secret information.  Dillon objects to these Topics to the extent that they may seek Dillon's trade secrets for the reasons stated in the Objection.

*Kroger Subpoena - Topic No. 16*

The April 26, 2012 Subpoena defines the "Pertinent Geographic Area" to mean and include "Colorado and the area of Nebraska within a 25 mile radius of the towns of Sidney, Ogallala and Hershey."  Accordingly, Topic No. 16 appears to request information that is outside the Pertinent Geographical Area.  Topic No. 16 also appears to be not reasonably calculated to lead to the discovery of admissible evidence.  Topic No. 16 is also overbroad, unduly burdensome, and unduly expensive to Kroger.  For these reasons, Kroger respectfully objects and requests that Plaintiffs modify the Kroger Subpoena to omit Topic No. 16.

*Kroger Subpoena - Topic No. 17*

Topic No. 17 in the Kroger Notice of Deposition states: "Description of consideration, efforts and negotiations by Kroger to acquire WCS or any WCS stores, including the steps taken and persons involved therein."  Plaintiffs' claims against Suncor in the matter are made under the Robinson-Patman Act.  Accordingly, Topic No. 17 appears not reasonably calculated to lead to the discovery of admissible evidence.

Topic No. 17 is also vague, overbroad, unduly burdensome, and unduly expensive to Kroger. For these reasons, Kroger respectfully objects and requests that Plaintiffs modify the Kroger Subpoena to omit Topic No. 17.

Topic 17 may seek trade secret information. Dillon objects to this topic to the extent that it may seek Dillon's trade secrets for the reasons stated in the Objection.

*Kroger Subpoena - Topic No. 18*

Topic No. 18 requests information regarding the studies produced or to be produced by Kroger pursuant to Request No. 10 of the April 26, 2012 Subpoena.

During the hearing on October 3, 2012, the Court stated: "number 10 beats the band in terms of overbroad . . . number 10 doesn't honestly even pass the straight face test." Transcript of October 3, 2012 hearing, p. 94, lines 5-11.

Topic No. 18 is not reasonably calculated to lead to the discovery of admissible evidence, vague, overbroad, unduly burdensome, and unduly expensive to Kroger. Accordingly, Kroger respectfully requests that Plaintiffs modify the Kroger Subpoena to omit Topic No. 18.

Information requested by Topic No. 18 constitutes or may constitute trade secrets. *See* Declaration of Susan Giannola (Doc. #107-6) pp.6-8 (addressing request No. 10 of the April 26, 2012 Subpoena). Dillon objects to this Topic to the extent that it seeks Dillon's trade secrets for the reasons stated in the Objection. The Supplemental Protective Order does not afford Dillon adequate protection of its trade secrets.

*Wilson Subpoena*

Plaintiffs' cover letter to Mr. Wilson indicates that Plaintiffs wish to question Mr. Wilson regarding Discovery Materials that were designated by Dillon under the Supplemental Protective Order. Exhibit B, page 1. The Supplemental Protective Order does not appear to permit disclosure of Discovery Materials designated "Highly Confidential" or "Secret" to former employees of the Designating Party, such as Mr. Wilson, unless such person has already "lawfully seen" such material. Supplemental Protective Order, Paragraph 7(c). Dillon objects to any disclosure of "Highly Confidential" or Secret" materials to Mr. Wilson that is not permitted by the Supplemental Protective Order.

Dillon respectfully requests that Plaintiffs comply with all of the provisions in the Supplemental Protective Order that may be applicable to the Wilson Deposition, including, without limitation, Paragraph 7(b) of the Supplemental Protective Order (providing seven days written notice of intention to use Discovery Material designated as "Confidential", "Highly Confidential" or Secret" at least seven (7) days in advance of deposition).

As noted above, Dillon's Objection to the Magistrate Judge's Order dated August 17, 2012 ("Objection") (Doc. #107) remains pending before the Court. Kroger anticipates that Plaintiffs may request information from Mr. Wilson during his deposition that constitutes Dillon's trade secrets. Dillon will object to any such requests for, without limitation, the reasons stated in the Objection.

*Other Issues*

Kroger respectfully request that Plaintiffs modify the Kroger and Wilson Subpoenas as described in this Objection as soon as possible so that Kroger does not have to file motions with the Court seeking to quash or modify the Kroger and Wilson Subpoenas.

Dillon will file a motion with the Court seeking, *inter alia*, Dillon's fees and costs for responding to the April 26, 2012 Subpoena, including without limitation attorneys' fees.

Dillon may also file a motion with the Court seeking, *inter alia*, Dillon's fees and costs for responding to the Kroger Subpoena and the Wilson Subpoena, including without limitation attorneys' fees.  Said attorneys' fees and costs are significant and they are mounting.

Capitalized terms not defined herein have the same meaning as set forth in the Supplemental Protective Order, April 26, 2012 Subpoena, Kroger Subpoena and Wilson Subpoena, as applicable.

Dated: January 2, 2013.

                                              s/*Michael R. McCormick*
                                              Christopher A. Taravella, #7790
                                              Michael R. McCormick, #33682
                                              Montgomery Little & Soran, P.C.
                                              5445 DTC Parkway, Suite 800
                                              Greenwood Village, Colorado 80111
                                              Phone Number: (303) 773-8100
                                              Fax Number: (303) 220-0412
                                              E-mail: ctaravella@montgomerylittle.com
                                                       mmccormick@montgomerylittle.com
                                              *Attorneys for Dillon Companies, Inc.*
                                              *Interested Party*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 2, 2013, I served the foregoing to the following persons via electronic mail:

| | |
|---|---|
| Kenneth R. Bennington<br>Kathleen E. Craigmile<br>Adam F. Aldrich<br>Bennington Johnson Biermann &<br>Craigmile, LLC<br>370 17th Street, Suite 3500<br>Denver, CO 80202<br>Via electronic mail and facsimile | Philip Wayne Bledsoe<br>Polsinelli Shughart LLP<br>1515 Wynkoop Street, Suite 600<br>Denver, CO 80202<br>Via electronic mail |
| Anthony Shaheen<br>Keeya M. Jeffrey<br>Holland & Hart LLP-Denver<br>555 17th Street, Suite 3200<br>Denver, CO 80201<br>Via electronic mail | |

                                                  s/ *Michael R. McCormick*
                                                  Montgomery Little & Soran, P.C.