**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs and Counterclaim Defendant,

vs.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant, Counterclaimant, Third-Party Plaintiff,

HOSSEIN and DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' RENEWED MOTION
CHALLENGING DEFENDANT SUNCOR'S AND INTERESTED PARTY DILLON'S
DESIGNATION OF CERTAIN DOCUMENTS AND DATA AS "HIGHLY
CONFIDENTIAL" AND "SECRET" PURSUANT TO THE SUPPLEMENTAL
PROTECTIVE ORDER**

---

Suncor Energy (U.S.A.) Inc. ("Suncor"), requests that Plaintiffs' Renewed Motion Challenging Defendant Suncor's and Interested Party Dillon's Designation of Certain Documents and Data as "Highly Confidential" and "Secret" Pursuant to the Supplemental Protective Order ("Motion") be denied. Plaintiffs' third attempt to challenge the designation of these documents again fails to demonstrate that Mr. Taraghi has a real need to see the "Highly Confidential" information. *E.g., Netquote, Inc. v. Byrd*, 2007 WL 2438947 at *3 (D. Colo. Aug. 23, 2007); *Amer. Heavy Moving & Rigging Co. v. Robb Tech.*, LLC, 2006 WL 2085407 at *3 (D.

Nev. July 25, 2007); *See* Plaintiff's Motion Challenging Designation of Certain Documents, Dkt. 59; Courtroom Minutes of Telephonic Discovery Conference, Dkt. 152 .

## ARGUMENT

1. Plaintiffs have yet again requested that Mr. Taraghi be permitted to review pricing spreadsheets, contracts, and related email communications. *See* Motion, ¶ 3(a)-(c)[1]; Exhibits A and B to Motion. Previously, this Court found that Plaintiffs failed to demonstrate Mr. Taraghi's need to access these documents.

2. In the instant motion, Plaintiffs re-hash most of their previous arguments. Accordingly, for purposes of this Opposition, Suncor will not repeat its earlier arguments,[2] but will try to address only Plaintiffs' new arguments.

3. Plaintiffs' Motion grossly overstates the reach of the Highly Confidential designation, arguing that counsel and Plaintiffs' experts virtually cannot act without Mr. Taraghi's input. Plaintiffs' arguments are conclusory. They fail to address *how* Mr. Taraghi will add anything to the experts' analysis, or *why* Mr. Taraghi cannot consult with his counsel and experts regarding strategy and settlement in this case – without viewing the specific information detailing Kroger's pricing and volumes.

4. Contrary to Plaintiffs' assertions, the highly confidential designation does not prohibit Plaintiffs' counsel and experts from involving Mr. Taraghi in the evaluation and

---

[1] Although the Motion is unclear as to which "other customers" it is referring to in ¶ 3(a)-(c), counsel for Suncor has conferred with counsel for Plaintiffs and clarified that the motion is limited to documents involving the Kroger companies.

[2] *See* First Opposition, Dkt. 72, ¶¶ 5-15.

understanding of the potential damages in this case. The experts are free to tell Mr. Taraghi that there is a price difference, and the amount they have estimated in damages.

5. Suncor's objection to disclosure is not based on "some inherent dislike or distrust of Mr. Taraghi and his company." *See* Motion, ¶ 13. Deposition testimony revealed that Suncor employees did not dislike Mr. Taraghi. Rather, Suncor objects to disclosure due to the (i) industry's treatment of pricing and volume information; (ii) Suncor's treatment of such information; and (iii) the risk of substantial competitive harm to Suncor and its customers if disclosure were permitted. *See* Declaration of Steven Ewing ("Ewing Dec."); attached as Exhibit 1, ¶ 12. Because the potential harm to Suncor outweighs Mr. Taraghi's need to see the information, Plaintiff's Motion should be denied.

**A.     WCS's Alleged Prejudice is Artificial.**

6. Plaintiffs make several conclusory assertions that without access to the pricing information: (i) Mr. Taraghi cannot "make meaningful decisions regarding this action;" (ii) Mr. Taraghi cannot "plan strategy, evaluate this case and, ultimately discuss settlement;" and (iii) their counsel is in a "potentially unethical position." *See* Motion, ¶¶ 2, 7, 10-12.

