# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

**JOINT STATUS REPORT BY PLAINTIFFS WESTERN CONVENIENCE STORES, INC. AND WESTERN TRUCK ONE, LLC AND INTERESTED PARTY DILLON COMPANIES, INC. REGARDING MOTION TO QUASH OR MODIFY KROGER AND WILSON SUBPOENAS**
_____

    Come now Plaintiffs Western Convenience Stores Inc. and Western Truck One, LLC ("Plaintiffs"), by and through their attorneys Bennington Johnson Biermann & Craigmile, LLC and interested party Dillon Companies, Inc. ("Dillon"), by and through its attorneys, Montgomery Little & Soran, P.C., and submit this Status Report regarding Dillon's Motion to Quash or Modify Kroger and Wilson Subpoenas (Doc. # 159) ("Motion to Quash").

**Conferral Pursuant to D.C. Colo. L. Civ. R. 7.1(A)**

Throughout January 2013, and more specifically on January 18, January 22, January 23 and January 24, counsel for Dillon and for Plaintiffs conferred regarding the issues in Dillon's Motion to Quash. Plaintiffs and Dillon agreed to modify the: (A) Subpoena to Testify at a Deposition in a Civil Action issued to Kroger dated December 17, 2012 ("Kroger Subpoena") (Doc. #159-1); (B) Plaintiffs' Rule 30(b)(6) Notice of Deposition of the Kroger Company and Affiliates ("Kroger Notice of Deposition") (Doc. #159-1, page 3) [1]; and (C) Subpoena to Testify at a Deposition in a Civil Action issued to David Wilson dated December 17, 2012 ("Wilson Subpoena") (Doc. # 159-2) as set forth herein.

*Introduction*

As discussed in more detail below, Plaintiffs and Dillon have agreed that Plaintiffs will not seek the identity of Dillon's suppliers besides Suncor but instead that Dillon will provide spreadsheets with certain information regarding purchases and deliveries for a limited number of stores without identifying the suppliers. Plaintiffs and Dillon have agreed that Dillon will designate these spreadsheets as "Highly Confidential" or "Secret" subject to the Supplemental Protective Order (Doc. #140).

---

[1] Each topic number listed herein corresponds to the number for the eighteen topics listed in the Kroger Notice of Deposition ("Topics").

2

Based on the agreements and understandings set forth in this Status Report, there do not appear to be any issues regarding the Motion to Quash requiring the Court's attention at this time.[2]  Accordingly, Dillon has agreed that Plaintiffs need not file a formal response to the Motion to Quash (which would otherwise be due today) and that by not filing a response, Plaintiffs are not confessing the motion.

*Kroger Subpoena - Other Suppliers (Topic Nos. 8, 9, 10, 11, 13, 14)*

Topics 8, 9, 10, 11, 13 and 14 in the Notice of Deposition request, or may request, information regarding: (A) Kroger's suppliers other than Suncor within the Pertinent Geographic Area (as defined in the April 26, 2012 Subpoena) ("Actual Suppliers"); and (B) Kroger's potential suppliers who receive Kroger's requests for proposals to provide fuel to Kroger within the Pertinent Geographic Area ("Potential Suppliers").

The identity of Kroger's fuel suppliers other than Suncor is an issue of particular concern to Kroger as Kroger has non-disclosure agreements with each such supplier and both parties to the agreements take steps to prevent the disclosure of this information to the market.  Plaintiffs have agreed not to seek the identity of the Potential Suppliers or any information that would indirectly disclosed their identity.

---

[2] Regarding the remaining issues in the Motion to Quash, Dillon respectfully suggests that the Court hold the Motion to Quash in abeyance until after Plaintiffs' depositions of Mr. Wilson and Dillon under F.R.C.P. 30(b)(6) to address any issues that may arise therein.

