**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

   Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

   Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

   Third-Party Defendants.

**PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT ACCESS TO EXHIBIT A TO THE DECLARATION OF TED P. TATOS**

Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC, by and through their undersigned counsel, move as follows pursuant D.C.COLO.L.CivR 7.2.B for an order of Level 2 restriction on access to Exhibit A to the Declaration of Ted P. Tatos filed as Exhibit 1 to the *Notice of Submission of Declaration of Plaintiffs' Expert, Ted Tatos, in Support of Plaintiffs' Renewed Motion Challenging Defendant Suncor's and Interested Party Dillon's Designation of Certain Documents and Data as "Highly Confidential" and "Secret" Pursuant to the Supplemental Protective Order* ("Notice") filed concurrently with this motion.

### CERTIFICATION OF COMPLIANCE WITH D.C.COLO.L.CivR 7.1.A

Pursuant to Local Rule 7.1.A, the undersigned certifies that counsel for Plaintiffs have conferred with counsel for Defendant regarding the filing of this Motion and are authorized to state that Defendant does not object to the relief sought herein.

### MOTION AND RELIEF SOUGHT

1. Local Rule 7.2.B permits motions to restrict public access to documents filed with the Court. The rule requires the movant to "[a]ddress the interest to be protected and why such interest outweighs the presumption of public access," and "identify a clearly defined and serious injury that would result if access is not restricted." D.C.COLO.LCivR 7.2.B.2–3. The rule further requires the movant to "explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question" (*e.g.*, redaction, summarization, restricted access to exhibits or portions of exhibits). *Id.* at 7.2.B.4.

2. Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness. *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that where records contain "sources of business information that might harm a litigant's competitive standing," the court may limit public access); *see also Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010) (preservation of trade secrets is a circumstance that overcomes the presumption of openness of judicial proceedings).

3. On January 25, 2013, Plaintiffs filed their Notice and attached Exhibit 1, the Declaration of Ted P. Tatos ("Declaration"). The Declaration, which was filed with no restrictions as to access, refers to an Exhibit A, the Expert Report of Mr. Tatos and Dr. Mark

Glick served on Suncor on January 22, 2013, the Scheduling Order deadline for initial expert disclosures ("Expert Report").  The Expert Report contains data or derivatives of data that are designated as "Confidential," "Highly Confidential," or "Secret" by WCS, Suncor and Interested Party Dillon, meaning that, in good faith, each of those parties asserts that the disclosure of the data or derivatives thereof could cause the party competitive injury.

4.   Pursuant to the terms of the Protective Order (Doc. 49) and Supplemental Protective Order (Doc. 140), the Expert Report must be filed with appropriate motions for restrictions to access.  Because the expert report contains data or derivatives of data that have been identified as "Confidential" or "Highly Confidential" by WCS and Suncor, it cannot be provided to Interested Party Dillon Companies, Inc. or its counsel under the terms of the protective orders.  Accordingly, Plaintiffs request that the Expert Report be accepted for filing with Restriction Level 2 (access restricted to the Court and to Plaintiffs).  A copy of the Expert Report has already been served on Suncor pursuant to Fed. R. Civ. P. 26(a)(2) and will be served on Suncor along with the Tatos Declaration via non-ECF means.

WHEREFORE, Plaintiffs request an order of Level 2 restriction on access to Exhibit A to the Declaration of Mr. Tatos.

Dated:  January 25, 2013.                    *s/ Kathleen E. Craigmile*

                                             Kenneth R. Bennington
                                             Kathleen E. Craigmile
                                             Adam F. Aldrich
                                             BENNINGTON JOHNSON
                                             BIERMANN & CRAIGMILE, LLC
                                             370 17th Street, Suite 3500
                                             Denver, CO 80202

                Philip W. Bledsoe
                Joseph T. VanLandingham
                Polsinelli Shughart PC
                1225 Seventeenth Street, 29th Floor
                Denver, CO  80202-5529
                Telephone:  (303) 572-9300

                *Attorneys for Plaintiffs and Third-Party Defendants*

## CERTIFICATE OF SERVICE

   I hereby certify that, on January 25, 2013, copies of the foregoing **PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT ACCESS TO EXHIBIT A TO THE DECLARATION OF TED P. TATOS** was served on the following parties via the CM/ECF filing system:

| | |
|---|---|
| Anthony J. Shaheen<br>Keeya M. Jeffrey<br>Holland & Hart LLP<br>555 17th Street, Suite 3200<br>Denver, CO 80201-8749<br>AJShaheen@hollandhart.com<br>KMJeffrey@hollandhart.com | J. Robert Robertson<br>William L. Monts III<br>Hogan Lovells US LLP<br>555 Thirteenth Street, N.W.<br>Washington, D.C.  20004-1109<br>robby.robertson@hoganlovells.com<br>william.monts@hoganlovells.com |
| Philip W. Bledsoe<br>Joseph T. VanLandingham<br>Polsinelli Shughart PC<br>1225 Seventeenth Street, 29th Floor<br>Denver, CO  80202-5529<br>pbledsoe@polsinelli.com<br>jvanlandingham@polsinelli.com | Christopher A. Taravella<br>Michael R. McCormick<br>Montgomery Little & Soran, P.C.<br>5445 DTC Parkway, Suite 800<br>Greenwood Village, CO 80111<br>ctaravella@montgomerylittle.com<br>mmccormick@montgomerylittle.com |

                *s/ Marie Newberger*

_____