**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

**DILLON COMPANIES, INC.'S UNOPPOSED MOTION TO RESTRICT ACCESS**
_____

Comes now interested party Dillon Companies, Inc. ("Dillon"), by and through its attorneys, Montgomery Little & Soran, P.C., and submits this Unopposed Motion to Restrict Access ("Motion"). Dillon respectfully requests that pursuant to D.C. Colo. L. Civ. R. 7.2(B), the Court order Level 1 restricted access to: 1) Dillon's Response in Opposition to Plaintiffs' Renewed Motion Challenging Designation of Certain Documents and Data (Doc. #165); 2) the Supplemental Declaration of Susan Giannola (Doc. #165-1); and 3) the Declaration of Chad Thiessen (Doc. #165-2) (collectively, the "Response").

1

## Conferral Pursuant to D.C. Colo. L. Civ. R. 7.1(A)

In accordance with D.C. Colo. L. Civ. R. 7.1(A), counsel for Dillon certifies that he discussed the relief requested in this Motion with Counsel for Plaintiffs and counsel for the Defendant. Neither Plaintiffs nor the Defendant oppose the relief requested in this Motion. While Plaintiffs do not oppose the relief requested in this Motion (i.e. restricting the Response from public Access), Plaintiffs do not hereby waive their arguments that the information at issue in Plaintiffs' Renewed Motion Challenging Designation of Certain Documents and Data (Doc. #153) should be re-designated as requested therein.

## MOTION AND RELIEF SOUGHT

1. D.C. Colo. L. Civ. R. 7.2(B)(2) allows for restriction of public access to documents filed with the Court. Under the Rule, the movant must set forth why "such interest outweighs the presumption of public access. D.C. Colo. L. Civ. R. 7.2(B)(2). The movant must also "identify a clearly defined and serious injury that would result if access is not restricted" and "explain why only restricted access will adequately protect the interest in question." D.C. Colo. L. Civ. R. 7.2(B)(3)and(4).

2. When the presumption that judicial files are to be available to the public is outweighed by interests which favor nondisclosure, a court may restrict access to such material. *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). The interests of protection and preservation of confidential proprietary information have justified restricting public access to such information. *Huddleson v. City of Pueblo*, 270 F.R.D.

635, 637 (D. Colo. 2010); *See also Nixon v. Warner Communications*, 435 U.S. 589, 598 (U.S. 1978) (reiterating that "courts have refused to permit their files to serve as sources of business information that might harm a litigant's competitive standing").

3. On December 18, 2012, Plaintiffs filed their Renewed Motion Challenging Designation of Certain Documents and Data (Doc. #153) (the "Renewed Motion"). Plaintiffs appended Exhibits A through C to the Renewed Motion.

4. Exhibits A and B include pricing spreadsheets (Paragraph 3(a) of Renewed Motion), contracts and purchase and sale confirmations (Paragraph 3(b) of Renewed Motion), and e-mail communications regarding bidding, pricing, and contracts between Suncor and Dillon (Paragraph 3(c) of Renewed Motion) (collectively ("Pricing Materials"). Accordingly, the Pricing Materials have been classified by Suncor Energy (U.S.A.), Inc. ("Suncor") and/or Dillon as "Highly Confidential" or "Secret" pursuant to the Protective Order (Doc. #49) ("Original Protective Order") and Supplemental Protective Order (Doc. #140) ("Supplemental Protective Order").

5. Plaintiffs' objective in their Renewed Motion is to remove the restriction prohibiting disclosure of the Pricing Materials to Mr. Hossein Taraghi ("Mr. Taraghi"). Plaintiffs claim that although the Supplemental Protective Order allows disclosure of the Pricing Materials to Plaintiffs' counsel and Plaintiffs' five expert witnesses, Plaintiffs will be substantially prejudiced in prosecuting this action unless Mr. Taraghi is permitted to review the Pricing Materials as well. In support of their argument, Plaintiffs claim that the data contained in the Pricing Materials is "stale" and therefore of little proprietary value.

6. Dillon's Response to the Renewed Motion sets forth specific ways in which a competitor might use the Pricing Materials to Dillon's competitive disadvantage. Moreover, the spreadsheets contained in the Pricing Materials set forth a record of Dillon's fuel purchase history, including the dates on which Dillon purchased fuel from Suncor, the volumes of fuel Dillon purchased from Suncor for specific geographic locations, and the prices Dillon paid Suncor for fuel purchases. The Pricing Materials also contain fuel purchasing contracts entered into between Dillon and Suncor, purchase and sale confirmations, and communications relating to bidding, pricing and the contracts between Dillon and Suncor.

7. Details regarding Dillon's fuel purchases from suppliers constitute sensitive proprietary information because Dillon's purchase history is a direct reflection of Dillon's internal business strategies. If this information is disclosed to the public, it will allow any and all of Dillon's competitors to access this private information. Dillon's competitors could and may use this information to aggressively compete against Dillon which would result in substantial harm to Dillon's ability to remain competitive in the fuel market.

8. Details regarding Dillon's fuel purchase history are not generally known to the public and Dillon takes great precaution to assure the privacy of such information.

9. Accordingly, Dillon designated the Response (including both the Giannola and Thiessen declarations) as "Highly Confidential" under the Supplemental Protective Order.

10. Only restricted access will adequately protect the Pricing Materials and the information set forth in the Response because short of non-disclosure, there is no way to disclose this information in a summary or with redaction that would protect the sensitive nature of the information. Restricting access to the Pricing Materials and the information set forth in the Response is the only way to provide the information while preserving its confidentiality.

WHEREFORE, Dillon respectfully requests that the Court grant an order of Level 1 restriction concerning access to: 1) Dillon's Response in Opposition to Plaintiffs' Renewed Motion Challenging Designation of Certain Documents and Data (Doc. #165); 2) the Supplemental Declaration of Susan Giannola (Doc. #165-1); and 3) the Declaration of Chad Thiessen (Doc. #165-2).

Dated:  January 25, 2013.

s/*Michael R. McCormick*
Christopher A. Taravella, #7790
Michael R. McCormick, #33682
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Phone Number: (303) 773-8100
Fax Number: (303) 220-0412
E-mail:  ctaravella@montgomerylittle.com
              mmccormick@montgomerylittle.com
*Attorney for Dillon Companies, Inc.*
*Interested Party*

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO  80202

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-Denver
555 17th Street, Suite 3200
Denver, CO  80201

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO  80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

s/ *Deborah Harant*
Montgomery Little & Soran, P.C.