## PERSONAL GUARANTY
### (Hossein and Debra Lynn Taraghi)

This Personal Guaranty (this "Guaranty") is made and entered into by Hossein Taraghi and Debra Lynn Taraghi, husband and wife (hereinafter, the "Guarantors"), whose address is set forth in Section 14 below, in favor of SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation ("Suncor").

1. **Guaranty.**

   (a) FOR VALUABLE CONSIDERATION RECEIVED, and to induce Suncor to enter into one or more agreements with WESTERN CONVENIENCE STORES, INC., a Colorado corporation, and/or any of its subsidiaries and affiliates (collectively, "Western Convenience"), Guarantors unconditionally and irrevocably guarantee and promise to pay to Suncor upon demand, in lawful money of the United States, all amounts up to **three million dollars (U.S. $3,000,000.00)** owed to (or that become owed in the future to) Suncor, its subsidiaries, or affiliates (collectively, the "Suncor Parties") under any and all agreements now or hereafter existing between any of the Suncor Parties and Western Convenience (collectively, the "Agreements"), including without limitation pursuant to any indemnities thereunder, and to perform (or cause the performance) of **all obligations** of Western Convenience thereunder (collectively, the "Guaranteed Obligations").

   (b) Subject to the terms and provisions hereof, if and to the extent Western Convenience shall for any reason fail to pay or perform any Guaranteed Obligation on or before the date such payment or performance is due, Guarantors shall, within fifteen (15) days after receipt of written notice from Suncor given in accordance with Section 14 hereto of such failure: (i) cause such Guaranteed Obligation to be promptly and fully paid or performed, as the case may be; or (ii) promptly and fully pay or perform the Guaranteed Obligation, as the case may be. This is a guaranty of payment and performance, and not of collection.

   (c) Guarantors guarantee that the Guaranteed Obligations will be paid and performed strictly in accordance with the terms of the applicable Agreement(s), regardless of any law, regulation, or order now or hereafter in effect in any jurisdiction affecting any of such terms or the rights of the Suncor with respect thereto.

   (d) The obligations of Guarantors under this Guaranty are joint and several, absolute, and unconditional, all without regard to the obligations of any other guarantors, party, person, or governmental entity, and a separate action or actions may be brought and prosecuted against Guarantors whether any action is brought against Western Convenience or any other guarantor, party, person or governmental entity or whether Western Convenience or any other guarantor, party, person, or governmental entity is joined in any action or actions. Guarantors' obligations hereunder shall continue in full force and effect notwithstanding any release or termination of any other guarantor's liability. Furthermore, Guarantors agree not to assert, and hereby irrevocably and unconditionally waive any argument or claim that Guarantors may hereafter have that

EXHIBIT O

Guarantors' obligations hereunder have been released or terminated by Suncor (including impliedly or by operation of law), except if either: (i) Western Convenience is excused from paying or performing such Guaranteed Obligation pursuant to the express terms of the applicable Agreement(s), or (ii) by an express written release executed by Suncor.

(c) For purposes of this Guaranty, payment of any Guaranteed Obligation, or any portion thereof, shall only be deemed made to the extent that Suncor actually receives immediately available funds and to the extent of any credit bid by Suncor at any foreclosure or trustee's sale of any security for the Guaranteed Obligations; provided, however, to the extent Western Convenience or Guarantors make any payment to Suncor in connection with the Guaranteed Obligations, and all or any part of such payment is subsequently invalidated, declared to be fraudulent or preferential, set aside or required to be repaid by Suncor or paid over to a trustee, receiver or any other entity, whether under any bankruptcy act or otherwise (any such payment is hereinafter referred to as a "Preferential Payment"), then this Guaranty shall continue to be effective or shall be reinstated, as the case may be, and, to the extent of such payment or repayment by Suncor, and the Guaranteed Obligations or part thereof intended to be satisfied by such Preferential Payment shall be revived and continued in full force and effect as if said Preferential Payment had not been made.

