**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs and Counterclaim Defendant,

vs.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant, Counterclaimant, Third-Party Plaintiff,

HOSSEIN and DEBRA LYNN TARAGHI,

    Third-Party Defendants.

## SUNCOR'S UNOPPOSED MOTION TO RESTRICT ACCESS TO MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF WESTERN CONVENIENCE STORES' FIRST AND SIXTH CLAIMS FOR RELIEF AND SUNCOR'S THIRD AFFIRMATIVE DEFENSE

Suncor Energy (U.S.A.) Inc. ("Suncor"), respectfully submits this Motion to Restrict Access pursuant to D.C.COLO.L.CivR 7.2.B for an order of Level 2 restriction on access to Motion for Summary Judgment on Plaintiff Western Convenience Stores' First and Sixth Claims for Relief and Suncor's Third Affirmative Defense ("Motion for Summary Judgment"), along with its accompanying exhibits, filed concurrently with this motion.

### CERTIFICATION OF COMPLIANCE WITH D.C.COLO.L.CivR 7.1A

Pursuant to Local Rule 7.1.A, the undersigned certifies that counsel for Suncor has conferred with counsel for Plaintiffs regarding the filing of this Motion and are authorized to state that Plaintiffs do not object to the relief sought herein.

## MOTION AND RELIEF SOUGHT

1.      Local Rule 7.2B permits motions to restrict public access to documents filed with the Court. The rule requires the movant to "[a]ddress the interest to be protected and why such interest outweighs the presumption of public access," and "identify a clearly defined and serious injury that would result if access is not restricted." D.C.COLO.LCivR 7.2.B.2-3. The rule further requires the movant to "explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question" (e.g., redaction summarization, restricted access to exhibits or portions of exhibits). *Id*. at 7.2.B.4.

2.      Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness. *Nixon v. Warner Commc'n, Inc*., 435 U.S. 589, 598 (1978) (recognizing that where records contain "sources of business information that might harm a litigant's competitive standing," the court may limit public access); *see also Huddleson v. City of Pueblo, Colo*., 270 F.R.D. 635, 637 (D. Colo. 2010) (preservation of trade secrets is a circumstance that overcomes the presumption of openness of judicial proceedings).

3.      Simultaneously with this Motion, on February 8, 2013, Suncor is filing its Motion for Summary Judgment on Plaintiff Western Convenience Stores' First and Sixth Claims for Relief and Suncor's Third Affirmative Defense, along with accompanying exhibits. The Motion for Summary Judgment contains data or derivatives of data that are designated as "Confidential," "Highly Confidential," or "Secret" by WCS, Suncor and Interested Party Dillon, meaning that, in good faith, each of those parties asserts that the disclosure of the data or derivative thereof could cause the party competitive injury.

4. Pursuant to the Protective Order (Doc. 49) and Supplemental Protective Order (Doc. 140), the Motion for Summary Judgment must be filed with appropriate motions for restrictions to access. Because the Motion for Summary Judgment contains data or derivatives of data that have been identified as "Confidential," "Highly Confidential" or "Secret" by WCS, Suncor and Interested Party Dillon, it cannot be provided to anyone besides the filing party and the Court. Accordingly, Suncor requests that the Motion for Summary Judgment and exhibits be accepted for filing with Restriction Level 2 (access restricted to filing party and the Court). A copy of the Motion for Summary Judgment and accompanying exhibits will be served on WCS via non-ECF means.

WHEREFORE, Suncor requests an order of Level 2 restriction on access to the Motion for Summary Judgment on Plaintiff Western Convenience Stores' First and Sixth Claims for Relief and Suncor's Third Affirmative Defense, along with its accompanying exhibits.

Dated: February 8, 2013

        Respectfully submitted,

        *s/Anthony J. Shaheen*
        HOLLAND & HART LLP
        Post Office Box 8749
        Denver, CO  80201-8749
        Phone: 303-295-8054
        Fax: 303-291-9126
        AJShaheen@hollandhart.com
        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that on February 8, 2013, I served the foregoing **MOTION TO RESTRICT ACCESS TO MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF WESTERN CONVENIENCE STORES' FIRST AND SIXTH CLAIMS FOR RELIEF AND SUNCOR'S THIRD AFFIRMATIVE DEFENSE**, by causing the foregoing to be presented to the Clerk of Court for filing and uploading to the CM/ECF system.  I will separately serve this document to the following email addresses:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON BIERMANN  & CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202
krb@benningtonjohnson.com
kec@benningtonjohnson.com
afa@benningtonjohnson.com

Philip W. Bledsoe
POLSINELLI SHUGHART, P.C.
1515 Wynkoop Street, Suite 600
Denver, CO 80202
pbledsoe@polsinelli.com

                                                      *s/Anthony Shaheen*

6001730_1