IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

**PLAINTIFFS' RESPONSE TO OBJECTION OF INTERESTED PARTY
DILLON COMPANIES, INC. TO MAGISTRATE JUDGE'S ORDER DATED
JANUARY 28, 2013**

Plaintiffs Western Convenience Stores, Inc. ("Western") and Western Truck One, LLC ("WTO"), by and through their undersigned counsel, respond as follows to the Objection of Interested Party Dillon Companies, Inc. to Magistrate Judge's Order Dated January 28, 2013 (Doc. 187, "Objection").

## **SUMMARY OF RESPONSE**

1.     This is the second objection to a discovery order that non-party Dillon Companies has filed in this action. As was the case with Dillon's first objection (*See* Doc. 115; Plaintiffs' Response, Doc. 123), Dillon objects to a discovery order that is, or has become, moot. In fact,

the very basis for the Court's denial of the subject motion to quash is that it was moot as the parties had reached an agreement that permitted the discovery to proceed.  Doc. 180, Transcript of January 28, 2013 hearing at 3:20-6:11.  At this point, the Objection cannot arguably be anything but moot because both depositions that are the subject of the Objection and underlying deposition have been completed.

2. Even if Dillon's present Objection were not moot, it is, like the first objection, without legal basis.  Dillon and its affiliate, Mini-Mart, are the "favored retailers" in this Robinson-Patman Act price discrimination action.  It has been established (and Suncor in fact concedes) that Dillon and Mini-Mart received discriminatory pricing.  Therefore, there can be no argument that the discovery sought from Dillon (and already taken) is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent Dillon claims that the subject depositions involve disclosure of trade secrets, Dillon has already obtained entry of an ultra-protective Supplemental Protective Order (Doc. 140) that provides the highest level of protection for its asserted trade secrets.

3. Dillon has not met the requirements of Rule 72(a); the issues raised in the Objection are moot; and the filing of the Objection results only in increased costs for the litigants.  The Objection should be denied.

## RESPONSE

4. This is a price discrimination case under the Robinson-Patman Act, 15 U.S.C. § 13(a).  *See* Amended Complaint (Doc. 43), at ¶¶ 5; 25-39.  Western operates more than 40 convenience stores from which it has sold millions of gallons of gasoline and diesel fuel ("Fuel") to consumers in Colorado and Nebraska.  *Id.* at ¶ 9.  It alleges that Defendant Suncor engaged in

sustained Robinson-Patman Act violations by selling Fuel to Favored Retailers at prices below the prices at which it sold Fuel to Western. *Id.* at 25-33. The Amended Complaint specifically identifies Dillon Companies, Inc. as one of the Favored Retailers to which Suncor sold Fuel at a discriminatory price. *Id*. at 25. To prevail on its Robinson-Patman Act claim, Western must show not only discriminatory sales to a favored customer, but also an antitrust injury, i.e., a reasonable possibility that the discriminatory pricing may harm competition and an injury in fact to the plaintiff resulting from circumstances such as lost sales to the favored customer. *See* Doc. 71-4, Declaration of Mark A. Glick, at ¶¶ 7-8.

5. Discovery in this action has established not only that Suncor charged lower prices for the same grades of Fuel to Dillon (d/b/a King Soopers and City Market) and its affiliate Mini-Mart (d/b/a Loaf N Jug), but also that in 2009 and 2010, Dillon and Mini-Mart replaced Western as Suncor's highest volume unbranded Fuel customer. *See* Doc. 185-2 at 11 and n. 18, 19 (Glick/Tatos report citing Carbone deposition, pp. 81, 175); Doc. 71-1. The subpoenas that are the subject of the Objection related to a Rule 30(b)(6) deposition of the Kroger Companies (Doc. 159-1) and an individual witness, David Wilson (Doc. 159-2). The Rule 30(b)(6) deposition sought discovery of the Kroger Company (Dillon's parent) relating to the Dillon and Mini-Mart purchases at issue in the action and related issues relevant to Plaintiffs' claims. Mr. Wilson is a former Kroger employee who was primarily responsible for negotiating and communicating with Suncor or other suppliers regarding Dillon and Mini-Mart's purchases of Fuel.

6. Although Dillon moved to quash the Kroger and Wilson subpoenas in their entirety, by conferring after the motion to quash was filed, Dillon and Plaintiffs reached an agreement to clarify and narrow the scope of certain requests in the Rule 30(b)(6) notice and the

Wilson deposition. *See* Joint Status Report, Doc. 167. A portion of the Kroger Rule 30(b)(6) deposition had already been competed when Dillon filed its Objection, and that deposition was competed in its entirety on February 19, 2013. The deposition of Mr. Wilson was completed on February 5, 2013. As both depositions that are the subject of the Objection have been completed, the Objection is fully moot.

7.  Fed. R. Civ. P. 72(a) provides in pertinent part that "[t]he district court judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

8.  Here, Magistrate Judge Shaffer did not err in denying the motion to quash because, in light of the parties' voluntary agreement to modify the scope of the subpoenas as reflected in the January 27, 2013 Joint Status Report (Doc. 167), the issues raised by the motion were in fact moot. Now that the depositions have been completed, there is no basis at all to overturn the Magistrate Judge's order.[1]

---

[1] Dillon claims in the Objection that the underlying motion was not moot because Plaintiffs allegedly "breached the Joint Status Report" by asking Mr. Wilson questions Dillon asserts were contrary to the parties' agreements. Objection ¶¶ 17, 27. The referenced issue was resolved during the deposition. To the extent Dillon suggests it was not, the Magistrate Judge specifically advised the parties that they should call him during any deposition to the extent any issues arose that could not be resolved. Doc. 180, January 28, 2103 Hearing Transcript at 5:14-25. There were no issues in either deposition that any party deemed to require that.

