**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

**PLAINTIFFS' RESPONSE TO SUNCOR'S MOTION
TO RESTRICT ACCESS (DOC. 188)**

---

Plaintiffs Western Convenience Stores, Inc. ("Western Convenience") and Western Truck One, LLC ("Western Truck One") (collectively, "Plaintiffs"), by and through their undersigned counsel of Bennington Johnson Biermann & Craigmile LLC and Polsinelli Shugart, PC, respond as follows to *Suncor's Unopposed Motion to Restrict Access to Motion for Summary Judgment on Plaintiff Western Convenience Stores' First and Sixth Claims for Relief and Suncor's Third Affirmative Defense* filed February 12, 2013 (Doc. 188, "Motion").

    **I.    INITIAL AND SUBSEQUENT CONFERRAL BY COUNSEL**

Initially, counsel for Suncor did confer regarding the Motion, and Plaintiffs' counsel stated that the Plaintiff did not oppose the procedure pursuant to the Supplemental Stipulated

Protective Order (Doc. 140), for restricting public access to exhibits that had been designated by the parties or interested parties under that order's terms.  Thereafter, however, Plaintiffs' counsel again conferred with counsel for Defendant Suncor and advised him that the Plaintiff must oppose the Motion on the grounds set forth below.

## II.     SUMMARY

The Plaintiffs' owner and chief executive (and a third-party Defendant), Hossein Taraghi, has until now been denied access to a substantial material body of discovery in this case owing to its asserted status as trade secrets and resulting designation as *Secret* and *Highly Confidential* under the Supplemental Stipulated Protective Order (Doc. 140).  Previously, the Plaintiffs have moved, pursuant to the procedure set forth in that Protective Order, to reclassify certain information (primarily historical pricing data) in order to allow review of that information by Mr. Taraghi.  (Doc. 59 and 153.)  Although those motions were denied by the Magistrate Judge, it is not the Plaintiffs' intention here to cover that ground again.  The procedural status of this case has now drastically changed.

In the wake of Motions for Summary Judgment having been filed by the Defendant, the discovery information previously kept secret from Mr. Taraghi cannot, in the interests of fairness and due process, be kept from him where his case (including his personal liability) could be decided on summary judgment.  It is inconceivable that Mr. Taraghi could properly be told in the context of summary judgment: *your case has been decided against you without your full participation and you don't even get to know why*.

Moreover, the problem with discovery information being kept secret from the Plaintiffs' representative is now not merely theoretical. After his review of a redacted version of the Plaintiffs' expert report (Doc. 185-2) Mr. Taraghi realized that the damages calculations, which depend on Western's accounting and pricing data as well as on *Highly Confidential* data from Suncor and Kroger, were incomplete. In the effort to avoid even the appearance of violating the Protective Order, Plaintiffs' experts and counsel did not elicit from Mr. Taraghi all the information needed to fully calculate damages based volume lost to Kroger as the result of price discrimination. This problem will be remedied in a supplemental damages expert disclosure; however, even apart from the presumption of public access to the judicial process, it underscores the unfairness and inefficiency inherent in keeping a party in the dark about his own case (where not only are his companies plaintiffs, but he and his spouse are also third-party defendants), and exemplifies why secrecy can no longer be imposed or tolerated in the context of the pending summary judgment motions.

### III.   LEGAL AUTHORITY

A.   *Public Right of Access to Dispositive Motion Documents*

As the Court has stated previously, "[t]here is a presumption that documents essential to the judicial process are to be available to the public . . . ." *Baroness Small Estates, Inc. v. Round Hill Cellars*, No. 10–cv–01999–MSK–CBS, 2011 WL 6152969, at *7 (D. Colo. Dec. 12, 2011) (citing *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997)); *Martin v. Sears, Roebuck & Co.*, No. 08-cv-01998-MSK-KMT, 2009 WL 4730466, at * 13 (D. Colo. Dec. 7, 2009) (citing same); *Mrs. Colorado-America, Inc. v. Mrs. Colo. U.S. Pageant*, No. 05-cv-02660-MSK-MEH, 2007 WL 1245565, at *1 (D. Colo. Apr. 30, 2007) (citing same). "The Supreme Court has

acknowledged a common-law right of the public to access judicial records.  This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system." *Mrs. Colorado-America*, 2007 WL 1245565, at *1 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) and *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002)).  "It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter." *Id.* (citing *McVeigh*, 119 F.3d at 814).

A court may exercise its discretion to seal a court document upon a showing that "the public's right of access is outweighed by interests which favor nondisclosure." *See id.* (citations omitted).  "Only in the rarest of cases is the sealing of documents appropriate." *Baroness*, 2011 WL 6152969, at *7 (citing *Doe v. F.B.I.*, 218 F.R.D. 256, 259 (D. Colo. 2003)).  A party requesting the sealing of documents must show a "compelling reason" through its compliance with the informational requirements of D.C.COLO.LCivR 7.2.  *See id.* at *8.  The moving party must specifically identify information that it asserts is protectable and must specifically identify how publication will create a risk of harm.  *See id.*

"[T]he fact that the parties may have entered into and obtained approval of a general protective order governing disclosure of information during discovery is not dispositive" of whether the moving party has shown a compelling reason to seal court documents from the public.  *Mrs. Colorado-America*, 2007 WL 1245565, at *1.

