**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

      Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

      Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

      Third-Party Defendants.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT ON COUNTERCLAIM AGAINST
WESTERN CONVENIENCE STORES, INC. AND THIRD-PARTY CLAIM
AGAINST HOSSEIN AND DEBRA LYNN TARAGHI (DOC. 182)**

---

Plaintiffs Western Convenience Stores, Inc. ("Western") and Western Truck One, LLC ("Western Truck One"), by and through their undersigned counsel of Bennington Johnson Biermann & Craigmile LLC and Polsinelli Shugart, LLC, respond as follows to *Suncor's Motion for Summary Judgment on Counterclaim Against Western Convenience Stores, Inc. and Third-Party Claim Against Hossein and Debra Lynn Taraghi* filed on February 8, 2013 (Doc. 182, "Motion").

**I. SUMMARY OF RESPONSE**

In the Motion, Suncor seeks summary judgment on its counterclaim for breach of a

Master Purchase and Sale Agreement and on its third-party claim for breach of a personal guaranty executed by Hossein and Debra Lynn Taraghi.

Suncor argues that it has established that there are no genuine factual issues that it has satisfied all four elements for its breach of contract counterclaim. Western asserts that there are genuine factual issues with respect to each and every element. *First*, the Master Purchase and Sale Agreement may be an illegal contract under Colo. Rev. Stat. § 6-2-109, part of the Unfair Practices Act. Thus, there is a genuine issue of fact whether Suncor has a valid and enforceable contract. *Second*, as fully briefed in Plaintiffs' Response to Defendant's Motion for Summary Judgment on Plaintiffs' Second, Third, Fourth, and Fifth Claims for Relief, there is a genuine factual issue as to whether Suncor failed to perform the contract because it materially breached by discriminating in price and by allocating Fuel supply to Western in bad faith. *Third*, Western may have a valid excuse for its non-performance because Suncor materially breached the agreement first. *Fourth*, there is a genuine issue of fact whether the agreement is illegal under the Unfair Practices Act, which would preclude Suncor from recovering under it. Thus, Suncor may have no damages for which to sue. In sum, Suncor has failed to show that there are no genuine factual issues on its counterclaim, so summary judgment should be denied.

Suncor also argues that there are no genuine factual issues that it is entitled to recover on its third-party claim against Hossein and Debra Taraghi based on a personal guaranty agreement. As with the validity of the Master Purchase and Sale Agreement, Western asserts that there is a genuine factual issue about whether there is a valid and enforceable personal guaranty. Under Colorado law, a personal guaranty is not enforceable if the underlying

obligation is void. Because there is a genuine factual issue about the underlying obligation being void under the Unfair Practices Act, this also creates a genuine factual issue as to whether the personal guaranty is enforceable. Thus, summary judgment on this third-party claim is also improper.

## II.  FACT STATEMENT

### A.  BACKGROUND FACTS

All of the claims in this action involve the same facts occurring in the time period, 2009 to the end of May 2011, when Suncor terminated Western's supply of fuel. The background facts set forth in Plaintiffs' Response to Defendants' Motion for Summary Judgment on First and Sixth Claims for Relief and Third Affirmative Defense (Doc. 198) ("Plaintiffs' Antitrust Response") provide the context for this response to Suncor's summary judgment motions as to Suncor's common law counterclaim for breach of contract and Suncor's third-party claim for breach of personal guaranty. Accordingly, Western refers to Section II, Fact Statement, at pages 4-10 of Plaintiffs' Antitrust Response for the background facts pertinent to this response.

## III.  CLAIMS AND DEFENSES UPON WHICH JUDGMENT IS SOUGHT

### A.  SUNCOR'S COUNTERCLAIM AGAINST PLAINTIFF WESTERN CONVENIENCE STORES:  BREACH OF CONTRACT.

1. <u>Burden of proof and elements</u>.

Plaintiffs agree with Defendant's recitation of the burden of proof. Plaintiffs disagree with the elements applicable to Suncor's claim against Western for breach of contract as being incomplete. Suncor fails to recite the entirety of the second element, namely, that the Plaintiff

may show some justification for its own non-performance.[1]

    2.    <u>Elements challenged by Plaintiff</u>.

    A.    <u>Element 1:</u>    Suncor and WCS had a valid and enforceable contract.

        1.    <u>There are genuine issues that the contract was illegal and unenforceable by Suncor</u>.[2]

Colo. Rev. Stat. § 6-2-109 states:

> Any contract, express or implied, made by any person, firm, or corporation in violation of any of the provisions of sections 6-2-103 to 6-2-108 is an illegal contract, and no recovery thereon shall be had; except that no part of this article shall prevent the payment of patronage refunds by cooperative agencies or associations existing and operating under the laws of this state.

