**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

**UNOPPOSED MOTION BY INTERESTED NON-PARTY DILLON COMPANIES, INC. TO RESTRICT ACCESS TO PLAINTIFFS' RESPONSE TO SUNCOR'S MOTION FOR SUMMARY JUDGMENT (DOC. #198)**
_____

Comes now interested non-party Dillon Companies, Inc. ("Dillon"), by and through its attorneys, Montgomery Little & Soran, P.C., and submits this Unopposed Motion to Restrict Access to Plaintiffs' Response (Doc. #198) to Suncor's Motion for Summary Judgment on Plaintiffs' First and Sixth Claims for Relief and Third Affirmative Defense pursuant to D.C. Colo. L. Civ. R. 7.2(B).

## Conferral Pursuant to D.C. Colo. L. Civ. R. 7.1(A)

In accordance with D.C. Colo. L. Civ. R. 7.1(A), counsel for Dillon certifies that counsel discussed the relief requested in this Motion with Counsel for Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC (collectively "Western"). While Western does not oppose the relief requested in this motion (i.e. restricting access to Doc. #198 pending the Court's ruling concerning Defendant Suncor Energy (U.S.A.) Inc.'s ("Suncor") Motion to Restrict Access (Doc. #188)), Western does not hereby waive their arguments that the documents at issue in Suncor's Motion to Restrict Access (Doc. #188) should be accessible to the public or produced to Mr. Taraghi. *See* Western's response to Suncor's motion to restrict access (Doc. #193). Suncor has no objection to the relief requested in this motion.

## MOTION AND RELIEF SOUGHT

1. On February 8, 2013, Suncor filed its Motion for Summary Judgment on Plaintiffs' Plaintiffs' First and Sixth Claims for Relief and Third Affirmative Defense (Doc. #184 and Doc. #185). On March 13, 2013, Western filed its response (Doc. #198) including exhibits thereto (Doc. #198-1 through Doc. #198-34) collectively ("Western's Response to MSJ").

2. Dillon is contemporaneously submitting a response to Western's Response (Doc. #193) to Suncor's Motion to Restrict Access (Doc. #188) and a motion for leave to file same with the Court. Dillon hereby incorporates its response as if fully restated herein. For the reasons stated in Dillon's response, the Court should restrict access to

Western's Response to MSJ (Doc. #198) because it includes information derived from documents and information that Dillon had previously produced and designated as "Secret", subject to the Supplemental Protective Order (Doc. #140).  Further, Dillon has offered to redact portions of the Western Response to MSJ (Doc. #198) for production to Mr. Taraghi and Western has refused to agree to same.  *See* Dillon Response, Paragraphs 10-13.

    3.    D.C. Colo. L. Civ. R. 7.2(B)(2) allows for restriction of public access to documents filed with the Court. Under the Rule, the movant must set forth why "such interest outweighs the presumption of public access. D.C. Colo. L. Civ. R. 7.2(B)(2). The movant must also "identify a clearly defined and serious injury that would result if access is not restricted" and "explain why only restricted access will adequately protect the interest in question." D.C. Colo. L. Civ. R. 7.2(B)(3) and(4).

    4.    When the presumption that judicial files are to be available to the public is outweighed by interests which favor nondisclosure, a court may restrict access to such material. *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997); *See also Stanislaus Food Products Co. v. USS-POSCO Industries*, 2012 WL 6160468l  (E.D. Cal.); *Layne Christiansen Co. v. Pure Light Co.*, 271 F.R.D. 240 (D. Kan. 2010); *S2 Automation, LLC v. Micron Technology, Inc.*, 283 F.R.D. 671 (D. N.M. 2012). The interests of protection and preservation of confidential proprietary information have justified restricting public access to such information. *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010); *See also Nixon v. Warner Communications*, 435 U.S.

589, 598 (U.S. 1978) (reiterating that "courts have refused to permit their files to serve as sources of business information that might harm a litigant's competitive standing").

5. Details regarding Dillon's fuel purchases from suppliers constitute sensitive proprietary information because Dillon's purchase history is a direct reflection of Dillon's internal business strategies. *See* Supplemental Declaration of Susan Giannola (Doc. #165-1); Declaration of Chad Thiessen (Doc. #165-2) and Declaration of Ed Sharpe (Doc. #174). If this information is disclosed to the public, then it could allow any and all of Dillon's competitors to access this private information. Dillon's competitors could and may use this information to aggressively compete against Dillon which would result in substantial harm to Dillon's ability to remain competitive in the fuel market.

6. Details regarding Dillon's fuel purchase history are not generally known to the public and Dillon takes great precaution to assure the privacy of such information. Restricting public access to Western's Response to MSJ (Doc. #198) will adequately protect this information.

WHEREFORE, Dillon respectfully requests that the Court grant an order of Level 1 restriction concerning access to Western's Response to MSJ (Doc. #198) including the exhibits thereto (Doc. #198-1 through Doc. #198-34).

Dated:  March 27, 2013.

                s/*Michael R. McCormick*
Christopher A. Taravella, #7790
Michael R. McCormick, #33682
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Phone Number: (303) 773-8100
Fax Number: (303) 220-0412
E-mail:  ctaravella@montgomerylittle.com
        mmccormick@montgomerylittle.com
*Attorney for Dillon Companies, Inc.*
*Interested Non-Party*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann &
Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO  80202

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-Denver
555 17th Street, Suite 3200
Denver, CO  80201

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO  80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

s/ *Deborah Harant*
Montgomery Little & Soran, P.C.