IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs and Counterclaim Defendant,

vs.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant, Counterclaimant, Third-Party Plaintiff,

HOSSEIN and DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

**SUNCOR'S UNOPPOSED MOTION TO RESTRICT ACCESS TO REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON FIRST AND SIXTH CLAIMS FOR RELIEF AND THIRD AFFIRMATIVE DEFENSE**

---

    Suncor Energy (U.S.A.) Inc. ("Suncor"), respectfully submits this Motion to Restrict Access pursuant to D.C.COLO.L.CivR 7.2.B for an order of Level 2 restriction on access to Suncor's Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment on First and Sixth Claims for Relief and Third Affirmative Defense ("Reply"), along with its accompanying exhibits, filed concurrently with this motion.

### CERTIFICATION OF COMPLIANCE WITH D.C.COLO.L.CivR 7.1A

    Pursuant to Local Rule 7.1.A, the undersigned certifies that counsel for Suncor has conferred with counsel for Plaintiffs regarding the filing of this Motion and are authorized to state that Plaintiffs do not object to the relief sought herein. The parties agree that in not

objecting to this Motion, Plaintiffs have not waived their position with respect to their Response to Motion to Restrict Access [Dkt. #193] filed on March 6, 2013, and Suncor will not assert that they have waived their position.

## MOTION AND RELIEF SOUGHT

1.  Local Rule 7.2B permits motions to restrict public access to documents filed with the Court. The rule requires the movant to "[a]ddress the interest to be protected and why such interest outweighs the presumption of public access," and "identify a clearly defined and serious injury that would result if access is not restricted." D.C.COLO.LCivR 7.2.B.2-3. The rule further requires the movant to "explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question" (e.g., redaction summarization, restricted access to exhibits or portions of exhibits). *Id.* at 7.2.B.4.

2.  Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness. *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that where records contain "sources of business information that might harm a litigant's competitive standing," the court may limit public access); *see also Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010) (preservation of trade secrets is a circumstance that overcomes the presumption of openness of judicial proceedings).

3.  Simultaneously with this Motion, on March 29, 2013, Suncor is filing its Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment on First and Sixth Claims for Relief and Third Affirmative Defense, along with accompanying exhibits. The Reply contains data or derivatives of data that are designated as "Confidential," "Highly Confidential,"

or "Secret" by WCS, Suncor and Interested Party Dillon, meaning that, in good faith, each of those parties asserts that the disclosure of the data or derivative thereof could cause the party competitive injury.

4.       Pursuant to the Protective Order (Doc. 49) and Supplemental Protective Order (Doc. 140), the Reply must be filed with appropriate motions for restrictions to access. Because the Reply contains data or derivatives of data that have been identified as "Confidential," "Highly Confidential" or "Secret" by WCS, Suncor and Interested Party Dillon, it cannot be provided to anyone besides the filing party and the Court. Accordingly, Suncor requests that the Reply and exhibits be accepted for filing with Restriction Level 2 (access restricted to filing party and the Court). A copy of the Reply and accompanying exhibits will be served on WCS via non-ECF means.

WHEREFORE, Suncor requests an order of Level 2 restriction on access to the Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment on First and Sixth Claims for Relief and Third Affirmative Defense, along with its accompanying exhibits.

Dated: March 29, 2013

>                     Respectfully submitted,
>
>                     *s/Anthony J. Shaheen*
>                     HOLLAND & HART LLP
>                     Post Office Box 8749
>                     Denver, CO 80201-8749
>                     Phone: 303-295-8054
>                     Fax: 303-291-9126
>                     AJShaheen@hollandhart.com
>                     **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that on March 29, 2013, I served the foregoing **MOTION TO RESTRICT ACCESS TO REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON FIRST AND SIXTH CLAIMS FOR RELIEF AND THIRD AFFIRMATIVE DEFENSE**, by causing the foregoing to be presented to the Clerk of Court for filing and uploading to the CM/ECF system. I will separately serve this document to the following email addresses:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON BIERMANN & CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202
krb@benningtonjohnson.com
kec@benningtonjohnson.com
afa@benningtonjohnson.com

Philip W. Bledsoe
POLSINELLI SHUGHART, P.C.
1515 Wynkoop Street, Suite 600
Denver, CO 80202
pbledsoe@polsinelli.com

                                                        *s/Anthony Shaheen*

6120134_1