**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

      Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

      Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

      Third-Party Defendants.

_____

**RESPONSE BY INTERESTED NON-PARTY DILLON COMPANIES, INC. TO
PLAINTIFFS' RESPONSE (DOC. #193) TO SUNCOR'S MOTION TO RESTRICT
ACCESS (DOC. #188)**
_____

Comes now interested non-party Dillon Companies, Inc. ("Dillon"), by and

through its attorneys, Montgomery Little & Soran, P.C., and submits this Response to

Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC's Response

(Doc. #193) to Suncor's Motion to Restrict Access (Doc. #188).

1

**SUMMARY**

1.      Dillon has met its burden that its trade secrets should be protected under F.R.C.P. 26(c) and the Court's Order dated January 28, 2013 regarding same has become the law of the case.  Western has not met its burden that non-production would prejudice Western's ability to litigate the case and that this prejudice outweighs the risk of disclosure of Dillon's trade secrets to competitor Mr. Taraghi.  Further, to any extent that Mr. Taraghi needs to view Suncor's motion for summary judgment, Dillon has already produced a redacted version of the motion for summary judgment to Western's counsel and offered to produce the redacted motion to Mr. Taraghi designated as "Confidential" and subject to the Supplemental Protective Order.  Western's counsel has categorically refused this course of action.  Dillon produced documents, in response to the subpoena, in reliance upon Western's assurances that it would scrupulously abide by the Supplemental Protective Order, including the attorney's eyes only provision therein.  Western's request to expose Dillon's trade secrets to Mr. Taraghi (and even the world) in defiance of its own promises should be rejected by the Court.

**BACKGROUND**

2.      On December 18, 2012, Western filed its renewed motion (Doc. #153) ("Renewed Motion to Re-Designate") challenging Defendant Suncor U.S.A. Energy, Inc.'s ("Suncor") and Dillon's designation of certain discovery material produced by Suncor and Dillon under the Supplemental Protective Order (Doc. #140).

3.      On January 25, 2013, Western submitted a declaration (Doc. #169) including as an exhibit an expert report of Mr. Tatos and Dr. Mark Glick ("Tatos Expert Report").

4.      On January 28, 2013, the Court held a hearing concerning Western's Renewed Motion to Re-Designate.  The Court found, *inter alia*, that: (A) Dillon had sustained its burden regarding the need to protect its trade secrets under F.R.C.P. 26(c); (B) the burden thereafter shifted to Western to demonstrate nondisclosure would prejudice Western's ability to litigate the case and that this prejudice outweighed the risk of disclosure to competitors; and (C) that Western did not meet that burden.  *See* Transcript of January 28, 2013 Hearing, (Doc. #180), pp.19-56.  The Court denied Western's Renewed Motion to Re-Designate (Doc. #179).  Western did not file any objection to the Court's Order under F.R.C.P. 72(a).

5.      During the January 28, 2013 hearing, the Court expressed concern that prohibiting Mr. Taraghi from viewing the entire Tatos Expert Report would be construing the phrase "derived from" in the Supplemental Protective Order too broadly.  The Court instructed the parties to confer to try to agree to produce a redacted version of the Tatos Expert Report to Mr. Taraghi.  Transcript of January 28, 2013 Hearing (Doc. #180), p. 53, line 7 – p. 54, line 23.

6.      After the January 28, 2013 hearing, counsel for Western and Dillon conferred extensively and agreed to a redacted version of the Tatos Expert Report.  On or about February 12, 2013, counsel for Western produced the redacted Tatos Expert

Report to Mr. Taraghi designated as "Confidential" subject to the Supplemental Protective Order.  *See* letter to Western's counsel dated February 12, 2013 (Exhibit A). Dillon is separately filing a copy of the redacted Tatos Expert Report (Exhibit B) as a restricted level 1 document.

