# MONTGOMERY LITTLE & SORAN, PC

## Attorneys at Law

MICHAEL R. MCCORMICK
303.779.2721
mmccormick@montgomerylittle.com

**CONFIDENTIAL/HIGHLY CONFIDENTIAL/SECRET
SUBJECT TO SUPPLEMENTAL PROTECTIVE ORDER**

March 18, 2013

Kenneth R. Bennington, Esq.
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

**SENT VIA ELECTRONIC MAIL:** krb@benningtonjohnson.com

RE: *Western Convenience Stores, Inc., et al.* v. *Suncor Energy, Inc.*
Civil Action No. 11-cv-01611-MSK-CBS
United States District Court for the District of Colorado
Our File No.: 1509-147

Dear Mr. Bennington:

This letter is to consult with you with regards to Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC's ("Western") Response to Suncor's Unopposed Motion to Restrict Access (Doc. #193).

As you know, on February 8, 2013, Suncor filed a Motion for Summary Judgment on Plaintiff Western Convenience Stores' First and Sixth Claims for Relief and Suncor's Third Affirmative Defense ("Suncor MSJ") (Doc. #184) and exhibits thereto (Doc. #185) ("Exhibits"). Suncor filed the Suncor MSJ and Exhibits as Level 2 Restricted Documents, i.e. the Suncor MSJ and Exhibits are not publically accessible via the Court's PACER system. The Suncor MSJ can only be accessed through PACER by Suncor and the Court. Suncor separately served Western with copies of the Suncor MSJ and Exhibits.

On February 12, 2013, Suncor filed an Unopposed Motion to Restrict Access to the Suncor MSJ. (Doc. #188). Pursuant to D.C.COLO.L.CivR 7.2B, Suncor sought an order granting a Level 2 restriction on access to the Suncor MSJ

# EXHIBIT C

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

**Confidential/Highly Confidential/Trade Secret**
**Subject to Supplemental Protective Order**
March 18, 2013
Page 2
Kenneth Bennington, Esq.

and Exhibits within fourteen days of filing the Suncor MSJ as required by the rules.

On March 6, 2013, Western filed a Response to Suncor's Unopposed Motion to Restrict Access to the Suncor MSJ and Exhibits (Doc. #193). Western's response states that although Western initially did not oppose Suncor's motion to restrict access, Western reconsidered and decided to oppose same. See Response (Doc. #193), p. 2. Despite the Court's prior denials of Western's Original Motion to Re-Designate") (Doc. #59) (denied on June 25, 2012 (Doc. #84)) and Western's Renewed Motion to Re-Designate (Doc. #153) (denied on January 28, 2013 (Doc. #179)) and the provisions of the Supplemental Protective Order (Doc. #140), Western again asked to provide Dillon's trade secret information to Mr. Taraghi.

Dillon wishes to cooperate with the parties in this matter and to conserve judicial resources. Accordingly, as we discussed last week, we would like to confer concerning whether the parties can agree to produce a redacted version of the Suncor MSJ to Mr. Taraghi. To that end, please find enclosed a draft redacted MSJ ("Redacted MSJ") for your review and consideration. We propose the following:

1. If the parties agree, then Dillon would agree to produce the Redacted MSJ to Mr. Taraghi designated "Confidential" subject to the Supplemental Protective Order;

2. Western has already produced a redacted version of Exhibit A to Mr. Taragahi designated as "Confidential" and subject to the Supplemental Protective Order so there is no need to re-produce this document to Mr. Taraghi;

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

**Confidential/Highly Confidential/Trade Secret**
**Subject to Supplemental Protective Order**
March 18, 2013
Page 3
Kenneth Bennington, Esq.

3. Dillon initially takes no position with respect to the following exhibits: G, H, S, T, U, V, Y and AA; and

4. The following Exhibits initially appear to include Dillon's trade secrets: B, C, D, E, F, I, J, K, L, M, N, O, P, Q, R, R-1, R-2, W, X and Z. Dillon is reviewing these documents and anticipates designating all or portions of them as "Highly Confidential" or "Secret" subject to the Supplemental Protective Order. Dillon proposes withholding these Exhibits from Mr. Taraghi. Alternatively, if Western would like to produce redacted versions of these Exhibits to Mr. Taraghi, then we respectfully request that Western's counsel send us proposed redactions to these Exhibits.

Please let us know how you wish to proceed.

Please call me if you have any questions or concerns regarding this letter. We look forward to hearing from you. Thank you.

Very truly yours,

Montgomery Little & Soran, P.C.

Michael R. McCormick

cc:    Sara Sudkamp, Esq. (via e-mail)

Christopher A. Taravella, Esq. (via e-mail only)

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

**Confidential/Highly Confidential/Trade Secret**
**Subject to Supplemental Protective Order**
March 18, 2013
Page 4
Kenneth Bennington, Esq.


Kathleen E. Craigmile, Esq. (via e-mail: kec@benningtonjohnson.com)

Adam Aldrich, Esq. (via e-mail: afa@benningtonjohnson.com)

Philip Wayne Bledsoe, Esq. (via e-mail: pbledsoe@polsinelli.com)

Anthony Shaheen, Esq. (via e-mail: AJShaheen@hollandhart.com)

Keeya M. Jeffrey (via e-mail only: KMJeffrey@hollandhart.com)