**MONTGOMERY LITTLE & SORAN, PC**
Attorneys at Law

MICHAEL R. MCCORMICK
303.779.2721
mmccormick@montgomerylittle.com

25
March ~~18~~, 2013

Kenneth R. Bennington, Esq.
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

**SENT VIA ELECTRONIC MAIL:** krb@benningtonjohnson.com

RE: *Western Convenience Stores, Inc., et al.* v. *Suncor Energy, Inc.*
Civil Action No. 11-cv-01611-MSK-CBS
United States District Court for the District of Colorado
Our File No.: 1509-147

Dear Mr. Bennington:

Thank you for your e-mail dated March 19, 2013 (copy enclosed). This is to confer with you regarding the various restriction/public access issues.

*Western's Response (and Motion) (Doc. #193) to Suncor's Motion To Restrict And Related Motions*

We were disappointed to learn that Western is not interested in trying to agree to a redacted Suncor motion for summary judgment that could be produced to Mr. Taraghi. The parties could save considerable time and expense, as well as minimize the Court's time and resources, by doing this. If Western changes its mind, then Dillon would also prepare a redacted draft version of Western's response (Doc. #198) to Suncor's motion for summary judgment on the price discrimination claims.

Based upon Western's current position, we are preparing:

1. Dillon's response to Western's response (and motion) (Doc. #193) regarding Suncor's motion to restrict access to Suncor's motion for summary judgment concerning price discrimination claims (Doc. #184);

**EXHIBIT F**

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

March ~~18~~ 25, 2013
Page 2
Kenneth Bennington, Esq.

    2.    Dillon's motion for leave to file Dillon's response referred to in #1 above;

    3.    Dillon's motion to restrict access to Western's response to Suncor's motion for summary judgment on price discrimination claims (Doc. #198); and

    4.    Dillon's motion to restrict access to Western's errata sheet (Doc. #203 & #203-1).

Based upon our prior correspondence and discussions, we assume that Western will oppose item nos. 1, 3 and 4. Please let us know if this is correct.

Will Western object to item no. 2? The grounds for the motion are that Western's response (Doc. #193) is effectively a motion to allow either public access or access to Mr. Taraghi such that Dillon should be allowed to respond. If Western agrees, then I will put in the certificate of conferral that although Western doesn't oppose Dillon's filing a response, Western doesn't waive its arguments in Doc. #193. Dillon would also not object to Western's seeking the Court's permission to file a reply to Dillon's response.

*Western's Response to Suncor's Motion for Summary Judgment On Contract Claims (Doc. #200)*

Western's response (Doc. #200) to Suncor's motion for summary judgment on the contract claims includes Dillon's monthly volumes. Please see Doc. #200, page 9 and footnotes 2 & 3. The volumes appear to be derived from Dillon's trade secret information. We would like to file a motion to restrict access to this document as soon as possible. Will Western agree to a similar approach we used in Doc. #194, i.e. not oppose the motion to restrict public access to Doc. #200 pending the outcome of the Court's rulings?

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

25
March ~~18~~, 2013
Page 3
Kenneth Bennington, Esq.


We are concerned that this is the second time that Western has filed a document with the Court including Dillon's protected information without consulting with us beforehand and without restricting the information from public access. Are we correct that Western did this inadvertently? If there is any question about whether information related to Dillon should be restricted from the public in the future, then we would greatly appreciate it if you would consult with us first before filing it with the Court as an unrestricted document.

*Motion to Redact Transcript of 12/12/12 Hearing*

We are preparing a motion to partially redact the transcript of the Court's hearing on 12/12/2012 (Doc. #197) to redact Dillon's pricing information. Based upon our prior correspondence and discussions, we assume that Western will oppose this motion. Please let us know if this is correct.

*Other Issues*

As you can see above, this is getting complicated. We could avoid this by agreeing to redacted versions of the documents. We urge you to reconsider your position.

Dillon will ask the Court to award Dillon its attorney fees and costs against Western for Dillon's having to file these various motions and documents regarding these issues. As we have noted in the past, Dillon's attorney fees and costs continue to mount and are substantial.

I am copying Suncor's counsel with this letter to consult with them as well regarding these issues.

Please call me if you have any questions or concerns regarding this letter. We look forward to hearing from you. Thank you.

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

March ~~18~~ 25, 2013
Page 4
Kenneth Bennington, Esq.

                         Very truly yours,

                         Montgomery Little & Soran, P.C.

                         *[signature]*

                         Michael R. McCormick

cc:    Sara Sudkamp, Esq. (via e-mail)

       Christopher A. Taravella, Esq. (via e-mail only)

       Kathleen E. Craigmile, Esq. (via e-mail: kec@benningtonjohnson.com)

       Adam Aldrich, Esq. (via e-mail: afa@benningtonjohnson.com)

       Philip Wayne Bledsoe, Esq. (via e-mail: pbledsoe@polsinelli.com)

       Anthony Shaheen, Esq. (via e-mail: AJShaheen@hollandhart.com)

       Keeya M. Jeffrey (via e-mail only: KMJeffrey@hollandhart.com)