**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

**UNOPPOSED MOTION BY INTERESTED NON-PARTY DILLON COMPANIES, INC.
TO RESTRICT ACCESS TO DOC. #207**
_____

    Comes now interested non-party Dillon Companies, Inc. ("Dillon"), by and through its attorneys, Montgomery Little & Soran, P.C., and submits this Unopposed Motion to Restrict Access to Exhibit B (Doc. #207) to Dillon's Response to Plaintiffs' Response to Suncor's Motion to Restrict Access.

1

## Conferral Pursuant to D.C. Colo. L. Civ. R. 7.1(A)

In accordance with D.C. Colo. L. Civ. R. 7.1(A), counsel for Dillon certifies that counsel discussed the relief requested in this Motion with Counsel for Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC (collectively "Western").  While Western does not oppose the relief requested in this motion (i.e. restricting access to Doc. #207 pending the Court's ruling concerning Defendant Suncor Energy (U.S.A.) Inc.'s ("Suncor") Motion to Restrict Access (Doc. #188)), Western does not hereby waive their arguments that the documents at issue in Suncor's Motion to Restrict Access (Doc. #188) should be accessible to the public or produced to Mr. Taraghi.  *See* Western's response to Suncor's motion to restrict access (Doc. #193).  Suncor has no objection to the relief requested in this motion.

## MOTION AND RELIEF SOUGHT

1.      On March 27, 2013, Dillon filed its Unopposed Motion (Doc. #206) to File Response to Plaintiffs' Response to Suncor's Motion to Restrict Access.  Dillon contemporaneously filed its Response (Doc. # 206-1) ("Response") including Exhibits A, C, E and F thereto.[1]  Dillon separately filed Exhibit B (Doc. #207) to its Response as a Level 1 Restricted Document.   Exhibit B (Doc. #207) is a redacted version of Western's expert report of Mr. Ted Tatos and Dr. Mark A. Glick ("Tatos Expert Report") that Dillon prepared to be produced to Mr. Taraghi designated as a "Confidential" document

---

[1] On March 28, 2013, the Court granted Dillon's unopposed motion to file the Response (Doc. #214).  On April 3, 2013, Dillon filed the Response as a separate docket entry (Doc. #220) per the Court's Order but did not re-file Exhibit B (Doc. #207) or Exhibit D (Doc. #208) to the Response.

subject to the Supplemental Protective Order.  *See* Response (Doc. #206-1) paragraphs 2-6.  Access to documents designated as "Confidential" is to be limited to, among others, case participants and counsel of record under the provisions of the Supplemental Protective Order.  *See* Supplemental Protective Order, Doc. #140 paragraph 10.

2.  D.C. Colo. L. Civ. R. 7.2(B)(2) allows for restriction of public access to documents filed with the Court.  Under the Rule, the movant must set forth, among other things, why "such interest outweighs the presumption of public access. D.C. Colo. L. Civ. R. 7.2(B)(2).  The movant must also "identify a clearly defined and serious injury that would result if access is not restricted" and "explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits)." D.C. Colo. L. Civ. R. 7.2(B)(3) and(4).

3.  When the presumption that judicial files are to be available to the public is outweighed by interests which favor nondisclosure, a court may restrict access to such material.  *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).  Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness.  *Nixon v. Warner Communications*, 435 U.S. 589, 598 (U.S. 1978); *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010).  In addition, access properly is denied where court files might serve as a source of business information that could harm a litigant's competitive

standing. *SBM Site Services, LLC v. Garrett*, 2011 U.S. Dist. LEXIS 41527, 2011 WL 1375117 at \*3 (D. Colo. April 12, 2011); *See also Stanislaus Food Products Co. v. USS-POSCO Industries*, 2012 WL 6160468l (E.D. Cal.); *Layne Christiansen Co. v. Pure Light Co.*, 271 F.R.D. 240 (D. Kan. 2010); *and S2 Automation, LLC v. Micron Technology, Inc.*, 283 F.R.D. 671 (D. N.M. 2012) (use of protective orders to protect confidential information from competitors).

      4.      The Tatos Expert Report includes details concerning Dillon's fuel purchasing history. Details regarding Dillon's fuel purchases from suppliers constitute sensitive proprietary information because Dillon's purchase history is a direct reflection of Dillon's internal business strategies. *See* Supplemental Declaration of Susan Giannola (Doc. #165-1); Declaration of Chad Thiessen (Doc. #165-2) and Declaration of Ed Sharpe (Doc. #174). If this information is disclosed to the public, then it could allow any and all of Dillon's competitors to access this private information. Dillon's competitors could and may use this information to aggressively compete against Dillon which would result in substantial harm to Dillon's ability to remain competitive in the fuel market.

      5.      Details regarding Dillon's fuel purchase history are not generally known to the public and Dillon takes great precaution to assure the privacy of such information. Prohibiting public access to the redacted Tatos Expert Report (Doc. #207) will adequately protect this information.

WHEREFORE, Dillon respectfully requests that the Court grant an order of Level 1 restriction concerning access to Doc. #207.

Dated:  April 10, 2013.

s/*Michael R. McCormick*
Christopher A. Taravella, #7790
Michael R. McCormick, #33682
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Phone Number: (303) 773-8100
Fax Number: (303) 220-0412
E-mail:  ctaravella@montgomerylittle.com
         mmccormick@montgomerylittle.com
*Attorney for Dillon Companies, Inc.*
*Interested Non-Party*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO 80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-Denver
555 17th Street, Suite 3200
Denver, CO 80201

s/ *Deborah Harant*
Montgomery Little & Soran, P.C.