THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

### DECLARATION OF SARA SUDKAMP PURSUANT TO 28 U.S.C. § 1746

---

    1.    I am Sara Sudkamp. I am in-house counsel for The Kroger Co. and its subsidiaries and affiliates, including Dillon Companies, Inc. ("Dillon").

    2.    Dillon is seeking its attorney fees and costs in this matter from Western for, among other things, responding to Western's: (A) Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises dated April 26, 2012 ("First Subpoena") (Doc. #57-1); (B) renewed motion challenging the designation of documents that Dillon produced under the First Subpoena (Doc. #153); (C) Subpoena to Testify at a Deposition in a Civil Action issued to Kroger dated December

1



17, 2012 and accompanying notice of deposition under F.R.C.P. 30(b)(6) ("Second Subpoena"); (D) Subpoena to David Wilson dated December 19, 2012 ("Third Subpoena") and (E) Subpoena to Produce Documents, Information or Objection or to Permit Inspection of Premises in a Civil Action dated February 15, 2013 (Exhibit BB) ("Fourth Subpoena") and related matters.

3. Dillon's employees spent at least 422.75 hours for responding to Western's discovery requests and for related matters as described in Paragraph 2 of this Declaration above. See Exhibit J, chart of time spent by Dillon's employees. Dillon charges third parties $50 per hour for responding to such discovery requests. See Exhibit DD, Kroger Third Party Subpoena Fee Schedule. Accordingly, Dillon seeks $21,137.50 from Western for these expenses. See Exhibit J, chart. This includes time spent by two employees who serve as Dillon's in-house counsel (myself and Nathan Brown, Esq.).

4. Dillon incurred a charge of $311.79 for copying and designating documents in response to Request No. 10 of the First Subpoena. See Exhibit K, RICOH invoice.

5. Dillon incurred a charge of $1000.00 to Dinsmore & Shohl, LLP to conduct a search of its employees' e-mail files to respond to Request Nos. 2 and 3 of the First Subpoena. See Exhibit L, Invoice from Dinsmore & Shohl, LLP. This amount is significantly lower than the amount Dillon normally pays for these types of searches. This amount is an extremely low price for the services rendered.

6. Dillon paid for Jennifer McClenahan, Senior Accounting Manager for Supermarket Fuel and Regulatory Reporting for The Kroger Co. Accounting Services, to travel from Hutchinson, Kansas, to the Court hearing in Denver on September 14, 2012 to testify concerning what documents were available in response to the First Subpoena and what documents could be produced within 30 days of the Court's August 17, 2012 Order. Exhibit M, Ms. McClenahan's receipts for travel expenses. Dillon incurred costs of $774.50 for this expense.

7. Dillon paid for Chad Thiessen, Assistant Manager of Petroleum Procurement For The Kroger Co., to travel from Hutchinson, Kansas, to the Court hearing on January 28, 2013 to testify concerning whether the documents Western sought to re-designate should maintain their designations under the Original and Supplemental Protective Order (Doc. #140). Exhibit N, summary of Mr. Thiessen's travel expenses. Dillon incurred costs of $1,246.77 for this expense.

8. Dillon incurred a total of $24,470.56 of costs as listed above in this Declaration. See Exhibit X, Summary of Dillon Costs. In my opinion, these costs of $24,470.56 incurred by Dillon are reasonable and necessary.

9. The above costs do not include the $8,148.42 in costs that Dillon incurred to Montgomery Little & Soran, P.C. Dillon at this time and without waiver seeks only $2,076.76 of these costs from the Court. See Exhibit X, Summary of Dillon Costs.

10. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 26th day of April, 2013.

_____
SARA SUDKAMP

4