**BENNINGTON JOHNSON**
ATTORNEYS AT LAW

BENNINGTON
JOHNSON
BIERMANN &
CRAIGMILE
LLC

September 25, 2012

VIA ELECTRONIC MAIL

Christopher A. Taravella
Michael McCormick
Montgomery Little Soran & Murray, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80111
ctaravella@montgomerylittle.com
mmccormick@montgomerylittle.com

Re: *Western Convenience Stores, et al. v. Suncor Energy (USA) et al.*
    *Dillon Companies Subpoena*

Dear Chris and Mike:

This follows our conference call on September 19 and our conversation with Mike yesterday morning. As you know, Plaintiffs' Subpoena Request No. 7 sought production of ESI identifying by zip code and last 4 digits of the credit or debit card number of each customer for each credit or debit card purchase of Fuel from Dillon at the relevant retail sites. Plaintiffs served this request as it was relevant to establishing lost sales resulting from the asserted price discrimination.

In its Motion to Quash, Dillon took the position that the ESI responsive to Request 7 constitutes trade secrets which "permit[] Dillon to analyze trends in its sales based on the geographic regions of consumers, time of year, travel habits, and other characteristics." In its August 17, 2012 status report and at the hearing on that date, Dillon stated that Dillon has the information responsive to Request No. 7 for the past 18 months, that data prior to the 18 month period is stored by a third party vendor, and that Dillon had control of the data in the possession of the vendor and had requested it three weeks prior to the hearing.

When Dillon filed its August 27, 2012 status report and accompanying declaration of Mr. Pugh, Plaintiffs learned for the first time that Dillon is unable to obtain this data in a fashion that links the last four digits of the credit card to the consumer's zip code. When Dillon filed Mr. Prior's declaration of September 13, 2012,

**EXHIBIT Y**

3500 Republic Plaza
370 Seventeenth St.
Denver, CO 80202

*phone:* 303.629.5200
*fax:* 303.629.5718
benningtonjohnson.com

Christopher A. Taravella
Michael McCormick
September 25, 2012
Page 2 of 2

Plaintiffs learned for the first time that Dillon apparently has access to the credit card number data for the supermarket fuel centers only back to November 2011. In light of these recent disclosures, we have worked with our antitrust experts to come up with an alternative request that would satisfy their need for data yet seek information which should be more readily available to Dillon. Therefore, as we discussed in our September 19 call, Plaintiffs will agree to amend Request 7 to seek the following:

- An identification of the receipts for fuel sales by station, by day, by fuel grade, by volume, and by number of customers purchasing gas that day from January 1, 2009 to May 31, 2011.

We understand that Dillon takes the position that this data, like other data requested, constitutes trade secrets. Again, we are willing to stipulate to a protective order that limits disclosure of this data to counsel of record and our antitrust injury/damages experts, Mr. Glick and Mr. Tatos.

It is our understanding that this data would be required to be maintained for Dillon's basic reporting requirements. We have asked that Dillon determine the availability of this data so that we can address the issue before or at our status conference on October 3. If this data, or certain categories of it, are unavailable, please let us know immediately.

As always, please give me a call to discuss if you should have any questions.

Very truly yours,

Kathleen E. Craigmile