# MONTGOMERY LITTLE & SORAN, PC

Attorneys at Law

MICHAEL R. MCCORMICK
303.779.2721
mmccormick@montgomerylittle.com

January 14, 2013

Kenneth R. Bennington, Esq.
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

**SENT VIA ELECTRONIC MAIL:** krb@benningtonjohnson.com

RE: *Western Convenience Stores, Inc., et al.* v. *Suncor Energy, Inc.*
Civil Action No. 11-cv-01611-MSK-CBS
United States District Court for the District of Colorado
Our File No.: 1509-147

Dear Mr. Bennington:

This letter is to designate persons to testify regarding the list of eighteen topics ("Topics") in Plaintiffs' Rule 30(b)(6) Notice of Deposition of the Kroger Company and Affiliates (copy enclosed) ("Kroger Notice of Deposition").

*F.R.C.P. 30*

F.R.C.P. 30(b)(6) states in part: "In its notice or subpoena, a party may name as the deponent a . . . private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about the information known or reasonably available to the organization."

*Objections*

Dillon objects to the Topics for the reasons stated in Dillon's Objection of Interested Party Kroger Co. Under F.R.C.P. 45(c)(2)(B) To: (A) Subpoena to Testify at a Deposition in a Civil Action Issued to the Kroger Co. Dated December

**EXHIBIT Z**

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

January 14, 2013
Page 2
Kenneth Bennington, Esq.

17, 2012; and (B) Subpoena to Testify at a Deposition in a Civil Action issued to David Wilson[1] dated December 17, 2012 ("Objection to Kroger Subpoena") and hereby incorporates the Objection to Kroger Subpoena as if fully restated herein.

    Dillon objects to the Topics for the reasons stated in Dillon's Motion By Interested Party Dillon Companies, Inc. to Quash or Modify Kroger and Wilson Subpoenas (Doc. # 159) and hereby incorporates the Motion to Quash as if fully restated herein.

    The timeframe for the Subpoena to Produce Documents Information or Object or to Permit Inspection of Premises in a Civil Action dated April 26, 2012 ("April 26, 2012 Subpoena") was modified to include information from only January 1, 2009 to May 31, 2011. Topics 1 – 18 in the Kroger Subpoena either do not include a specific timeframe or include timeframes outside of January 1, 2009 to May 31, 2011. However, the designations made herein are limited to information from only January 1, 2009 to May 31, 2011.

    Several of the Topics in the Kroger Notice of Deposition appear to refer to information that Dillon Companies, Inc. ("Dillon") produced subject to the Supplemental Protective Order (Doc. #140) ("Supplemental Protective Order")). Accordingly, Dillon respectfully requests that Plaintiffs comply with all of the provisions in the Supplemental Protective Order that may be applicable to the Kroger Deposition(s), including, without limitation, Paragraph 13(a) of the Supplemental Protective Order (providing written list of designated documents to be used by bates number and copies thereof at least 48 hours in advance of deposition).

    Dillon's Objection to the Magistrate Judge's Order Dated August 17, 2012 ("August 17, 2012 Objection") (Doc. #107) remains pending before the Court.

---

[1] Mr. Wilson has retained our firm to represent him regarding this matter.

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

January 14, 2013
Page 3
Kenneth Bennington, Esq.

Dillon hereby incorporates and restates the August 17, 2012 Objection as if fully restated herein. Dillon objects to the Topics for the reasons stated in the August 17, 2012 Objection. Certain information requested by the Kroger Subpoena and Wilson Subpoena is trade secret information. Dillon objects to the Kroger and Wilson Subpoenas to the extent that they seek Dillon's trade secrets for the reasons stated in the August 17, 2012 Objection. The Supplemental Protective Order does not afford Dillon adequate protection of its trade secrets.

*Other Suppliers*

Topics 8, 9, 10, 11, 13 and 14 request, or may request, information related to other suppliers to Dillon and Loaf N' Jug besides Suncor.

Dillon's and Loaf N' Jug's agreements with their supplier(s) besides Suncor state that Dillon and Loaf N' Jug cannot disclose their other supplier(s) to any other persons. Dillon and Loaf N' Jug cannot provide this information to Plaintiffs.

