AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Colorado

| Western Convenience Stores, Inc., et al | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 11-cv-01611-MSK-CBS |
| Suncor Energy (U.S.A.) Inc. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: THE KROGER CO. c/o Chris Taravella, Montgomery Soran & Little, P.C.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit 1 attached hereto.

| Place: Bennington Johnson Biermann & Craigmile, LLC  370 17th Street, Suite 3500, Denver, CO 80202 | Date and Time: 02/22/2013 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 02/15/2013

**EXHIBIT BB**

CLERK OF COURT

OR

_____   s/ Kathleen E. Craigmile
Signature of Clerk or Deputy Clerk   Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Western Convenience Stores, Inc. and Western Truck One, LLC , who issues or requests this subpoena, are:
Kenneth R. Bennington & Kathleen E. Craigmile; Bennington Johnson Biermann & Craigmile, LLC; 370 17th Street, Ste. 3500, Denver, CO 80202, (303)629-5718, krb@benningtonjohnson.com; kec@benningtonjohnson.com

**EXHIBIT 1**

The documents and information requested by Plaintiffs are set forth below, subject to the following definitions:

"You," "Your," or "Company" shall mean and refer to The Kroger Company, Dillon Companies, Inc. and their subsidiaries, affiliates, and related entities, including but not limited to *King Soopers, City Market,* and *Loaf 'N Jug*.

"Director of Supermarket Petroleum Operations" shall mean any employee of You during the Pertinent Time Frame for the Pertinent Geographic Area who held the title defined internally by You as "director of supermarket petroleum operations" or who held a title that subsequently was changed to "director of supermarket petroleum operations."

"Document" and "Documents" shall mean and include all manner of exemplification of information in the broadest sense provided for by the Federal Rules of Civil Procedure, including all means and media used for representation, exemplification, depiction or illustration of words, data or information. The term shall mean and include the originals, the best available copies when originals are not available, and all non-identical copies and drafts whether different because of notes made thereon or otherwise, and whether executed or unexecuted, of all printed, typewritten, or handwritten matter or reproduction thereof of whatever character or other graphic matter of any kind or nature. Documents shall also mean and include computer records, email records, mechanical and electronic sound recordings or transcripts thereof, in electronic or other form. It shall also mean all photographs, video recordings and audio recordings. It shall also mean all copies of Documents by whatever means made.

"Fuel" shall mean and include all formulations of gasoline and diesel fuel, whether branded or unbranded, sold by You.

"Fuel Manager" shall mean any employee of You during the Pertinent Time Frame for the Pertinent Geographic Area who held the title defined internally by You as "fuel manager" or who held a title that subsequently was changed to "fuel manager."

"PDF Format" shall mean the electronic file type that is created through use of Adobe software technology to create and/or save electronic versions of Documents containing ESI.

"Pertinent Geographic Area" shall mean and include Colorado and the area of Nebraska within a 25 mile radius of the towns of Sidney, Ogallala and Hershey.

"Pertinent Time Frame" shall mean and include January 1, 2009 to the present.

"Store Manager" shall mean any employee during the Pertinent Time-frame for the Pertinent Geographic Area who held the title defined internally by You as "store manager" for a

store that sold Fuel at retail or who held a title that subsequently was changed to "store manager" for a store that sold Fuel at retail.

Pursuant to F.R.C.P. 45(a)(1)(D), You shall produce, in PDF Format, the following categories of documents and information at the time, date, and place set forth in the attached subpoena:

1. For the Pertinent Time Frame and Pertinent Geographic Area, all Documents that describe the policy(ies), procedure(s), strategy(ies), guideline(s), formula(e), and/or instruction(s) used by a Director of Supermarket Petroleum Operations, Fuel Manager, and/or Store Manager to set the daily pump prices for Fuel sold at retail by You, as described by Susan Giannola in the deposition of the Company on January 31, 2013 or in the depositions of the Company's other representative witnesses. Included in Kroger's response should be all such documents which refer to the Plaintiff in this action, Western Convenience Stores, and all such Documents which address or relate to the effect of changes in the wholesale price or cost of Fuel on the Company's retail price.