# MONTGOMERY LITTLE & SORAN, PC

Attorneys at Law

MICHAEL R. MCCORMICK
303.779.2721
mmccormick@montgomerylittle.com

**CONFIDENTIAL/HIGHLY CONFIDENTIAL/SECRET
SUBJECT TO SUPPLEMENTAL PROTECTIVE ORDER**

February 21, 2013

Kenneth R. Bennington, Esq.
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

**SENT VIA ELECTRONIC MAIL:** krb@benningtonjohnson.com

RE:   *Western Convenience Stores, Inc., et al.* v. *Suncor Energy, Inc.*
      Civil Action No. 11-cv-01611-MSK-CBS
      United States District Court for the District of Colorado
      Our File No.: 1509-147

Dear Mr. Bennington:

This letter is to respond to the Subpoena to Produce Documents, Information, Or Objects or to Permit Inspection of Premises In a Civil Action issued to the Kroger Co. dated February 15, 2013 ("February 15, 2013 Subpoena") (copy enclosed).

Dillon respectfully objects to the February 15, 2013 Subpoena pursuant to F.R.C.P. 45(c)(2)(B) (Protecting a Person Subject to a Subpoena – Objections) for the following reasons, without limitation:

A. The return date and time for the February 15, 2013 Subpoena (February 22 2013 at 5:00 p.m.) do not provide Dillon with a reasonable amount of time to respond;
B. The February 15, 2013 Subpoena would require Dillon to produce documents after the discovery cutoff deadline of February 22, 2013 in violation of same;

**EXHIBIT CC**

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

**Confidential/Highly Confidential/Trade Secret**
**Subject to Supplemental Protective Order**
February 21, 2013
Page 2
Kenneth Bennington, Esq.


C. Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC ("Plaintiffs") failed to include a request for documents regarding pricing strategies in their December 17, 2012 Subpoena;
D. The February 15, 2013 Subpoena is overbroad and not reasonably calculated to lead the discovery of admissible evidence;
E. The February 15, 2013 Subpoena is not limited to pricing strategies related to Plaintiffs but instead includes other competitors besides Plaintiffs;
F. The February 15, 2013 Subpoena would subject Dillon to undue burden expense, and lost employee time; and
G. Dillon's pricing strategy information constitutes trade secrets and the Supplemental Protective Order (Doc. #140) is not sufficient to protect same.

Subject to Dillon's objection pursuant to F.R.C.P. 45(c)(2)(B) above[1] and pursuant to our agreement during our phone conversation yesterday, please find enclosed the following documents in response to the February 15, 2013 Subpoena for the Pertinent Time Frame and Pertinent Geographical Area:

1. DILLON 501091-501095 and 501106-501110, excerpts from King Soopers 2004 Retail Pricing Strategy Manual limited to entries referring to Plaintiffs (remainder of manual which does not refer to Plaintiffs withheld);
2. DILLON 502002-502003, emails related to pricing strategy referring to Plaintiffs;
3. DILLON 502004-502005, Division Pricing and Fuel Pricing Strategy charts (redacted to exclude information outside of Pertinent Geographical Area); and

---

[1] Dillon reserves its right to file with the Court if necessary: (A) a motion to quash or modify the February 15, 2013 Subpoena under F.R.C.P. 45; and (B) a motion for a protective order or seeking to modify an existing protective order under F.R.C.P. 26 related to the February 15, 2013 Subpoena.

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

**Confidential/Highly Confidential/Trade Secret**
**Subject to Supplemental Protective Order**
February 21, 2013
Page 3
Kenneth Bennington, Esq.

    4. DILLON 510000, spreadsheet from Dillon's Quick Sales system with pricing strategy communications to the stores (limited to entries referring to Plaintiffs) (collectively "Documents").

The Documents include, without limitation, the documents in Ms. Giannola's possession custody and control that she referred to during her deposition referenced in your e-mail dated February 5, 2013.

Based upon yesterday's discussion, unless we hear from you otherwise, we will assume that Plaintiffs accept the Documents as fully satisfying the February 15, 2013 Subpoena and will act accordingly.

The information that Dillon Companies, Inc. ("Dillon") is producing is subject to the Supplemental Protective Order (see Protective Order dated October 17, 2012 (Doc. #140) ("Supplemental Protective Order")). Please notify us immediately if you disagree. Accordingly, the documents produced herewith are designated "Secret" pursuant to the Supplemental Protective Order.

Please note that Dillon does not hereby waive its right to object to the Supplemental Protective Order or to seek its modification, if necessary. In particular, we believe that certain information requested by the February 15, 2013 Subpoena is trade secret information. In addition, to the extent that the Court may require that it be produced, any protective order does not afford Dillon adequate protection of its trade secrets.

Dillon continues to object to, and reserves all rights regarding, Plaintiffs' Subpoena for the reasons stated in, without limitation: (A) Dillon's Motion to Quash or Modify Subpoena (Doc. # 57); (B) Dillon's Status Report Re: Plaintiffs' Subpoena (Doc. #94); (C) Status Report by Dillon in Compliance with August 17,

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

**Confidential/Highly Confidential/Trade Secret**
**Subject to Supplemental Protective Order**
February 21, 2013
Page 4
Kenneth Bennington, Esq.


2012 Order of Magistrate Judge (Doc. # 99); (D) Objection of Dillon to Order (Doc. # 107); (E) Reply Regarding Status Report (Doc. # 108); (F) Supplement Regarding Status Report (Doc. # 116); (G) Motion for Partial Stay (Doc. # 109); (H) Motion for Reconsideration (Doc. #100); and (I) Objection to Order Denying Motion to Quash (Doc. #189), all of which are hereby incorporated as if fully restated herein.

    Dillon may file a motion with the Court seeking, *inter alia*, Dillon's fees and costs for producing these documents to Plaintiffs, including without limitation attorneys' fees. As previously noted, the attorneys' fees and costs are significant and they are mounting. Dillon also anticipates filing a supplemental status report with the Court regarding this matter.

    Capitalized terms not defined herein have the same meaning as set forth in the February 15, 2013 Subpoena.

    Please call me if you have any questions or concerns regarding this letter. Thank you.

                                                       Very truly yours,

                                                       Montgomery Little & Soran, P.C.

                                                       Michael R. McCormick

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

**Confidential/Highly Confidential/Trade Secret**
**Subject to Supplemental Protective Order**
February 21, 2013
Page 5
Kenneth Bennington, Esq.


cc:   Sara Sudkamp, Esq. (via e-mail)

   Christopher A. Taravella, Esq. (via e-mail)

   Kathleen E. Craigmile, Esq. (via e-mail: kec@benningtonjohnson.com)

   Adam Aldrich, Esq. (via e-mail: afa@benningtonjohnson.com)

   Philip Wayne Bledsoe, Esq. (via e-mail: pbledsoe@polsinelli.com and via hand delivery)

   Anthony Shaheen, Esq. (via e-mail: AJShaheen@hollandhart.com)

   Keeya M. Jeffrey (via e-mail: KMJeffrey@hollandhart.com)