```
 1                IN THE UNITED STATES DISTRICT COURT
 2                    FOR THE DISTRICT OF COLORADO
 3     Case No. 11-cv-01611-MSK-CBS
 4     _____
 5     WESTERN CONVENIENCE STORES, INC., et al.,
 6          Plaintiffs,
 7     vs.
 8     SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,
 9          Defendant.
10     _____
11             Proceedings before CRAIG B. SHAFFER, United States
12     Magistrate Judge, United States District Court for the
13     District of Colorado, commencing at 1:33 p.m., November 16,
14     2012, in the United States Courthouse, Denver, Colorado.
15     _____
16             WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS
17     ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...
18     _____
19                               APPEARANCES
20          KATHLEEN E. CRAIGMILE and JEFFREY McCLELLAND,
21     Attorneys at Law, appearing for the plaintiffs.
22          KEEYA M. JEFFREY and MICHAEL R. McCORMICK,
23     Attorneys at Law, appearing for the defendant.
24     _____
25                     TELEPHONIC STATUS CONFERENCE
```

```
 1                    APPEARANCES (Cont'd)
 2              PHILIP W. BLEDSOE, Attorney at Law, appearing for
 3     the plaintiffs.
 4                       P R O C E E D I N G S
 5              (Whereupon, the within electronically recorded
 6     proceedings are herein transcribed, pursuant to order of
 7     counsel.)
 8              THE CLERK:  Court is in session.
 9              THE COURT:  Good afternoon.  This is Magistrate
10     Judge Shaffer.  We are on the record in 11-cv-1611, Western
11     Convenience Stores, Inc. versus Suncor Energy.  Who's on the
12     telephone.
13              MS. CRAIGMILE:  Your Honor, this is Kate Craigmile
14     on behalf of the plaintiffs.  With me I have Jeff McClelland,
15     a brand, brand, brand new associate in our office.  He'll be
16     entering an appearance in the case.
17              THE COURT:  Okay.
18              MR. BLEDSOE:  And Phil Bledsoe is also on -- here
19     on behalf of the plaintiff, Your Honor.
20              THE COURT:  Okay.
21              MS. JEFFREY:  Keeya Jeffrey on behalf of Suncor.
22              MR. McCORMICK:  Good afternoon, Your Honor.
23     Michael McCormick on behalf of Dillon.
24              THE COURT:  All right.  Folks, I was somewhat
25     surprised when my staff contacted me by e-mail today saying
```

```
 1    that there was a proposal to vacate this.  I -- I thought I'd
 2    been pretty clear that I wanted to chat with you and so I'm
 3    glad I've got everybody on the line.  What's going on with
 4    these pending motions/objections?  I mean, one way or the
 5    other I'd like to get these things wrapped up.  If I have to
 6    decide them then I decide them, if I don't I don't, but I'm
 7    not exactly sure why it's taking so long to reach some
 8    resolution.
 9              MS. CRAIGMILE:  Sure.  Your Honor, this is Kate
10    Craigmile.  We have been working with the counsel from Dillon
11    to reach an agreement that would hopefully result in the
12    withdrawal of all the motions or the mooting of all of the
13    motions.  I think some may be moot, and I think Mr. McCormick
14    can speak to that, you know, which motions in his mind may
15    need to be ruled on in the event that we can't reach an
16    agreement, but we're trying to work through that quickly.
17              We've provided also to Dillon's counsel a very
18    close to final yet draft Rule 30(b)(6) deposition notice so
19    that we can take the deposition of Kroger and that will go
20    forward one way or the other, but we're making sure we work
21    to make -- to get witnesses identified and make sure that any
22    issues about that deposition get out on the table in a timely
23    manner, but that's on the -- on the schedule as well.  But I
24    can let Mr. McCormick speak to -- to the motions that are
25    pending.
```

```
 1                THE COURT:  Go ahead.
 2                MR. McCORMICK:  Yes, Your Honor.  I think that's a
 3    fairly accurate summary.  I think there are -- there are
 4    certainly pending motions before the Court.  The Court also
 5    indicated that Dillon should file a motion for fees and costs
 6    related to the subpoena fairly quickly as well.  And that
 7    will be -- the ongoing negotiation with the plaintiff would
 8    -- would hopefully -- if we're able to enact that agreement
 9    would resolve all those issues.  And the reason that we're
10    trying to postpone that is we certainly don't want the -- the
11    Court to rule on something if we can try to resolve it by
12    agreement.  Our hope regarding the 30(b)(6) deposition, that
13    that would be covered by the agreement as well and it may
14    actually just be an interview as opposed to a formal
15    deposition.
16                THE COURT:  Well, listen, folks, I -- I don't want
17    to discourage you from working together cooperatively.  I'm a
18    big fan of that, and to the extent that you can resolve
19    issues and thereby eliminate the need to file motions, I
20    think that's a great objective to work towards.  But my
21    question is, for instance, there is current -- I mean, forget
22    about me, there is currently pending before Judge Krieger an
23    objection/appeal of an order I entered.  Now, as a practical
24    matter I would hate for Judge Krieger's staff to spin their
25    wheels dealing with an objection which is probably largely
```

