# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

### MOTION BY INTERESTED NON-PARTY DILLON COMPANIES, INC. TO RESTRICT ACCESS TO DOC. #240, DOC. #240-1, DOC. #240-2 AND DOC. #240-3

_____

Comes now interested non-party Dillon Companies, Inc. ("Dillon"), by and through its attorneys, Montgomery Little & Soran, P.C., and submits this Motion to Restrict Access to Doc. #240, Doc. #240-1, Doc. #240-2 and Doc. #240-3 pursuant to D.C. Colo. L. Civ. R. 7.2(B).

## Conferral Pursuant to D.C. Colo. L. Civ. R. 7.1(A)

In accordance with D.C. Colo. L. Civ. R. 7.1(A), counsel for Dillon certifies that counsel discussed the relief requested in this Motion with Counsel for Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC (collectively "Western"). While Western does not oppose the relief requested in this motion (i.e. restricting access to Doc. #240, Doc. #240-1, Doc. #240-2 and Doc. #240-3) pending the Court's ruling concerning Defendant Suncor Energy (U.S.A.) Inc.'s ("Suncor") Motion to Restrict Access (Doc. #188)), Western does not hereby waive their arguments that the documents at issue in Suncor's Motion to Restrict Access (Doc. #188) should be accessible to the public or produced to Mr. Taraghi. *See* Western's response to Suncor's motion to restrict access (Doc. #193). Suncor has no objection to the relief requested in this motion.

## MOTION AND RELIEF SOUGHT

1. On April 26, 2013, Dillon filed its Motion for Fees and Costs (Doc. #226)

2. On June 11, 2013, Western filed its response (Doc. #239) to Dillon's Motion for Fees and Costs (Doc. #226). Western included as exhibits to their response the following documents: (A) a Kroger marketing study titled: "Drivers of Choice: Fuel Centers" (Doc. #240); (B) an excerpt from David M. Wilson's deposition transcript (Doc. #240-1); (C) an excerpt from Chad Thiessen's deposition transcript (Doc. #240-2); and (D) an excerpt from Edward Sharpe's deposition transcript (Doc. #240-3) (collectively,

"Documents").  The Documents were designated by Dillon as "Secret", subject to the Supplemental Protective Order (Doc. #140).

3. D.C. Colo. L. Civ. R. 7.2(B)(2) allows for restriction of public access to documents filed with the Court.  Under the Rule, the movant must set forth why "such interest outweighs the presumption of public access.  D.C. Colo. L. Civ. R. 7.2(B)(2). The movant must also "identify a clearly defined and serious injury that would result if access is not restricted" and "explain why only restricted access will adequately protect the interest in question."  D.C. Colo. L. Civ. R. 7.2(B)(3) and(4).

4. When the presumption that judicial files are to be available to the public is outweighed by interests which favor nondisclosure, a court may restrict access to such material. *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997); *See also Stanislaus Food Products Co. v. USS-POSCO Industries*, 2012 WL 6160468l (E.D. Cal.); *Layne Christiansen Co. v. Pure Light Co.*, 271 F.R.D. 240 (D. Kan. 2010); *S2 Automation, LLC v. Micron Technology, Inc.*, 283 F.R.D. 671 (D. N.M. 2012). The interests of protection and preservation of confidential proprietary information have justified restricting public access to such information.  *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010); *See also Nixon v. Warner Communications*, 435 U.S. 589, 598 (U.S. 1978) (reiterating that "courts have refused to permit their files to serve as sources of business information that might harm a litigant's competitive standing").

5. Doc. #240 is a study titled: "Drivers of Choice: Fuel Centers" that Dillon produced in response to Request No. 10 of the subpoena dated April 26, 2012 ("First

Subpoena") (Doc. #57-1).  Dillon redacted the study to exclude information outside of the Pertinent Geographical Area (as defined in the First Subpoena).  *See* Doc. #240. Disclosure of the research in this study would reveal a component of Kroger's go-to-market strategy, including survey questions Kroger deems relevant, in obtaining information Kroger considers in developing its strategies.  *See* Declaration of Susan Giannola (Doc. #107-6), Paragraphs 18-21.  Such disclosure would also provide a direct competitor of Kroger with a set of information that resulted from Kroger's specialized procedures for gathering, organizing and interpreting data.  *See Id.*  This information would be of great economic and strategic value to Kroger's competitors.  *See Id.*

      6.      Doc. #240-1, Doc. #240-2, and Doc. #240-3 are deposition transcripts including information regarding Dillon's fuel purchases from suppliers.  Details regarding Dillon's fuel purchases from suppliers constitute sensitive proprietary information because Dillon's purchase history is a direct reflection of Dillon's internal business strategies.  *See* Supplemental Declaration of Susan Giannola (Doc. #165-1); Declaration of Chad Thiessen (Doc. #165-2) and Declaration of Ed Sharpe (Doc. #174). If the information included in these documents is disclosed to the public, then it could allow any and all of Dillon's competitors to access this private information.  Dillon's competitors could and may use this information to aggressively compete against Dillon which would result in substantial harm to Dillon's ability to remain competitive in the fuel market.

7. Details regarding Dillon's marketing studies and fuel purchase history are not generally known to the public and Dillon takes great precaution to assure the privacy of such information. Restricting public access to the Documents will adequately protect this information.

8. For the reasons stated in, *inter alia*, Dillon's Motion for Fees and Costs (Doc. #226), Dillon continues to object to Western's filing restricted documents with the Court that should be accompanied by a motion to restrict access. *See* Dillon's Motion for Fees and Costs ("Motion for Fees and Costs") (Doc. #226), Paragraphs 41-47 and 77. Dillon has objected and continues to object to Western not filing motions to restrict access to these documents as required by the Supplemental Protective Order (Doc. #140).

WHEREFORE, Dillon respectfully requests that the Court grant an order of Level 1 restriction concerning Doc. #240, Doc. #240-1, Doc. #240-2 and Doc. #240-3.

Dated:  June 25, 2013.

           s/*Michael R. McCormick*
           Christopher A. Taravella, #7790
           Michael R. McCormick, #33682
           Montgomery Little & Soran, P.C.
           5445 DTC Parkway, Suite 800
           Greenwood Village, Colorado 80111
           Phone Number: (303) 773-8100
           Fax Number: (303) 220-0412
           E-mail:  ctaravella@montgomerylittle.com
                   mmccormick@montgomerylittle.com
           *Attorney for Dillon Companies, Inc.*
           *Interested Non-Party*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO 80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-Denver
555 17th Street, Suite 3200
Denver, CO 80201

s/ *Michael R. McCormick*
Montgomery Little & Soran, P.C.