**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

      Western/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

      Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

      Third-Party Defendants.

_____

**APPENDIX**

**REPLY IN SUPPORT OF MOTION FOR FEES AND COSTS
BY INTERESTED NON-PARTY DILLON COMPANIES, INC.**
_____

Dillon Companies, Inc. ("Dillon"), by and through its attorneys, Montgomery Little

& Soran, P.C., respectfully submits this Appendix to its Reply in Support of Dillon's

Motion for Fees and Costs, filed contemporaneously herewith.  Please see Pages 17-18

of Western's Response (Doc. #239) to Dillon's Motion for Attorney Fees and Costs for a

list of items this Appendix replies to.

**A.     Entries for Fees Western Alleges Were Incurred in Responding to Questions from Suncor's Experts.**

1.      Dillon provided follow-up information to both Western's and Suncor's attorneys regarding the information Dillon produced because the rules require conferral concerning discovery issues.  *See, e.g.* F.R.C.P. 37(a)(5)(i).   Accordingly, consulting with Suncor's counsel was a natural by-product of Dillon's producing the information. Dillon's counsel also responded to extensive questions from Western's counsel.   *See* for example and without limitation Exhibit D, 9/19/12 MRM entry ("phone conference with Plaintiffs & their IT expert and Mr. Prior to discuss availability of information, scope of items requested and IT issues"); Exhibit E, 10/4/12 MRM entry ("Consultation with Plaintiffs' counsel . . .  re: format for 5(h), modified 7, formats for 8 & 9. . . . "); Exhibit E, 10/10/12 MRM entry ("Phone conferral with Ms. Craigmile re: production of original spreadsheets . . .  in Excel format & Plaintiffs' modified request number 7"); Exhibit I, 2/5/13 MRM entry ("study email from Western's counsel re: requesting Dillon's pricing strategies allegedly mentioned during Giannola deposition"); Exhibit I, 2/22/13 MRM entry ("Phone call with Ms. Sudkamp and Mr. Bledsoe to discuss Mr. Bledsoe's follow up questions regarding the information Dillon produced").

**B.     Entries for Attorney Fees That Western Alleges Were For Researching and Preparing Witnesses Regarding the Robinson-Patman Act and C.R.S. § 6-2-113 or Other Issues Relating to the Merits of Western's Claims.**

2.      These entries were necessary for preparing Dillon's witnesses for their depositions by Western.  The witnesses required some basic familiarity with the antitrust

laws applicable to Western's price discrimination claims to understand and respond to some of Western's topics of inquiry.  *See* Second Subpoena (Doc. #159-1) and Exhibit Z to Dillon's Motion for Fees and Costs (Dillon's letter of designation).

**C.     Entries for Attorney Fees That Western Alleges Were For Attempting to Negotiate a Covenant by Western Not to Due Dillon.**

3.      Dillon included these time entries because Western initiated the proposed covenant not to sue, not Dillon.  Additionally, the proposed covenant not to sue contained an agreement concerning the handling of documents Dillon produced that were to be re-designated under the Supplemental Protective Order with a different or higher designation.  *See, e.g.,* Exhibit F, MRM entry on 11/8/12.

**D.     Entries for Attorney Fees That Western Alleges Were For Fees Incurred in Preparing Objections, Declarations or Other Documents to Challenge Rather Than Comply With a Subpoena.**

4.      The first entry Western cites to support this proposition was for preparing a status report to the Court regarding how the First Subpoena's requests were modified and whether Dillon could produce documents on or before the Court's September 17, 2012 deadline.  Exhibit C, 8/26/12 MRM Entry.  Accordingly, this task fell under "Preparing and filing status reports and related documents. . . with the Court concerning: (A) what documents were available in response to the First Subpoena; and (B) what documents Dillon had produced or would produce in response to the First Subpoena. . . ."  *See* Dillon's Motion for Fees and Costs, Paragraph 48(a)(viii). Likewise, all or portions of the other entries Western disputes fall into categories of tasks that Dillon seeks in Paragraphs 48-50 of its Motion for Fees and Costs.

**E.      Entries for Attorney Fees That Western Alleges Were For Redacting Documents That Were Already Afforded "Secret" or "Highly Confidential" Protection Under the Supplemental Protective Order.**

5.      The Supplemental Protective Order (Doc. #140) was not entered until October 17, 2012.  Dillon made some redactions of trade secret information before the Supplemental Protective Order entered but ultimately did not include these redactions in the information it produced to Western.  Other redactions were made after the Supplemental Protective Order was entered to exclude information outside of the Pertinent Geographical Area and Pertinent Time Frame of the First Subpoena.  For example and without limitation, Dillon redacted the marketing studies produced in response to Request No. 10 of the First Subpoena because they were nationwide in scope to exclude information outside of the Pertinent Geographical Area.

**F.      Entries for Attorney Fees That Western Alleges Are So Significantly Redacted That it is Impossible to Determine the Work Performed.**

6.      Western cites only one entry for $518 (1/16/13 ALT, Motion Exhibit H) to support this alleged grievance.  Response, Page 18, Footnote 8. Dillon redacted attorney-client communications and work product from this entry, as well as other entries in the invoices.  *See* Dillon's Motion for Fees and Costs, p. 25, footnote 8.   This 1/16/13 entry was related to: "[p]reparing and submitting declarations from Dillon's employees concerning why the documents Dillon produced should not be changed to a lower designation."  Paragraph 48(b)(ii), Dillon's Motion for Fees and Costs.  Dillon will submit the un-redacted entry to the Court for *in camera* review upon request.

4

Dated:  July 12, 2013.

s/*Michael R. McCormick*
Christopher A. Taravella, #7790
Michael R. McCormick, #33682
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Phone Number: (303) 773-8100
Fax Number: (303) 220-0412
E-mail:  ctaravella@montgomerylittle.com
             mmccormick@montgomerylittle.com
*Attorney for Dillon Companies, Inc.*
*Interested Non-Party*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2013 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann &
Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO 80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-D enver
555 17th Street, Suite 3200
Denver, CO 80201

s/ *Michael R. McCormick*
Montgomery Little & Soran, P.C.