| | |
|---|---|
| **From:** | Michael McCormick |
| **To:** | "Kenneth Bennington" |
| **Cc:** | Kate Craigmile; pbledsoe@polsinelli.com; Marie Newberger |
| **Subject:** | RE: WCS v. Suncor - motion to restrict access to Doc. #240 |
| **Date:** | Tuesday, June 25, 2013 7:59:00 PM |

Ok, I will put Dillon's position on that issue into the body of the motion & leave out Western's position. I did not caption it as an unopposed motion. Thank you, Michael McCormick

**From:** Kenneth Bennington [mailto:KRB@Benningtonjohnson.com]
**Sent:** Tuesday, June 25, 2013 7:54 PM
**To:** Michael McCormick
**Cc:** Kate Craigmile; pbledsoe@polsinelli.com; Marie Newberger
**Subject:** Re: WCS v. Suncor - motion to restrict access to Doc. #240

Michael, I object to that. What you have here is merely argument. It is not a certification. We've already stated our arguments in the briefs and it is completely inappropriate to be restating it all over again.

KRB

On Jun 25, 2013, at 7:21 PM, "Michael McCormick" <mmccormick@montgomerylittle.com> wrote:

> Ken, FYI, I also added the following paragraphs to the certificate of conferral:
>
> "For the reasons stated in, *inter alia*, Dillon's Motion for Fees and Costs (Doc. #226), Dillon continues to object to Western's filing restricted documents with the Court that should be accompanied by a motion to restrict access. *See* Dillon's Motion for Fees and Costs ("Motion for Fees and Costs") (Doc. #226), Paragraphs 41-47 and 77. Dillon has objected and continues to object to Western not filing motions to restrict access to these documents as required by the Supplemental Protective Order (Doc. #140).
>
> Western asserts that Dillon was and is obligated to file the motions to restrict access under the Supplemental Protective Order (Doc. #140) for the reasons stated in Paragraphs 36-38 on Pages 26-27 of Western's Response (Doc. #239) to Dillon's Motion for Fees and Costs."
>
> Please let me know if you want me to amend the certificate of conferral after you read the final motion.

**EXHIBIT JJ**

Michael McCormick

**From:** Kenneth Bennington [mailto:KRB@Benningtonjohnson.com]
**Sent:** Tuesday, June 25, 2013 5:32 PM
**To:** Michael McCormick
**Cc:** Kate Craigmile; pbledsoe@polsinelli.com; Marie Newberger
**Subject:** RE: WCS v. Suncor - motion to restrict access to Doc. #240

The certificate is fine with us.

*KRB*

<image001.jpg>

3500 Republic Plaza | 370 17th Street | Denver | Colorado | 80202 | 303.629.5200 | www.benningtonjohnson.com

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, may contain information that is confidential and/or legally privileged and is intended solely for the use of the named recipient.

**From:** Michael McCormick [mailto:mmccormick@montgomerylittle.com]
**Sent:** Tuesday, June 25, 2013 5:22 PM
**To:** Kenneth Bennington
**Cc:** Kate Craigmile; pbledsoe@polsinelli.com; Marie Newberger
**Subject:** RE: WCS v. Suncor - motion to restrict access to Doc. #240

Ken:

Sorry for not responding earlier.  I was out of the office for a few days and just got back a few minutes ago.  We are not joking and take this matter very seriously.  Unfortunately, it appears that Western has not changed its position and Dillon will have to file another motion today.  Dillon continues to object to this and will seek relief from the Court.

I will use a similar certificate of conferral that we used for the prior motions:

"While Western does not oppose the relief requested in this motion (i.e. restricting access to Doc. #240, 240-1, 240-2 and 240-3) pending the Court's ruling concerning Defendant Suncor Energy (U.S.A.) Inc.'s ("Suncor") Motion to Restrict Access (Doc. #188)), Western does not hereby waive their arguments that the documents at issue in Suncor's Motion to Restrict Access (Doc. #188) should be accessible to the public or produced to Mr. Taraghi.  *See* Western's response to Suncor's motion to restrict access (Doc. #193)"

I apologize for not consulting with you regarding the certificate of conferral before filing the motion.  If you would like for me to file an amended certificate of conferral, then please let me know.

Please call me if you have any questions or concerns regarding this e-mail.  Thank you.

Michael McCormick

**From:** Kenneth Bennington [mailto:KRB@Benningtonjohnson.com]
**Sent:** Friday, June 21, 2013 10:57 AM
**To:** Michael McCormick
**Cc:** Kate Craigmile; pbledsoe@polsinelli.com; Marie Newberger
**Subject:** RE: WCS v. Suncor - motion to restrict access to Doc. #240

Michael,

You must be joking.  Otherwise I can only assume that purpose of this email would be posturing for your client.  Please read paragraph 36 on page 26 of the WCS Response to the Dillon motion for fees.

*KRB*

<image001.jpg>

3500 Republic Plaza | 370 17th Street | Denver | Colorado | 80202 | 303.629.5200 | www.benningtonjohnson.com

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, may contain information that is confidential and/or legally privileged and is intended solely for the use of the named recipient.

**From:** Michael McCormick [mailto:mmccormick@montgomerylittle.com]
**Sent:** Friday, June 21, 2013 9:42 AM
**To:** Kenneth Bennington
**Cc:** Kate Craigmile; pbledsoe@polsinelli.com; Marie Newberger
**Subject:** WCS v. Suncor - motion to restrict access to Doc. #240

Ken:

As you know, on June 11, 2013, Western filed its response to Dillon's motion for fees and costs with the Court.  Western's response included four documents that Dillon designated as "Secret" under the Supplemental Protective Order: (A) a redacted Kroger study (Doc. #240), (B) an excerpt from Mr. Wilson's deposition transcript (Doc. #240-1); (C) an excerpt from Mr. Thiessen's deposition transcript (Doc. #240-2); and (D) an excerpt from Mr. Sharpe's deposition transcript (Doc. #240-3) (collectively, "Documents").  We are concerned that: (A) Western continues to file Documents with the Court that should be accompanied by a motion to restrict access; (B) Western apparently continues to expect Dillon to file motions to restrict access to same notwithstanding the provisions of the Supplemental Protective Order requiring Western to file motions to restrict access to these Documents; and (C) Western argues in Paragraph 37 of its response to Dillon's motion for fees and costs that Dillon is willingly doing this without objection.  Dillon has objected and continues to object to Western not filing motions to restrict access to these Documents as required by the Supplemental Protective Order.  Dillon was previously forced to file motions to restrict access  because Western refused to do so.  Please let us know whether Western will meet its obligations under the Supplemental Protective Order and file a motion to restrict the Documents.  If we do not hear from you, then Dillon will again be forced to  file a motion to restrict access (at Western's expense) on or before June 25, 2013.

Please call me if you have any questions or concerns about this e-mail.  We appreciate your assistance with this matter.  Thank you.

Michael R. McCormick
Montgomery Little & Soran, PC
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Phone: (303) 779-2721
Fax: (303) 220-0412
Cell: (303) 396-2637
mmccormick@montgomerylittle.com

The information contained in this communication is confidential, is intended only for the use of the addressee, is the property of MONTGOMERY LITTLE & SORAN, P.C., and may be privileged.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful.  If you have received this communication in error, please notify us immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.