# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

### SECOND RENEWED AND UNOPPOSED MOTION BY INTERESTED NON-PARTY DILLON COMPANIES, INC. TO RESTRICT ACCESS TO DOC. #192-1, DOC. #200 AND DOC. #200-4

_____

Comes now interested non-party Dillon Companies, Inc. ("Dillon"), by and through its attorneys, Montgomery Little & Soran, P.C., and submits this Second Renewed and Unopposed Motion to Restrict Access to Doc. #192-1, Doc. #200, and Doc. #200-4 pursuant to D.C. Colo. L. Civ. R. 7.2(B) ("Second Renewed Motion").

### Conferral Pursuant to D.C. Colo. L. Civ. R. 7.1(A)

In accordance with D.C. Colo. L. Civ. R. 7.1(A), counsel for Dillon certifies that counsel discussed the relief requested in this Renewed Motion with Counsel for

Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC (collectively "Western"). While Western does not oppose the relief requested in this motion (i.e. restricting access to Doc. #192-1, Doc. #200, and Doc. #200-4) pending the Court's ruling concerning Defendant Suncor Energy (U.S.A.) Inc.'s ("Suncor") Motion to Restrict Access (Doc. #188)), Western does not hereby waive their arguments that the documents at issue in Suncor's Motion to Restrict Access (Doc. #188) should be accessible to the public or produced to Mr. Taraghi. *See* Western's response to Suncor's motion to restrict access (Doc. #193). Suncor has no objection to the relief requested in this motion.

## MOTION AND RELIEF SOUGHT[1]

*Status of Restricting Access to Doc. #192-1*

1.  On March 11, 2013, Dillon filed an Unopposed Expedited Motion to Restrict Access to Doc. #192-1. (Doc. #194).

2.  On March 13, 2013, the Court granted Dillon's Unopposed Expedited Motion to Restrict Access to Doc. #192-1. (Doc. #196).

3.  On May 14, 2012, Dillon filed a Notice (Doc. #233) Regarding Access to Doc. #192-1 ("Notice"). The Notice requested that the Court's Clerk restrict access to Doc. #192-1 pursuant to the Court's Order dated March 13, 2013 (Doc. #196).

---

[1] Counsel for Dillon apologizes to the Court for not raising the issues addressed in this motion as a housekeeping matter at the hearing on July 22, 2013.

2

4. Notwithstanding the Court's Order dated March 13, 2013 (Doc. #196), and Dillon's Notice dated May 14, 2012 (Doc. #233), Doc. #192-1 remains available to the public in the Court's PACER system and has not yet been restricted.

*Status of Restricting Access to Doc. #200 and Doc. #200-4*

5. On March 27, 2013, Dillon filed its Unopposed Motion to Restrict Access to Doc. #200 ("Original Motion") (Doc. #211). The Original Motion remains pending before the Court.

6. In the Original Motion, counsel for Dillon asked the Court to restrict access to Doc. #200 (i.e. the Response) but inadvertently did not ask the Court to restrict access to Doc. #200-4 (i.e. Exhibit 4 to the Response).

7. On May 14, 2013, Dillon filed an unopposed revised motion to restrict access to both Doc. #200 and Doc. #200-4 ("Revised Motion") (Doc. #232). The Revised Motion requested that the Court restrict access to both Doc. #200 and Doc. #200-4.

8. The Original Motion and the Revised Motion remain pending before the Court. Doc. #200 and Doc. #200-4 remain available to the public in the Court's PACER system and have not yet been restricted.

3

*Legal Authorities & Argument*

9.      Dillon hereby incorporates and restates the legal authorities and arguments in: (A) Dillon's Motion to Restrict Access to Doc. #192-1 (Doc. #194); (B) Notice Regarding Access to Doc. #192-1 (Doc. # 233); (C) Original Motion to Restrict Access to Doc. #200 (Doc. #211); and (D) Revised Motion to Restrict Access to Doc. #200 and Doc. # 200-4 (Doc. #232) as if fully set forth herein.

10.     For the reasons stated in, *inter alia*, Dillon's Motion for Fees and Costs (Doc. #226), Dillon continues to object to Western's filing restricted documents with the Court that should be accompanied by a motion to restrict access. *See* Dillon's Motion for Fees and Costs ("Motion for Fees and Costs") (Doc. #226), Paragraphs 41-47 and 77.  Dillon has objected and continues to object to Western not filing motions to restrict access to these documents as required by the Supplemental Protective Order (Doc. #140).

WHEREFORE, Dillon respectfully requests that the Court grant an order of Level 1 restriction concerning Doc. #192-1, Doc. #200 and Doc. #200-4 such that they are not available to the public in the Court's PACER system.

Dated:  July 25, 2013.

                                                s/*Michael R. McCormick*
Christopher A. Taravella, #7790
Michael R. McCormick, #33682
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Phone Number: (303) 773-8100
Fax Number: (303) 220-0412
E-mail:  ctaravella@montgomerylittle.com
         mmccormick@montgomerylittle.com
*Attorney for Dillon Companies, Inc.*
*Interested Non-Party*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann &
Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO  80202

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-Denver
555 17th Street, Suite 3200
Denver, CO  80201

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO  80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

s/ *Deborah Harant*
Montgomery Little & Soran, P.C.