**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,

Plaintiffs/Counter Defendant,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

Third-Party Defendants.

_____

**UNOPPOSED MOTION BY INTERESTED NON-PARTY DILLON COMPANIES, INC.
TO RESTRICT ACCESS TO
DOC. #253, DOC. #253-7 TO DOC. #253-12, AND DOC. #253-14**
_____

Comes now interested non-party Dillon Companies, Inc. ("Dillon"), by and

through its attorneys, Montgomery Little & Soran, P.C., and submits this Unopposed

Motion to Restrict Access to Doc. #253, Doc. #253-7 to Doc. #253-12, and Doc. #253-

14 pursuant to D.C. Colo. L. Civ. R. 7.2(B).

**Conferral Pursuant to D.C. Colo. L. Civ. R. 7.1(A)**

In accordance with D.C. Colo. L. Civ. R. 7.1(A), counsel for Dillon certifies that

counsel discussed the relief requested in this motion with Counsel for Plaintiff Western

1

Convenience Stores, Inc. ("Western") and Defendant Suncor Energy (U.S.A.), Inc.

("Suncor").  Suncor has no objection to the relief requested in this motion.  While

Western does not oppose the relief requested in this motion (i.e. restricting access to

Doc. #253, Doc. #253-7 to Doc. #253-12, and Doc. #253-14), Western does not waive

its intent to seek relief from the Court requesting that Western's owner and employees

not be excluded from the trial during the presentation of any evidence that is the subject

of redaction or is otherwise is subject to secrecy under the Supplemental Protective

Order (Doc. #140).  *See* Western's Response (Doc. #255) to Dillon's Motion ("Motion")

(Doc. #253) Regarding the Court's Order dated September 5, 2013 (Doc. #251), pages

41-47 ("Redaction Order").   Dillon respectfully requests the opportunity to seek relief

from the Court concerning restricting access at trial by persons not authorized to view

documents designated under the Protective Order (Doc. #49) and Supplemental

Protective Order (Doc. #140) pursuant to the terms and conditions of same.

## MOTION AND RELIEF SOUGHT

1.      On October 3, 2013, Dillon filed its Motion (Doc. #253) regarding the

Court's Redaction Order.  Dillon hereby incorporates and restates its Motion as if fully

set forth herein.  The following ten (10) documents filed with the Motion do not require

any redactions:, Doc. #253-1 through Doc. #253-6 (Exhibits A-F), Doc. #253-13(Exhibit

M), Doc. #253-15 (Exhibit O), Doc. #253-16 (Exhibit P) and Doc. #253-17 (Exhibit Q).

2.      Dillon's Motion seeks the Court's approval regarding redactions to be

made to following exhibits to the Motion: Doc. #253-7 through Doc. #253-12 (Exhibits G-

L) (i.e. Doc. #253-7, #253-8, #253-9, #253-10, #253-11, and #253-12).  Dillon

respectfully requests that these six (6) documents remain restricted pending the Court's

approval of the redactions to be made as requested in the Motion.

       3.      Dillon's Motion seeks redacting pricing indices from certain documents

related to the Redaction Order.  *See* Motion, Paragraphs 44-49.  Dillon also seeks to

redact the pricing indices from the following documents as follows:

      a.  Paragraph 6 of the Motion (Doc. #253) states in part: "As the Court may

recall, the contracts between Dillon and Suncor have two components to

the contract price. The first is a pricing index selected and negotiated

between Dillon and Suncor (e.g. xxxxxxxxxxxxxxxxxxxxxxxx). The second

is a cents per gallon discount off the pricing index. *See, e.g.*, Exhibit J,

sample contract (Doc. #198-22)."

      b.  Thiessen First Supplemental Declaration (Doc. #253-14), Paragraph 36

states in part: "There are numerous pricing indices available for selection

within the fuel industry.  See, for example, Exhibit J (Doc. #198-22).  In

Exhibit J, one of the pricing indices is 'xxxxxxxxxxxxxxxxxxxxxxxx'  This

refers to a pricing index via a defined formula on a daily basis which in

turn is based upon the OPIS index."

      c.  Thiessen Supplemental Declaration (Doc. #253-14), Paragraph 37 states

in part: "For example, a contract price might be

"xxxxxxxxxxxxxxxxxxxxxxxxx minus five cents per gallon" for a certain type

and quantity of gasoline.

d.  Dillon's requested redactions of the pricing indices in subparagraphs (a)-

(c) above are marked with "xxxxxxxxxxxxxxxxxxxxxxxxx".

4.       Accordingly, Dillon respectfully requests that Doc. #253 (the Motion) and

Doc. #253-14 (Exhibit N) also remain restricted pending resolution of the Motion.

5.       The Supreme Court acknowledged a common-law right of access to

judicial records in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978).

*See* Court's Redaction Order pp. 42-43. This right is premised upon the recognition that

public monitoring of the courts fosters important values such as respect for the legal

system. *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002). Courts have a

responsibility to avoid secrecy in court proceedings because "secret court proceedings

are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo.

1996). There is a presumption that documents essential to the judicial process are to be

available to the public, but access to them may be restricted when the public's right of

access is outweighed by interests which favor nondisclosure. *See United States v.*

*McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

6.       Documents filed with the Court are presumptively available to the public,

and the burden is on the party seeking restriction to justify such relief. D.C.Colo. L. Civ.

R. 7.2(A).  A showing of compelling reasons for restriction of public access is

necessary, as it critical that the public be able to review the factual basis of the Court's

decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter. *Cf. McVeigh*, 119 F.3d at 814.  A party seeking to restrict access must make a multi-part showing.  It must: (1) identify the specific document for which restriction is sought; (2) it must identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) it must identify a clear injury that would result if access is not restricted; and (4) it must explain why alternatives to restricted access – such as redaction, summarization, stipulation, or partial restriction – are not adequate.  D.C.Colo. L. Civ. R. 7.2(B)(1)-(4).

7.      For the reasons stated herein and in Paragraphs 23-59 of the Motion, Doc. #253, Doc. #253-7 through Doc. #253-12 (Exhibits G-L), and Doc. #253-14 include Dillon's trade secrets and should be redacted as set forth herein and in the Motion.

WHEREFORE, Dillon respectfully requests that the Court grant an order of Level 1 restriction concerning Doc. #253, Doc. #253-7 through #253-12, and Doc. #253-14 pending the Court's ruling on the Motion.

Dated:  October 17, 2013.

s/*Michael R. McCormick*
Christopher A. Taravella, #7790
Michael R. McCormick, #33682
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Phone Number: (303) 773-8100
Fax Number: (303) 220-0412
E-mail:  ctaravella@montgomerylittle.com
          mmccormick@montgomerylittle.com
*Attorney for Dillon Companies, Inc.*
*Interested Non-Party*

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann &
Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO  80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO  80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-Denver
555 17th Street, Suite 3200
Denver, CO  80201

s/ *Michael R. McCormick*
Montgomery Little & Soran, P.C.