THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,

    Western/Counter Defendant,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

**STATUS REPORT REGARDING MOTION BY
INTERESTED NON-PARTY DILLON COMPANIES, INC.
REGARDING COURT'S SEPTEMBER 5, 2013 REDACTION ORDER**
_____

Interested Non-Party Dillon Companies, Inc. ("Dillon"), by and through its attorneys, Montgomery Little & Soran, P.C., respectfully submits this status report regarding its Motion ("Motion") (Doc. #253) Regarding the Court's Order dated September 5, 2013 (Doc. #251), pages 41-47 ("Redaction Order").

**Conferral Pursuant to D.C. Colo. L. Civ. R. 7.1(A)**

Pursuant to D.C. Colo. L. Civ. R. 7.1(A), counsel for Dillon certifies that he conferred with counsel for Plaintiff Western Convenience Stores, Inc. ("Western") and

Defendant Suncor Energy (U.S.A.), Inc. ("Suncor") regarding this status report by sending the draft status report and proposed order via e-mail on October 18, 2013, and discussing them by telephone on October 18 and 21, 2013. Western and Suncor do not object to the relief requested in the Motion[1] conditioned upon the Court's approval of same. However, Western does not waive its intent to seek relief from the Court requesting that Western's owner and employees not be excluded from the trial during the presentation of any evidence that is the subject of redaction or otherwise is subject to secrecy under the Supplemental Protective Order (Doc. #140). *See* Western's Response (Doc. #255) to Dillon's Motion (Doc. #253). Dillon respectfully requests the opportunity to seek relief from the Court concerning restricting access at trial (or, alternatively, other appropriate relief such as redaction or substitution) by persons not authorized to view documents designated under the Protective Order (Doc. #49) and Supplemental Protective Order (Doc. #140) pursuant to the terms and conditions of same.

## **STATUS REPORT**

*A. Introduction*

1. Exhibit A to the Motion includes a list of the eighty-four (84) documents related to the Redaction Order ("MSJ Documents")[2]. Dillon respectfully submits

---

[1] As of the time of filing this status report, counsel for Western had not yet reviewed the attached proposed order and Western therefore may file a response or objection concerning same.

[2] Dillon's Motion only addresses redactions to the MSJ Documents. Dillon respectfully requests the opportunity to review any trial exhibits for redactions as well.

herewith a revised Exhibit S[3] with an updated list of the eighty-four (84) MSJ Documents.

2. Based upon Western's Response and additional conferral between the parties, the MSJ Documents now fall within three (3) groups:

    i. Group 1 (Exhibit T): forty-six (46) MSJ Documents that do not require any restrictions or redactions;

    ii. Groups 2 & 3 are MSJ Documents for which the parties have agreed that redactions of certain additional categories of information may be made but for which Dillon seeks a finding from the Court that these additional categories information are trade secrets and the Court's approval to redact same. Groups 2 & 3 are as follows:

        1. Group 2 (Exhibit U): eighteen MSJ Documents for which the parties have agreed regarding the specific redactions to be made (i.e. subject to the Court's approval of redacting the additional categories of information, no further redactions would be required); and

        *2.* Group 3 (Exhibit V): twenty (20) MSJ Documents for which the parties have stipulated that additional categories of

---

[3] Dillon's counsel inadvertently left a "draft" watermark on Exhibits A-F and apologizes to the Court for this oversight. As detailed below, Dillon is submitting updated charts to the Court with this status report as Exhibits S-V.

redactions may be made, subject to the Court's approval, but require additional redactions.

B. *Group 1 - No Dispute, No Redactions (Exhibit T)*

3. The parties agree that forty-six (46) of the MSJ Documents do not require any redactions. Dillon respectfully submits as Exhibit T[4] a list of these forty-six (46) MSJ Documents. Dillon agrees that these forty-six (46) un-redacted MSJ Documents may be made available to the public with no restrictions or redactions.

C. *Groups 2 & 3 - Additional Categories of Information Dillon Seeks to Redact (Exhibits U & V)*

4. Page 44 of the Redaction Order authorized the redaction of data showing specific prices quoted to and the specific quantities of fuel purchased by Dillon. Dillon's Motion respectfully requests that the following additional categories of information be redacted from the MSJ Documents in Groups 2 & 3:

    a. Prices & Quantities

        i. prices and quantities offered in bids from Suncor ("P&Q Offered");

        ii. quantities in Dillon's requests for proposals ("RFP Quantities");

        iii. quantities purchased from other suppliers besides Suncor ("Other Suppliers' Quantities");

        iv. pricing indices selected and negotiated by Dillon ("Pricing Indices");

---

[4] Please see footnote 1 above. Exhibit T is identical to Exhibit B except that Exhibit T does not have the "draft" watermark.

      b. Other Categories for which Dillon Requests Redactions

          i. Dillon's accounts receivable information ("Accounts Receivable Information"); and

          ii. Dillon's retail pricing strategies ("Retail Pricing Strategies")

collectively, the "Additional Categories of Information." *See* Paragraphs 22 – 59 of Motion.

5. Western and Suncor have stipulated that these Additional Categories of Information may be redacted from the MSJ Documents, subject to the Court's approval of same.

