THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,

    Plaintiffs/Counter Defendant,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

## SECOND SUPPLEMENTAL DECLARATION OF SUSAN GIANNOLA PURSUANT TO 28 U.S.C. § 1746

---

1.    I am Susan Giannola. I hereby restate and affirm all of the statements set forth in my Declaration executed on August 31, 2012, attached hereto as Exhibit O (Doc. #107-6) and my first Supplemental Declaration executed on January 11, 2013, attached hereto as Exhibit P (Doc. #165-1). This Declaration is intended to supplement my August 31, 2012 and January 11, 2013 Declarations.

**EXHIBIT R**

2. I am employed as the Director of Supermarket Petroleum Operations for The Kroger Co. ("Kroger"). Dillon Companies Inc. ("Dillon"), dba King Soopers, is a subsidiary of Kroger.

*Retail Pricing Strategies*

3. During my deposition on January 31, 2013, counsel for Western asked me several questions about Dillon's strategy for determining its prices for fuel. See Exhibit L, Deposition Transcript dated January 31, 2013 (Doc. #185-26). My deposition transcript includes several statements concerning Dillon's retail pricing strategies ("Retail Pricing Strategies"). These statements are highlighted in pink on Exhibit L.

4. Dillon's Retail Pricing Strategies are part of Kroger's "go-to-market" strategy to remain competitive and to maintain and grow sales.

5. Revealing Dillon's Retail Pricing Strategies to a competitor would put Dillon at a competitive disadvantage. Specifically, a competitor would be able to set prices at locations competitive to Dillon knowing how Dillon would set its prices and how Dillon would respond to its competitors' prices. This could result in significant losses to Dillon.

6. Some of the Retail Pricing Strategies discussed in my deposition apply to Kroger stores nationwide, not just Dillon stores in Colorado.

7. Dillon's Retail Pricing Strategies are held in strict confidence and are not disclosed to anyone outside of Kroger.

8. Dillon's Retail Pricing Strategies were obtained and developed by Dillon at significant time and expense to Dillon.

9. Dillon's Retail Pricing Strategies include information that is useful and valuable.

10. Dillon derives independent economic value from its Retail Pricing Strategies and they would be valuable to a competitor.

11. For these reasons and the other reasons included in this Declaration, Dillon's Retail Pricing Strategies constitute Dillon's trade secrets.

12. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct,

Executed on this 14th day of October, 2013.

_____
SUSAN GIANNOLA