THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Honorable Marcia S. Krieger**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,

    Western/Counter Defendant,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

**ORDER REGARDING MOTION BY
INTERESTED NON-PARTY DILLON COMPANIES, INC.
CONCERNING COURT'S SEPTEMBER 5, 2013 REDACTION ORDER**
_____

THIS MATTER comes before the Court pursuant to Interested Non-Party Dillon Companies, Inc.'s ("Dillon") Motion ("Motion") (Doc. #253) Regarding the Court's Order dated September 5, 2013 (Doc. #251), pages 41-47 ("Redaction Order").  After reviewing the Motion, Plaintiff Western Convenience Store, Inc.'s ("Western") Response (Doc. #255), Dillon's status report regarding the Motion, and the exhibits thereto, the Court **GRANTS** Dillon's Motion (Doc. #253) and enters the following findings and Order:

    A.    *Summary of MSJ Documents*

1. Exhibit S to Dillon's Motion includes a list of the eighty-four (84) documents related to the Redaction Order ("MSJ Documents"). The MSJ Documents fall within three (3) groups:

    a. Group 1 (Exhibit T): forty-six (46) MSJ Documents that the parties have stipulated do not require any redactions;

    b. Groups 2 & 3 are MSJ Documents for which the parties have agreed that redactions of certain additional categories of information may be made but for which Dillon seeks a finding from the Court that these additional categories information are trade secrets and the Court's approval to redact same. Groups 2 & 3 are as follows:

        i. Group 2 (Exhibit U): eighteen (18) MSJ Documents for which the parties have stipulated regarding the specific redactions to be made (i.e. subject to the Court's approval of redacting the additional categories of information, no further redactions would be required); and

        ii. Group 3 (Exhibit V): twenty (20) MSJ Documents for which the parties have stipulated that the additional categories of redactions may be made, subject to the Court's approval, but require additional redactions.

*B.     Group 1 - No Dispute, No Redactions (Exhibit T)*

2.      The parties agree that forty-six (46) of the MSJ Documents do not require any redactions. Exhibit T to Dillon's Motion is a list of these forty-six (46) MSJ Documents. These Documents are as follows: Doc. # 185-1, 185-8, 185-9, 185-22, 185-23, 185-24, 185-25, 185-27, 185-28, 185-29, 185-30, 198-1, 198-2, 198-4, 198-5, 198-6, 198-7, 198-9, 198-11, 198-12, 198-13, 198-14, 198-18, 198-20, 198-21, 198-25, 198-28, 198-29, 198-30, 198-31, 198-32, 198-33, 198-34, 200-1, 200-2, 200-3, 200-5, 200-6, 203, 203-1, 219-1, 219-3, 219-4, 219-5, 219-6, and 219-7. The Clerk of the Court shall make these forty-six (46) un-redacted MSJ Documents available to the public with no restrictions or redactions.

*C.     Groups 2 & 3 - Additional Categories of Information Dillon Seeks to Redact (Exhibits U&V)*

3.      Page 44 of the Redaction Order authorized the redaction of data showing specific prices quoted to and the specific quantities of fuel purchased by Dillon. Dillon's Motion requests that the following additional categories of information be redacted from these MSJ Documents:

3

    a. Prices & Quantities

        i. prices and quantities offered in bids from Suncor ("Suncor P&Q Offered");

        ii. quantities in Dillon's requests for proposals ("Dillon's RFP Quantities");

        iii. quantities purchased from other suppliers besides Suncor ("Other Suppliers' Quantities");

        iv. pricing indices selected and negotiated by Dillon ("Pricing Indices");

    b. Other Categories for which Dillon Requests Redactions

        i. Dillon's accounts receivable information ("Accounts Receivable Information"); and

        ii. Dillon's retail pricing strategies ("Dillon's Retail Pricing Strategies")

collectively, the "Additional Categories of Information." *See* Paragraphs 22-59 of Dillon's Motion.

    4.    Western and Suncor have stipulated that these Additional Categories of Information may be redacted from the MSJ Documents, subject to the Court's approval of same.

