IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,

 Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

 Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

 Third-Party Defendants.

**PROPOSED FINAL PRETRIAL ORDER**

**1. DATE AND APPEARANCES**

The Final Pretrial Conference occurred October 30, 2013. Plaintiff and Third-Party Defendants were represented by Kenneth R. Bennington and Kathleen E. Craigmile of Bennington Johnson Biermann & Craigmile, LLC and Philip W. Bledsoe of Polsinelli, PC. Defendant was represented by Anthony J. Shaheen of Holland & Hart LLP and by William L. Monts, III of Hogan Lovells LLP.

**2. JURISDICTION**

This Court has subject matter jurisdiction over Plaintiff's Robinson-Patman Act claim pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337(a) and 15 U.S.C. § 13(a). The Court has supplemental jurisdiction over Plaintiff's claim pursuant to C.R.S. 6-2-108, *et seq.*, and Defendants' counterclaims and third-party claims pursuant to 28 U.S.C. § 1367.

### 3. CLAIMS AND DEFENSES

Pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Motions for Summary Judgment entered September 5, 2013, # 251 (hereinafter "Summary Judgment Order"), the following claims will proceed to trial as set forth in the Summary Judgment Order: Plaintiff's Robinson-Patman Act claim; Plaintiff's Colorado Unfair Trade Practices Act claim; Defendant's counterclaim for breach of contract; and Defendant's third-party claim of breach of guaranty. The information with respect to these claims and relevant affirmative defenses as required by the Court's Trial Preparation Order-Civil is contained at **Exhibit 1**.[1]

### 4. STIPULATIONS

A.  Plaintiff Western Convenience Stores, Inc. ("Western") is a Colorado corporation with its principal place of business in Centennial, Colorado.

B.  Defendant Suncor Energy (U.S.A.) Inc. ("Suncor") is a Delaware corporation with its principal place of business in Colorado.

C.  Western is in the business of operating convenience stores which sell as principal products gasoline and diesel fuel.

D.  Western operates 39 stores in Colorado and three stores in Nebraska.

E.  Suncor is in the business of refining and selling gasoline and diesel fuel and other petroleum products.

---

[1] The statements of claims and defenses are based on those claims that the Court determined will proceed to trial in its Summary Judgment Order and its determinations of law and fact set forth in the Summary Judgment Order. By submitting these statements and this Final Pretrial Order, no party waives its, his or her right to appeal any otherwise appealable determination in this action.

F. Suncor operates the only petroleum refineries in Colorado, a "west plant" and an "east plant" on either side of Brighton Boulevard in Commerce City, which Suncor purchased from ConocoPhillips Company and an affiliate of Valero Energy Corporation in 2003 and 2005, respectively. During the time relevant to this action, Suncor operated the only petroleum refineries in Colorado.

G. Suncor sells both unbranded fuel products, which contain additives required to meet minimum government specifications, and branded fuel products (specifically, Shell® and Phillips 66® gasoline), which contain in addition to the government requirements certain proprietary additives specified by Shell or Phillips. This case involves only Suncor's sale of unbranded gasoline or diesel fuel.

H. Western and Suncor entered into a Master Purchase and Sale Agreement ("Master Agreement") dated January 17, 2007.

I. Suncor notified Western on May 23, 2011 that it was suspending all sales of gasoline and diesel fuel to Western effective immediately.

J. Dillon Companies, Inc., d/b/a King Soopers, Inc., and City Market (together "Dillon") and Mini-Mart, Inc., d/b/a Loaf 'N Jug ("Loaf 'N Jug") are subsidiaries of The Kroger Company (collectively, "Kroger").

K. On July 17, 2009, Kroger sent Suncor an "informal RFP" inviting it to bid to supply E-10 gasoline and diesel fuel for King Soopers sites in Denver and Colorado Springs. Kroger accepted Suncor's bid for the period October 1, 2009 through September 30, 2010 (the "King Soopers 2009 contract").

L. On November 25, 2009, Kroger sent Suncor an RFP to supply gasoline to MiniMart d/b/a Loaf 'N Jug, starting February 2010. Kroger accepted Suncor's proposal and entered into a one year contract starting February 1, 2010 and ending January 31, 2011 (the "Loaf 'N Jug 2010 contract").

M. Afterwards, Suncor and Kroger agreed to lower the price in the King Soopers 2009 contract for E-10 gasoline to the price for E-10 set forth in the Loaf 'N Jug 2010 contract.

N. Suncor was not responsible for transporting fuel for either WCS or Kroger and did not transport fuel for either of them.

O. Both Western and Kroger prepared retail price surveys of competitive fuel retailers.

P. The period of time for which Western seeks damages in this case is from October 2009 through May 2011 ("Damages Period").

Q. During the Damages Period, Suncor gave Western its standard pricing for unbranded customers for gasoline and diesel fuel. The pricing to Western was based on the daily Suncor Rack price less a stated cents per gallon (cpg) amount for the particular grade of fuel and terminal.

R. From time to time during the Damages Period, Suncor offered customers, including Western, various special discounts off the agreed contract price for fuel.

S. Suncor did not disclose to either Western or Kroger the prices paid by the other.

T. Kroger considers the prices it paid to Suncor for fuel to be secret.

U. Western did not make payment for the fuel it took between May 9 and May 25, 2011. The Suncor invoices that were not paid total $3,755,141.95.

## 5.  PENDING AND ANTICIPATED MOTIONS

A motion by Kroger for an award of attorneys' fees and costs associated with document and deposition subpoenas (Doc. 226) is fully briefed and pending before the Magistrate Judge.

