# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs/Counter Defendants,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.



DEPOSITION EXHIBIT 197

---

## DECLARATION OF ED SHARPE PURSUANT TO 28 U.S.C. § 1746

1. I am Ed Sharpe. I am employed by the Kroger Co. ("Kroger") as the Director of Petroleum for Loaf 'N Jug, Inc. Loaf 'N Jug, Inc. is a dba of Mini Mart Inc., which is a subsidiary of Dillon Companies Inc. ("Dillon"). Dillon, dba King Soopers, is a subsidiary of Kroger. Loaf 'N Jug, Inc. and Mini Mart, Inc. are collectively referred to herein as "Loaf 'N Jug."

2. Before my employment with Kroger, for twenty-six years, I worked for Amoco Corporation ("Amoco") and then British Petroleum, PLC ("BP") after BP acquired Amoco in 1998. During my employment with Amoco/BP, I managed all Amoco/BP

Exhibit 26

HIGHLY CONFIDENTIAL - SUBJECT TO SUPPLEMENTAL PROTECTIVE ORDER

locations operated by independent dealers in Chicago, Illinois. In addition to managing these locations, I was responsible for providing them with day-to-day guidance, including assisting them in making retail pricing decisions. I also worked in the Light Oils Trading Department at Amoco's corporate office in Chicago. In 1990, I transferred to Colorado, where I managed and directed the thirty-two Amoco/BP fuel convenience stores located in Colorado.

3.  In September 2007, I began my position with Kroger as the Director of Petroleum for Loaf 'N Jug. I am responsible for setting the daily retail fuel prices at all Loaf 'N Jug convenience store locations. I also work with each store to ensure compliance with standards set by the Environmental Protection Agency and I determine the geographical scope of retail fuel price surveys pertaining to the Loaf 'N Jug locations. I negotiate contracts with petroleum transportation companies and handle day-to-day correspondence and coordination with the companies that supply fuel for the Loaf 'N Jug locations. As the Director of Petroleum for Loaf 'N Jug, I am not responsible for managing the Kroger or City Market, Inc. fuel operations. My job responsibilities pertain to all Loaf 'N Jug, Inc. and Mini Mart, Inc. fuel locations.

4.  I have reviewed the Protective Order (Doc. #49), the Supplemental Protective Order (Doc. #140), and the Renewed Motion Challenging Designation (Doc. #153).

5.  I have reviewed and executed both the Declaration of Compliance attached as Exhibit A to the Protective Order (Doc. #49) and the Supplemental Protective Order Declaration of Compliance attached as Exhibit A to the Supplemental

HIGHLY CONFIDENTIAL - SUBJECT TO SUPPLEMENTAL PROTECTIVE ORDER

Protective Order (Doc. #140) (collectively the "Declarations"). The executed Declarations are attached hereto as Exhibit A.

6. I have also reviewed Exhibits A, B and C, attached to the Renewed Motion Challenging Designation (Doc. #153-1, Doc. #153-2 and Doc. #153-3 respectively).

7. In their Renewed Motion Challenging Designation ("Motion") (Doc. #153) Plaintiffs seek to re-designate information related to fuel pricing that has been designated by Suncor and Kroger as "Highly Confidential" or "Secret" pursuant to the Supplemental Protective Order (Doc. #140), including pricing spreadsheets (Paragraph 3(a) of Motion), contracts and purchase and sale confirmations (Paragraph 3(b) of Motion), and e-mail communications regarding bidding, pricing, and contracts between Suncor and Dillon (Paragraph 3(c) of Motion) (collectively ("Pricing Materials")).

8. The Pricing Materials include, among other things, historical data regarding the dates on which Loaf 'N Jug purchased fuel from Suncor, the geographic locations for which Loaf 'N Jug purchased fuel, the quantities of fuel Loaf 'N Jug purchased from Suncor, and the prices Loaf 'N Jug paid Suncor for fuel purchases.

9. The information set forth in the Pricing Materials is applicable and useful in the current and in the future market for Loaf 'N Jug's retail fuel operations. Accordingly, it is Loaf 'N Jug's general practice to consider Pricing Material data from previous years when making current business decisions.

10. The Pricing Materials are indicative of Loaf 'N Jug's fuel purchasing history and this history provides Loaf 'N Jug with a benchmark of expectations for future negotiations with fuel suppliers. Loaf 'N Jug relies on and refers to this historical data for

3

HIGHLY CONFIDENTIAL - SUBJECT TO SUPPLEMENTAL PROTECTIVE ORDER

guidance in making current decisions regarding, among other things, the terms of Loaf 'N Jug's contracts with fuel suppliers, the prices at which Loaf 'N Jug will agree to purchase fuel, and the requests for proposals Loaf 'N Jug issues to suppliers.

