# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,

      Plaintiff,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

      Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

      Third-Party Defendants.

---

## PLAINTIFF'S MOTION FOR LIMITED DISCLOSURE OF CERTAIN "SECRET" DISCOVERY MATERIALS IN ADVANCE OF MARCH 17, 2014 TRIAL

---

      Plaintiff Western Convenience Stores, Inc. ("Western"), by and through its undersigned counsel, moves for an order permitting its counsel to disclose certain "Secret" discovery materials produced by Defendant Suncor and by Interested Party Dillon Companies, Inc. and its affiliates ("Dillon") under the Supplemental Protective Order entered October 17, 2012 (Doc. 140) to Western's principal, Mr. Hossein Taraghi.  This requested disclosure is necessary for Western and Mr. Taraghi to fully and fairly prepare Western's case for the fast-approaching trial scheduled to begin on March 17, 2014.

**CERTIFICATION OF COMPLIANCE WITH D.C.COLO.L.CivR 7.1(a)**

Pursuant to Local Rule 7.1(a), the undersigned certifies that counsel for Western have conferred with counsel for Defendant Suncor and Interested Party Dillon regarding the issue raised herein.  Dillon's counsel stated that Dillon opposes the requested disclosure which necessitated this Motion.

**I.**
**SUMMARY OF MOTION AND RELIEF SOUGHT**

1.      The Supplemental Protective Order permitted Dillon to designate produced documents or data as "Highly Confidential" or "Secret" such that they can be reviewed only by opposing counsel and outside experts approved by the disclosing party.  Doc. 140 ¶¶ 11-12.  As the Court may recall from the portion of its summary judgment order relating to restricted access to Dillon's information, Dillon designated all of its historical pricing and volume information as "Secret" pursuant to the Supplemental Protective Order.  Thus, Western's counsel remain precluded from sharing any of Dillon's historical, *i.e.* from July 2007 to May 2011, pricing and volume data – or derivatives of those data, including analyses by both Suncor's and Western's experts – with Western's principal, Mr. Hossein Taraghi.[1]

2.      Trial is set to begin on March 17, 2014.  While Suncor and Western were able to stipulate to numerous important facts, the number of issues that will be tried are several and will require intensive preparation by both sides.  For Western's part, it bears the burden of proof on its Robinson-Patman Act and Colorado Unfair Practices Act price discrimination claims and

---

[1]      Dillon designated nearly all documents and data produced pursuant to Western subpoenas as "Secret."  This Motion relates to only a subset of that information necessary to Western's preparation for trial.

defenses, which centrally involve the prices Suncor charged Western and Dillon for fuel and the injury suffered by Western in the course of competing with Dillon.  *See* Revised Final Pretrial Order, Doc. 266, Ex. 1.

3.    Mr. Taraghi, as Western's principal and president, is intimately involved in Western's day-to-day operations.  His experience with and knowledge of Western's business, based on his 23 years at the helm of the company he started, make him a critical witness for Western's case-in-chief.  Mr. Taraghi studies and uses micro-level data, including pricing data, on a daily basis to successfully run Western, and his familiarity with such data makes him not only well-suited to review Dillon's historical pricing and volume data, but also essential in preparing his counsel for trial.  Ex. 1, Bennington Declaration, ¶ 5.  Western's counsel intends to examine Mr. Taraghi about most, if not all, of the elements Western must prove for its Robinson-Patman Act and Colorado Unfair Practices Act claims and defenses, including the nature of the competitive injuries Western alleges it suffered that were caused by Suncor's granting of favorable prices to Dillon.  In order to fully and fairly prosecute Western's case, it is critical that Western's counsel be permitted to disclose Dillon's historical pricing and volume data (along with derivatives of those data in the form of expert analyses and opinions of both Suncor's expert, Dr. James Griffin, and Western's own experts, Dr. Mark Glick and Mr. Ted Tatos) to Mr. Taraghi in the course of trial preparation.

4.    Further, under Fed. R. Evid. 615(a) and (b), Mr. Taraghi cannot be excluded from the trial during any witness's testimony because he is a natural person third-party defendant on Suncor's counterclaim and will be the designated party representative of Western.  This rule is

particularly applicable in a case such as this, when Mr. Taraghi personally could be subject to a $3.5 million-plus claim on a personal guaranty and when the company that he owns and runs and started from scratch has viable claims in excess of $5 million.  It makes no sense to deny Mr. Taraghi the right to have access to Dillon's pricing and volume data now to prepare for the trial that is three months away, in which he will be a key witness and will be present for the entire proceeding, when he will inevitably be in the courtroom when the data will be discussed and presented as evidence.

5.      The requested disclosure that is the subject of this Motion was expressly contemplated by Western and Dillon in the Supplemental Protective Order.  Doc. 140 ¶ 12(e).  As the Supplemental Protective Order provides, "Secret" material may be disclosed to "excluded persons," which includes Mr. Taraghi:

> if counsel for [Western] has a good faith belief that disclosure of certain "Secret" Discovery Material . . . is necessary for the defense or prosecution of this case and . . . if there is no agreement [by Dillon], then by order of the Court, with the Party seeking disclosure bearing the burden of proof that disclosure is necessary.

*Id.*  With trial quickly approaching, Western's counsel confirms that they have a good faith belief that disclosure of this information is necessary to prosecute Western's case.  *See* Ex. 1, Bennington Declaration, ¶ 4.

6.      While Western acknowledges that it has previously moved to Magistrate Judge Shafer for similar relief so that its counsel could disclose these data to Mr. Taraghi and that Magistrate Judge Shafer denied this relief, it cannot be seriously questioned that the present circumstances of a looming trial date change the calculus and that disclosure of these data is now necessary for Western to fully and fairly prepare its case.

