IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

### DECLARATION OF KENNETH R. BENNINGTON IN SUPPORT OF PLAINTIFF'S MOTION FOR LIMITED DISCLOSURE OF CERTAIN "SECRET" DISCOVERY MATERIALS IN ADVANCE OF MARCH 17, 2014 TRIAL

---

I, Kenneth R. Bennington, pursuant to 28 U.S.C. § 1746, state as follows:

1.     I am over eighteen (18) years of age and competent to testify to the matters stated herein. I make this declaration on personal knowledge.

2.     I am an attorney licensed to practice law in the State of Colorado and the managing member of Bennington, Johnson, Biermann & Craigmile, LLC. I am counsel of record for the Plaintiff in this action.

3.     Of the several thousand documents produced in this action, Interested Party Dillon, Inc. ("Dillon") has identified nearly all documents produced in response to Western

**Exhibit 1**

subpoenas as "Secret," meaning that neither I nor the other attorneys in my firm may disclose them, or any information derived from them, to the officers, directors, owners, shareholders, principals, or employees of the Plaintiffs, with the exception of in-house counsel. Western Convenience Stores ("WCS") does not have in-house counsel. If the Court grants the Motion, I may share documents designated as "Secret" with Mr. Taraghi as he has executed the Declaration of Compliance attached as Exhibit A to original Protective Order and the Supplemental Protective Order.

4. The Supplemental Protective Order prohibition against disclosure to Plaintiff of any documents or data designated by Dillon as "Secret" (or any information derived from such documents or data) will severely hamper my ability to fully and fairly present this case. Therefore, I declare that the requested disclosure pursuant to the Motion is necessary to prosecute this case. For example, while my client correctly believed that the fuel prices granted by Suncor to Dillon were lower than those granted to Western, I cannot share with my client the amount of the difference, how it was calculated, or how many gallons of fuel to which the price difference applied, since Dillon has designated all pricing data, contracts and communications discussing contractual discounts, and volume data as "Secret." The net price to Dillon is a cents per gallon ("cpg") discount off a rack price that is itself different from the rack price that was used to compute the net price charged to Western. Given the "Secret" designation, I cannot disclose these differences in price and calculation method and the volumes of fuel to which these differences applied and, thus, I cannot discuss with Mr. Taraghi these essential evidentiary data that inevitably will be presented at trial and about which Western's or Suncor's counsel may examine him.

**11-cv-01611-MSK-CBS: DECLARATION OF KENNETH R. BENNINGTON** Page 2
**IN SUPPORT OF PLAINTIFF'S MOTION FOR LIMITED DISCLOSURE**
**OF CERTAIN "SECRET" DISCOVERY MATERIALS**
**IN ADVANCE OF MARCH 17, 2014 TRIAL**

5.      In addition, Mr. Taraghi, the owner of Western, has been in the convenience store business for 23 years, having grown Western from one store to 42.  Thus, he has a wealth of experience and knowledge of which his own counsel is deprived in prosecuting this case on behalf of his company.  Mr. Taraghi will be a key witness during Western's case-in-chief, and since he will be permitted to be present during the entire proceeding under Fed. R. Evid. 615(a) and (b), he will likely have important insights about other witnesses' testimony regarding Dillon's pricing and volume data.  In preparing Western's case for trial, I need to discuss these data with him now in order to be able to fully and fairly litigate Western's case.

6.      WCS is also at a distinct disadvantage in having no in-house counsel, i.e., someone experienced with the company, its business and the industry, to whom the pricing and volume information designated as "Secret" can be disclosed.  In effect, I do not have a client with whom I can consult in understanding and evaluating the actual pricing that is the subject of this price discrimination case and the effect this differential pricing had on Western's business.  I suggest that could put me in the unethical position of becoming the client instead of the attorney, making critical decisions without the client's full and informed input.

7.      The "Secret" information that Western seeks to disclose to Mr. Taraghi is historical information only, relating to pricing between January 2007 and May 2011 when Suncor terminated Western as a customer.  My review of the discovery production to date indicates that pricing changes so often that Western's knowledge of pricing information which is, at most recent, more than two years old will have little, if any, value to Western going forward.  Documents produced by Suncor show that its contract

**11-cv-01611-MSK-CBS:  DECLARATION OF KENNETH R. BENNINGTON**  Page 3
**IN SUPPORT OF PLAINTIFF'S MOTION FOR LIMITED DISCLOSURE**
**OF CERTAIN "SECRET" DISCOVERY MATERIALS**
**IN ADVANCE OF MARCH 17, 2014 TRIAL**

with Dillon was renegotiated, with a new agreement signed in July of 2011, and Western has no knowledge of the details of current Suncor/Dillon agreements.  The relationship between Western and Suncor ended in May 2011, and Suncor has not allowed Western to purchase fuel from Suncor since the May 2011 termination.  Therefore, Western's knowledge of past Dillon pricing has even less significance, as it tells Western nothing of Dillon's current pricing from Suncor.

8.  I have discussed the obligations of the Supplemental Protective Order with Mr. Taraghi, and I declare that Mr. Taraghi understands the limitations the Supplemental Protective Order places on his knowledge and use of the Dillon data.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 16, 2013.

*s/ Kenneth R. Bennington*

Kenneth R. Bennington