**MONTGOMERY LITTLE & SORAN, PC**
Attorneys at Law

MICHAEL R. MCCORMICK
303.779.2721
mmccormick@montgomerylittle.com

December 5, 2013

Kathleen E. Craigmile, Esq.
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Anthony Shaheen, Esq.
Holland & Hart LLP-Denver
555 17th Street, Suite 3200
Denver, CO 80201

**SENT VIA ELECTRONIC MAIL:** kec@benningtonjohnson.com; AJShaheen@hollandhart.com

    RE:    *Western Convenience Stores, Inc., et al.* v. *Suncor Energy, Inc.*
              Civil Action No. 11-cv-01611-MSK-CBS
              United States District Court for the District of Colorado
              Our File No.: 1509-147

Dear Ms. Craigmile and Mr. Shaheen:

        Thank you for Ms. Craigmile's e-mail dated November 20, 2013 regarding the revised pretrial order ("PTO") and for your e-mails in response to our request for copies of the trial exhibits.

        Ms. Craimile's e-mail dated November 20, 2013 requests that Dillon consent to Western filing the PTO in un-redacted form. The un-redacted PTO contains Dillon's trade secret information and is subject to the terms of the Supplemental Protective Order (Doc. #140). Accordingly, Dillon does not consent, and strongly objects, to filing the PTO unrestricted[1] with the Court. This would violate the Supplemental Protective Order. Dillon also requests that you continue to abide by the provisions of the Supplemental Protective Order regarding the information in

---

[1] Dillon does not object to Western or Suncor filing the un-redacted PTO with the Court as a restricted document so long as the party that files the PTO also files a motion to restrict the PTO pursuant to the provisions of the Supplemental Protective Order.

**EXHIBIT B**

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 5, 2013
Page 2
Kathleen E. Craigmile, Esq.

the PTO, including without limitation that Western's counsel does not provide the un-redacted PTO to Mr. Taraghi.

    On November 21, 2013, I sent you an e-mail requesting a copy of the trial exhibits. Mr. Shaheen responded and requested that we limit the exhibits to those related to Dillon. In response, please send us all exhibits that are: (A) related to Dillon; and (B) contain or are derived from Dillon's information that is designated as confidential, highly confidential, or secret under the Protective Order and Supplemental Protective Order. We also request that Western and Suncor continue to abide by the terms of the Protective Order and Supplemental Protective Order with respect to the trial exhibits.

    We are concerned that if Dillon needs to seek relief from the Court concerning the trial exhibits then the Court will desire that any such motion be filed as soon as possible. Accordingly, would you please send us the trial exhibits described above on or before Friday December 13, 2013? Please let us know whether that date will work for you, or if not then the soonest possible date. To avoid copy costs, we suggest that you send the trial exhibits to us in electronic format on a CD or DVD.

    Please call me if you have any questions or concerns regarding this letter. We appreciate your assistance with this matter. Thank you.

Very truly yours,

Montgomery Little & Soran, P.C.

*[signature]*

Michael R. McCormick

cc:    Sara Sudkamp, Esq. (via e-mail)

**MONTGOMERY LITTLE & SORAN, PC**
ATTORNEYS AT LAW

December 5, 2013
Page 3
Kathleen E. Craigmile, Esq.

    Christopher A. Taravella, Esq. (via e-mail)

    William B. Ross, Esq. (via e-mail)

    Kenneth Bennington, Esq. (via e-mail: krb@benningtonjohnson.com)

    Philip Wayne Bledsoe, Esq. (via e-mail: pbledsoe@polsinelli.com)