# Michael McCormick

| | |
|---|---|
| **From:** | Michael McCormick |
| **Sent:** | Friday, January 03, 2014 6:11 PM |
| **To:** | Kate Craigmile (KEC@Benningtonjohnson.com) |
| **Cc:** | Kenneth Bennington (KRB@Benningtonjohnson.com); pbledsoe@polsinelli.com; Marie Newberger (man@benningtonjohnson.com) |
| **Subject:** | Western v. Suncor - motion to provide Mr. Taraghi access to discovery materials |
| **Attachments:** | 2014.1.3 Chart Docs Produced to Western.pdf |

Kate:

Regarding Western's motion for limited disclosure of certain secret discovery materials (Doc. #269), as you know, on November 21, 2013, Dillon requested a copy of Western's trial exhibits, but we still have not received them from Western. We are having difficulty understanding what Western wants to disclose to Mr. Taraghi in a vacuum without seeing the trial exhibits. Would you please send us a copy as soon as possible? To avoid copy costs, we suggest that you send the trial exhibits to us in electronic format on a CD or DVD.

Also, we are concerned regarding the following statements that the Court made during the October 30, 2013 pre-trial conference: "[L]et's start with this: If you go through the exercise that I have just suggested in deciding what facts you can agree upon, what happened, what sales occurred when, on what date, in what amount, for what price, you may be able to agree as to what information Mr. Taraghi can see that would allow him to make an informed decision." Transcript p. 27-28. Later the Court stated: "If there is information that is derived from the discovery that doesn't constitute Dillon's trade secrets, it may be able to be disclosed. And so I would ask you all to get out your very pincer-like tools, analytical tools, to think about that. And if necessary, file a stipulated motion, and we'll hear from Dillon as to what objection they have to the disclosure of information." Transcript, 29:11-17.

I have attached a chart of documents that Dillon produced to Western. If we understand paragraph 9 of Western's motion correctly, then the only documents Western does not seek to disclose to Mr. Taraghi are the marketing studies labeled as "10-Marketing Studies" on page 2 of the chart. These documents constitute 4,054 pages of the documents listed on Exhibit B. *See* Exhibit B, page 2. If we are correct, then this leaves approximately 94,383 pages of documents, many or most of which were designated "Highly Confidential" or "Secret", that Western seeks to provide to Mr. Taraghi via its motion. Do we understand that correctly? Also, please let us know what steps, if any, that Western took to narrow the information that it seeks to disclose to Mr. Taraghi in response to the Court's statements during the October 30, 2013 pre-trial conference.



Please call me if you have any questions or concerns regarding this e-mail. Because of the expedited nature of your motion and the briefing schedule, we would appreciate your response at your earliest convenience.   Thank you.

**MICHAEL R. MCCORMICK | ATTORNEY**

Montgomery Little & Soran, PC
Attorneys at Law

**EMAIL**          **WEB**          **BIO**

5445 DTC PARKWAY, SUITE 800, GREENWOOD VILLAGE, CO 80111-3053
MAIN: 303-773-8100 **|** FAX: 303-220-0412 **|** DIRECT DIAL: 303-779-2721

This e-mail message and any attachments may contain confidential, legally privileged information intended for the exclusive use of the addressee. They may also contain proprietary information or information that is otherwise protected from disclosure by applicable law including without limitation the attorney-client privilege and the attorney work product doctrine for anyone but the intended recipient.  Please do not read, copy, or disseminate the information transmitted unless you are the addressee. If you have received this message in error, please call us (collect) at (303) 773-8100 and ask to speak with the message sender.  Also, please delete the message from your system.  Thank you.