IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,

    Plaintiff,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LIMITED
DISCLOSURE OF CERTAIN "SECRET" DISCOVERY MATERIALS
IN ADVANCE OF MARCH 17, 2014 TRIAL**

---

    Plaintiffs and Third-Party Defendants (collectively, "Western"), by and through their undersigned counsel, submit this reply in support of Western's Motion for Limited Disclosure of Certain "Secret" Discovery Materials in Advance of March 17, 2014 Trial (Motion, Doc. 269; Response, Doc. 274).

## SUMMARY

    In its Response, Dillon misstates many of the facts and even the record in this ongoing dispute over documents and data it has designated as *Secret* in this litigation.

1. Western's Motion only seeks trial preparation access to pricing and volume data, nothing even remotely amounting to the thousands of pages claimed in the Dillon Response.

2. Western and Suncor endeavored to obtain stipulations regarding historical volume and pricing data, but Dillon implacably refused to agree, leading counsel for Western and Suncor to conclude the effort was wasted.

3. The Magistrate Judge did not foreclose Western from seeking relief closer to trial nor did he even suggest that trial would be closed to the public.  Rather, he specifically contemplated that trial would be open and that Mr. Taraghi may need access to Dillon data in advance of trial.  In any event, Western has not previously asked for this relief, despite Dillon's assertions to the contrary.

4. By invoking the provision (agreed to by Dillon) allowing parties to seek relief from its restrictions, Western is not breaching the Supplemental Protective Order.

5. Dillon has had Western and Suncor's joint exhibit list since November of 2013 and has not identified any documents which are unavailable to it from its own discovery files and the pleadings in this litigation, choosing instead to complain that Western and Suncor have not compiled their joint set of exhibits soon enough for the convenience of Dillon.

## ARGUMENT

**1. The Western Motion seeks trial preparation access only to limited historical volume and pricing data designated by Dillon as *Secret* under the Supplemental Protective Order.**

Dillon disingenuously claims that "Western's motion apparently seeks to produce more than just the trial exhibits to Mr. Taraghi" (Response at 13, ¶ 30*)* and that there are "approximately 94,383 pages of documents with Dillon's trade secret information that Western apparently seeks to provide to Mr. Taraghi…."  *Id.* at14, ¶ 30.

**11-cv-01611-MSK-CBS:  PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DISCLOSURE OF CERTAIN "SECRET" DISCOVERY MATERIALS IN ADVANCE OF MARCH 17, 2014 TRIAL**

Page 2

That, however, is not the case. The Motion, plainly titled *Plaintiff's Motion for Limited Disclosure of Certain "Secret" Discovery Materials in Advance of March 17, 2014 Trial*, points out in its first paragraph that Dillon designated all of its historical pricing and volume data as *Secret* and that Western's counsel has, for that reason, not been able to share any of that data with Mr. Taraghi (Western's principal and a Third-Party Defendant). Motion at 2, ¶ 1. The Motion then goes on to state:

> In order to fully and fairly prosecute Western's case, it is critical that Western's counsel be permitted to disclose Dillon's historical pricing and volume data (along with derivatives of those data in the form of expert analyses and opinions of both Suncor's expert, Dr. James Griffin, and Western's own experts, Dr. Mark Glick and Mr. Ted Tatos) to Mr. Taraghi in the course of trial preparation.

*Id.* at 3, ¶ 3.

Throughout the Motion, the subject data for which trial preparation access is requested is historical pricing and volume data, not "94,383 pages of documents with Dillon's trade secret information" which Dillon claims. This willful failure to address the limited disclosure of historical volume and pricing data is reason enough to disregard the Dillon arguments. More importantly, the Motion should be granted as Dillon does not even address how the secrecy of historical volume and pricing data will be compromised two months before trial any differently than at trial when Mr. Taraghi will be present. When weighed against fundamental due process considerations[1] in allowing Mr. Taraghi to fully prepare for a two-week trial on antitrust claims

---

[1] The issue of due process is embodied, for example, in Fed. R. Evid. 615 - Excluding Witnesses ("…this rule does not authorize excluding: (a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney…") The Advisory Committee explains: "Several categories of persons are excepted. (1) Exclusion of persons who are parties would raise serious problems of confrontation and due process. Under accepted practice they are not subject to exclusion. 6

**11-cv-01611-MSK-CBS: PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DISCLOSURE OF CERTAIN "SECRET" DISCOVERY MATERIALS IN ADVANCE OF MARCH 17, 2014 TRIAL**

Page 3

that have survived summary judgment and third-party claims against him for millions of dollars, the Dillon opposition should be rejected. Two months of additional secrecy of three year old data can make no difference at all in the real world, which is why Dillon has failed to address it.

