**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,

    Western/Counter Defendant,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

**SUPPLEMENT TO RESPONSE REGARDING PLAINTIFF'S MOTION FOR LIMITED DISCLOSURE OF CERTAIN "SECRET" DISCOVERY MATERIALS IN ADVANCE OF MARCH 17, 2014 TRIAL BY INTERESTED NON-PARTY DILLON COMPANIES, INC.**
_____

    Interested Non-Party Dillon Companies, Inc. ("Dillon"), by and through its attorneys, Montgomery Little & Soran, P.C., respectfully submits this Supplement to Response (Doc. #272) Regarding Plaintiff Western Convenience Stores, Inc.'s ("Western") Motion for Limited Disclosure of Certain "Secret" Discovery Materials in Advance of March 17, 2014 Trial (Doc. #269) ("Fifth Motion to Re-Designate").

1

## CERTIFICATE OF CONSULTATION

1. On January 9, 2014, the undersigned counsel certifies that he consulted via telephone with Western's counsel regarding Western's Fifth Motion to Re-Designate. Also, on January 10, 2014 and January 13, 2014, counsel for Dillon provided drafts of this Supplement to Western's counsel via e-mail before filing same.

## SUPPLEMENT TO RESPONSE

2. This Supplement is intended to supplement and correct Paragraphs 30 and 49 of Dillon's Response (Doc. #272) to Western's Fifth Motion to Re-Designate (Doc. #269).

3. On December 16, 2013, Western filed its Fifth Motion to Re-Designate. A hearing is scheduled before the Court regarding Western's Fifth Motion to Re-Designate on Tuesday January 14, 2014 at 9:00 a.m. Doc. #271.

4. On January 6, 2014, Dillon filed its Response (Doc. #272) to Western's Fifth Motion to Re-Designate.

5. On January 7, 2014, counsel for Dillon received from Western, for the first time, a list of documents that Western seeks to provide to Mr. Taraghi via its Fifth Motion to Re-Designate based upon a joint exhibit list Western sent to Dillon. Exhibit F, pages 8-9 and 12-24. On the same day, Western provided some of these documents to Dillon in Microsoft Excel format. Exhibit F, pages 6-7. Other documents were not provided or were in a special format that could not be opened. Exhibit F, p. 6.

6.	On January 9, 2014, after Dillon consulted with Western regarding the first list, Western sent Dillon a second revised list of documents that it seeks to provide to Mr. Taraghi. Exhibit F, pages 5 and 11. On January 10, 2014 and January 13, 2014, after Dillon consulted with Western regarding the second revised list, Western sent Dillon additional documents. *See* Exhibit F, pp. 1-3

7.	Exhibit G is a chart showing each document Western has sought to produce to Mr. Taraghi, the date the request was made, the number of pages in each document, and whether Western provided a copy of the document to Dillon[1].

8.	According to the e-mail and documents provided by Western to Dillon on January 9, 10, and 13, 2014, Western seeks to produce at least 41,844[2] pages of documents to Mr. Taraghi. Although this is somewhat less than the approximately 94,383 pages of documents Western sought in its original motion, Dillon respectfully submits that Western has not significantly narrowed the documents at issue pursuant to the Court's instructions. Further, many of these documents are not trial exhibits. *See* Exhibit G, pp. 6-11. For example and without limitation, the Court directed during the October 30, 2013 pre-trial conference that expert witness reports would not be admitted as trial exhibits.

---

[1] As of the time of filing this Supplement, Western has not provided copies of one of the expert reports it seeks to provide to Mr. Taraghi to Dillon. *See* Exhibit G, page 6 (Trial Exhibit 404).

[2] However, this figure does not include the number of pages in the expert report referred to in footnote 1 above. *See* footnote 1, above.

9. Dillon requested all of the trial exhibits related to Dillon from Western via written requests on November 21, 2013, December 5, 2013 (Exhibit B, Doc. #272-2), January 3, 2014 (Exhibit D, Doc. #272-4), and January 7, 2014 (Exhibit F, pages 7-8). Dillon expressed concerns to Western that if Dillon needs to seek relief from the Court concerning any of the trial exhibits then the Court will want any such motion filed as soon as possible. *See Id.* As of the filing of this Supplement, Western has not provided Dillon with a copy of same.

WHEREFORE, Dillon respectfully requests that the Court deny Western's Fifth Motion to Re-Designate and award Dillon its attorney's fees and costs for responding to same.

Dated: January 13, 2014.

> s/ Michael R. McCormick
> Christopher A. Taravella, #7790
> Michael R. McCormick, #33682
> Montgomery Little & Soran, P.C.
> 5445 DTC Parkway, Suite 800
> Greenwood Village, Colorado 80111
> Phone Number: (303) 773-8100
> Fax Number: (303) 220-0412
> E-mail:  ctaravella@montgomerylittle.com
>           mmccormick@montgomerylittle.com
> *Attorney for Dillon Companies, Inc.*
> *Interested Non-Party*

4

## CERTIFICATE OF SERVICE

 I hereby certify that on January 13, 2014 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO  80202

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-D enver
555 17th Street, Suite 3200
Denver, CO  80201

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO  80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

           s/ *Michael R. McCormick*
           Montgomery Little & Soran, P.C.

5