THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,

    Plaintiffs/Counter Defendant,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

_____

**UNOPPOSED MOTION BY INTERESTED NON-PARTY DILLON COMPANIES, INC. TO RESTRICT ACCESS TO DOC. #274**
_____

    Comes now interested non-party Dillon Companies, Inc. ("Dillon"), by and through its attorneys, Montgomery Little & Soran, P.C., and submits this Unopposed Motion to Restrict Access to Doc. #274 pursuant to D.C. Colo. L. Civ. R. 7.2(B).

### Conferral Pursuant to D.C. Colo. L. Civ. R. 7.1(A)

    In accordance with D.C. Colo. L. Civ. R. 7.1(A), counsel for Dillon certifies that counsel discussed the relief requested in this motion with Counsel for Plaintiff Western Convenience Stores, Inc. ("Western") and Defendant Suncor Energy (U.S.A.), Inc. ("Suncor"). Suncor has no objection to the relief requested in this motion. While

1

Western does not oppose the relief requested in this motion (i.e. restricting access to Doc. #274), Western does not waive: (A) Western's Motion for Order to Disclose Certain "Secret" Discovery Materials in Advance of March 17, 2014 Trial (Doc. #269); and (B) Western's intent to seek relief from the Court requesting that Western's owner and employees not be excluded from the trial during the presentation of any evidence that is the subject of redaction or is otherwise is subject to secrecy under the Supplemental Protective Order (Doc. #140). *See* Revised Proposed Final Pretrial Order (Doc. #266). Dillon respectfully requests the opportunity to seek relief from the Court concerning restricting access at trial by persons not authorized to view documents designated under the Protective Order (Doc. #49) and Supplemental Protective Order (Doc. #140) pursuant to the terms and conditions of same.

## SUMMARY

1.      As described in more detail below, this motion seeks to restrict public access to the un-redacted Revised Proposed Final Pretrial Order (Doc. #274) ("Revised Pretrial Order"). Because: (A) Western already redacted the Revised Pretrial Order ("Doc. #266) pursuant to the Court's Redaction Order (Doc. #251); (B) Western filed the redacted version of the Revised Pretrial Order with the Court as Doc. #266; and (C) Doc. #266 is publically available, there is no need for the Court to order anything further to be done with respect to making the redacted Revised Pretrial Order (Doc. #266) publically available. However, this motion requests that the un-redacted version of the

Revised Pretrial Order (Doc. #274), which includes Dillon's trade secrets, maintain a Level 1 Restriction.

2.  For the reasons stated in, *inter alia*, Dillon's Motion for Fees and Costs (Doc. #226), Dillon continues to object to Western's filing restricted documents with the Court that should be accompanied by a motion to restrict access. *See* Dillon's Motion for Fees and Costs ("Motion for Fees and Costs") (Doc. #226), Paragraphs 41-47 and 77. Dillon has objected and continues to object to Western not filing motions to restrict access to these documents as required by the Supplemental Protective Order (Doc. #140).

## **MOTION AND RELIEF SOUGHT**

3.  On September 5, 2013, the Court issued its Order regarding restricting access to the motions for summary judgment and exhibits thereto ("MSJ Documents"). Doc. #251, pages 41-47 ("Redaction Order"). The Court's Redaction Order directed that certain categories of information be redacted from the MSJ Documents.

4.  On October 3, 2013, Dillon filed a Motion (Doc. #253) regarding the Court's Redaction Order which included declarations from Dillon employees explaining why additional categories of information in the MSJ Documents are also trade secrets. Dillon hereby incorporates and restates its motion (Doc. #253), its Status Report (Doc. #257) regarding the motion, and all of the exhibits thereto (Doc. #253-1 to Doc. #253-17 and Doc. #257-1 to Doc #257-6), as if fully set forth herein.

5. On October 30, 2013, the Court held a Pre-Trial Conference and granted Dillon's motion (Doc. #253) regarding the Redaction Order in part. The Court held that certain additional categories of information would also be redacted from the MSJ Documents pursuant to the Court's Redaction Order.

6. On November 20, 2013, Western filed a redacted version of the Revised Pretrial Order (Doc. #266). Western redacted the Revised Pretrial Order (Doc. #266) before filing it pursuant to the Court's Redaction Order. The redacted version of the Revised Pretrial Order (Doc. #266) is publically available without restriction.

7. On January 18, 2014, Western filed the un-redacted Revised Pretrial Order (Doc. #274) as an exhibit to its Reply (Doc. #273) in support of its Motion for Order to Disclose Certain "Secret" Discovery Materials in Advance of March 17, 2014 Trial (Doc. #269).

8. The Supreme Court acknowledged a common-law right of access to judicial records in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). *See* Court's Redaction Order pp. 42-43. This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system. *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002). Courts have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of

access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

9.      Documents filed with the Court are presumptively available to the public, and the burden is on the party seeking restriction to justify such relief. *See* D.C.Colo. L. Civ. R. 7.2(A).  A showing of compelling reasons for restriction of public access is necessary, as it critical that the public be able to review the factual basis of the Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter. *Cf. McVeigh*, 119 F.3d at 814.  A party seeking to restrict access must make a multi-part showing.  It must: (1) identify the specific document for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question; and (5) identify the restriction level sought. *See* D.C.Colo. L. Civ. R. 7.2(B)(1)-(5).

10.     For the reasons stated in, *inter alia*, Dillon's Motion (Doc. #253) regarding the Court's Redaction Order, the Status Report (Doc. #257) regarding same, and the exhibits and declarations thereto, the un-redacted Revised Pretrial Order (Doc. #274) includes Dillon's trade secrets and should remain restricted from public access, including Dillon's competitors.

11. Because Western already filed a redacted version of the Revised Pretrial Order (Doc. #266) pursuant to the Court's Redaction Order (Doc. #251), there is no need for the Court to direct that a redacted version of the Revised Pretrial Order be filed because it has already been done and is available to the public. *See* Doc. #266. However, the un-redacted version of the Revised Pretrial Order (Doc. #274), which includes Dillon's trade secrets, should remain restricted from public access.

WHEREFORE, Dillon respectfully requests that the Court grant an order of Level 1 restriction concerning Doc. #274.

Dated: January 22, 2014.

> s/*Michael R. McCormick*
> Christopher A. Taravella, #7790
> Michael R. McCormick, #33682
> Montgomery Little & Soran, P.C.
> 5445 DTC Parkway, Suite 800
> Greenwood Village, Colorado 80111
> Phone Number: (303) 773-8100
> Fax Number: (303) 220-0412
> E-mail:  ctaravella@montgomerylittle.com
> mmccormick@montgomerylittle.com
> *Attorney for Dillon Companies, Inc.*
> *Interested Non-Party*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann &
Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO 80202

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-Denver
555 17th Street, Suite 3200
Denver, CO 80201

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO 80202

William LeitzseyMonts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

s/ *Michael R. McCormick*
Montgomery Little & Soran, P.C.