**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;

    Plaintiff and Counterclaim Defendant,

vs.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant, Counterclaimant, Third-Party Plaintiff,

HOSSEIN and DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

**THE PARTIES' JOINT RESPONSE TO MOTION BY INTERESTED NON-PARTY DILLON COMPANIES, INC. TO RESTRICT ACCESS TO DILLON'S TRADE SECRETS AT TRIAL**

---

Western Convenience Stores, Inc. ("Western"), Suncor Energy (U.S.A.) Inc. ("Suncor") and Hossein and Debra Taraghi (collectively, the "Parties") submit this Joint Response to Motion by Interested Non-Party Dillon Companies, Inc. to Restrict Access to Dillon's Trade Secrets at Trial ("Motion"). The Parties do not object to certain parts of the relief Dillon requests (although it is largely unnecessary), but do object to most of the relief because: (i) there is no factual basis for it, (ii) it interferes with an effective, efficient and smooth trial presentation, (iv) it presumes to tell the Parties which exhibits are not necessary for their case, and (iv) above all, it assumes that the attorneys and the parties will not comply with Orders of the Court.

The Parties do not believe that a hearing or oral argument is necessary. This case has become more about Dillon's purported trade secrets than about the antitrust issues that will be

tried.  Dillon is interfering with the Parties' trial preparation and prejudicing the prospect of an efficient, fair and open trial on the Parties' claims, counterclaims and third-party claims.

For the convenience of the Court, the Parties will simply respond to the relief requested in the "Wherefore" clause of the Motion at pages 15-17:

(i)  **No objection**, although it is unnecessary.  There is already a Protective Order and a Supplemental Protective Order in place that addresses these issues.  *E.g*., Doc #140 (prohibiting the parties' disclosure of "secret" documents).  *See* Protective Order, Doc. #49 and Supplemental Protective Order, Doc. #140.

(ii)  **Objectio**n.  Dillon's request that during trial the parties "turn away computer screens displaying trial exhibits with Dillon's trade secrets from the public and not display any of Dillon's trade secrets on an overhead projector" is cumbersome and will hinder the parties' smooth presentation of the case.  The request is ostensibly to "protect Dillon's trade secrets from its competitors."  *See* Motion at 12, ¶ 26.  The relief is unnecessary.

*First,* there is no basis for presuming that Bradley, Diamond Shamrock, 7-11, Valero, Kum-n-Go, Gas-a-Mat or any of the other competitors of Dillon and Western Convenience will be present in the courtroom.

*Second,* Dillon's assertion that the pricing material would enable "a direct competitor . . . to estimate Dillon's retail sale prices and volumes" or determine "what Dillon's contract prices will be in the future" is  unbelievable on its face.  It is simply not credible that any competitor could use the "bits and pieces" of pricing materials presented at trial to pierce Dillon's trade secrets and gain a competitive advantage.  The Parties do not read this request as applying to Mr. Taraghi, but to the extent it does, Dillon is amply protected by subpart (i), above, and the Protective and Supplemental Protective Orders that are in place.

2

*Finally,* this request should be denied not only because it is disruptive and cumbersome but because it is also based on the faulty assumption that someone in the back of the courtroom will be able to read the computer screens at the lectern and counsel tables. (The parties have no plans or even a reason to use an overhead projector in this trial to the Court.) And, of course, if the computer screens are turned away, as Dillon requests, then counsel and the Parties will not be able to read them.

(iii)    **Objection.**  The Parties agree that unredacted transcripts and exhibits should be used at trial, but object to Dillon's attempts to condition their use as unreasonable and unworkable.

(iv) – (v)    **Objection.**  The Court has made it clear that trial is to be a public proceeding. Dillon's continuing efforts to re-argue this issue, and the restrictions it seeks, create additional inefficiencies and costs for the Court and the Parties.

Dillon offers no basis for its request that the Parties "redact the trial transcripts pursuant to the Court's Redaction Order, *obtain Dillon's approval of same,* and thereafter file the redacted trial transcripts in the ECF/PACER system as publically available documents" and that the redactions "be split evenly between Western and Suncor." *See* Motion at 14, ¶ 31 (emphasis added). For that reason alone, this request should be denied. But in addition, Dillon is the one who wants its purported trade secrets protected. It will undoubtedly review the trial transcripts as part of its "approval" process to make sure that the Parties redacted the transcripts sufficiently. Thus, by having the Parties redact the transcripts first, Dillon is just making extra, unnecessary work. Moreover, if, as Dillon argues, this information is so secret and disclosure would be so detrimental, then it should be willing to bear the cost to protect what it claims are trade secrets.

