**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,

      Western/Counter Defendant,

v.

SUNCOR ENERGY (U.S.A.), INC. a Delaware corporation,

      Defendant/Counter Claimant/Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

      Third-Party Defendants.

_____

**REPLY IN SUPPORT OF MOTION BY INTERESTED NON-PARTY DILLON**
**COMPANIES, INC. TO RESTRICT ACCESS**
**TO DILLON'S TRADE SECRETS AT TRIAL**
_____

      Interested Non-Party Dillon Companies, Inc. ("Dillon"), by and through its

attorneys, Montgomery Little & Soran, P.C., respectfully submits this Reply in Support of

Dillon's Motion to Restrict Access to Trade Secrets At Trial pursuant to D.C. Colo. L.

Civ. R. 7.2(B).  Doc. #292 ("Motion").

      1.     Dillon is not interested in being a distraction during the trial.  Dillon's only

interest is in protecting its valuable trade secrets from its competitors.

2.      As discussed in more detail below: (A) Dillon's Motion provides detailed

facts and legal authorities demonstrating why Dillon has a compelling interest to protect

its trade secrets from its competitors during the trial; (B) the Court can still conduct a

smooth trial while protecting Dillon's trade secrets; (C) Western and Suncor's need to

use the marketing studies, if any, should be balanced with Dillon's need to protect its

trade secrets; and (D) Western and Suncor's compliance with the existing Protective

Order (Doc. #49) and Supplemental Protective Order (Doc. #140) will not provide Dillon

with adequate protection because those Orders will not restrict competitor access to

Dillon's trade secrets at trial.

3.      Dillon's replies below follow pages 2-4 of Western and Suncor's joint

response (Doc. #300), and the prayer for relief in Dillon's Motion, pages 15-17 (Doc.

#292).


(i)      Western and Suncor do not object to the restrictions Dillon seeks in

subparagraph (i) of Dillon's prayer for relief.[1]  However, Western and Suncor believe

this relief is unnecessary due to the existing Protective Order (Doc. #49) and

Supplemental Protective Order (Doc. #140).  As the Court has stated, a different

standard applies to restriction of documents at trial than was applicable during

---

[1] See Response (Doc. #300), pages 2 and 4 (conclusion).

discovery.   *See* Order regarding restricting access to the motions for summary judgment and exhibits thereto ("MSJ Documents"), Doc. #251 ("Redaction Order") at p. 43; referring to *United States v. McVeigh*, 119 F.3d 806, 811, 814 (10th Cir. 1997). Dillon has a compelling need for the relief requested in its Motion under D.C.Colo. L. Civ. R. 7.2 and substantial prejudice will otherwise result to Dillon.  Motion, Paragraphs 22-25; Giannola Declarations (Doc. #165-1 and Doc. #257-1); Thiessen Declarations (Doc. #165-2 and Doc. #253-14); Sharpe Declaration (Doc. #174); Declaration of Kelli Dillon ("Kelli Dillon Declaration") (Doc. #298-1)[2].   Accordingly, the Court should award the relief set forth in subparagraph (i) of Dillon's Motion.

(ii)            Western and Suncor state that they will not use an overhead projector at trial but object to turning the computer screens away from the audience. Dillon replies to Western and Suncor's individual arguments in turn.

*First*, there is a basis to believe that a competitor or the press may be present during the trial because many of the documents filed in this case (including without limitation the pleadings and notice of trial) are publically available via the PACER system.

_____

[2] Dillon's motion for the Court to accept Ms. Dillon's declaration for filing and consideration is pending before the Court.  Doc. #298.

