**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 11-cv-01611-MSK-CBS

**WESTERN CONVENIENCE STORES, INC.,**

    **Plaintiff/Counterclaim Defendant,**

v.

**SUNCOR ENERGY (U.S.A.) INC.,**

    **Defendant /Counterclaim Plaintiff,**

and

**SUNCOR ENERGY (U.S.A.) INC.,**

    **Third-party Plaintiff,**

v.

**HOSSEIN TARAGHI, and
DEBRA LYNN TARAGHI,**

    **Third-Party Defendants.**

_____

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO RESTRICT ACCESS**
_____

    **THIS MATTER** comes before the Court pursuant to Interested Party Dillon Companies' Motion to Restrict Access **(# 292)**, Western and Suncor's joint response **(# 300)**, and Dillon's reply **(# 301)**; Dillon's Motion for Hearing **(# 293)**, and Dillon's Motion to Supplement **(# 298)**.[1]

    The Court assumes the reader's familiarity with the proceedings to date and the issues raised in Dillon's motion.  The Court notes that it commenced a bench trial in this matter on March 17, 2014 and took a full day's evidence, without any objection by Dillon or a request for a ruling on any particular

---

[1] The Motion For Hearing is denied as moot.  The Motion to Supplement is granted.

1

aspect of its pending motion.

Dillon's motion requests that the parties "take reasonable and narrowly tailored measures to protect Dillon's trade secrets at trial." It lists a number of items of relief it requests. Based on the Court's review of the motion, and the absence of contemporaneous objection by Dillon to the receipt of trial evidence to date, the Court grants in part and denies in part the motion as follows:

1. Dillon requests that Mr. Taraghi and Western's employees be permitted to view Dillon's trade secret information only in the Courtroom; that they not be permitted to remove notes from the courtroom; and that they be permitted to use Dillon's trade secret information only in conjunction with this lawsuit. Western responds that it does not object to this request (although it considers the request redundant of existing protective orders.) There being no objection, the Court grants this portion of Dillon's motion.

2. Dillon requests that, during trial, the parties "turn away computer screens displaying trial exhibits with Dillon's trade secrets from the public and no display any of Dillon's trade secrets on an overhead projector." Western and Suncor oppose this request. The Court finds the request regarding an "overhead projector" to be moot, as no such technology exists in the Courtroom. The Court denies, without prejudice, Dillon's request that the public not be permitted to view trial exhibits containing Dillon's alleged trade secrets. The Court is not fully apprised of how many exhibits would be affected by this ruling, or the extent to which granting this request would deprive the public of a meaningful ability to follow the evidence and arguments presented at trial. At the time a party requests to publish an exhibit that contains Dillon's alleged trade secrets, Dillon is free to raise an objection to publication of that exhibit and identify **specific, concrete, and imminent harm** that would result from that information being displayed on the courtroom monitor visible to the public. The Court has assumed and will continue to assume that the absence of a contemporaneous objection when request to publish the exhibit is made to be a waiver by Dillon of this request.

3. Dillon requests that "the unredacted deposition transcripts and trial exhibits be used during the trial such as not to impede the trial presentation." The Court confesses that it has no idea of what is being requested here. The body of the motion appears to request that, to the extent that trial exhibits or deposition transcripts are filed in the Court's ECF system by the parties, that such filings be made pursuant to a Level 1 restriction. The Court denies this motion both as moot and on its merits. There are no requirements that trial exhibits or deposition transcripts be filed in ECF, making this request moot. Moreover, to the extent that Dillon's motion appears to request any trial exhibits or deposition transcripts that are filed in ECF during or after trial be subject to restriction, the motion is premature (as it is not clear whether the materials Dillon addresses will even be offered at trial) and fails to give the public advance notice of a specific request for restrictions on access as is required by D.C. Colo. L. Civ. R. 7.2(d).

4. Dillon requests that, if any trial transcripts are created and filed in the ECF system, the parties be required to redact Dillon's trade secret information from them at their expense and that they obtain Dillon's consent before filing the materials. The Court denies this motion as premature and overbroad, and further notes that, because this is a public proceeding, any request for post-trial redaction of the transcript of oral proceedings is likely to be denied.

5. Dillon requests that Western and Suncor be precluded from admitting Trial Exhibits 158 and 167, which are marketing studies created by Dillon. The Court denies this request as premature, and in any event, denies any anticipatory request to preclude the parties from admitting evidence that may be relevant.

Accordingly, Dillon Companies' Motion to Restrict Access **(# 292)** is **GRANTED IN PART** and **DENIED IN PART** as set forth herein. Dillon's Motion for Hearing **(# 293)** is **DENIED AS**

**MOOT**.  Dillon's Motion to Supplement **(# 298)** is **GRANTED**.

Dated this 17th day of March, 2014.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge