IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs and Counterclaim Defendant,

vs.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant and Counterclaimant

and

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Third-Party Plaintiff

vs.

HOSSEIN TARAGHI and DEBRA LYNN TARAGHI,

    Third-Party Defendants.

### DECLARATION OF MICHAEL E. KORENBLAT IN SUPPORT OF DEFENDANT, COUNTERCLAIMANT AND THIRD-PARTY PLAINTIFF SUNCOR ENERGY (U.S.A.) INC.'S MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES

    I, MICHAEL E. KORENBLAT, declare as follows:

    1.    I am above the age of eighteen (18) and not a party to this action. If called as a witness in this matter, I could and would, testify competently to the following matters.

    2.    I am an employee of record of Suncor Energy (U.S.A.) Inc. ("Suncor"), and I am seconded to Suncor Energy Services Inc. I have worked for Suncor for almost ten years. My title is Director, Legal Affairs – Refining & Marketing U.S.A., a position I have held for nearly

seven years. In this role, I am responsible for overseeing all legal matters in the United States for Suncor and its other U.S. affiliates.

3. I received a B.A. in Philosophy, Politics, and Economics in 1994 from Pomona College in Claremont, California. For the 1992-1993 academic year, I matriculated to University College, Oxford University, in Oxford, England, where I was a visiting student. After receiving my B.A., I was a Fulbright Scholar to New Zealand during 1995-1996, where I conducted research and served as a teaching assistant at the Department of Politics at the University of Auckland. Thereafter, in 1999, I received my J.D. from the University of Arizona.

4. Prior to joining Suncor, I practiced at the law firm of Quarles & Brady LLP in Phoenix, Arizona. I have been practicing law for fifteen years.

5. The above-captioned action was a very important litigation matter to Suncor. It involved the largest amount of fuel ever taken, but not paid for, by any customer of Suncor in its history. It also was the first time that any party had asserted an anti-trust violation or unfair competition claim against Suncor. It was critically important to Suncor to clear its name and reputation in establishing, as was done at trial, that the alleged anti-trust and unfair competition claims were without merit, and to demonstrate that Suncor would not back away from seeking to collect outstanding amounts due from any customer, who failed to pay for fuel, that asserted such claims.

6. Due to the importance of the above-captioned matter to Suncor, Suncor selected its counsel carefully. I had previously worked with Anthony J. Shaheen with the law firm of Holland & Hart LLP ("Holland & Hart"), who had successfully represented Suncor on prior matters, and I was confident in his abilities to successfully represent Suncor in this case.

7.      In addition to Mr. Shaheen, Suncor retained counsel with specific anti-trust expertise through a "request for proposal," or "RFP," process.  On behalf of Suncor, I interviewed several law firms across the country with anti-trust expertise, and selected Hogan Lovells US LLP ("Hogan Lovells") and William L. Monts III.  One of the primary reasons for selecting Mr. Monts and Hogan Lovells was the amount, and quality, of prior experience successfully defending claims under the Robinson-Patman Act.  Another reason was that their standard fees, even before discounts (as discussed below), were lower than other firms that Suncor was considering for this representation.

8.      In selecting counsel for this case on behalf of Suncor, I worked to ensure that the fees were reasonable.  In particular, I negotiated discounts with Holland & Hart of 10%, and discounts with Hogan Lovells of 15%.  I also negotiated not having to pay for legal research charges, such as from services like Westlaw or LexisNexis.

9.      On behalf of Suncor, I selected our economist expert Dr. Jim Griffin with Berkley Research Group LLC ("BRG") due to his stellar reputation in the anti-trust field, his experience with the Robinson-Patman Act, and the fact that his fees were lower than other similarly qualified experts that Suncor was considering.  I also selected Dr. Griffin because I knew that his highly qualified colleague, Dr. Craig Schulman, would be available to conduct much of the heavy lifting data analysis in this case at a lower rate than Dr. Griffin.

