**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

    Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

    Third-Party Defendants.

---

**RESPONSE TO SUNCOR ENERGY (U.S.A.) INC.'S BILL OF COSTS (DOC. 324) AND MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES AND SUPPORTING DOCUMENTS (DOCS. 325, 326, 327 AND 328)**

---

    Plaintiff Western Convenience Stores, Inc. ("Western") and Third-Party Defendants Hossein and Debra Lynn Taraghi (collectively, "WCS") respond as follows to Defendant Suncor Energy (U.S.A.) Inc.'s Bill of Costs (Doc. 324) and Motion for Attorneys' Fees and Related Non-Taxable Expenses and supporting documents (Docs. 325, 326, 327 and 328) (collectively, "Motion for Attorneys' Fees").

    1.    On this date, the Parties jointly filed a settlement report and requested an additional extension (Doc. 339; "Joint Settlement Report") for this response based upon the anticipated settlement of all claims in this action as well as Western's appeal to the Tenth

Circuit.  Counsel are mindful of the Court's previous admonition that "[n]o further extensions will be granted."  Doc. 337.  However, recent settlement developments as described in the Joint Settlement Report warrant the extension jointly sought.  (Based on imminent settlement, for example, the deadlines in the WCS appeal in 10th Circuit Case No. 14-1408 have been extended to December 24, 2014.)  As the parties need additional time to finalize their settlement, additional time serves both economy and judicial efficiency.

      2.      In any event, to the extent the Court deems necessary at this time a response to the merits of Defendant Suncor's Motion for Attorneys' Fees, WCS relies on this Court's July 23, 2013 Order in *Xtreme Coil Drilling Corp. v. Encana Oil and Gas (USA), Inc*., Civil Action No. 08-cv-02750-MSK-KMT, Doc. 260 ("*Xtreme Coil*"), together with the general rule described in *Byram Concretanks, Inc. v. Warren Concrete Products Co.*, 374 F.2d 649, 651 (3d Cir. 1967) and elsewhere that "prevailing defendants in private antitrust suits cannot recover their attorneys' fees."

      3.      In *Xtreme Coil*, this Court recognized that "(t)he applicant seeking fees bears the burden of demonstrating that the hours expended and rates charged are reasonable." *Xtreme Coil* at 26, citing *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986).  To the extent the Court would entertain an award of attorneys' fees in this action and with respect to many categories of the costs sought by Suncor, WCS believes Suncor has failed to satisfy its burden.  Among other things:

      A.      Suncor has not supported the assertion that its attorneys' hourly rates were reasonable other than a conclusory affidavit of its in-house counsel (Doc. 378), which cites no survey or other factual evidence regarding the comparable hourly rates of either

local counsel or Washington D.C. counsel;

      B.      By way of the heavily redacted law firm billing records (Docs. 328-1 and 328-2), Suncor has not provided sufficient information as to what its attorneys and paralegals did, leaving the Court to speculate as to whether hours spent were reasonable or adequately related to compensable work;

      C.      Suncor has not explained why the fees of Mr. Monts (Washington, D.C. counsel) are compensable in light of the fact that local counsel, Mr. Shaheen, handled the vast majority of the trial, suggesting that Mr. Monts' time was redundant;

      D.      The billing records of Suncor's outside vendors, supported only by the conclusory affidavit of Mr. Korenblat (Docs. 328-3 through 328-7), are all in the nature of block billing, leaving the Court to again speculate as to whether the work purportedly performed was compensable.

4.      Finally, while the Motion for Attorneys' Fees and supporting affidavits suggest that Suncor was required to defend baseless Robinson-Patman Act and Colorado Unfair Practice Act claims, that is not the case. In its Opinion in this action dated August 22, 2014 (Doc. 319), the Court found that, over a period extending more than a year and a half, Suncor engaged in price discrimination in Kroger's favor. While the Court concluded that WCS did not sufficiently establish an injury to competition, its basis for that conclusion was the testimony of Suncor's expert, Dr. Griffin, that Kroger "pocketed the wholesale savings as additional profit," rather than passing through its savings from the price discrimination to consumers. *E.g., id.* at 26. In other words, Suncor avoided liability on WCS's claims not because there was no price discrimination, but only as a matter of serendipity flowing from internal Kroger decision-making. The antitrust

laws are designed to encourage plaintiffs to redress violations, and an award of attorneys' fees to Suncor in defense of WCS's RPA or UPA claims would be inappropriate in any event.

Dated:  December 1, 2014

                          *s/ Kenneth R. Bennington*

Kenneth R. Bennington
BENNINGTON JOHNSON BIERMANN &
CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202
Telephone: (303) 629-5200
Facsimile: (303) 629-5718
*krb@benningtonjonson.com*
*Attorneys for Plaintiffs and Third-Party Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 1, 2014, copies of the foregoing **RESPONSE TO SUNCOR ENERGY (U.S.A.) INC.'S BILL OF COSTS (DOC. 324) AND MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES AND SUPPORTING DOCUMENTS (DOCS. 325, 326, 327 AND 328)** was served on the following parties via the CM/ECF filing system:

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli PC
1225 Seventeenth Street, 29th Floor
Denver, CO  80202-5529
pbledsoe@polsinelli.com
jvanlandingham@polsinelli.com

J. Robert Robertson
William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

Anthony J. Shaheen
Keeya M. Jeffrey
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80201-8749
AJShaheen@hollandhart.com
KMJeffrey@hollandhart.com

*s/ Marie Newberger*