7. However, Plaintiffs never provide any specifics to support those claims, because they cannot. Plaintiffs have retained counsel, and five experts, who are tasked with analyzing and interpreting the highly confidential documents and determining whether a Robinson-Patman Act violation has occurred. The Motion offers no explanation for why it is critical for Mr. Taraghi, as opposed to those experts, to know the pricing and volumes for the Kroger Companies. Mr. Taraghi is not an economist and it is hard to imagine that he can add anything

-3-

to his experts' empirical analysis of the numbers. One is left to imagine, because Plaintiffs have not shown how Mr. Taraghi can make such a contribution.

8. Plaintiffs argue broadly that the experts are not a "substitute resource" because "knowledge of the actual nature of competition in Colorado front range will be critical." Exhibit C to Motion, ¶ 5. Yet, there is nothing in the protective order prohibiting Mr. Taraghi from sharing his "knowledge of the actual nature of competition," and Mr. Taraghi does not need to know the specific prices and volumes to do that. *See MEMData LLC v. Intermountain Healthcare, Inc.,* 2010 WL 360739, at *2 (D. Utah Jan. 22, 2010) (finding that it was not "absolutely essential" that plaintiff's representatives have access to the documents because "there is no reason why plaintiff and its counsel cannot educate [the] expert to conduct any necessary analysis)."

**B.     The Disclosure of Historical Pricing Information Could Still Potentially Harm Suncor and the Public.**

9. Disclosure of the pricing information in Exhibits A and B would give WCS an unfair advantage in an extremely competitive marketplace, regardless of the date of the information. *See* Ewing Dec., ¶ 4, 10, 11, 18; *See* Deposition of Steve Ewing, December 14, 2012, p.36:24-40:8, Excerpt Attached as Exhibit 2. Plaintiffs asked Steve Ewing**,** Suncor's Director of Rack Forward Sales, about this in his recent deposition and he explained: "I don't think [data] ever becomes so old, because the industry is so, it's such a business that's so close in pricing, it's never going to become outdated. If you can get in the ball park and understand what a price marker is, you're going to have a competitive advantage." *Id*. at p.40:9-20.

10. The disclosure of pricing information would not only harm Suncor and other competitors in the marketplace, but would also injure consumers, the very people the Robinson-

-4-

Patman Act is designed to protect.  "The Robinson-Patman Act is concerned with consumer welfare and competition, as opposed to protecting individual competitors from harm; 'the antitrust laws were passed for the protection of competition, not competitors.'"  *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 255 (1993).  In effect, if Mr. Taraghi were permitted to view Suncor's highly sensitive pricing information, competition, and ultimately consumers, could suffer.  *See Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 416 (S.D. Ind. 2001) (noting that discovery of purchasing habits, pricing, sales techniques and volumes may lead to a competitive disadvantage).

## CONCLUSION

Plaintiffs have again failed to show that Mr. Taraghi has a real need to see Kroger's pricing and volume information and that WCS is being prejudiced in its prosecution of this case because he is not allowed access to that information.  Therefore, for the reasons discussed above and in Mr. Ewing's Declaration and Deposition, Suncor requests that the Motion be denied.

Dated:  January 11, 2013

Respectfully submitted,

*s/Anthony J. Shaheen*
HOLLAND & HART LLP
Post Office Box 8749
Denver, CO  80201-8749
Phone: 303-295-8054
Fax: 303-291-9126
AJShaheen@hollandhart.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2013, I served the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFFS' RENEWED MOTION CHALLENGING DEFENDANT SUNCOR'S AND INTERESTED PARTY DILLON'S DESIGNATION OF CERTAIN DOCUMENTS AND DATA AS "HIGHLY CONFIDENTIAL" AND "SECRET" PURSUANT TO THE SUPPLEMENTAL PROTECTIVE ORDER**, by causing the foregoing to be presented to the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following email addresses:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON BIERMANN & CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202
krb@benningtonjohnson.com
kec@benningtonjohnson.com
afa@benningtonjohnson.com

Philip W. Bledsoe
POLSINELLI SHUGHART, P.C.
1515 Wynkoop Street, Suite 600
Denver, CO 80202
pbledsoe@polsinelli.com

Michael McCormick
Montgomery Little & Soran PC
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80126
mmccormick@montgomerylittle.com

                  *s/Anthony Shaheen*

5937740_3