Plaintiffs have agreed to limit their requests for information regarding Kroger's Actual Suppliers to those Actual Suppliers from which Kroger purchased significant (i.e., more than *de minimis*) volumes of fuel for delivery to a list of 35 stores ("List of Stores") (Exhibit A).  Dillon's initial investigation indicates that there are two Actual Suppliers from whom Dillon purchased significant (i.e. more than *de minimis*) volumes of fuel for the List of Stores from January 1, 2009 to May 31, 2011.  Plaintiffs have limited their request to spreadsheets for each of these two Actual Suppliers (labeled "Supplier A" and "Supplier B") without the name of the Actual Suppliers, for dates, volumes and prices for each purchase from January 1, 2009 to May 31, 2011 for the List of Stores.[3] These spreadsheets would be similar to the spreadsheets that Kroger produced for Dillon's purchases from Suncor except that the name of each Actual Supplier would not be listed and the spreadsheets would be limited to the List of Stores.

Based on this agreement, Dillon has notified only two of approximately seventeen of the Actual and Potential Suppliers regarding the Motion to Quash and

---

[3] Dillon's data is divided between Dillon's supermarket petroleum group (SPG) stores and Loaf N' Jug stores.  Loaf N' Jug only had one Actual Supplier with significant (i.e. non-minimal) volumes of fuel, whereas SPG had two Actual Suppliers.  Accordingly, there will be three spreadsheets as follows:

- Spreadsheet 1, Supplier A, SPG
- Spreadsheet 2, Supplier A, Loaf N' Jug; and
- Spreadsheet 3, Supplier B, SPG.

4

hearing regarding same on January 28, 2013.  Absent any objection or intervention[4] from the two Actual Suppliers who were sent notice, Dillon will provide[5] these spreadsheets to Plaintiffs and Suncor subject to the Supplemental Protective Order.  Dillon anticipates that it will designate these spreadsheets as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.

As modified above, Dillon will provide testimony regarding Topics 8, 9, 10, 11, 13 and 14 subject to the Supplemental Protective Order.  Dillon anticipates that it will designate deposition testimony regarding these Topics as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.  Plaintiffs will be permitted to ask questions of Kroger's Rule 30(b)(6) designated witness regarding the spreadsheets to understand the data or the nature and extent of the fuel deliveries without seeking information that would disclose the supplier's identity.

*Kroger Subpoena - Topics 1, 2, 3, 4, 6, 7, 12, 15, 17 and 18*

Dillon will provide testimony regarding Topics 1, 2, 3, 4, 5, 6, 7, 12, 15, 17, and 18 subject to the Supplemental Protective Order.  Dillon anticipates that it will designate

---

[4] Dillon respectfully reserves its right to file, if needed, a motion to supplement or modify the Supplemental Protective Order under F.R.C.P. 26(c) concerning the identity of the Actual Suppliers, should the need arise.

[5] Dillon will provide this information, as well as testimony regarding all of the Topics (as modified herein) in the Kroger Notice of Deposition, under the Supplemental Protective Order subject to Dillon's objections stated in the: (A) Objection to Kroger Subpoena (Doc. #159-5); (B) Motion to Quash (Doc. # 159); and (C) Objection to the Magistrate Judge's Order Dated August 17, 2012 ("August 17, 2012 Objection") (Doc. #107) which are hereby incorporated as if fully restated herein.  Dillon anticipates that it will designate some or all of the deposition testimony regarding the Topics as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.

deposition testimony regarding these Topics as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.

*Kroger Subpoena - Topic No. 16*

The April 26, 2012 Subpoena defines the "Pertinent Geographic Area" to mean and include "Colorado and the area of Nebraska within a 25 mile radius of the towns of Sidney, Ogallala and Hershey." Topic No. 16 appears to request information that is outside the Pertinent Geographical Area ("Description of purchases of Fuel by Dillon or Mini Mart from Suncor for delivery to and retail sale by Kroger retail sites outside of Colorado . . . ."). Plaintiffs have agreed to modify Topic No. 16 to be limited to the Pertinent Geographical Area.

*Kroger Subpoena - Timeframes*

For Topics 1-7, 13, 14 and 16. Plaintiffs agreed to seek information relevant to the time period ending May 31, 2011. However, Plaintiffs have not agreed to modify the start date for these Topics.

Plaintiffs have not agreed to modify the timeframe for Topics 8, 9, 10, 11, 17 and 18 as listed in the Subpoena.

For Topics 12 and 15, Plaintiffs agreed to seek information relevant only to the time period January 1, 2009 until May 31, 2011.