## 2. Consents, Waivers, and Additional Covenants.

(a) Guarantors hereby consent to all terms and conditions of all Agreements heretofore or hereafter made between Western Convenience and Suncor, and further consent that Suncor may, without further consent or disclosure and without affecting or releasing any obligations of Guarantors hereunder, do any of the following: (i) waive or delay the exercise of any rights or remedies of Suncor against Guarantors; (ii) waive or delay the exercise of any rights or remedies of Suncor against any other surety or guarantor with respect to the Guaranteed Obligations; (iii) release any other surety or guarantor with respect to the Guaranteed Obligations; or (iv) renew, extend, waive or modify the terms of any Guaranteed Obligation or the obligations of any other surety or guarantor with respect to the Guaranteed Obligations, or any instrument or agreement evidencing the same.

(b) Except as expressly set forth herein, Guarantors waive any right to notice of: (i) Suncor's acceptance of this Guaranty or its intention to act or its actions in reliance hereon; (ii) the present existence or future incurring of any liabilities or obligations or any terms or amounts thereof or any change therein; (iii) any default by Guarantors or by any other surety or guarantor; (iv) the obtaining of any guarantee or surety agreement (in addition to this Guaranty); (v) the obtaining of any pledge, assignment or other security for any Guaranteed Obligations; (vi) the release of any other surety or guarantor; (vii) the release of any collateral; (viii) any change in Guarantors' or Western Convenience's business or financial condition; (ix) any renewal, extension or modification of the terms of any of the Guaranteed Obligations or of the obligations or liabilities of any surety or guarantor or any instruments or agreements evidencing the same; (x) any acts or omissions consented to in this Guaranty; (xi) any other demands or notices (except as set forth in Section 1(b) hereof) whatsoever with respect to the Guaranteed Obligations or this Guaranty. Except as expressly set forth herein, Guarantors further hereby waive

notice of presentment, demand, protest, notice of nonpayment and notice of protest in relation to any instrument or agreement evidencing any Guaranteed Obligation.

(c) Guarantors waive and agree not to assert: (a) any right to require Suncor to proceed against Western Convenience or any other guarantor, to proceed against or exhaust any security for the Guaranteed Obligations, to pursue any other remedy available to Suncor, or to pursue any remedy in any particular order or manner; (b) the benefit of any statute of limitations affecting Guarantors' liability hereunder or the enforcement hereof; (c) the benefits of any statutory provision limiting the liability of a surety; (d) any defense arising by reason of any disability or other defense of Western Convenience or by reason of the cessation from any cause whatsoever (other than full performance and payment) of the liability of Western Convenience for the Guaranteed Obligations; and (e) the benefits of any statutory provision limiting the right of Suncor to recover a deficiency judgment, or to otherwise proceed against any person or entity obligated for payment of the Guaranteed Obligations, after any foreclosure or trustee's sale of any security for the Guaranteed Obligations. Guarantors hereby expressly consent to any impairment of collateral, including, but not limited to, failure to perfect a security interest and release collateral and any such impairment or release shall not affect Guarantors obligations hereunder.

(d) Guarantors authorize Suncor, without notice or demand and without affecting Guarantors' liability hereunder, from time to time, to: (i) release, substitute or add any one or more endorsers, Guarantors or other guarantors; (ii) take and hold security for the payment of this Guaranty or the Guaranteed Obligations, and enforce, exchange, substitute, subordinate, waive or release any such security; (iii) proceed against such security and direct the order or manner of sale of such security as Suncor in its discretion may determine; and (iv) apply any and all payments from Western Convenience, Guarantors or any other guarantor, or recoveries from such security, in such order or manner as Suncor in its discretion may determine.