**11-cv-01611-MSK-CBS:  PLAINTIFFS' RESPONSE TO OBJECTION OF INTERESTED PARTY DILLON COMPANIES, INC. TO MAGISTRATE JUDGE'S ORDER DATED JANUARY 28, 2013        Page 4**

9. To the extent that Dillon asserts that the discovery sought in the depositions constitute trade secrets, Dillon's concerns are fully addressed by the Supplemental Protective Order (Doc. 140) that was entered at Dillon's request in connection with Plaintiffs' earlier document subpoena. The Supplemental Protective Order permits Dillon to designate material not only as "Confidential" or "Highly Confidential," but also as "Secret," a descriptor proposed by Dillon which offers the highest level of protection and prohibits disclosure of information so designated to any internal representative of the parties or for any purpose other than this lawsuit. *Id.* at ¶ 5.

10. Courts have routinely found that an attorneys' eyes only or attorneys and experts' eyes only designation (like the "Secret" designation here) is the appropriate measure when trade secrets are the subject of a discovery request or third-party subpoena. *See Covey Oil v. Continental Oil Co.*, 340 F.2d 993, 997-99 (10th Cir. 1965), *cert. denied* 380 U.S. 1110 (1965) and *overruled on other grounds by United States v. Ryan*, 402 U.S. 530 (1971) (requiring a nonparty, in an action to recover damages for alleged violations of the Robinson-Patman Act, to comply with a subpoena requesting trade secrets relating to the price, cost, and volume of sales of gasoline on conditions designed to protect nonparties by making the documents available only to counsel and independent certified public accountants, and by forbidding the use of the material for business or competitive purposes); *Covelo Clothing, Inc. v. Atlandia Imports, Inc.*, No. 07-cv-02403-MSK-MEH, 2007 WL 4287731, *2 (D. Colo. Dec. 5, 2007) (finding attorney-eyes-only provision sufficient to protect a non-party when disclosing trade secrets to a competitor); *In re The City of New York*, 607 F.3d 923, 935 (2d. Cir. 2010) (disclosure of

confidential information on an attorney-eyes-only basis is routine in civil litigation involving trade secrets.

11.   Dillon relies on *Echostar Communications Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998), to support its arguments, in particular its argument that Plaintiffs sought by the subject depositions irrelevant discovery "unrelated to the lawsuit at hand." Objection ¶ 10. In *Echostar,* the court found: (a) the plaintiff did not show a need for the subject discovery from the third party because discovery had just commenced and the plaintiff had not exhausted its efforts to seek discovery from the defendant (*id.*); (b) the discovery relating to competition in the cable/satellite industry was irrelevant to Echostar's only claim, breach of contract (*id.*); and (c) that Echostar's public announcement on multiple occasions that it was contemplating a wide-ranging anti-trust lawsuit against the entities subpoena created a "healthy suspicion" that the third party discovery had been sought for purposes outside of the action at issue (*id.*).

12.   In this case: (a) Plaintiffs have already taken extensive discovery from Suncor; (b) the Kroger entities (Dillon and Mini-Mart) have been conceded by Suncor to be the favored retailers who received Fuel at lower prices than Western (*See* Doc. 185-2 at 11 and n. 18, 19); (c) Mr. Wilson was responsible for all communications with Suncor regarding the purchase of Fuel, including communications in which Suncor acknowledged that it was giving Kroger "by far Suncor's best pricing offered in the market" (see Exhibit 1, attached); and (d) discovery from Kroger is key to determining and showing the actual or potential effect of the price discrimination in Kroger's favor on competition (see Glick Declaration, Doc. 71-4, ¶¶ 7-10). This case is nothing like *EchoStar* as the discovery sought from or relating to Dillon bears

directly on the principal claim asserted in this action.  As Dillon agreed to the discovery as described in the Joint Status Report, it cannot be seriously argued that the subpoena was improperly served or sought discovery not reasonably calculated to lead to the discovery of admissible evidence.

Dated:  February 25, 2013          *s/ Kenneth R. Bennington*

                                          Kenneth R. Bennington
                                          Kathleen E. Craigmile
                                          Adam F. Aldrich
                                          BENNINGTON JOHNSON BIERMANN
                                          & CRAIGMILE, LLC
                                          370 17th Street, Suite 3500
                                          Denver, CO 80202
                                          Telephone: (303) 629-5200
                                          Facsimile: (303) 629-5718
                                          *kec@benningtonjohnson.com*
                                          *krb@benningtonjonson.com*
                                          *afa@benningtonjohnson.com*
                                          *Attorneys for Plaintiffs and Third-*
                                          *Party Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 25, 2013, the foregoing **PLAINTIFFS' RESPONSE TO OBJECTION OF INTERESTED PARTY DILLON COMPANIES, INC. TO MAGISTRATE JUDGE'S ORDER DATED JANUARY 28, 2013** was served on the following parties via CM/ECF:

Anthony J. Shaheen
Keeya M. Jeffrey
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80201-8749
AJShaheen@hollandhart.com
KMJeffrey@hollandhart.com

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart PC
1225 Seventeenth Street, 29th Floor
Denver, CO 80202-5529
pbledsoe@polsinelli.com
jvanlandingham@polsinelli.com

J. Robert Robertson
William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

Christopher A. Taravella
Michael R. McCormick
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80111
ctaravella@montgomerylittle.com
mmcormick@montgomerylittle.com

*s/ Marie Newberger*