> Parties may freely agree to restrict their behavior via a protective order as it relates to the conduct of discovery, as such discovery is not generally filed with the Court and this, is not otherwise available for public review. However, once the parties file documents with the Court-presumably, because the contents of such documents bear on whether relief should be granted or not-the parties' agreements as to privacy will often be required

> to yield to the public's interest in reviewing the correctness and fairness of the Court's decisions. Only in circumstances where the parties' need for secrecy is so compelling, relative to the public's interest in access to the factual underpinnings of the Court's decisions, that sealing will be permitted.

*Id.*

The Kansas federal district court has similarly stated that there is "a fundamental distinction between the broad latitude the court has to accord confidentiality to the parties' discovery and other preliminary proceedings, and the narrower discretion the court has in issuing orders resolving litigation." *Vulcan Materials Co. v. Atofina Chems. Inc.*, 355 F. Supp. 2d 1214, 1217 (D. Kan. 2005). "[A] court must bear in mind the strong public policies supporting open access to the decisions of the courts, and that 'documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.'" *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). The *Vulcan Materials* court denied the defendants' request to redact "virtually any detail as to" alternative supply contracts. *Id.* at 1217-18. The court found that the defendants' stated basis that "'public disclosure of these arrangements and their terms would harm defendants in their current and prospective negotiations concerning business transactions with thrid (sic) parties" did not provide an adequate basis for overriding "the important public interest in open rulings by the court." *Id.*

Other circuits also draw a distinction between discovery documents and dispositive motion documents. The Fourth Circuit stated that "[o]nce [discovery] documents are made part of a dispositive motion, such as a summary judgment motion, they 'lose their status of being raw fruits of discovery.'" *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988)

(quoting *In re "Agent Orange" Prod. Liab. Litig.*, 98 F.R.D. 539, 544-45 (E.D.N.Y. 1983)). "Because summary judgment adjudicates substantive rights and serves as a substitute for a trial," the Fourth Circuit applied the presumption of the public's right of access to dispositive motion documents. *See id.* (collecting cases).

The Ninth Circuit applies a "compelling reasons" standard for sealing "judicial records attached to dispositive motions," in contrast to a "good cause" standard under Fed. R. Civ. P. 26(c) for sealing discovery documents. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)). The *Kamakana* court held: "A 'good cause' showing [as required by Fed. R. Civ. P. 26(c)] will not, without more, satisfy a 'compelling reasons' test." *Id.* (citing *Foltz*, 331 F.3d at 1135-36; *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002)). Because "the public is entitled to access by default" to judicial records, including dispositive motion documents, the Ninth Circuit applied the heightened "compelling reasons" standard for sealing dispositive motion documents, under which a reiteration of a previous good cause showing under Fed. R. Civ. P. 26(c) does not suffice. *See id.* (citations omitted).

B.   *Litigant's Right of Access to Dispositive Motion Documents*

"Preventing a party from viewing discovery material is an extreme measure for obvious reasons." *Am. Traffic Solutions, Inc. v. Redflex Traffic Sys., Inc.*, No. CV–08–02051–PHX–FJM, 2010 WL 481408, at *2 (D. Ariz. Feb. 8, 2010). At least one federal district court has recognized the extremity of this measure in the dispositive motion context and rejected sealing dispositive motion documents.

In *Moore v. Weinstein Co. LLC*, a magistrate judge granted the plaintiffs' motion to

compel reclassification of documents, which had been designated "attorneys' eyes only," that the defendants cited in their motion for summary judgment. No. 3:09–cv–00166, 2012 WL 379629, at *3 (M.D. Tenn. Feb. 3, 2012). The magistrate judge ordered the documents "be redesignated 'confidential' . . . [because] Plaintiffs have a clear need to examine documents referred to in a Motion for Summary Judgment." *Id.*

### III.  ARGUMENT

Initially, Plaintiffs note that Defendant's Motion does not meet the requirements of D.C.COLO.LCivR 7.2.B. The Motion does appear to comply with D.C.COLO.LCivR 7.2.B.1-2, and 5. The Motion, however, does not "[i]dentify a clearly defined and serious injury that would result if access is not restricted," *Id.* 7.2.B.3, other than that "the disclosure of the data or derivative thereof could cause the party competitive injury." Motion at 2. Further, the Motion neglects to "[e]xplain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question . . . ." D.C.COLO.LCivR 7.2.B.4. Because the Motion failed to address two of the five requirements of Local Rule 7.2.B, the Court should deny Defendant's Motion.