At Section IV.C of Plaintiffs' Antitrust Response (Doc. 198, pages 55-66) and Section III.A.2.E of Plaintiffs' Response to Defendants' Motion for Summary Judgment on Plaintiffs' Second, Third, Fourth and Fifth Claims for Relief (Doc. 200) ("Plaintiffs' Common Law Claims Response"), pages 10-11) Western showed that there are genuine issues of fact as to whether Suncor provided secret, unearned discounts to Western's competitors, the Kroger subsidiaries King Soopers and Loaf 'N Jug, not given to Plaintiff Western. Providing secret,

---

[1] "It has long been the law in Colorado that a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo.1992) (citations omitted); *Saturn Sys., Inc. v. Militare*, 252 P.3d 516, 529 (Colo. Ct. App. 2011) (quoting *id.*).

[2] Defendant failed to re-plead its counterclaim for breach of contract in Suncor's Answer to Amended Complaint, Doc. 45. If Defendant had included this counterclaim in its Answer to Amended Complaint, Plaintiffs would have pled this defense in response. Plaintiffs will stipulate that they are not prejudiced by Defendant's failure to re-plead the breach of contract counterclaim as long as Defendant will stipulate that it is not prejudiced by Plaintiffs asserting this defense in their Response.

unearned discounts to one customer and not another violates Colo. Rev. Stat. § 6-2-108.  *See id.*   Thus, pursuant to C.R.S. § 6-2-109, the Master Purchase and Sale Agreement sued upon by Suncor  is illegal and "no recovery thereon shall be had."

As addressed in more detail in Plaintiffs' Antitrust Response, Western acknowledges that the court in *Q-T Markets, Inc. v. Fleming Cos., Inc.*, 394 F. Supp. 1102, 1107 (D. Colo. 1975) held that the use of the word "to" in the phrase "in violation of sections 6-2-103 to 6-2-108" in Colo. Rev. Stat. § 6-2-109 excludes violations of Section 108 from Section 109's definition of illegal contracts under the Unfair Practices Act.  *Id.*  This opinion was issued on April 30, 1975.  *Id.* at 1102.  On July 16, 1975 the Colorado Legislature statutorily overruled this holding of *Q-T Markets*: "Wherever in the statutes of this state a reference is made to several sections and the section numbers given in the reference are connected by the word "to,", the reference includes both sections whose numbers are given and all intervening sections."  Colo. Rev. Stat. § 2-4-113. "Use of 'to' in reference to several sections" (2012) (section effective July 16, 1975).[3]

The statutory language of Colo. Rev. Stat. § 6-2-109 states that any contract made in violation of "sections 6-2-103 to 6-2-108 is an illegal contract, and no recovery thereon shall be had."  Under Colorado law, illegal contracts are void.  *Metro. Life Ins. Co. v. Roma*, 50 P.2d 1142, 1143 (Colo. 1935) ("If the contract whose enforcement is here sought is contrary to

---

[3]   In addition to the clear and unambiguous language of Colo. Rev. Stat. § 2-4-113 that statutorily overrules the *Q-T Markets* holding, Judge Matsch—who issued the *Q-T Markets* opinion—seems to have recognized this overruling in *Medtronic Navigation, Inc. v. Brainlab Medizinische Computersystems Gmbh*, No. 98-CV-1072-RPM, 2005 WL 1661081, at *3-4 (D. Colo. July 14, 2005).  Judge Matsch ruled that the plaintiff's assertion of a claim under Colo. Rev. Stat. § 6-2-111(1) for violation of § 6-2-108 was barred as untimely, without mentioning that such a claim would be unrecognized under *Q-T Markets*.  *Id.*

public policy, it is illegal and void and the courts will have nothing to do with it."). Furthermore, if a party against whom enforcement of a contract asserts that it is an illegal contract and therefore void, the claiming "'party to an illegal bargain generally can neither recover demages (sic) for breach thereof, nor, by rescinding the bargain, recover the performance that he has rendered thereunder or its value.'" *See also Bd. of Cnty. Comm'rs of Pitkin Cnty. v. Pfeifer*, 546 P.2d 946, (Colo. 1976) (quoting 14 S. Williston, *Law of Contracts*, § 1630A (3d ed. 1972)). Thus, Western may have a defense to recovery on Suncor's breach of contract claim by showing that the contract at issue violates § 6-2-108 and 109, thus rendering the contract void. As there is a genuine issue of fact that the Master Purchase and Sale Agreement is an illegal contract under Colo. Rev. Stat. § 6-2-109, which bars recovery by Suncor upon it, Suncor is not entitled to summary judgment on this claim.

Element 2:    Suncor performed under the contract.