7.     On February 8, 2013, Defendant Suncor U.S.A. Energy, Inc. ("Suncor") filed a Motion for Summary Judgment on Western's First and Sixth Claims for Relief and Suncor's Third Affirmative Defense (Doc. #184) and exhibits thereto (Doc. #185) (collectively "Suncor MSJ").  Suncor filed the Suncor MSJ as a level 2 restricted document.  Thereafter, counsel for Western and Suncor agreed to produce a copy of the Suncor MSJ to counsel for Dillon and Dillon's in-house counsel.

8.     On February 12, 2013 Suncor filed an Unopposed Motion to Restrict Access (Doc. #188) to Suncor's MSJ.

9.     On March 6, 2013, Western filed a Response (Doc. #193) to Suncor's Unopposed Motion to Restrict Access.  Western's response states that although Western did not originally oppose Suncor's motion to restrict access, Western reconsidered and decided to oppose same.  *See* Doc. #193, p. 2.  Despite the Court's prior denials of Western's Original Motion to Re-Designate (Doc. #59) (denied on June 25, 2012 (Doc. #84)) and Western's Renewed Motion to Re-Designate (Doc. #153) (denied on January 28, 2013 (Doc. #179)) and the provisions of the Supplemental Protective Order (doc. # 140), Western again asked to provide Dillon's trade secret information to Mr. Taraghi.

10.     After receiving Western's Response, Dillon promptly prepared a redacted version of Suncor's MSJ which could be produced to Mr. Taraghi, much as the parties had previously conferred and prepared the redacted Tatos Expert Report (Exhibit B).

11.     On March 18, 2013, counsel for Dillon sent counsel for Western a letter offering to produce a redacted Suncor MSJ to Mr. Taraghi designated as "Confidential" subject to the Supplemental Protective Order.  Exhibit C.  Dillon is separately filing as Exhibit D the redacted Suncor MSJ that was attached to the letter with the Court as a level one restricted document.  Counsel for Dillon also conferred with counsel for Western via telephone before and after sending this letter.

12.     On March 19, 2013, counsel for Western sent an e-mail in response to counsel for Dillon's letter dated March 18, 2013.  Exhibit E.  The e-mail states in part: "For the reasons set forth in the WCS response to the Suncor Motion to Restrict Access, the motion for summary judgment is virtually certain to become a matter of public record.  Accordingly, we see nothing to be gained in a lengthy and largely futile process of redaction. . . . "

13.     On March 25, 2013 (incorrectly dated March 18, 2013), counsel for Dillon sent a letter to counsel for Western regarding the various restriction/public access issues.  Exhibit F.  Dillon again asked Western to change its position and consider producing the redacted Suncor MSJ to Mr. Taraghi.  Dillon also offered to prepare a redacted draft version of Western's response (Doc. #198) to Suncor's MSJ for production to Mr. Taraghi.  Exhibit F, p. 1. Western again refused to take this approach.

**LEGAL AUTHORITIES**

14.     Once a non-party opposing disclosure meets its initial burden of establishing that certain documents qualify as trade secrets and should be covered by a protective order, the burden shifts back to the party seeking disclosure to demonstrate how nondisclosure would prejudice plaintiffs' ability to litigate the case and that this prejudice outweighs the risk of disclosure to competitors. *See Stanislaus Food Products Co. v. USS-POSCO Industries*, 2012 WL 6160468  (E.D. Cal.); *Layne Christiansen Co. v. Pure Light Co.*, 271 F.R.D. 240 (D. Kan. 2010); *S2 Automation, LLC v. Micron Technology, Inc.*, 283 F.R.D. 671 (D. N.M. 2012).

15.     D.C. Colo. L. Civ. R. 7.2(B)(2) allows for restriction of public access to documents filed with the Court. Under the Rule, the movant must set forth why "such interest outweighs the presumption of public access. D.C. Colo. L. Civ. R. 7.2(B)(2). The movant must also, among other things: (A) "identify a clearly defined and serious injury that would result if access is not restricted" and (B) "Explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits)."; D.C. Colo. L. Civ. R. 7.2(B)(3) and (4).