Kroger anticipates filing a motion with the Court requesting the Court to modify the Supplemental Protective Order pursuant to F.R.C.P. 26(c) so that Dillon does not have to disclose the identity of its other supplier(s), or any information related thereto, to Plaintiffs. We will be in touch with you later this week to consult regarding such motion. We would also like to discuss whether alternatives are available to provide Plaintiffs with more limited information than what is currently sought in the Kroger Notice of Deposition.

*Designation of Witnesses*

Subject to the above objections and the other objections stated herein, Kroger hereby designates the following persons to testify about the information known or reasonably available to Kroger regarding the Topics (reference to each

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

January 14, 2013
Page 4
Kenneth Bennington, Esq.


Topic number corresponds to the Topic number listed in the Kroger Notice of Deposition):

    <u>Topic 1</u>: Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger designates Susan M. Giannola, Director of SPG Operations, Kroger – Supermarket Petroleum Group, 10251 East 51st Avenue, Suite A, Denver, CO 80239. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger anticipates that it will designate deposition testimony regarding this Topic as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.

    <u>Topic 2</u>: Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger designates Ed Sharpe, Director of Petroleum, Loaf N' Jug, Inc., 442 Keeler Parkway, Pueblo, CO 81001. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger anticipates that it will designate deposition testimony regarding this Topic as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.

    <u>Topic 3</u>: Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger designates: (i) Susan M. Giannola, Director of SPG Operations, Kroger – Supermarket Petroleum Group, 10251 East 51st Avenue, Suite A, Denver, CO 80239; and (ii) Ed Sharpe, Director of Petroleum, Loaf N' Jug, Inc., 442 Keeler Parkway, Pueblo, CO 81001. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger anticipates that it will designate deposition testimony regarding this Topic as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.

    <u>Topic 4</u>: Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

January 14, 2013
Page 5
Kenneth Bennington, Esq.


designates: (i) Susan M. Giannola, Director of SPG Operations, Kroger – Supermarket Petroleum Group, 10251 East 51st Avenue, Suite A, Denver, CO 80239; and (ii) Ed Sharpe, Director of Petroleum, Loaf N' Jug, Inc., 442 Keeler Parkway, Pueblo, CO 81001. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger anticipates that it will designate deposition testimony regarding this Topic as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.

    <u>Topic 5</u>: Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger designates: (i) Susan M. Giannola, Director of SPG Operations, Kroger – Supermarket Petroleum Group, 10251 East 51st Avenue, Suite A, Denver, CO 80239; and (ii) Ed Sharpe, Director of Petroleum, Loaf N' Jug, Inc., 442 Keeler Parkway, Pueblo, CO 81001. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger anticipates that it will designate deposition testimony regarding this Topic as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.

    <u>Topic 6</u>: Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger designates: (i) Susan M. Giannola, Director of SPG Operations, Kroger – Supermarket Petroleum Group, 10251 East 51st Avenue, Suite A, Denver, CO 80239; and (ii) Ed Sharpe, Director of Petroleum, Loaf N' Jug, Inc., 442 Keeler Parkway, Pueblo, CO 81001. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger anticipates that it will designate deposition testimony regarding this Topic as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.

    <u>Topic 7</u>: Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger designates: (i) Susan M. Giannola, Director of SPG Operations, Kroger –

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

January 14, 2013
Page 6
Kenneth Bennington, Esq.


Supermarket Petroleum Group, 10251 East 51st Avenue, Suite A, Denver, CO 80239; and (ii) Ed Sharpe, Director of Petroleum, Loaf N' Jug, Inc., 442 Keeler Parkway, Pueblo, CO 81001. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger's designation, if any, of deposition testimony regarding this Topic under the Supplemental Protective Order may depend on whether the information sought is publicly available information.

    <u>Topic 8</u>: Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger designates Chad Thiessen, Assistant Manager of Petroleum Procurement, The Kroger Co., 2800 East 4th Avenue, Hutchinson, Kansas, 67504. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger anticipates that it will designate deposition testimony regarding this Topic as either "Highly Confidential" or "Secret" under the Supplemental Protective Order. Please note that Dillon cannot provide the identity of its other suppliers besides Suncor or any information related thereto. However, we would like to confer with you regarding this issue. Please see above at page 3.