1    moot in light of the discovery that we have been wrestling
2    with for the last several weeks/months.  I don't know
3    necessarily that that's the best use of Judge Krieger's time.
4    And similarly there's a Motion 110, a Motion for
5    Reconsideration of my Order Denying the Motion to Quash.
6    Well, I would think that ship has pretty much sailed.  And
7    then there's a Motion for a Partial Stay of the August 17,
8    2012 order that I entered.  It's been awhile since I looked
9    at that, but my suspicion is that's probably moot in most, if
10   not all, respects as well.  And it's those -- I mean, listen,
11   folks, you can -- you can wrestle with fees and costs and I
12   encourage you to try to work that out, but it's these three
13   submissions that I'm -- I'm trying to focus on.  What is left
14   for Dillon vis-à-vis these three motions or/objection.
15             MR. McCORMICK:  Your Honor, I'm sorry.  I'm having
16   a hard time -- I'm having a hard time hearing your last
17   question.  What was the last about Dillon?
18             THE COURT:  Yeah.  Basically -- basically what
19   I've got is there's a pending fully briefed objection that's
20   before Judge Krieger.  There's a Motion to Stay, a Partial
21   Stay, of my August 17, 2012 order, and then there's a Motion
22   for Reconsideration of My Order.  Now, my sense is given how
23   hard Dillon has been working in the last month to two months
24   to produce materials in response to the subpoena, given the
25   number of discussions we've had, are any of these motions

1    and/or objections largely moot and, therefore, essentially no

2    longer deserving of attention by either a Magistrate Judge or

3    a District Judge.

4    MR. McCORMICK:  Your Honor, in summary our answer

5    would be no since the -- the issues with the subpoena appear

6    to be ongoing and so until or unless we've reached a

7    resolution with the plant we would be concerned and -- and

8    would still view those as active motions.

9    THE COURT:  Well, I guess my sense though is --

10    here's I guess what I don't understand.  I haven't quashed

11    the subpoena.  The subpoena isn't going to be quashed.  Now,

12    if you reach a point in this ongoing discussion where you

13    think there's a justification for relief under 26(c) that's

14    more precisely focused on a particular request or particular

15    aspect of a request, but -- and I haven't looked through

16    these motions in awhile, but they were fairly sweeping and I

17    guess my sense is -- I just don't really want to have these

18    motions hanging around on my docket.  And -- and the problem

19    is you guys keep telling me you're chatting, and chatting is

20    a good thing, but I'm wondering when we get past the chatting

21    and into the making progress and coming to conclusion stages,

22    and that's what these e-mails I get on a Thursday afternoon

23    don't really suggest.  They simply say Judge, cancel the

24    phone call because we're still talking.  I mean --

25    MR. McCORMICK:  Yes, Your Honor, and --

```
 1                THE COURT:  -- and we're sort of at the put up or
 2      shut up point, folks.
 3                MS. CRAIGMILE:  Well, I can say from plaintiff's
 4      perspective, Your Honor, is that we think that there's been
 5      adequate compliance following the Court's order.  I mean, it
 6      was -- it was rough going getting there.  But after your
 7      order with all of the subpoena requests with the exception of
 8      10 which is related to the research and Kroger is still
 9      pulling documents, one of the things that we are trying to
10      reach agreement about, what's the research studies about, you
11      know, the competitive nature of the industry and -- and
12      specifics related to Western and to the Loaf'N Jug stores,
13      that type of thing, that is one of the acts that we are
14      trying to reach agreement about because, you know, there were
15      quite a few (inaudible) requests under that having 10 on the
16      subpoena.  To the best of my knowledge except for that one
17      subpoena request it seemed to offset most of the motions
18      would be moot because we don't -- we don't see any
19      noncompliance with the other subpoena items.
20                THE COURT:  What do you say, Dillon?
21                MR. McCORMICK:  Your Honor, it's -- it's -- it's
22      certainly (inaudible) to say because I think the agreement
23      essentially does resolve those issues that plaintiff's
24      counsel has raised regarding their subpoena requests.  We're
25      just trying to finalize that.  But, you know, certainly if
```