6. Paragraphs 22 – 59 of Dillon's Motion include a detailed explanation of why each of these Additional Categories of Information constitute trade secrets that should be redacted, along with supporting declarations from Dillon's employees for each category. *See* Paragraphs 22 – 59 of Motion, Exhibit N, First Supplemental Thiessen Declaration, and Exhibit R, Second Supplemental Giannola Declaration[5].

7. Accordingly, Dillon respectfully requests that the Court find that the Additional Categories of Information constitute trade secrets and approve redacting the Additional Categories of Information from the MSJ Documents in Groups 2 & 3 below, as set forth in the attached proposed order.

---

[5] Because Ms. Giannola was traveling at the time Dillon filed the Motion, Dillon filed her unsigned second supplemental declaration as Exhibit Q (Doc. #253-17). Dillon respectfully submits herewith Ms. Giannola's signed declaration as Exhibit R and respectfully requests that the Court accept same for filing and consideration.

      D.      *Group 2 – No Dispute, Redactions Stipulated (Exhibit U)*

8.      Group 2 are eighteen (18) MSJ Documents listed in Exhibit U[6] for which the parties have stipulated regarding the specific redactions to be made, subject to the Court's approval of redacting the Additional Categories of Information. A proposed procedure for filing these MSJ Documents, similar to the procedure set forth in the Redaction Order, is set forth in the attached proposed order.

      E.      *Group 3 - No Dispute – Further Redactions Required (Exhibit V)*

9.      Group 3 are twenty (20) MSJ Documents listed on Exhibit V[7] for which Dillon respectfully requests that the Court approve redacting the Additional Categories of Information but for which the parties have not yet stipulated to the specific redactions to be made. A proposed procedure for redacting and filing these MSJ Documents, similar to the procedure set forth in the Redaction Order, is set forth in the attached proposed order.

---

[6] Exhibit C to Dillon's Motion is a chart of twelve (12) MSJ Documents regarding which the parties agreed concerning the specific redactions to be made. *See* Exhibit C, List of MSJ Documents – No Dispute, Redactions Stipulated. Western thereafter stipulated regarding the redactions to be made to the six (6) exemplar MSJ Documents that Dillon included with its Motion. *See* Western's Response (Doc. #255) and Exhibits G-L (Doc. # 253-7 to #253-12) to Motion (exemplars). Accordingly, Exhibit U includes all eighteen (18) of these MSJ Documents for which the parties have stipulated regarding the specific redactions to be made.

[7] Exhibit V includes the MSJ Documents that were listed in the charts attached as Exhibits D-F to Dillon's original Motion. Because Western's Response stipulated that all of the Additional Categories of Information may be redacted, Dillon has consolidated these MSJ Documents into one chart, Exhibit V.

*F.     Identity of Suppliers*

10.     Dillon's Motion includes a declaration explaining why the identity of Dillon's suppliers other than Suncor is a trade secret.  *See* Supplemental Thiessen Declaration, Exhibit N, Paragraphs 30-34.  Dillon's respectfully requests that the Court enter an order: (A) finding that the identity of Dillon's suppliers is a trade secret; and (B) prohibiting inquiry at trial of the identity of any of Dillon's other suppliers besides Suncor.[8]  The Court may wish to have the parties substitute the identity of these vendors at trial with "Vendor A" and "Vendor B" as described in the Joint Status Report (Doc. #167).  See Motion, Paragraphs 37-41.

11.     As stated above in the certificate of consultation, Western will request that its owner and employees not be excluded from the trial during the presentation of Dillon's trade secrets such as the identity of Dillon's other suppliers.  Western is evaluating whether it will object to substituting the identity of Dillon's other suppliers with "Vendor A" and Vendor B" as described in Paragraph 10 above.

---

[8] Dillon respectfully requests that the Court permit Dillon to file with the Court any additional motions *in limine* or documents that may be required concerning this request.

WHEREFORE, Dillon respectfully requests that the Court enter an order:

(A) finding that the Additional Categories of Information are Dillon's trade secrets;

(B) directing the party that filed each of the MSJ Documents to redact the Additional Categories of Information and that they be filed with the Court as set forth in this status report and the attached proposed order;

(C) finding that the identity of Dillon's other suppliers besides Suncor is a Dillon trade secret; and

(D) prohibiting the inquiry at trial concerning the identity of any of Dillon's other suppliers besides Suncor.  A proposed order is submitted herewith.

Dated:  October 21, 2013.

> s/ Michael R. McCormick
> Christopher A. Taravella, #7790
> Michael R. McCormick, #33682
> Montgomery Little & Soran, P.C.
> 5445 DTC Parkway, Suite 800
> Greenwood Village, Colorado 80111
> Phone Number: (303) 773-8100
> Fax Number: (303) 220-0412
> E-mail:  ctaravella@montgomerylittle.com
>             mmccormick@montgomerylittle.com
> *Attorney for Dillon Companies, Inc.*
> *Interested Non-Party*

## CERTIFICATE OF SERVICE

  I hereby certify that on October 21, 2013 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO 80202

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-D enver
555 17th Street, Suite 3200
Denver, CO 80201

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO 80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

           s/ *Michael R. McCormick*
           Montgomery Little & Soran, P.C.

9