    5.    Paragraphs 22 – 59 of Dillon's Motion includes a detailed explanation of why each of these Additional Categories of Information constitute trade secrets that should be redacted, along with supporting declarations from Dillon's employees for each category.  See Paragraphs Exhibits 22 – 59 of Motion, Exhibit N, First Supplemental

Thiessen Declaration, and Exhibit R, Second Supplemental Giannola Declaration. For the reasons stated therein, the Court finds that the Additional Categories of Information constitute Dillon's trade secrets and should also be reacted from the MSJ Documents.

### D. Group 2 - No Dispute, Specific Redactions Stipulated (Exhibit U)

6. Exhibit U to Dillon's Motion is a list of the eighteen (18) MSJ Documents for which the parties have stipulated regarding the specific redactions to be made. These eighteen (18) MSJ Documents are as follows: Doc. # 185-4, 185-5, 185-6, 185-12, 185-13, 185-15, 185-17, 185-19, 185-20, 185-21, 185-26, 198-10, 198-16, 198-22, 198-26, 200, 200-4, and 219-2.

7. The filer[1] of each of the eighteen (18) MSJ Documents listed on Exhibit U shall re-file them with the stipulated redactions within fifteen (15) days of the date of this Order. These redacted versions shall not be filed under any restriction and shall be accessible to the public. The un-redacted versions shall remain on the record under restriction for purposes of ensuring a complete record is available for further court review.

### E. Group 3 - No Dispute – Further Redactions Required (Exhibit V)

8. Exhibit V to Dillon's Motion is chart including a list of twenty (20) MSJ Documents for which Dillon requests that the Court approve redacting the Additional Categories of Information but for which the parties have not yet stipulated to the specific

---

[1] The Court clarifies that the "filer of each of these MSJ Documents" as discussed in this Order and on page 45 of the Court's Redaction Order means the party that originally filed the MSJ Document with the Court, not the party that later filed a motion to restrict access to the MSJ Document.

redactions to be made.  These twenty (20) MSJ Documents are as follows:  185, 185-2, 185-3, 185-7, 185-10, 185-11, 185-14, 185-16, 185-18, 192-1, 198, 198-3, 198-8, 198-15, 198-17, 198-19, 198-23, 198-24, 198-27, and 219.

9. The Court directs that for each of these twenty (20) MSJ Documents, the filer[2] of each MSJ Document shall provide Dillon with a copy of the proposed redacted filing within fifteen (15) days of the date of this Order and thereafter confer with Dillon as to whether additional redactions are necessary to fully redact the Additional Categories of Information.  The filer shall then file the redacted versions of these MSJ Documents agreed to by Dillon within thirty (30) days of the date of this Order.  To the extent the parties cannot agree as to whether a specific number, word, or phrase should be redacted according to this Order, the parties may file a joint motion (itself under a Level 1 restriction) seeking a determination by the Court as the propriety of the contemplated redaction, specifying the precise document number, page, line, and text found in the record.  No final redacted version shall be filed by a filer without first obtaining Dillon's agreement that all necessary redactions have been made.  The redacted versions of these MSJ Documents shall not be filed under any restriction and shall be accessible to the public.  The un-redacted versions shall remain on the record under restriction for purposes of ensuring a complete record is available for further court review.

---

[2] See Footnote 1 above.

*Identity of Suppliers*

10.     Dillon's Motion includes a declaration explaining why the identity of Dillon's suppliers other than Suncor is a trade secret.  *See* Supplemental Thiessen Declaration, Exhibit N, Paragraphs 30-34.  For the reasons stated therein, the Court finds that the identity of Dillon's other suppliers other than Suncor is a trade secret that should be restricted from public access.  Accordingly, the Court directs that any inquiry at trial concerning the identity of Dillon's other suppliers besides Suncor shall be prohibited.

Dated this ____ day of _____, 2013.

**BY THE COURT:**

[Proposed Order/Draft]

_____

Marcia S. Krieger
Chief United States District Judge