On October 3, 2013, Kroger filed a *Motion by Interested Non-Party Dillon Companies, Inc. Regarding Court's September 5, 2013 Redaction Order* (Doc. 253).  Western filed its response to that motion on October 4, 2013 (Doc. 255).   On October 21, 2013, Kroger filed a status report relating to that motion (Doc. 257).

The Parties anticipate filing the following motions prior to trial:

Western may move to preclude evidence relating to the "in commerce" element of Western's Robinson-Patman claim which was produced by Suncor on October 18, 2013. Because of the technical nature of the data produced and the timing of the production, Western cannot at this time determine whether such a motion will be necessary.  The Parties have arranged for a Suncor witness to explain the data and other materials produced in advance of the Final Pretrial Conference.  Should a motion be necessary, Western anticipates requesting an order precluding Suncor from introducing evidence relating to the in commerce element through the newly produced documents/data.

Suncor will file a motion in limine, or may move during trial, to exclude specific aspects of the testimony of one of Western's experts, Keith Leffler, principally on the grounds that the testimony is not relevant, is cumulative and usurps the role of the Court.

As stated below under *Special Issues*, it is Plaintiff Western's understanding that trial will be a public proceeding at least to the extent that Western and its employees will not be excluded during the presentation of evidence which is subject to the Supplemental Protective Order (Doc.

171). Should that issue still be in question, Western intends to move for an order that neither Mr. Taraghi (in his capacity as owner and corporate representative of Western and as a Third-Party Defendant) nor employees of Western will be excluded except as may otherwise be provided for under Fed. R. Civ. P. 43(a) or Fed. R. Evid. 615.

## 6. WITNESSES

The joint list of witnesses as required by the Court's Trial Preparation Order-Civil is contained at **Exhibit 2.**

## 7. EXHIBITS

The joint list of exhibits as required by the Court's Trial Preparation Order-Civil is contained at **Exhibit 3.**

## 8. DISCOVERY

Discovery has been completed with the possible exception of a deposition of Suncor proposed witness Nancy Thonen relating to the "in commerce" element of the Robinson-Patman Act claim and Suncor's October 18, 2013 production described in Section 5 above. The Parties agree that, to the extent a deposition is determined to be necessary, it will be scheduled and completed expeditiously.

## 9. SPECIAL ISSUES

Kroger has asserted privacy interests in certain information that has been produced in discovery. As directed by the Court's Summary Judgment Order (Doc. 301), the Parties have undertaken the process of redacting previously filed pleadings and documents. However, it is Plaintiff Western's understanding, based on guidance on this issue from the Magistrate Judge, that trial in this case will be a public proceeding and that the owner of Western, Mr. Taraghi, will

not be excluded from trial when testimony addresses matters such as the Kroger pricing and volumes that are subject to redaction. *See* Fed. R. Civ. P. 43(a), 77(b); Fed. R. Evid. 615. If that understanding is incorrect or in doubt, Western will file a pretrial motion on that issue.

Because of the technical and data-intensive nature of the expert testimony in this case, and because the trial is to the Court, the parties jointly request that the Court admit into evidence the experts' reports (Trial Exhibits 400-408) in addition to the experts' live testimony.

### 10. SETTLEMENT

a. Counsel for the parties met in person on October 20, 2011 and on September 24, 2013 to discuss in good faith the settlement of the case.

b. The participants in the settlement discussions included counsel for both parties and a party representative for Suncor at the October 20, 2011 discussion.

c. The parties were promptly informed of all offers of settlement.

d. Counsel for the parties do not intend to hold future settlement conferences.

e. It appears from the discussion by all counsel that there is no possibility of settlement.[2]

---

[2] Plaintiff and Third-Party Defendant's statement: No offers of settlement have been made. Western and Mr. Taraghi are willing to engage in further settlement efforts. Western and Mr. Taraghi wish to again raise the difficulty of evaluating or even discussing settlement when the vast bulk of discovery in this case has been designated Highly Confidential or Secret (i.e., attorneys' and experts' eyes only) by both Suncor and Kroger. This issue has been the subject of several motions relating to access by Western and Mr. Taraghi to data that is now more than two years old; however, the secrecy imposed by the Supplemental Protective Order (Doc. 140) still prevents Western and Mr. Taraghi from understanding substantial aspects of Western's case against Defendant Suncor. Western and Mr. Taraghi have been and remain willing to enter into settlement discussions, but remain concerned that they cannot effectively or adequately do so without access to key facts and analysis, in particular, full review of the parties' expert reports and ability to discuss all aspects of the reports with Western's experts and counsel.

    f.    Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the Court or by order of the Court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

Trial is to the Court at the Alfred A. Arraj United States Courthouse, Courtroom A901.  The estimated length of trial is ten days.

DATED this _____ day of _____, 2013.

BY THE COURT

_____
United States District Judge

APPROVED:

s/ Kenneth R. Bennington

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON BIERMANN
& CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202
Telephone: (303) 629-5200
krb@benningtonjohnson.com
kec@benningtonjohnson.com
afa@benningtonjohnson.com

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli PC
1225 Seventeenth Street, 29th Floor
Denver, CO 80202-5529
Telephone:  (303) 572-9300
pbledsoe@polsinelli.com

*Attorneys for Plaintiff and Third-Party Defendants*

s/ Anthony J. Shaheen

Anthony J. Shaheen
HOLLAND & HART, LLP
555 17th Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8000
ajshaheen@hollanhart.com

J. Robert Robertson
William L. Monts III
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

*Attorneys for Defendant
Suncor Energy (U.S.A.) Inc.*