11.  Businesses in the retail fuel industry are always attempting to anticipate the next moves of their competitors in order to enhance their own competitive advantage. Allowing a direct competitor to review the Pricing Materials would put Loaf 'N Jug at a substantial competitive disadvantage due to the nature of the information included in the Pricing Materials.

12.  For example, because the Pricing Materials show the volume of fuel Kroger purchased from Suncor for a specific geographic location, a direct competitor would have the ability to estimate Kroger's retail sale volumes in that geographic area. The competitor could then use this information in choosing the best places to establish new retail fuel locations to enhance its ability to compete with Loaf 'N Jug.

13.  Additionally, subtracting the "Discount SU" figure shown on Exhibit A from the OPIS daily average for a given day shows the price Loaf 'N Jug paid Suncor for fuel on that day. As such, the figures shown in the "Discount SU" column would allow a competitor to determine the price Loaf 'N Jug paid Suncor for fuel on a daily basis.

14.  The Pricing Materials also set forth the terms of purchase and sale agreements between Loaf 'N Jug and Suncor. Typically these contracts contain a term of one to two years. However, when a contract term expires, the contract is not necessarily submitted for new bids. Where both parties are content with the current contract, the contract term may be extended with little or no change to the other

HIGHLY CONFIDENTIAL - SUBJECT TO SUPPLEMENTAL PROTECTIVE ORDER

contractual provisions. It is also true that when expired contracts are renegotiated or submitted for bidding, it is not uncommon for the terms of the new contract and the expired contract to be the same or similar. As such, the contracts included in the Pricing Materials may closely reflect the agreement terms in Loaf 'N Jug's current contracts with Suncor.

15. Kroger and Loaf 'N Jug take substantial precautions in protecting the confidentiality of the Pricing Materials and they do not share the Pricing Materials with parties outside of the Kroger Company. In fact, many Kroger employees are not permitted to access the information included in the Pricing Materials. Only those employees with a need to know the information for the performance of their job duties have access to the Pricing Materials.

16. I have worked in the retail fuel industry for over thirty years. Since the beginning of my career, the confidentiality of my employer's fuel pricing and volume information on both the supplier and retail level has been strongly emphasized and strictly enforced.

17. For the reasons stated above, Exhibits A and B to Plaintiffs' Motion include trade secrets belonging to Kroger.

18. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 24 day of January, 2013.

ED SHARPE

HIGHLY CONFIDENTIAL - SUBJECT TO SUPPLEMENTAL PROTECTIVE ORDER

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, ___Ed Sharpe___ [print or type full name], of ___Loaf N' Jug, Inc., 442 Keeler Pkwy. Pueblo CO 81001___ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Colorado on ~~November ____, 2011~~ March 12, 2012 in the case of *Western Convenience Stores, Inc., et al. v. Suncor Energy (U.S.A) Inc.* I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ___Corporation Service Company___ [print or type full name] of ___1560 Broadway, Suite 2090, Denver, CO 80202, 303-860-7052___ [print or type full address and telephone number] as my Colorado agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ___January 10, 2013___

City and State where sworn and signed: ___Pueblo, Colorado___

Printed name: ___Ed Sharpe___

Signature: ___[signature]___

- 11 -

HIGHLY CONFIDENTIAL - SUBJECT TO SUPPLEMENTAL PROTECTIVE ORDER

## EXHIBIT A

### SUPPLEMENTAL PROTECTIVE ORDER DECLARATION OF COMPLIANCE

I, Ed Sharpe [print or type full name], of Loaf N' Jug, Inc., 442 Keeler Pkwy., Pueblo CO 81001 [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Supplemental Protective Order that was issued by the United States District Court for the District of Colorado on October 17, 2012 in the case of *Western Convenience Stores, Inc., et al. v. Suncor Energy (U.S.A) Inc.* I agree to comply with and to be bound by all the terms of the Supplemental Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Supplemental Protective Order to any person or entity except in strict compliance with the provisions of the Supplemental Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Supplemental Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint Corporation Service Company [print or type full name] of 1560 Broadway, Suite 2090, Denver, CO 80202, 303-860-7052 [print or type full address and telephone number] as my Colorado agent for service of process in connection with this action or any proceedings related to enforcement of this Supplemental Protective Order.

Date: January 25, 2013 as of January 10, 2013

City and State where sworn and signed: Denver, Colorado

Printed name: Ed Sharpe

Signature: _[signature]_

HIGHLY CONFIDENTIAL - SUBJECT TO SUPPLEMENTAL PROTECTIVE ORDER