7.     Additionally, the data requested to be disclosed to Mr. Taraghi are competitively "stale" in that the date ranges of the data are July 2007 to May 2011, making the oldest of the data over six years old now.  Even the most recent data by the time of trial will be nearly three years old.  To the best of Western's knowledge, Suncor and Kroger have entered into at least two new fuel purchasing agreements since the damages period ended in May 2011.  Western has no knowledge of the current pricing between Suncor and Dillon, nor knowledge of the volumes of fuel that Dillon currently is buying from Suncor.  Furthermore, as was briefed to the Court in the parties' summary judgment pleadings, Suncor terminated Western as a customer in May 2011 and Suncor still does not sell fuel to Western.  Ex. 1, Bennington Declaration, ¶ 7.  These facts additionally limit any current competitive "concern" that Dillon may have regarding disclosing these data to Mr. Taraghi.

## II.
## SPECIFIC RELIEF SOUGHT

8.     Pursuant to Paragraph 12(e) of the Supplemental Protective Order, Western seeks an order that documents/data produced by Dillon relating to fuel pricing or volume may be disclosed to Mr. Taraghi.  While the Supplemental Protective Order calls for a listing by Bates number and for providing a copy of each document to Dillon in order to disclose "Secret" information to "excluded persons," due to the number of documents this would entail, Western's counsel instead provided a detailed explanation to Dillon's counsel of the nature of the information that is the subject of this Motion.

9.      To limit disclosure of Dillon's "Secret" information to Mr. Taraghi, Western

excludes any of Dillon's market studies, reports, or internal company policies that include

pricing or volume data from the scope of this Motion.

10.     Mr. Taraghi has read the Supplemental Protective Order and executed its attached

Declaration of Compliance requiring that designated materials be used for no purposes outside of

this litigation.  Ex. 1, Bennington Declaration, ¶ 3.  To date, Mr. Taraghi has strictly complied

with the terms of the Supplemental Protective Order, and he will continue to do so if the Court

grants this Motion.  *See id.* ¶ 8.

## III.
## MOTION

11.     A party needs to be able to "elicit[] facts required for a full and fair presentation

of [its] case. . . ."  *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 n.6

(10th Cir. 1981) (internal quotation marks and citation omitted) (explaining a party's need for

trade secrets in the context of discovery).

12.     Because the Supplemental Protective Order still bars Western's counsel from

disclosing any of Dillon's pricing and volume data and their derivatives to Mr. Taraghi, the

Supplemental Protective Order operates as an equivalent to a proposed protective order that this

Court has previously rejected because the court found that it "would be crippling to [the

requesting party's] efforts to adequately present its case."  *Innovatier, Inc. v. CardXX, Inc.*, No.

08-cv-00273-PAB-KLM, 2008 WL 4889867, at *2 (D. Colo. Nov. 13, 2008).  In *Innovatier*, just

as here, the protective order excluded a party's representatives from reviewing key information

at issue in the case.  *See id.*  In *Innovatier*, the sensitive information related to the plaintiff's

proprietary technology, which was central to the defendant's counterclaim for misappropriation of technology.  *See id.* at *1-2.

13.     As in *Innovatier*, Dillon's "Secret" pricing and volume data lie at the heart of Western's Robinson-Patman Act and Colorado Unfair Practices Act claims.  The scheduled trial will begin about three months from now.  Without disclosing their trial strategy, Western's counsel states that they need to be able to review Dillon's pricing and volume data with Mr. Taraghi to fully and fairly prepare Western's case.

14.     Accordingly, Western requests an order, pursuant to Paragraph 12(e) of the Supplemental Protective Order, permitting its counsel to disclose Dillon's pricing and volume data, including derivatives of those data, to Mr. Hossein Taraghi, Western's principal, because the disclosure is necessary to fully and fairly prosecute its case.

Dated:  December 16, 2013

s/ Kenneth R. Bennington

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON BIERMANN
& CRAIGMILE, LLC 370 17th Street,
Suite 3500 Denver, CO 80202
Telephone: (303) 629-5200
Facsimile: (303) 629-5718
krb@benningtonjonson.com
kec@benningtonjohnson.com
afa@benningtonjohnson.com

Philip W. Bledsoe
Joseph T. VanLandingham

Polsinelli, PC
1225 Seventeenth Street, 29th Floor
Denver, CO 80202-5529
Telephone: (303) 572-9300
pbledsoe@polsinelli.com

*Attorneys for Plaintiffs and Third-Party
Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 16, 2013, copies of the foregoing **PLAINTIFF'S
MOTION TO DISCLOSE CERTAIN "SECRET" DISCOVERY MATERIALS
PURSUANT TO THE SUPPLEMENTAL PROTECTIVE ORDER** were served on the
following parties via the CM/ECF e-filing system:

Anthony J. Shaheen
Keeya M. Jeffrey
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80201-8749
AJShaheen@hollandhart.com
KMJeffrey@hollandhart.com

J. Robert Robertson
William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart PC
1225 Seventeenth Street, 29th Floor
Denver, CO  80202-5529
pbledsoe@polsinelli.com
jvanlandingham@polsinelli.com

Christopher A. Taravella
Michael R. McCormick
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80111
ctaravella@montgomerylittle.com
mmccormick@montgomerylittle.com

*s/ Marie Newberger*

_____

**11-cv-01611-MSK-CBS:  PLAINTIFF'S MOTION FOR LIMITED
DISCLOSURE OF CERTAIN "SECRET" DISCOVERY MATERIALS
IN ADVANCE OF MARCH 17, 2014 TRIAL**

Page 8