In reality, its failure to address any objection to two months of access for Mr. Taraghi to historical volume and pricing data is based on Dillon's ongoing campaign to prevent trial in this action from being a public proceeding. Dillon cannot credibly argue that there was ever any doubt as to what data was sought for limited trial preparation disclosure[2] or that it would object. The assertion that Western seeks trial preparation access to 94,383 pages of Dillon's trade secrets is misdirection calculated only to camouflage the real goal, namely, that Dillon does not want either the Plaintiff or the Third-Party Defendants to be present at trial.

> **2. Western and Suncor tried to obtain stipulations from Dillon that would have obviated much of the dispute over secrecy, but Dillon implacably refused to agree to disclosure of even the most basic facts to Mr. Taraghi or in the public record.**

The Dillon Response suggests that Western failed to follow the Court's guidance and request at the initial Final Pretrial Conference to come up with stipulations that would address Dillon's secrecy objections. Response ¶ 4 ("…. The Court responded that Western should try to narrow any disputed facts involving Dillon's trade secrets and try to stipulate concerning what

---

Wigmore §1841. (2) As the equivalent of the right of a natural-person party to be present, a party which is not a natural person is entitled to have a representative present." Fed. R. Evid. 615 advisory committee's notes on proposed rule.

[2] In any event, counsel for Dillon has been provided with the documents (which it has known to be trial exhibits since November 2013) containing the historical volume and pricing data referred to in the Motion. Even with those documents being handed to it on a platter, it is inconceivable that Dillon will change its position prior to the hearing on the Motion.

**11-cv-01611-MSK-CBS:  PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DISCLOSURE OF CERTAIN "SECRET" DISCOVERY MATERIALS IN ADVANCE OF MARCH 17, 2014 TRIAL**

Page 4

information Mr. Taraghi could see to allow him to make an informed decision."). That suggestion could not be any farther from the truth.

In connection with the second proposed Final Pretrial Order, Western's and Suncor's counsel had multiple in-person meetings and worked for many hours to reach additional factual stipulations, including stipulations as to the Dillon pricing that is the very basis of Western's price discrimination claims. Western and Suncor included those stipulations in the Revised Proposed Final Pretrial Order, but redacting from them specific references to Dillon pricing and purchase volumes and indicating that Dillon was being provided with an unredacted version and was being asked to stipulate to its refiling in unredacted form. See Doc. 266, n. 2; Exhibit 1, email correspondence dated November 20, 2103 and Exhibit 2, restricted attachment. Dillon not only "strongly object[ed]" to the filing of the unredacted stipulations in the public record, but made clear its position that Mr. Taraghi could have no access to the unredacted Revised Final Pretrial Order. Exhibit 3, December 5, 2013 correspondence from Dillon's counsel. Western and Suncor followed the Court's instructions, but Dillon's continued refusal of disclosure to Mr. Taraghi of even the most basic undisputed facts regarding his price discrimination claims rendered futile any further attempt to reach stipulations as to access to the Dillon data.

3. **The Magistrate Judge specifically contemplated that, after summary judgment rulings and closer to trial, Western might appropriately request the relief sought now and did not even suggest that trial would be closed to the public.**

Dillon urges that the Motion amounts to an appeal of earlier rulings of the Magistrate Judge and that those rulings foreclosed Western from raising this issue any further. In fact, Magistrate Judge Shaffer from early-on in this litigation made it clear that trial was likely to be a public proceeding and that circumstances, particularly after

**11-cv-01611-MSK-CBS: PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DISCLOSURE OF CERTAIN "SECRET" DISCOVERY MATERIALS IN ADVANCE OF MARCH 17, 2014 TRIAL**