3

(vi)  **Objection.**  Dillon requests that the Court "exclude Trial Exhibits 158 and 167 (Dillon's marketing studies) *if possible*" because, in Dillon's view, those exhibits "may not be necessary" for the Parties' trial presentation.  *See* Motion at 14, ¶ 30 (emphasis added).  It is presumptuous and intrusive for Dillon to tell the parties how to try their case.  Dillon has no right to do so.  *See U.S. v. Sears*, 2008 WL 718181, at * 4 (D. Kan. March 14, 2008) ("[s]trategic choices of attorneys are given great deference and the court will not question tactical decisions of trial counsel").  Moreover, the requested order is vague and over-broad.  The phrase "if possible" means that if such an Order were issued, the parties would almost certainly be in violation if either of those exhibits were used because, as the saying goes, "anything is possible."

(vii)  **Objection.**  The Parties do not know exactly what Dillon has in mind with its request for "further relief."  However, Dillon "requests permission to supplement or amend this motion."  *See* Motion at 6, ¶ 13.  The Parties request that the issues surrounding Dillon's documents be brought to a conclusion now, once and for all, so that they can focus their attention on where it belongs—preparing for trial.

## CONCLUSION

The Court should deny Dillon's Motion with respect to requests for relief (ii); (v)(B); (v)(C); (vi) and (vii) without a hearing.  In the alternative, the Parties request a status conference so that all the issues surrounding Dillon and the Parties' trial presentation may be finally resolved.

4

Dated:  February 14, 2014

| | |
|---|---|
| *s/ Anthony J. Shaheen* | *s/ Kenneth R. Bennington* |
| Anthony J. Shaheen #14295 | Kenneth R. Bennnington |
| HOLLAND & HART LLP | Kathleen E. Craigmile |
| Post Office Box 8749 | Adam F. Aldrich |
| Denver, CO  80201-8749 | BENNINGTON JOHNSON BIERMANN & |
| Phone: 303-295-8054 | CRAIGMILE, LLC |
| Fax: 303-291-9126 | 370 17th Street, Suite 3500 |
| AJShaheen@hollandhart.com | Denver, CO  80202 |
| | Telephone:  (303) 629-5200 |
| J. Robert Robertson | Facsimle:  (303) 629-5718 |
| William L. Monts III | krb@benningtonjohnson.com |
| Hogan Lovells US LLP | kec@benningtonjohnson.com |
| 555 Thirteenth Street, N.W. | afa@benningtonjohnson.com |
| Washington, D.C.  20004-1109 | |
| robby.robertson@hoganlovells.com | Philip W. Bledsoe |
| william.monts@hoganlovells.com | Joseph T. VanLandingham |
| **ATTORNEYS FOR DEFENDANT AND THIRD-PARTY PLAINTIFF** | Polsinelli, PC |
| | 1225 17th Street, 29th Floor |
| | Denver, CO  80202-5529 |
| | Telephone:  (303) 572-9300 |
| | pbledsoe@polsinelli.com |
| | **ATTORNEYS FOR PLAINTIFFS AND THIRD-PARTY DEFENDANTS** |

## CERTIFICATE OF SERVICE

   I hereby certify that on February 14, 2014, I served the foregoing **The Parties' Joint Response to Motion by Interested Non-Party Dillon Companies, Inc. to Restrict Access to Dillon's Trade Secrets at Trial**, by causing the foregoing to be presented to the Clerk of Court for filing and uploading to the CM/ECF system.  A copy was sent via email to:


Christopher A. Taravella
ctaravella@montgomerylittle.com
dharant@montgomerylittle.com
lfry@montgomerylittle.com

Michael R. McCormick
mmccormick@montgomerylittle.com
dharant@montgomerylittle.com

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON BIERMANN & CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202
krb@benningtonjohnson.com
kec@benningtonjohnson.com
afa@benningtonjohnson.com

Philip W. Bledsoe
POLSINELLI SHUGHART, P.C.
1515 Wynkoop Street, Suite 600
Denver, CO 80202
pbledsoe@polsinelli.com

                   *s/Anthony Shaheen*

6677927v1