*Second,* Western and Suncor do not explain how they will use only "bits and pieces" of Dillon's trade secrets at trial. Exhibit A (Doc. #292-1) demonstrates the large number of trial exhibits with Dillon's trade secret information that Western and Suncor intend to use at trial and the broad scope thereof. Further, Dillon has provided examples of how disclosure of individual trial exhibits would allow a competitor[3] to obtain competitive advantages against Dillon which would be extremely prejudicial to Dillon. *See e.g.* Motion, Paragraphs 22-25, Sharpe Declaration (Doc. #174), Paragraphs 9-14; First Supp. Thiessen Declaration (Doc. 253-14), Paragraphs 4-22; Kelli Dillon Declaration (Doc. #298-1). Western and Suncor's "bits and pieces" argument is without merit.

*Third*, turning computer screens away from the audience would not be an undue burden when weighed against Dillon's need to protect its trade secrets.

(iii)    Western and Suncor object to the conditions in subparagraphs (i) and (ii) above as being unreasonable and unworkable. These concerns are already addressed in Dillon's replies to subparagraphs (i) and (ii) above.

---

[3] Although Mr. Taraghi, Western, and Western's employees would have full access to Dillon's trade secret information at trial, Dillon would have some protection against Western via the relief requested in subparagraph (i) of Dillon's Motion, but would not have similar protection against other competitors either in the Courtroom or who receive Dillon's trade secret information from the press.

(iv)  Western and Suncor's response states a general objection to subparagraph (iv) of Dillon's motion.[4]  Western and Suncor object that the Court has already stated that this will be a public proceeding and the restrictions Dillon seeks will create additional inefficiencies and costs for the Court and the parties.  As described on pages 3-4 above and in Paragraphs 22-25 of Dillon's Motion, Dillon has demonstrated serious and substantial competitive injuries that will result to Dillon if there are no restrictions on public access to Dillon's trade secrets during the trial.  These competitive injuries outweigh the presumption of public access pursuant to D.C.Colo. L. Civ. R. 7.2(B)(2) and (3).  *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978).   However, the Court can take reasonable and limited measures to protect Dillon's trade secrets and still accommodate the public's interest in the trial with minimal expense and inconvenience to the Court and the parties under D.C.Colo. L. Civ. R. 7.2(B)(4) and (5).  For example, while the Court has stated that the Courtroom will be open to the public during the trial, the Court has indicated that the

---

[4] Although page 3 of Western and Suncor's response (Doc. #300) lists an objection to subparagraph (iv) of Dillon's prayer for relief, the conclusion on page 4 of the response does not request that the relief in subparagraph (iv) be denied.  Accordingly, it is not entirely clear whether Western and Suncor object to subparagraph (iv) of the prayer for relief.

parties should limit the use of Dillon's trade secrets.[5]  Further, the Court should order that, subject to subparagraphs (i)-(iii) of Dillon's Motion, any deposition transcripts, trial exhibits, and trial transcripts including Dillon's trade secrets: (A) be restricted pursuant to D.C.Colo. L. Civ. R. 7.2; (B) not be provided to anyone besides the Court, the parties to this lawsuit, and their counsel; and (C) not be filed in the ECF/PACER system if possible.  Dillon also requests that if any un-redacted deposition transcripts, trial exhibits or trial transcripts including Dillon's trade secrets are filed in the ECF/PACER system then they be filed under Level 1 Restriction and thereafter redacted pursuant to the Redaction Order as provided in subparagraphs (v)(A)-(v)(C) of Dillon's Motion. As the Court previously stated, "The public interest in general access and [Dillon's] private interests . . . can be readily accommodated by the parties' filing of redacted . . . exhibits that can be made available for public review, but which conceal specific numerical indications of Dillon's prices or purchase quantities."  Redaction Order (Doc. #251), pp. 44-45.

---

[5] *See* Doc. #272-1, transcript of hearing on January 6, 2014, pp. 29:11-17: ("If there is information that is derived from the discovery that doesn't constitute Dillon's trade secrets, it may be able to be disclosed [to Mr. Taraghi].  And so I would ask you all to get out your very pincer-like tools, analytical tools, to think about that.  And if necessary, file a stipulated motion, and we'll hear from Dillon as to what objection they have to the disclosure of information." Exhibit A, Transcript, pp. 29:11-17.