10.     On behalf of Suncor, I selected and retained Bob Furey with Furey Fuels Consulting, LLC  to serve as expert to establish that Suncor's Shell and Phillip 66 branded gasoline was not of the same "like grade and quality" as Suncor's unbranded gasoline – as that was a claim asserted by Plaintiffs and Third Party Defendants early in the case, which they ultimately elected to cease pursuing.  Dr. Furey was well qualified, with deep experience in both

fuels and motor engines, as an expert for demonstrating that Suncor's branded and unbranded fuels are distinct from both a chemical and performance perspective. Dr. Furey coordinated testing of Suncor's fuel at Southwest Research Institute in San Antonio, Texas, which is highly regarded for its laboratory facilities and capabilities for testing fuel quality and engine wear. Again, the results of this testing were ultimately not required for trial in this case due to Plaintiffs' and Third Party Defendants' decision to abandon their argument.

11. Electronic discovery in this case was expensive and time consuming, and was driven, in large part, by Plaintiffs' and Third Party Defendants' demands for information related to its Robison-Patman Act claim.

12. In connection with electronic document review in this case, on behalf of Suncor, I retained Gibson Arnold & Associates ("Gibson Arnold"). I retained Gibson Arnold for several reasons: (a) I have prior experience with the firm, and I know that they retain quality attorneys that specialize in document review, (b) their attorney reviewers are far less expensive than utilizing firm attorneys for document review, and (c) they are local, allowing our lead attorneys to more easily communicate with the reviewers and coordinate their work.

13. The invoices for attorneys' fees and related expenses and costs incurred in this action by Suncor that it is seeking to recover total **$4,869,644.56,** and are attached to this Declaration. Theses invoices are more particularly described below:

    a. The total amount of attorneys' fees, expenses, and costs which Holland & Hart billed Suncor was $2,756,477.49. From that amount, Suncor deducted $56,325.00 for the preliminary injunction hearing, $3,705.00 for some associate time, and $15,833.79 for costs which Suncor is seeking to recover in its Bill of Costs. As a result, Suncor is seeking recovery of **$2,680,613.70** in

attorneys' fees, expenses, and costs that were billed to Suncor by Holland & Hart.  *See* Exhibit 1 to this Declaration.

    b. The total attorneys' fees, expenses, and costs which Hogan Lovells billed Suncor was $898,891.05.  From that amount, Suncor deducted $105,715.00 which is attributable to the preliminary injunction hearing and for which Suncor is not seeking recovery.  As a result, Suncor is seeking recovery of **$793,176.05** in attorneys' fees, expenses, and costs billed to Suncor by Hogan Lovells.  *See* Exhibit 2 to this Declaration.

    c. **$98,794.66** in attorneys' fees, expenses, and costs billed to Suncor by Gibson Arnold for document review.  *See* Exhibit 3 to this Declaration.

    d. **$1,983.75** in attorneys' fees, expenses and costs billed to Suncor by Arnold & Arnold, LLP.  *See* Exhibit 4 to this Declaration.

    e. **$1,246,588.40** in fees, expenses, and costs billed to Suncor by its economics experts from BRG.  *See* Exhibit 5 to this Declaration.

    f. **$4,350.00** in fees, expenses, and costs billed to Suncor by its fuels expert from Furey Fuels Consulting, LLC.  *See* Exhibit 6 to this Declaration.

    g. **$44,138.00** in fees, expenses, and costs billed to Suncor by Southwest Research Institute which conducted fuel testing.  *See* Exhibit 7 to this Declaration.

14. All of the attorneys' fees, expenses, and costs billed to Suncor set forth in paragraph 13 above have been paid in full by Suncor.

15. On behalf of Suncor, I personally reviewed every invoice for attorneys' fees, consultant, expert, and any other fees and costs in this case.  In reviewing those invoices, I

looked to ensure that: (a) the invoices were in conformance with Suncor's agreement regarding fees and discounts with the respective firm or vendor, (b) reflected work performed, and (c) was reasonable. I was actively involved in this matter throughout the course of the litigation, and I knew the individuals working on the case, the issues being worked upon, and the factual circumstances surrounding the work that they were performing. As such, I was in a good position to evaluate the reasonableness of the invoices.

16. Given the nature of this case, its importance to Suncor, and the steps taken by me on behalf of Suncor to reduce and monitor the fees incurred in this case, it is my opinion that all of the costs, fees, and expenses incurred in this action were, and are, reasonable.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of September 2014 at Denver, Colorado

                                       s/ Michael E. Korenblat
                                       Michael E. Korenblat

7148586_1