For all of the Topics, Plaintiffs and Dillon agree that the pricing information will be limited from January 1, 2009 until May 31, 2011 except that Plaintiffs may also inquire regarding: (A) communications and documents that relate to the pricing information

6

during that time frame; and (B) pricing information and contracts that Dillon had with Suncor immediately after May 31, 2011.

*Date of Designation(s) for Kroger Deposition(s)*

On January 14, 2013, Kroger designated[6] the following persons to testify about the information known or reasonably available to Kroger regarding the Topics: (A) Susan M. Giannola, Director of SPG Operations, Kroger — Supermarket Petroleum Group; (B) Ed Sharpe, Director of Petroleum, Loaf N' Jug, Inc.; (C) David Parker, Manager of Real Estate, Loaf N' Jug, Inc.; and (D) Chad Thiessen, Assistant Manager of Petroleum Procurement.

*Date of Kroger Deposition(s)*

The parties have agreed to the following dates and times for the depositions of the persons Kroger designated under F.R.C.P. 30(b)(6):

1. Susan M. Giannola: January 31, 2013, 8:30 a.m.

2. Chad Thiessen: February 7, 2013, 8:30 a.m.

3. David Parker: February 19, 2013, 8:30 a.m.; and

4. Ed Sharpe: February 19, 2013, 1:00 p.m.

---

[6] Dillon's designations were limited to information from only January 1, 2009 to May 31, 2011 within the Pertinent Geographic Area.

7

*Location of the Kroger Deposition(s)*

Kroger's Supermarket Petroleum Operations department is located in Denver, Colorado.  Accordingly, Ms. Giannola's deposition under F.R.C.P. 30(b)(6) will occur in Denver, Colorado at a specific location to be determined by Plaintiffs.

Loaf N' Jug, Inc.'s office is located in Pueblo, Colorado.  Accordingly, Mr. Sharpe and Mr. Parker's deposition under F.R.C.P. 30(b)(6) will occur in Pueblo, Colorado at a specific location to be determined by Plaintiffs.

Kroger's Petroleum Procurement Department is located in Hutchinson, Kansas. Accordingly, Mr. Thiessen's deposition under F.R.C.P. 30(b)(6) will occur in Denver Colorado at a specific location to be determined by Plaintiffs.

*Wilson Subpoena*

The parties have scheduled Mr. Wilson's deposition for February 4, 2013 at 8:30 a.m. in Salt Lake City, Utah at a specific location to be determined by Plaintiffs.[7] Dillon's counsel has been retained to represent Mr. Wilson.

---

[7] Mr. Wilson will provide testimony under the Supplemental Protective Order subject to Dillon's objections stated in the: (A) Objection to Kroger Subpoena (Doc. #159-5); (B) Motion to Quash (Doc. # 159); and (C) Objection to the Magistrate Judge's Order Dated August 17, 2012 ("August 17, 2012 Objection") (Doc. #107).  Based on the representations and understandings set forth in this status report, Dillon's counsel does not anticipate instructing Mr. Wilson not to answer during his deposition, but Dillon reserves the right to do so if needed.  Dillon anticipates that it will designate some or all of Mr. Wilson's deposition testimony as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.

Dated:  January 24, 2013.

s/ Kathleen E. Craigmile
Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202
Suite 3500 Denver, CO 80202
Telephone: (303) 629-5200
Facsimile: (303) 629-5718
krb@benningtonjonson.com
kec@benningtonjohnson.com
afa@benningtonjohnson.com
Attorneys for Plaintiffs and Third-Party Defendants


s/ Michael R. McCormick
*Christopher A. Taravella*, #7790
*Michael R. McCormick*, #33682
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Phone Number: (303) 773-8100
Fax Number: (303) 220-0412
E-mail:  ctaravella@montgomerylittle.com
         mmccormick@montgomerylittle.com
Attorneys for Dillon Companies, Inc.
Interested Party

9

## CERTIFICATE OF SERVICE

  I hereby certify that on January 24, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO 80202

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-D enver
555 17th Street, Suite 3200
Denver, CO 80201

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO 80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

          s/ *Michael R. McCormick*
          Montgomery Little & Soran, P.C.