(e) Guarantors represent and warrant to Suncor that they have reviewed such documents and other information as they have deemed appropriate in order to permit the Guarantors to be fully apprised of the Western Convenience's financial condition and operations and have, in entering into this Guaranty, made their own credit analysis independently and without reliance upon any information communicated to them by Suncor. Guarantors expressly waive any requirement that Western Convenience advises, discloses, discusses or delivers notice to Guarantors regarding Western Convenience's financial condition or operations or, except as provided in Section 1(b) above, with respect to any default by Western Convenience in its performance of the Guaranteed Obligations, whether or not knowledge of such condition, operations or default is or reasonably could be in the possession of Western Convenience before or after any events giving rise to the Guaranteed Obligations.

(f) ==The obligations of Guarantors hereunder shall not be in any way limited or affected by== any circumstance whatsoever including, without limitation, (i) any act or omission of Suncor consented to in this Guaranty; (ii) failure to receive any notice, demand, presentment or protest waived in this Guaranty; (iii) any failure by Western Convenience or any other guarantor or surety or other person to perform or comply with the Guaranteed Obligations or the terms of any instrument or agreement relating thereto;

(iv) any change in the name, purpose, membership interests or constitution of Western Convenience or any other guarantor or surety or any of their respective officers, directors, members, managers or other agents in executing and delivering any instrument or agreements relating to the Guaranteed Obligations or in carrying out or attempting to carry out the terms of any such agreements; (v) any insolvency, bankruptcy, reorganization or similar proceeding by or against Western Convenience, Suncor, Guarantors or any other surety or guarantor; (vi) any setoff, counterclaim, recoupment, deduction, defense or other right that Guarantors may have against Suncor or any other Person for any reason whatsoever, whether related to the Guaranteed Obligations or otherwise; or (vii) any other circumstance that might constitute a legal or equitable discharge or defense, in whole or in part, of a surety or guarantor. Guarantors hereby waive all defenses of a surety to which they may be entitled by statute or otherwise.

3. **Binding Effect.** This Guaranty has been duly executed and delivered on behalf of Guarantors and constitutes the legal, valid and binding obligation of Guarantors, enforceable against Guarantors in accordance with its terms.

4. **Successors and Assigns.** Guarantors shall not assign any of its rights and obligations under this Guaranty without the prior written consent of Suncor, which consent may be granted or denied in the sole discretion of Suncor. Suncor may transfer and assign its rights and obligations under this Guaranty without Guarantors' consent. This Guaranty shall apply to and inure to the benefit of Suncor and its respective successors and permitted assigns. This Guaranty shall continue in full force and effect notwithstanding the assignment or delegation by Suncor of all or any of the Guaranteed Obligations.

5. **Subordination.** Any future indebtedness of Western Convenience to Guarantors is hereby subordinated to the Guaranteed Obligations and any such future indebtedness of Western Convenience to Guarantors, if Suncor so requests, shall be collected, enforced and received by Guarantors as trustee for Suncor and shall be paid over to Suncor on account of the Guaranteed Obligations, but without reducing or affecting in any manner the liability of Guarantors under the other provisions of this Guaranty.

6. **Severability.** If any provision of this Guaranty or the application thereof to any person or circumstance shall be invalid or unenforceable, then the remaining provisions and the application of such provision to persons or circumstances other than those as to which it is invalid or unenforceable, shall continue to be valid and enforceable.

7. **Governing Law.** THIS GUARANTY SHALL BE GOVERNED BY, CONSTRUED AND ENFORCED IN ALL RESPECTS IN ACCORDANCE WITH THE LAWS OF THE STATE OF COLORADO, WITHOUT REGARD TO ITS CONFLICT OF LAW PRINCIPLES.

8. **Forum Selection.** The undersigned Guarantors and Suncor (by its acceptance hereof) hereby irrevocably and unconditionally consent to the exclusive jurisdiction of the courts of the State of Colorado and of the United States of America located in the City of Denver, Colorado for any actions, suits or proceedings arising out of or relating to this Guaranty and the transactions contemplated hereby, and both Guarantors and Suncor further agree not to commence any action, suit or proceedings relating thereto except in

such courts. Guarantors and Suncor also hereby irrevocably and unconditionally waive any objection to the laying of venue of any such proceeding in the courts of the State of Colorado, and waive and agree not to plead or to make any claim that any such proceeding brought in any court of the State of Colorado has been brought in an improper or inconvenient forum.