Under the Court's prior case law, Defendant's Motion also fails to provide a "compelling reason" why the entirety of its Motion, along with all accompanying exhibits in their entirety, must be filed under a Level 2 restriction. Defendant appears to argue that the previous "good cause" showing that supported the protective orders meets its current burden to restrict access to its summary judgment motion and exhibits. As the Ninth Circuit has held, this does not meet the "compelling reason" standard for restricting access to dispositive motion documents.

Based on this Court's own opinions, this also is insufficient under the Court's

interpretation of the "compelling reason" standard for sealing judicial records.  As in *Baroness*, Defendant's Motion "make[s] conclusory and inspecific statements" that these documents contain trade secrets.  Under *Baroness*, conclusory and general statements do not outweigh "the public's right to access."  Further, like in *Baroness*, Defendant's Motion fails to specifically identify the protectable information or specifically identify the harm that could result.  At a minimum, Defendant could not plausibly argue that the publicly-available cases cited in its summary judgment motion are somehow "trade secrets" entitled to be shielded from the public.  Because Defendant's Motion does not provide a "compelling reason" to restrict public access to its summary judgment motion and accompanying exhibits, the Court should deny the Motion.

  Lastly, Defendant's Motion completely fails to identify any grounds for restricting access to its dispositive motion to Plaintiffs under a Level 2 restriction.  While the "extreme measure" of restricting Plaintiffs' access to discovery documents was ordered previously, allowing Defendant to prevent Plaintiffs from viewing the very motion and supporting documents that Defendant filed to dispose of a substantial portion of Plaintiffs' case would be even more extreme.  Given the case law stating that adjudication of dispositive motions is equivalent to adjudication at trial, *see*, *e.g.*, *Rushford*, 846 F.2d at 252 (collecting cases), Defendant's Motion essentially asks for the equivalent of barring Plaintiffs from access to the courtroom while a trial is held and a decision rendered.

  The *Moore* court recognized the prejudice to a plaintiff's ability to respond to a summary judgment motion caused by prohibiting her from viewing documents cited in such motion.  Accordingly, the *Moore* court specifically reclassified those documents so that the plaintiffs could view them.  While Plaintiffs ask that the Court deny Defendant's Motion altogether,

Plaintiffs alternatively request that the Court specifically allow them to view Defendant's summary judgment motion and cited exhibits.  Plaintiffs also submit that a ruling on the summary judgment motion by the Court should be delayed until Plaintiffs have been allowed to fully examine and evaluate Defendant's Motion and exhibits to avoid prejudice.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Suncor's Unopposed Motion to Restrict Access to Motion for Summary Judgment on Plaintiff Western Convenience Stores' First and Sixth Claims for Relief and Suncor's Third Affirmative Defense. In the alternative, Plaintiffs respectfully request that the Court grant Plaintiffs access to the summary judgment documents that are the subject of Defendant's Motion.

Dated:  March 6, 2013.              *s/ Kenneth R. Bennington*

> Kenneth R. Bennington
> Kathleen E. Craigmile
> Adam F. Aldrich
> BENNINGTON JOHNSON
> BIERMANN & CRAIGMILE, LLC
> 370 17th Street, Suite 3500
> Denver, CO 80202
> (303) 629-5200
>
> Philip W. Bledsoe
> Joseph T. VanLandingham
> Polsinelli Shughart PC
> 1225 Seventeenth Street, 29th Floor
> Denver, CO  80202-5529
> pbledsoe@polsinelli.com
> jvanlandingham@polsinelli.com
>
> *Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that, on March 6, 2013, the foregoing **PLAINTIFFS' RESPONSE TO SUNCOR'S MOTION TO RESTRICT ACCESS (DOC. 188)** was served on the following parties via CM/ECF:

| | |
|---|---|
| Anthony J. Shaheen | J. Robert Robertson |
| Keeya M. Jeffrey | William L. Monts III |
| Holland & Hart LLP | Hogan Lovells US LLP |
| 555 17th Street, Suite 3200 | 555 Thirteenth Street, N.W. |
| Denver, CO 80201-8749 | Washington, D.C. 20004-1109 |
| AJShaheen@hollandhart.com | robby.robertson@hoganlovells.com |
| KMJeffrey@hollandhart.com | william.monts@hoganlovells.com |
| | |
| Philip W. Bledsoe | Christopher A. Taravella |
| Joseph T. VanLandingham | Michael R. McCormick |
| Polsinelli Shughart PC | Montgomery Little & Soran, P.C. |
| 1225 Seventeenth Street, 29th Floor | 5445 DTC Parkway, Suite 800 |
| Denver, CO 80202-5529 | Greenwood Village, CO 80111 |
| pbledsoe@polsinelli.com | ctaravella@montgomerylittle.com |
| jvanlandingham@polsinelli.com | mmcormick@montgomerylittle.com |

*s/ Marie Newberger*