If a party materially breaches a contract, it has not rendered substantial performance and is not entitled to recover. *Reynolds v. Armstead*, 443 P.2d 990, 991 (Colo. 1968). As established in detail in Western's response to the motion for summary judgment on its contract claims, Suncor breached the Master Purchase and Sale Agreement by improperly allocating supply and by discriminating in price against Western. *See* §§ III.A.2.C-D, Plaintiffs' Common Law Claims Response, Doc. 200 at 4-10. These breaches were material; thus Suncor has not substantially performed under the contract sufficient to permit it to recover.

Element 3:    WCS failed to perform under the contract.

"If one party has failed to perform the bargained for exchange, the other party may be relieved of a duty to continue its own performance, where the failure is material and

unexcused." *Converse v. Zinke* (Colo. 1981) 635 P.2d 882, 887. As there are genuine issues of material fact as to whether Suncor fully performed because it materially breached the contract, there is a genuine issue of material fact as to whether Western's performance was excused. Thus, summary judgment cannot properly be granted on Suncor's breach of contract counterclaim.

Element 4:   Suncor suffered damages as a result of WCS's failure to perform.

As stated above, there is a genuine issue of material fact as to whether the Master Purchase and Sale Agreement is an illegal contract under Colo. Rev. Stat. § 6-2-109, which would prohibit Suncor from recovering under this contract. Therefore, there is also a genuine issue of material fact as to whether Suncor could have been "damaged" by Western's failure to pay amounts due under this contract. For this additional reason, Suncor is not entitled to summary judgment on this counterclaim.

B.   **SUNCOR'S THIRD-PARTY CLAIM AGAINST THIRD-PARTY DEFENDANTS HOSSEIN AND DEBRA LYNN TARAGHI: BREACH OF CONTRACT – PERSONAL GUARANTY OF HOSSEIN TARAGHI AND DEBRA LYNN TARAGHI.**

1.   Burden of proof and elements.

Third-Party Defendants Hossein Taraghi and Debra Lynn Taraghi (the "Taraghis") agree with Third-Party Plaintiff Suncor's ("Suncor") recitation of the burden of proof and elements on this defense.

2.   Elements challenged by Third-Party Defendants.

Element 1:   Suncor and the Taraghis had a valid and enforceable contract.

The Taraghis challenge the assertion that Suncor has an enforceable Personal Guaranty

contract. The Colorado Supreme Court has stated that "[i]n general, a guaranty agreement is not enforceable if the underlying obligation upon which it is based is void." *Alzado v. Blinder, Robinson, & Co., Inc.*, 752 P.2d 544, 549 (Colo. 1988) (collecting cases).

As stated above, Plaintiffs have shown that there is a genuine issue of fact as to whether Suncor violated Colo. Rev. Stat. § 6-2-108, which prohibits the provision of secret, unearned discounts. This, in turn, creates a genuine issue of fact as to whether contracts based on discriminatory pricing involving secret, unearned discounts are void under § 6-2-109. Should the Court find that the Master Agreement is void, Suncor cannot have judgment on the Taraghis' personal guaranties. As there is a genuine issue of fact that the underlying contracts giving rise to Suncor's claim to payment under the Personal Guaranty are illegal under Section 109, there is a genuine issue of fact as to whether the Personal Guaranty is enforceable. Therefore, Suncor's motion for summary judgment on the Personal Guaranty must be denied.

## III.  CONCLUSION

Suncor has not established the absence of genuine fact issues on the claim elements it bears the burden of proving for its breach of contract counterclaim, thus, summary judgment is improper. Further, Plaintiffs have shown there are genuine fact issues as to whether the contract at issue is illegal under Colorado's Unfair Practices Act, which would preclude Suncor from recovering. Since there are genuine fact issues about whether the underlying obligation is void, this also precludes summary judgment on Suncor's breach of contract claim on the personal guaranty. Therefore, Suncor's Motion should be denied in its entirety.

Dated: March 13, 2013

*s/ Kenneth R. Bennington*

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON BIERMANN
& CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202
Telephone: (303) 629-5200
Facsimile: (303) 629-5718

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart PC
1225 Seventeenth Street, 29th Floor
Denver, CO  80202-5529
Telephone:  (303) 572-9300

*Attorneys for Plaintiffs and Third-Party Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 13, 2013, the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM AGAINST WESTERN CONVENIENCE STORES, INC. AND THIRD-PARTY CLAIM AGAINST HOSSEIN AND DEBRA LYNN TARAGHI** was served on the following parties via CM/ECF:

Anthony J. Shaheen
Keeya M. Jeffrey
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80201-8749
AJShaheen@hollandhart.com
KMJeffrey@hollandhart.com

J. Robert Robertson
William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart PC
1225 Seventeenth Street, 29th Floor
Denver, CO 80202-5529
pbledsoe@polsinelli.com
jvanlandingham@polsinelli.com

Christopher A. Taravella
Michael R. McCormick
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80111
ctaravella@montgomerylittle.com
mmcormick@montgomerylittle.com

*s/ Marie Newberger*