16.     When the presumption that judicial files are to be available to the public is outweighed by interests that favor nondisclosure, a court may restrict access to such material.  *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). The interests of protection and preservation of confidential proprietary information have justified restricting public access to such information.  *Huddleson v. City of Pueblo*, 270 F.R.D.

6

635, 637 (D. Colo. 2010); *See also Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978) (reiterating that "courts have refused to permit their files to serve as sources of business information that might harm a litigant's competitive standing").

17.     Western's response (Doc. #193) identifies a general, qualified presumption that "documents essential to the judicial process are to be available to the public. *Baroness Small Estates, Inc. v. Round Hill Cellars*, 2011 WL 6152969, *7 (D. Colo. Dec. 12, 2011) (citing *U.S. v. McVeigh* 119 F.3d 806, 811 (10th Cir. 1997)). However, documents filed with the Court "may be sealed when the public's right of access is outweighed by interests that favor nondisclosure." *Id.* Further, the *Baroness* decision is not in the context of protecting a non-party's trade secrets from a competitor such as is at issue here.

## ARGUMENT

*A. Dillon Met Its Burden That the Documents Should Be Protected.*

18.     Dillon has already met its burden that the documents it designated as "Highly Confidential" and "Secret" under the Supplemental Protective Order are trade secrets and should not be produced to Dillon's competitor Mr. Taraghi.  *See* Court's Order dated January 28, 2013 (Doc. #179).

19.     As Dillon previously demonstrated to the Court, the trade secrets Dillon seeks to protect constitute sensitive proprietary information because Dillon's purchase history is a direct reflection of Dillon's internal business strategies.  *See* Supplemental Declaration of Susan Giannola (Doc. #165-1); Declaration of Chad Thiessen (Doc.

#165-2) and Declaration of Ed Sharpe (Doc. #174).  If this information is disclosed to the public, then it could allow any and all of Dillon's competitors to access this private information.  *See Id.*  Dillon's competitors could and may use this information to aggressively compete against Dillon which would result in substantial harm to Dillon's ability to remain competitive in the fuel market. *See Id.*

20.     Western's Response cites several cases to support the proposition that Court documents should only be sealed in rare instances, but each of those cases is factually distinguishable from the immediate case. *See, e.g., Baroness Small Estates, Inc. v. Round Hill Cellars*, 2011 WL 6152969, at *8 (documents not sealed because the parties made "general and inspecific" claims of privacy and because they sought to seal entire documents rather than only sealing pertinent parts); *Martin v. Sears, Roebuck and Co.*, 2009 WL 4730466, *13 (D. Colo. Dec. 7, 2009) (documents not sealed based upon "vague invocations of the privacy rights of nonparties");  *Mrs. Colorado-America, Inc. v. Mrs. Colorado United States Pageant*, 2007 WL 1245565 (D.Colo. April 30, 2007) (documents not sealed because parties "articulate no compelling rationale . . . other than citing to the parties' Protective Order); *Vulcan Materials Co. v. Atofina Chemicals, Inc.*, 355 F.Supp.2d 1214 (D. Kan. 2005) (moving party presented "no evidence" of actual or likely harm).

21.     Western did not appeal the Court's January 28, 2013 Order (Doc. #179) and the Order should be deemed the law of the case.

*B.  Western Has Not Met Its Burden To Show Prejudice.*

22.     Western's Response submits no facts demonstrating that producing the redacted Suncor MSJ to Mr. Taraghi would prejudice Western's ability to litigate the case and that this prejudice outweighs the risk of disclosure to competitors.

23.     Further, Mr. Taraghi has access to all of the transcripts, testimony, depositions, motions, and pleadings associated with this case except for those that have been restricted or designated as "Highly Confidential" or "Secret" by Dillon or Suncor under the Supplemental Protective Order or are derived from same.