    <u>Topic 9</u>: Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger designates Chad Thiessen, Assistant Manager of Petroleum Procurement, The Kroger Co., 2800 East 4th Avenue, Hutchinson, Kansas, 67504. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger anticipates that it will designate deposition testimony regarding this Topic as either "Highly Confidential" or "Secret" under the Supplemental Protective Order. Please note that Dillon cannot provide the identity of its other suppliers besides Suncor or any information related thereto. However, we would like to confer with you regarding this issue. Please see above at page 3.

    <u>Topic 10</u>: Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

January 14, 2013
Page 7
Kenneth Bennington, Esq.

designates Chad Thiessen, Assistant Manager of Petroleum Procurement, The Kroger Co., 2800 East 4th Avenue, Hutchinson, Kansas, 67504. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger anticipates that it will designate deposition testimony regarding this Topic as either "Highly Confidential" or "Secret" under the Supplemental Protective Order. Please note that Dillon cannot provide the identity of its other suppliers besides Suncor or any information related thereto. However, we would like to confer with you regarding this issue. Please see above at page 3.

Topic 11: Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger designates Chad Thiessen, Assistant Manager of Petroleum Procurement, The Kroger Co., 2800 East 4th Avenue, Hutchinson, Kansas, 67504. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger anticipates that it will designate deposition testimony regarding this Topic as either "Highly Confidential" or "Secret" under the Supplemental Protective Order. Please note that Dillon cannot provide the identity of its other suppliers besides Suncor or any information related thereto. However, we would like to confer with you regarding this issue. Please see above at page 3.

Topic 12: Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger designates: (i) Susan M. Giannola, Director of SPG Operations, Kroger – Supermarket Petroleum Group, 10251 East 51st Avenue, Suite A, Denver, CO 80239; and (ii) Ed Sharpe, Director of Petroleum, Loaf N' Jug, Inc., 442 Keeler Parkway, Pueblo, CO 81001. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger anticipates that it will designate deposition testimony regarding this Topic as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

January 14, 2013
Page 8
Kenneth Bennington, Esq.

<u>Topic 13</u>: Please note that Dillon cannot provide the identity of its other suppliers besides Suncor or any information related thereto. However, we would like to confer with you regarding this issue. Please see above at page 3. To the extent that any other testimony is sought by this Topic and subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger designates Chad Thiessen, Assistant Manager of Petroleum Procurement, The Kroger Co., 2800 East 4th Avenue, Hutchinson, Kansas, 67504.

<u>Topic 14</u>: Please note that Dillon cannot provide the identity of its other suppliers besides Suncor or any information related thereto. However, we would like to confer with you regarding this issue. Please see above at page 3. To the extent that any other testimony is sought by this Topic and subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger designates Chad Thiessen, Assistant Manager of Petroleum Procurement, The Kroger Co., 2800 East 4th Avenue, Hutchinson, Kansas, 67504.

<u>Topic 15</u>: Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger designates: (i) Susan M. Giannola, Director of SPG Operations, Kroger – Supermarket Petroleum Group, 10251 East 51st Avenue, Suite A, Denver, CO 80239; and (ii) Ed Sharpe, Director of Petroleum, Loaf N' Jug, Inc., 442 Keeler Parkway, Pueblo, CO 81001. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger anticipates that it will designate deposition testimony regarding this Topic as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.

<u>Topic 16</u>: Please confirm that Plaintiffs limited this Topic to the Pertinent Geographical Area as defined in the April 26, 2012 Subpoena. Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash;

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

January 14, 2013
Page 9
Kenneth Bennington, Esq.


and (C) August 17, 2012 Objection, Kroger designates: Chad Thiessen, Assistant Manager of Petroleum Procurement, The Kroger Co., 2800 East 4th Avenue, Hutchinson, Kansas, 67504. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger anticipates that it will designate deposition testimony regarding this Topic as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.

      _Topic 17:_  Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger designates David Parker, Manager of Real Estate, Loaf N' Jug, Inc., 442 Keeler Parkway, Pueblo, CO 81001. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger anticipates that it will designate deposition testimony regarding this Topic as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.