 1     they stipulate that we're in compliance with the subpoena and
 2     all the other requests then in that case, you know, then they
 3     could be viewed as -- as moot with respect to everything
 4     except for request Number 10.
 5              THE COURT:  I guess, but then -- then it would
 6     seem to me the logical course of action at least from my
 7     perspective if you've resolved everything except one discrete
 8     request it would seem to me to be the more sensible approach
 9     to deny Document 109 which is the Motion to Stay because
10     there's for all intents and purposes really nothing to stay,
11     deny the Motion for Reconsideration for much the same
12     reasons.  And if -- at some point if I deny those motions
13     without prejudice if Dillon at some point has the basis for a
14     narrowly focused motion then you're certainly free to file
15     that, but to keep on file or keep on the docket two fairly
16     expansive motions that are largely overtaken by events seems
17     to me to be inefficient.  So unless Dillon can give me a
18     compelling reason why that proposed course of action doesn't
19     make sense that's what I would propose to do, and based upon
20     Miss Craigmile's representations here on the record I don't
21     think my proposal is going to disadvantage or prejudice
22     Dillon in the slightest.  What do you think, counsel?
23              MR. McCORMICK:  I think -- I think, Your Honor, I
24     -- I think that I can't argue with the Court's reasoning,
25     but, you know, of course we'd be more comfortable with

1      finalizing the agreement first.
2             THE COURT:  Well, I understand, but -- but,
3      remember, I've -- I was looking for a good reason.  Comfort
4      -- I mean, Dillon, at this point I think we -- I need
5      something a little more substantial than Dillon's comfort
6      level.  I was thinking something along the lines of a legal
7      argument.
8             MR. McCORMICK:  Yes, Your Honor.  Again, I think
9      if the -- I think the Court is correct that if all the issues
10     regarding Request Number 1 through 9 are stipulated to be
11     resolved then the motion, the objection, and the Motion for
12     Reconsideration and the Motion for Stay are moot with respect
13     to those requests.
14            THE COURT:  Okay.  So here's what I'm going to do,
15     Robin, the record will reflect that after hearing from
16     counsel I am denying without prejudice Document 109.  I am
17     denying without prejudice Document 110.  I encourage counsel
18     to continue their discussions and I appreciate, and I mean
19     this very sincerely, I appreciate counsels' efforts to be
20     cooperative and to move this process forward efficiently, and
21     I hope those efforts continue and I hope they prove to be
22     ultimately successful.  Should those efforts with respect to
23     request Number 10 break down Dillon obviously would have the
24     right under Rule 26 or Rule 45 to seek further relief from
25     the Court specifically directed to some or all of requests

 1     Number 10, but I don't see much reason to keep broadly
 2     drafted motions on the docket to potentially and perhaps
 3     unnecessarily address problems of a much narrower nature.  So
 4     I'm denying 109 and I'm denying 110 without prejudice.
 5              Now, I obviously can't speak for Judge Krieger,
 6     but I would -- and let me underline this.  I would encourage
 7     Dillon in the strongest possible terms to evaluate
 8     Document 107.  That is the objection they filed with Judge
 9     Krieger.  In light of the action on 109 and 110 there at
10     least to me doesn't seem much reason to file an objection.
11     If upon careful reflection Dillon agrees with me then I think
12     in fairness and as a courtesy to Judge Krieger and her staff
13     Dillon might want to withdraw that objection, however --
14     simply that way Judge Krieger and her staff don't spin their
15     wheels unnecessarily.  If, of course, Dillon believes the
16     objection still has some merit they're certainly free to
17     continue it, but I think much like our conversation today the
18     folks at Dillon just have to make a decision one way or the
19     other.
20              MR. McCORMICK:  Your Honor, Michael McCormick.  I
21     apologize.  And I certainly don't want this to be viewed as
22     questioning the ruling, but just for purpose of the record --
23              THE COURT:  Sure.
24              MR. McCORMICK:  -- I did wish to -- I did wish to
25     clarify that it could -- although it could be viewed as moot,