Page 5

rulings on summary judgment, could justify allowing Mr. Taraghi access to restricted data:

> THE COURT: …I think Suncor would be erring on the side of undue optimism to think that this is going to be anything but a public trial. And so Suncor should just accept the reality that if this case goes to trial the pricing information will be public. And so at some point -- I mean, I think that, to use a military metaphor, Suncor is simply fighting a delaying action. You will at some point have to give this information up.
>
> Now, I also believe that at some point Mr. Taraghi as the principal person in charge of the plaintiff enterprises is entitled to have enough information so that he can make an informed decision.
>
> \*\*\*
>
> But in fairness to Suncor, I do not want Suncor to believe that having made this decision my ruling is cast in stone. Because this case, and the pretrial process of this case will continue to evolve. And as the case evolves Mr. Taraghi's right or need to have this information will similarly evolve. And I don't -- I cannot discount the possibility at some point he will have a right to this information.

Doc. 126, June 25, 2012 Hearing Transcript. 83:2-13, 87:13-20.[3]

> THE COURT: …And if, in fact, Judge Krieger decides this case is going to have to be tried, and if Judge Krieger says, I'm not sealing this proceeding in any way, then for all intensive (sic) purposes Mr. Taraghi is going to get it at some point, so I don't see much reason in delaying access. But I don't think we've come to a point in these proceedings where we're crossing, pardon the expression, the Rubicon and there's no point of return.

Doc. 197, Transcript of December 12, 2012 Hearing, 17:2-10.[4]

> MR. BENNINGTON: Your Honor, you some time ago told the parties that this was going to come out at trial.
> THE COURT: Right.

---

[3] This hearing occurred before Dillon was served with subpoenas; thus, it was not present. However, Dillon is aware of the discussions at this proceeding, given that it cited this hearing transcript in its Response. *See* Response at 6 ¶ 12.

[4] Dillon was present and represented at this hearing as well as all further hearings before the Magistrate Judge on the issue of access to restricted information.

**11-cv-01611-MSK-CBS: PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DISCLOSURE OF CERTAIN "SECRET" DISCOVERY MATERIALS IN ADVANCE OF MARCH 17, 2014 TRIAL**

Page 6

> MR. BENNINGTON: And some time ago when you first ruled on this issue you made it clear to us that it was without prejudice to file another motion after time had passed on the same issue. So –
> THE COURT: No, I understand. Mr. Bennington --
> MR. BENNINGTON: -- I --
> THE COURT: -- I don't disagree with any of those statements.

Doc. 180, Transcript of January 28, 2013 Hearing, 36:10-22.

While it is true that Magistrate Judge Shaffer denied previous Western motions to gain access for Mr. Taraghi, there can be no doubt that he saw the issue as dependent on circumstances as they evolved after summary judgment rulings and as the case came closer to trial. The present Motion simply addresses the current circumstances with trial now two months away.

4. **The present Motion invokes paragraph 12(e) of the Supplemental Protective Order (Doc. 140) allowing Western to seek disclosure of Discovery Material necessary for the defense or prosecution of the case.**

Dillon complains that by filing the present Motion, Western is breaching the Supplemental Protective Order (Doc. 140). What Dillon ignores is that it agreed to a provision in that Protective Order contemplating just such a motion.

> e. Excluded Persons – Secret, if counsel for the Receiving Party has a good faith belief that disclosure of certain "Secret" Discovery Material … is necessary for the defense or prosecution of this case …, if there is no agreement, then by order of the Court, with the Party seeking disclosure bearing the burden of proof that disclosure is necessary. Disclosure is limited to the "Secret" Discovery Material so identified.

Doc. 140, pp. 8 – 9, ¶12(e).

As pointed out in detail in the Dillon response, counsel for Western have always acknowledged the obligation to abide by the Supplemental Protective Order and that obligation

**11-cv-01611-MSK-CBS: PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DISCLOSURE OF CERTAIN "SECRET" DISCOVERY MATERIALS IN ADVANCE OF MARCH 17, 2014 TRIAL**

Page 7

has been studiously met.  The implication that those statements amount to some sort of waiver of Western's right to the relief specifically contemplated by the Protective Order is nonsense.