(v)         Western and Suncor's response states a general objection to the

relief requested in subparagraph (v) of Dillon's Motion.[6]  Western and Suncor

specifically object to having to initially redact the trial transcripts under subparagraphs

(v)(B) & (v)(C) of Dillon's Motion.  While Dillon agrees to redact the deposition

transcripts and trial exhibits, if necessary, before the trial (see subparagraph 5(A)),

Dillon requests that Western and Suncor initially redact the trial transcripts after the trial

and thereafter seek Dillon's approval of same (subparagraphs (v)(B) & (v)(C)).  Western

and Suncor object that they should not have to redact the trial transcripts because Dillon

would have to approve the redactions anyway such that it is unnecessary work.

However, the time Dillon would spend approving Western and Suncor's initial redactions

to the trial transcripts is much less than the time it would take for Dillon to redact the trial

transcripts and file them with the Court.  Western and Suncor should have to bear at

least some of the costs.  As the Court stated: "often times, the filer of a given document

is not the person asserting the privacy interest and has little interest in undertaking

extensive redaction or other efforts necessary to render the document suitable for public

disclosure.  Nevertheless, because those parties have invoked a third-party's private

---

[6] Although page 3 of Western and Suncor's response (Doc. #300) lists an objection to
subparagraph (v) of Dillon's prayer for relief, the conclusion on page 4 of the response
does not request that the relief in subparagraph (v)(A) be denied.  Accordingly, it is not
entirely clear whether Western and Suncor object to subparagraph (v)(A) of the prayer
for relief.

information in this dispute, such parties have assumed the responsibility to minimize the public disclosure of that private information while simultaneously ensuring the maximum public access to their filings."  Redaction Order (Doc. #251), pp. 45-46.

(vi)         Dillon used the phrase "if possible" regarding excluding the marketing studies (Trial Exhibits 158 and 167) because Dillon has no desire to tell Western and Suncor how to try their case.   However, Dillon does have a compelling need to protect these marketing studies from disclosure to its competitors.  *See* Motion, Paragraph 30 and Kelli Dillon Declaration (Doc. # 298-1).  Western and Suncor's only explanation for using Dillon's marketing studies as trial exhibits appears in their list of claims and defenses.  *See* Doc. #266-1, pp. 3 and 5-6.  This list indicates that several other trial exhibits may be available for the same purpose.  *See Id.*  If these marketing studies are not restricted from public access pursuant to subparagraphs (iv) and (v) of Dillon's Motion, then, at a minimum, Western and Suncor should have to demonstrate why they are actually needed as trial exhibits.  *See* Footnote 5 above (Court's comments during January 6, 2014 hearing); *L-3 Communs. Corp. v. Jaxon Eng'g & Maint., Inc.*, 2013 U.S. Dist. LEXIS 139219, 32-33 (D. Colo. Sept. 27, 2013) (Chief United States District Judge Marcia S. Krieger) ("the Court finds that the parties could certainly have narrowed and refined many of their arguments and briefs even further, entirely ameliorating the need to present some of the exhibits and facts for which restriction is sought.")

8

(vii)    Dillon may request permission from the Court to supplement or amend its Motion, or any order from the Court granting same, because the rules require Dillon to identify the specific documents Dillon seeks to restrict.   *See* D.C.Colo. L. Civ. R. 7.2(B)(1).  Western and Suncor have not yet provided all of their trial exhibits to Dillon. Accordingly, Dillon may need to seek further relief from the Court once Dillon receives all of the trial exhibits.

Dillon requests a forthwith hearing before the trial regarding its Motion only to the extent that the Court deems it necessary to grant the relief requested.  *See* Doc. #293 (motion for forthwith hearing)[7].