9. **Entire Agreement.** This Guaranty sets forth the entire agreement of Guarantors and Suncor with respect to the subject matter hereof and supersedes all prior oral and written agreements and representations by Suncor to Guarantor. The Guaranty, however, does not alter, modify, or affect any of the terms of any of the Agreements, or Guarantors' obligations thereunder. No modification or waiver of any provision of this Guaranty or any right of Suncor hereunder and no release of Guarantors from any obligation hereunder shall be effective unless in a writing executed by an authorized officer of Suncor. There are no conditions, oral or otherwise, on the effectiveness of this Guaranty.

10. **Interpretation and Reliance.** No presumption will apply in favor of any party hereto in the interpretation of this Guaranty or in the resolution of any ambiguity of any provisions hereof.

11. **Time.** TIME IS OF THE ESSENCE IN THIS GUARANTY, AND THE TERMS HEREIN SHALL BE SO CONSTRUED.

12. **Modification.** No amendment of any provision of this Guaranty shall be effective unless it is in writing and signed by Guarantors and Suncor. No waiver of any provision of this Guaranty, and no consent to any departure by any party therefrom, shall be effective unless it is in writing and signed by the party against which such waiver or consent is asserted, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

13. **Headings and References.** The headings used herein are for purposes of convenience only and shall not be used in construing the provisions hereof. The words "this Guaranty," "this instrument," "herein," "hereof," "hereby" and words of similar import refer to this Guaranty as a whole and not to any particular subdivision unless expressly so limited. The word "or" is not exclusive. All references in this Guaranty to sections, subsections, and other subdivisions refer to corresponding sections, subsections and other subdivisions of this Guaranty unless expressly provided otherwise. Pronouns in masculine, feminine and neuter genders shall be construed to include any other gender, and words in the singular form shall be construed to include the plural and vice versa, unless the context otherwise requires.

14. **Notice To Guarantors.** Any notice or communication required or permitted hereunder to Guarantors shall be given in writing, and sent by (a) personal delivery, (b) expedited delivery service with proof of delivery, (c) registered or certified United States mail, postage prepaid, return receipt requested, or (d) facsimile, to the following address:

GUARANTORS:

  Hossein and Debra Lynn Taraghi
  16 Foxtail Circle
  Cherry Hills Village, Colorado 80113
  Fax: _____

Any such notice or communication shall be deemed to have been given either at the time of personal delivery or, in the case of delivery service or mail, as of the date of first attempted delivery at the address and in the manner provided herein, or in the case of facsimile, upon receipt.

15. **Attorneys Fees.** If any action or proceeding is commenced to enforce or interpret this Guaranty, the prevailing party shall be entitled to recover from the non-prevailing party the reasonable out-of-pocket costs and expenses of maintaining such action or proceeding, including reasonable attorneys' fees and disbursements incurred before such action or proceeding is commenced, before trial, at trial, after trial and on appeal, whether the action or proceeding is at law, in equity or in a bankruptcy case or proceeding.

  IN WITNESS WHEREOF these presents are executed as of the 22nd day of December, 2006.

GUARANTORS:

_____
HOSSEIN TARAGHI


_____
DEBRA LYNN TARAGHI

STATE OF Colorado )
                  ) ss
COUNTY OF Arapahoe )

    The foregoing Personal Guaranty was executed and acknowledged before me this 22nd day of December, 2006 by HOSSEIN TARAGHI.

My Commission Expires: 9/27/2010
Witness my hand and official seal.

                                            Notary Public

STATE OF Colorado )
)ss
COUNTY OF Arapahoe )

The foregoing Personal Guaranty was executed and acknowledged before me this 22nd day of December, 2006 by DEBRA LYNN TARAGHI.

My Commission Expires: 9/27/2010
Witness my hand and official seal.

_____
Notary Public