24.     As the Court stated: "The standard [for reclassifying "Highly Classified" documents] is not desirable or desirability . . . the standard is necessity."  Transcript of January 28, 2013 hearing (Doc. #180) at pp. 52-53 (emphasis added).

*C.  Dillon Has Taken Steps to Minimize Restrictions*

25.     Dillon has made good faith efforts to ensure that the portions of the redacted Suncor MSJ to be withheld from Mr. Taraghi are the least restrictive means of providing Dillon with the relief it requires.  Dillon has provided Western with a proposed redacted Suncor MSJ (Exhibit D).  The proposed redactions are limited to only that information which must be sealed in order to protect Dillon's trade secrets.  Dillon should not be punished for Western's refusal to accept same.

*D.     Western Should Not Be Permitted to Change Its Position Concerning the Supplemental Protective Order*

26.     During the hearing on October 3, 2012, counsel for Western stated "[The studies to be produced in response to Request No. 10 are] likely to be subject to a trade

secret argument, which takes us back to we've got a protective order. . . . We've always believed and the Court has suggested and stated unequivocally that this can be protected." Transcript of October 3, 2012 Hearing (Doc. #180), p. 12, lines 8-13.

27.     On October 17, 2012, Western voluntarily entered into the Supplemental Protective Order (Doc. #140), which includes an attorney's eyes only provision.

28.     After numerous assurances to the Court and Dillon that the trade secret information Dillon produced would be kept protected, Western now seeks to produce these materials to Mr. Taraghi and even the public at large.[1]

29.     As the Court stated at the January 28, 2013 hearing, "you [i.e. Western] were perfectly willing to operate on the attorneys'-eyes-only basis.  So, to some extent no good deed goes unpunished." Transcript (Doc. #180), p. 31 lines 6-10.

30.     As a policy consideration, the Court should not allow this type of tactical maneuvering.  If the Court allows parties to voluntarily enter into protective orders and then challenge those agreements as if they were forced upon them, it only encourages parties to engage in wasteful and misleading litigation practices.  An order allowing disclosure of Dillon's trade secrets would send the message that the Court's protective orders have essentially no value, and can be easily overcome once the documents have been disclosed under seal.

_____

[1] The Court should reject Western's arguments concerning public access at trial because they are not ripe.  Dispositive motions have not yet been determined and a Final Pretrial Conference has not been scheduled in this matter.  Further, Western has not consulted in good faith with Dillon and Suncor regarding same.

31.     Dillon continues to prepare a motion for its attorney fees and costs against Western for, *inter alia*, Dillon's responding to Western's discovery requests and for Dillon having to file various motions in response to Western's trying to undo the Court's Supplemental Protective Order and expose Dillon's trade secrets to public access.[2] Dillon's attorney fees and costs related to this matter are substantial and continue to mount.

WHEREFORE, Dillon respectfully requests that the Court grant Suncor's motion to restrict access (Doc. #188) to Suncor's MSJ.

Dated:  March 27, 2013.

s/*Michael R. McCormick*
Christopher A. Taravella, #7790
Michael R. McCormick, #33682
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Phone Number: (303) 773-8100
Fax Number: (303) 220-0412
E-mail:  ctaravella@montgomerylittle.com
          mmccormick@montgomerylittle.com
*Attorney for Dillon Companies, Inc.*
*Interested Party*

---

[2] Because Western now refuses to file motions to restrict access to protected documents that Western is filing with the Court, Western is forcing Dillon to file motions to restrict Doc. #198, Doc. #200 and Doc. #203.  Dillon is filing these motions contemporaneously herewith.  Dillon is also filing a motion to restrict portions of the hearing transcript dated December 12, 2012 (Doc. #197).

11

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann &
Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO 80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-Denver
555 17th Street, Suite 3200
Denver, CO 80201

s/ Deborah Harant
Montgomery Little & Soran, P.C.