      _Topic 18:_ Subject to the objections stated in the: (A) Objection to Kroger Subpoena; (B) Motion to Quash; and (C) August 17, 2012 Objection, Kroger designates: (i) Susan M. Giannola, Director of SPG Operations, Kroger – Supermarket Petroleum Group, 10251 East 51st Avenue, Suite A, Denver, CO 80239; and (ii) Ed Sharpe, Director of Petroleum, Loaf N' Jug, Inc., 442 Keeler Parkway, Pueblo, CO 81001. Kroger will provide such testimony subject to the Supplemental Protective Order. Kroger anticipates that it will designate deposition testimony regarding this Topic as either "Highly Confidential" or "Secret" under the Supplemental Protective Order.

      *Locations of Depositions*

      Kroger's Supermarket Petroleum Operations department is located in Denver, Colorado. Accordingly, we anticipate that the deposition of Ms. Giannola will occur at your office in Denver. _See_ F.R.C.P. 45(c)(3)(A)(ii) (prohibition regarding subpoena that requires a person who is neither a party nor a party's

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

January 14, 2013
Page 10
Kenneth Bennington, Esq.

officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person). Please let us know whether this is correct.

Loaf N' Jug, Inc.'s offices are located in Pueblo, Colorado. Accordingly, we anticipate that your depositions of Mr. Sharpe and Mr. Parker pursuant to the Kroger Notice of Deposition will occur in Pueblo Colorado. *See* F.R.C.P. 45(c)(3)(A)(ii) (prohibition regarding subpoena that requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person). Please let us know whether this is correct.

The Kroger Petroleum Procurement department is located in Hutchinson, Kansas. Accordingly, Mr. Thiessen's deposition pursuant to the Kroger Notice of Deposition will occur in Hutchinson, Kansas. *See* F.R.C.P. 45(c)(3)(A)(ii) "court must quash or modify a subpoena that . . . (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ."

*Date and Time of Depositions*

We are consulting with Ms. Giannola, Mr. Sharpe, Mr. Thiessen, and Mr. Parker regarding their availability after the January 28, 2013 hearing and before the February 22, 2013 discovery deadline for their depositions pursuant to the Kroger Notice of Deposition. We will be in touch as soon as possible with proposed dates and times.

To reduce logistical and scheduling difficulties, we suggest that the deposition of each person be limited to a half day of four hours per person. Please let us know if you agree with this proposal.

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

January 14, 2013
Page 11
Kenneth Bennington, Esq.

*Other Issues*

Kroger is contemporaneously reviewing this letter and we are continuing to consult with Kroger regarding the issues herein. Accordingly Kroger's designations and the objections raised herein are subject to change. We will promptly notify you of any such changes

We will be in touch with you later this week to consult with you regarding the issues in this letter and the Wilson Subpoena.

Dillon will file a motion with the Court seeking, *inter alia*, Dillon's fees and costs for responding to the April 26, 2012 Subpoena, including without limitation attorneys' fees.

Dillon may also file a motion with the Court seeking, *inter alia*, Dillon's fees and costs for responding to the Kroger Subpoena, including without limitation attorneys' fees. As previously noted, the attorneys' fees and costs are significant and they are mounting.

Capitalized terms not defined herein have the same meaning as set forth in the Supplemental Protective Order, April 26, 2012 Subpoena, and Kroger Notice of Deposition, as applicable.

Please call me if you have any questions or concerns regarding this letter. Thank you.

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

January 14, 2013
Page 12
Kenneth Bennington, Esq.

Very truly yours,

Montgomery Little & Soran, P.C.

Michael R. McCormick

cc:   Sara Sudkamp, Esq. (via e-mail)

   Christopher A. Taravella, Esq. (via e-mail)

   Kathleen E. Craigmile, Esq. (via e-mail: kec@benningtonjohnson.com)

   Adam Aldrich, Esq. (via e-mail: afa@benningtonjohnson.com)

   Philip Wayne Bledsoe, Esq. (via e-mail: pbledsoe@polsinelli.com)

   Anthony Shaheen, Esq. (via e-mail: AJShaheen@hollandhart.com)

   Keeya M. Jeffrey (via e-mail: KMJeffrey@hollandhart.com)