1   with regards to the objection and -- and these motions Dillon
2   has put -- set forth that the protective order is not
3   adequate protection for the trade secrets.  And I realize
4   that the Court has made it very clear to us that the Court
5   disagrees with that position, but I do want to say just for
6   purposes of the record that Dillon may wish to preserve the
7   objection with regard to that aspect of it.
8           THE COURT:  Okay.  And, listen, and, again, that's
9   why I said ultimately it's Dillon's decision whether to
10  pursue the objection.  I guess my question though and -- and,
11  now I'm -- again, I'm trying to be helpful.  My question
12  would be given the fact that Dillon object -- my
13  recollection, again, I haven't looked at it in awhile, my
14  recollection is Dillon was arguing when they filed the motion
15  on August 31st that the most -- that the protective order
16  entered between Suncor and Western Convenience was not
17  adequate to protect Dillon's interests; is that right?
18          MR. McCORMICK:  Correct.
19          THE COURT:  Now, my understanding is that since
20  then Dillon and Western Convenience have entered into their
21  own protective order.
22          MR. McCORMICK:  The -- yes, Your Honor, the plant
23  and -- and Western, yes, and Dillon --
24          THE COURT:  So -- so --
25          MR. McCORMICK:  -- and I believe Suncor is a party

```
 1      as well.
 2                THE COURT:  Right.  It's a somewhat anomalous
 3      situation because even if -- in other words, right now I'm --
 4      I guess what I'm saying is to some extent that portion of
 5      your objection is moot because that's not the protective
 6      order that currently governs the production.  And so to some
 7      extent your objection is sort of addressing a state of
 8      affairs that really isn't reflective of what's going on.
 9      Now, if you were to file a new objection, although I don't
10      know that you would -- I don't know how you could file an
11      objection to the new protective order, but for what it's
12      worth I'm -- I don't know -- I understand that Dillon, like
13      most companies, wants to protect the record.  I'm just not
14      exactly sure what record your think -- you think you're
15      protecting with this filing on August 31 given everything
16      that's transpired since.
17                MR. McCORMICK:  Yes, Your Honor.  Well, I'm not
18      sure what else to say other than, again, that we -- that we
19      view the -- even the supplemental protective order as
20      inadequate to protect our trade secrets and we just wish to
21      preserve that objection for the record.  I'll talk with
22      Dillon after this hearing and see if they wish to continue on
23      those lines, but they did --
24                THE COURT:  I'm just curious, counsel, what --
25      what remedy would you suggest Judge Krieger could enter based
```

```
 1    upon your filing of August 31 and what's the likelihood you
 2    think she's going to do that?
 3              MR. McCORMICK:  Well --
 4              THE COURT:  I mean, I understand lawyers always
 5    want to preserve the record.  It's almost a mantra among
 6    trial attorneys and in some cases I think it's a very sound
 7    position to take, but given -- given the -- the current
 8    status of this record I'm not exactly sure what it is you're
 9    trying to protect and what relief you think Judge Krieger
10    could give you.
11              MR. McCORMICK:  Well, again, I think the Court's
12    point is -- is well taken and we'll certainly take that into
13    consideration.
14              THE COURT:  Okay.  Well, I -- I mean, the only
15    thing I would also tell you is -- and I don't know that she
16    would, but in the event that Judge Krieger decides to have
17    oral argument on this objection you might -- you and your
18    colleagues at Dillon might start preparing a response that is
19    a little less equivocal.  Okay?
20              MR. McCORMICK:  Yes, Your Honor.
21              THE COURT:  All right.  Folks, well, I appreciate.
22    We -- we got rid of two out of the four.  I will go ahead --
23    Robin, we'll grant 118.  I think 118 which is a Motion for
24    Leave to Restrict Document, I don't think that's an opposed
25    motion, is it, Miss Craigmile?
```

```
 1                  MS. CRAIGMILE:  Yes.  I'm sorry.  The Motion for
 2     Leave to?
 3                  THE COURT:  Restrict Document 118.
 4                  MS. CRAIGMILE:  No, no, no, that was -- no.  I
 5     don't believe it was ever intended to get (inaudible).
 6                  THE COURT:  Right.  So we'll just go ahead and
 7     grant 118, too, Robin.  So that -- all that's left is the
 8     objection upon Judge Krieger and that's obviously not in
 9     front of me so I can't speak to that one in any more detail.
10                  All right.  Folks, I'm assuming, Miss Craigmile,
11     discovery vis-à-vis Suncor's moving along?
12                  MS. CRAIGMILE:  Yes.  We -- we served a status
13     discovery request, a response date at the latest next Monday
14     or Tuesday and so, of course, we'll keep you advised if that
15     process breaks down at all, but I don't have any reason to
16     believe that it will at this point.
17                  THE COURT:  Okay.
18                  MS. CRAIGMILE:  We have a call next Friday.  I
19     can't -- the day after Thanksgiving and I just want to
20     plan --
21                  THE COURT:  Yeah.  My feeling is we can -- we can
22     pull the plug on that one.
23                  MS. CRAIGMILE:  Thank you, Your Honor.
24                  THE COURT:  You got it.  Take care, folks.  Have a
25     good holiday.
```

```
 1                MS. CRAIGMILE:  Thank you.  You, too.
 2                THE COURT:  Thank you.
 3                MR. McCORMICK:  Thank you, Your Honor.
 4                MS. CRAIGMILE:  Bye-bye.
 5                THE CLERK:  Court is in recess.
 6                (Whereupon, the within hearing was then in
 7      conclusion at 1:53 p.m., on November 16, 2012.)
 8
 9
10                I certify that the foregoing is a correct
11      transcript, to the best of my knowledge and believe (pursuant
12      to the quality of the recording) from the record of
13      proceedings in the above-entitled matter.
14
15
16
17         /s/ Laurel Tubbs                       May 16, 2013
18      Signature of Transcriber                     Date
19
20
21
22
23
24
25
```