> **5. Dillon has had Western and Suncor's joint exhibit list since November 2013 and has not identified any documents as being unavailable to it from its own discovery files and the pleadings in this litigation, choosing instead to complain that Western and Suncor have not compiled their joint set of exhibits soon enough for the convenience of Dillon.**

On November 20, 2013, Dillon was provided a copy of the joint Western and Suncor exhibit list along with a Proposed Pretrial Order.  Counsel for the actual parties in this case have been jointly preparing trial exhibits since that time with emphasis on ensuring accuracy and that at trial the best available copy will be used.  Dillon's counsel, however, seem to think that their convenience has priority over the parties' trial preparation schedule and have complained that, even though they have the detailed exhibit list, they have not been provided with the actual trial exhibits.  In response, counsel for Western and Suncor have offered to supply any specific exhibits that are unavailable or cannot be identified in Dillon's discovery files or the pleadings.  The parties expect to have a complete set of exhibits prepared no later than early February at which time a full set will be delivered to Dillon.  In the meantime, the offer to supply unavailable documents or clarify the existing exhibit list remains open.

## CONCLUSION

The Dillon Response ignores the right of both Western and Mr. Taraghi to be present at trial when the evidence of Dillon's historical volume and pricing data will be presented.  Dillon offers nothing to substantiate an objection to Mr. Taraghi seeing that evidence two months earlier.  That unsubstantiated objection is plainly outweighed by fundamental fairness and due process considerations, as well as trial efficiency, and should be denied.

**11-cv-01611-MSK-CBS:  PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DISCLOSURE OF CERTAIN "SECRET" DISCOVERY MATERIALS IN ADVANCE OF MARCH 17, 2014 TRIAL**

Page 8

Dated:  January 8, 2014.

*s/ Kenneth R. Bennington*

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON BIERMANN & CRAIGMILE, LLC 370 17th Street,
Suite 3500 Denver, CO 80202
Telephone: (303) 629-5200
Facsimile: (303) 629-5718
*krb@benningtonjonson.com*
*kec@benningtonjohnson.com*
*afa@benningtonjohnson.com*

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli, PC
1225 Seventeenth Street, 29th Floor
Denver, CO 80202-5529
Telephone: (303) 572-9300
pbledsoe@polsinelli.com

*Attorneys for Plaintiffs and Third-Party Defendants*

**11-cv-01611-MSK-CBS:  PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DISCLOSURE OF CERTAIN "SECRET" DISCOVERY MATERIALS IN ADVANCE OF MARCH 17, 2014 TRIAL**

Page 9

## CERTIFICATE OF SERVICE

   I hereby certify that, on January 8, 2014, copies of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISCLOSE CERTAIN "SECRET" DISCOVERY MATERIALS PURSUANT TO THE SUPPLEMENTAL PROTECTIVE ORDER** were served on the following parties via the CM/ECF e-filing system:

| | |
|---|---|
| Anthony J. Shaheen | J. Robert Robertson |
| Keeya M. Jeffrey | William L. Monts III |
| Holland & Hart LLP | Hogan Lovells US LLP |
| 555 17th Street, Suite 3200 | 555 Thirteenth Street, N.W. |
| Denver, CO 80201-8749 | Washington, D.C. 20004-1109 |
| AJShaheen@hollandhart.com | robby.robertson@hoganlovells.com |
| KMJeffrey@hollandhart.com | william.monts@hoganlovells.com |
| | |
| Philip W. Bledsoe | Christopher A. Taravella |
| Joseph T. VanLandingham | Michael R. McCormick |
| Polsinelli Shughart PC | Montgomery Little & Soran, P.C. |
| 1225 Seventeenth Street, 29th Floor | 5445 DTC Parkway, Suite 800 |
| Denver, CO 80202-5529 | Greenwood Village, CO 80111 |
| pbledsoe@polsinelli.com | ctaravella@montgomerylittle.com |
| jvanlandingham@polsinelli.com | mmccormick@montgomerylittle.com |

                *s/ Marie Newberger*

**11-cv-01611-MSK-CBS:  PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DISCLOSURE OF CERTAIN "SECRET" DISCOVERY MATERIALS IN ADVANCE OF MARCH 17, 2014 TRIAL**

Page 10