WHEREFORE, Dillon respectfully requests that the Court issue an order that:

i.    Mr. Taraghi, Western, and Western's employees: (A) cannot view Dillon's trade secret information except in the Courtroom; (B) cannot remove Dillon's trade secret information or any notes or information derived therefrom from the Courtroom; and (C) cannot use Dillon's trade secret information except for purposes of this lawsuit and no other purpose;

---

[7] Dillon's request for an expedited briefing schedule in Doc. #293 is now moot because the parties voluntarily followed an expedited briefing schedule.

ii.    during the trial, for Western and Suncor to turn away computer screens displaying trial exhibits with Dillon's trade secrets from the public and not display any of Dillon's trade secrets on an overhead projector;

iii.    subject to the limitations in subparagraphs (i) and (ii) above, the un-redacted deposition transcripts and trial exhibits be used during the trial such as not to impede the trial presentation;

iv.    subject to subparagraphs (i)-(iii) above, that any deposition transcripts, trial exhibits (see Exhibit A), and trial transcripts including Dillon's trade secrets: (A) be restricted pursuant to D.C.Colo. L. Civ. R. 7.2; (B) not be provided to anyone besides the Court, the parties to this lawsuit, and their counsel; and (C) not be filed in the ECF/PACER system if possible;

v.    if any un-redacted deposition transcripts, trial exhibits or trial transcripts including Dillon's trade secrets are filed in the ECF/PACER system then they be filed under Level 1 Restriction and thereafter redacted as provided in subparagraphs (A)-(C) below;

(A)    that Western and Suncor file any such un-redacted deposition transcripts and trial exhibits in the ECF/PACER system under Level 1 Restriction, with Dillon thereafter to redact the deposition transcripts and trial exhibits pursuant

to the Court's Redaction Order and file them with the Court

within thirty (30) days thereafter[8];

    (B)    that Western and Suncor file any such un-redacted trial

transcripts with the Court in the ECF/PACER system under

Level 1 Restriction, redact the trial transcripts pursuant to

the Court's Redaction Order, obtain Dillon's approval of

same, and thereafter file the redacted trial transcripts in the

ECF/PACER system as publically available documents[9];

    (C)    that the initial redactions to the trial transcripts referred to in

subparagraph (B) above be split evenly between Western

and Suncor (50%-50%);

    vi.    Western and Suncor exclude Trial Exhibits 158 and 167 (Dillon's

marketing studies) if possible[10]; and

    vii.    For such further relief as the Court deems appropriate.

---

[8] Any such un-redacted deposition transcripts, trial exhibits, and trial transcripts would remain in the Court's ECF/PACER system under Level 1 Restriction for purposes of ensuring a complete and unrestricted record is available for any further court review. *See* Court's Redaction Order (Doc. #251), p. 45.

[9] See Footnote 8 above.

[10] Alternatively, Dillon requests that the Court determine that Trial Exhibits 158 and 167 constitute Dillon's trade secrets such that they should be restricted from public access. *See* Kelli Dillon Declaration (Doc. # 298-1).

Dated:  February 19, 2014.

s/ Michael R. McCormick
Christopher A. Taravella, #7790
Michael R. McCormick, #33682
Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Phone Number: (303) 773-8100
Fax Number: (303) 220-0412
E-mail:   ctaravella@montgomerylittle.com
            mmccormick@montgomerylittle.com
*Attorney for Dillon Companies, Inc.*
*Interested Non-Party*

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2014 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
Bennington Johnson Biermann &
Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Philip Wayne Bledsoe
Joseph T. VanLandingham
Polsinelli Shughart LLP
1515 Wynkoop Street, Suite 600
Denver, CO 80202

Michael Korenblat
Suncor Energy Services, Inc.
717 17th Street, Suite 2900
Denver, CO 80202

William Leitzsey Monts, III
John Robert Robertson
Hogan Lovells US LLP-DC
555 13th Street NW
Columbia Square #1300
Washington DC 20004-1109

Anthony Shaheen
Keeya M. Jeffrey
Holland & Hart LLP-Denver
555 17th Street, Suite 3200
Denver, CO 80201

s/ Michael R. McCormick
Montgomery Little & Soran, P.C.